**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of New Jersey
_____
(State)

Case number (*if known*): _____    Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | BowFlex Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Nautilus, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 9 4 – 3 0 0 2 6 6 7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 17750 S.E. 6th Way | |
| Number     Street | Number     Street |
| | P.O. Box |
| Vancouver     WA     98683 | |
| City     State     ZIP Code | City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Clark | |
| County | Number     Street |
| | |
| | City     State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.bowflex.com |

Debtor  __BowFlex Inc._____    Case number *(if known)*_____
      <sub>Name</sub>

---

| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding  LLP) |
| | | ☐ Other. Specify: _____ |

---

**7.**  **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4461__ ___ ___

---

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | BowFlex Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

District _____ When _____ Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor ___See Schedule 1_____ Relationship _____

District ___New Jersey_____ When _____
                                              MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number      Street

_____

_____
City                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

| Debtor | BowFlex Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☑ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/04/2024___
MM  / DD / YYYY

✖ /s/ Jim Barr _____        Jim Barr _____
Signature of authorized representative of debtor        Printed name

Title ___Chief Executive Officer___

---

Debtor    BowFlex Inc.
_____    Case number (*if known*)_____
Name

---

**18. Signature of attorney**    ✘ /s/ Joseph J. DiPasquale, Esq.    Date    03/04/2024
_____    _____
Signature of attorney for debtor    MM  / DD / YYYY

Joseph J. DiPasquale, Esq.
_____
Printed name
Fox Rothschild LLP
_____
Firm name
49 Market Street
_____
Number    Street
Morristown    NJ    07960
_____    _____    _____
City    State    ZIP Code

(973) 992-4800    jdipasquale@foxrothschild.com
_____    _____
Contact phone    Email address

016191994    NJ
_____    _____
Bar number    State

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC., | Case No. 24-_____ (___) |
| Debtor. | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    **001-31321**

The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2023**

| | | |
|---|---|---|
| Total assets | $ | **140,117,000** |
| Total debts (including debts listed in 2.c., below) | $ | **125,956,000** |
| Debt securities held by more than 500 holders | | **None** |

| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

| | |
|---|---|
| Number of shares of preferred stock | **None** |
| Number of shares of common stock | **36,361,526** |

Comments, if any:    **Total assets and total debts are listed as set forth in the Debtor's unaudited balance sheet for fiscal period ended December 31, 2023.  To the Debtor's knowledge, the shares of common stock listed above are those outstanding as of November 10, 2023.**

Brief description of debtor's business:    **The Debtor, together with its debtor and non-debtor affiliates, is a leading international developer, distributor, and manufacturer of health and fitness products sold under several marquee fitness brands across international markets.**

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Namdar Igal**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of New Jersey _____
(State)

Case number (*If known*): _____ Chapter <u>11</u>

<u>**Schedule 1**</u>

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

  On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of BowFlex Inc.

BowFlex Inc.
BowFlex New Jersey LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC., | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF REGISTERED EQUITY SECURITY HOLDERS[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] By the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix and (B) File a Consolidated List of 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of All Equity Security Holders of BowFlex Inc. and Provide Notices Directly to Equity Security Holders, (III) Authorizing Debtors to Redact Certain Personally Identifiable Information in the Creditor Matrix and Certain Other Documents, and (IV) Granting Related Relief,* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC., | Case No. 24-_____ (___) |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations that directly or indirectly own 10% or more of any class of the debtor's equity interests.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>BowFlex Inc., et al.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of New Jersey</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

(State)

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Zhejiang Arcana Power Sports Tech. CO., LTD. Nr.618 Xinxing Avenue, Zonghan, Emerging Industrial Area Cixi Zhejiang Province 315301 China | Lin Huang 086-574-63233666 lin.huang@arcanapower.com  Anne Guan 86.574.63233666 allan.ding@arcanapower.com | Trade Claim | | | | $ 24,268,258.05 |
| 2 Ningbo ShangYong Co., Ltd. NO. 168 ZONGAN ROAD ZONGHAN TOWN, CIXI Zhejiang Province 315301 China | Audrey Zhang 0086-574-63236251 audrey.zhang@arcanapower.com | Trade Claim | | | | $ 5,575,047.84 |
| 3 NINGBO SHANGYONG FITNESS EQUIPMENT Co., Ltd. NO. 168 ZONGAN ROAD ZONGHAN TOWN, CIXI Zhejiang Province 315301 China | Lin Huang 0086-0574-63233666 lin.huang@arcanapower.com | Trade Claim | | | | $ 4,461,697.28 |
| 4 Magnate Health Tech. Co., Ltd. 1 F., No. 25, Ln. 97, Songjiang Rd. Zhongshan Dist. Taipei City 10486 Taiwan | Irene Chang 886-4-22315920 irene.chang@beto.com.tw | Trade Claim | | | | $ 3,802,398.42 |
| 5 Cerence Operating Company 1 BURLINGTON WOODS DR STE 301A BURLINGTON MA 01803-4503 | Jennifer Salinas, General Counsel 1 (617) 925-7812 ar-us@cerence.com | Trade Claim | | | | $ 3,106,457.05 |
| 6 Core Health and Fitness, LLC 4400 NE 77TH AVE STE 300 VANCOUVER WA 98662-6857 | Michael Bruno 1 (360) 836-3543 betty@laxiamen.com | Trade Claim | | | | $ 1,764,873.22 |
| 7 Xiamen Everesports Goods Co.,ltd No.101 Ji'an road Tong'an industry district Xiamen city Fujian Province 361000 China | Rainy Geng 86-592-7207175 rainy.geng@everesports.com | Trade Claim | | | | $ 1,512,537.86 |
| 8 DongYang SOPOP Co., Ltd. Shang An Tian of NanMa Town DongYang City Zhejiang Province 322121 China | Elsa Jing +86 182 5702 8866 elsa@sopop.cn | Trade Claim | | | | $ 1,343,703.77 |

Debtor    BowFlex Inc., et al.
       Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | US CUSTOMS & BORDER PROTECTION 6650 TELECOM DR, SUITE 100 INDIANAPOLIS IN 46278 | Fredrick B. Smith, Chief Counsel 202-344-2940 supervisoryclientreps@cbp.dhs.gov | Trade Claim | | | | $ 1,158,621.44 |
| 10 | Electronic Way Technology Co., Ltd No.268, South Jiguang Road, Qiandeng Town Kunshan Jiangsu Province 215343 China | General Counsel +8618616555982 jabari@sheway.com | Trade Claim | | | | $ 851,491.47 |
| 11 | Impact Tech, Inc. 223 E De La Guerra Street Santa Barbara CA 93101 | Kian Mitchum (805) 966-2300 kian@impact.com | Trade Claim | | | | $ 461,460.75 |
| 12 | DISH NETWORK 9601 S. MERIDIAN BLVD. ENGLEWOOD CO 80112 | Timothy A. Messner, General Counsel 855-784-4069 dishcares@dish.com | Trade Claim | | | | $ 401,338.00 |
| 13 | Dongguan MKS Electronic Controls Co., Ltd. Taixing Road 76#, Shuishecong 3# industrial park, Wanjiang District CN Dongguan City Guangdong Province 523043 China | General Counsel 0086-769-21666362 mks_ken@163.com | Trade Claim | | | | $ 330,662.20 |
| 14 | Go Configure, LLC PO BOX 2671 NEW YORK NY 10108-2671 | Jeremy Friemel (646) 938-9833 ar@selectexp.com | Trade Claim | | | | $ 299,817.00 |
| 15 | Nantong Ironman Co., Ltd. NO. 21 Chongchuan Road JS Nantong Jiangsu Province 226000 China | Carrie Cao 86-513-85728925 nathan@ironmaster-group.com | Trade Claim | | | | $ 266,199.28 |
| 16 | Lake Forest Bank & Trust Company, N.A. 450 SKOKIE BLVD STE 1000 NORTHBROOK IL 60062-7917 | Paul Blake, Executive Vice President 847-604-5067 pblake@lakeforestbank.com | Trade Claim | | | | $ 255,180.30 |
| 17 | VI Technologies, Inc.195 MONTAGUE ST STE 1106BROOKLYN NY 11201-3628 | General Counsel(818) 395-2672billingnyc@vitrainer.com | Trade Claim | | | | $ 226,209.68 |
| 18 | Brown Printing, Inc. 2245 N VANCOUVER AVE PORTLAND OR 97227-1920 | Don Murray (503) 284-5086 don@brownprn.com | Trade Claim | | | | $ 206,974.08 |
| 19 | Federal Express Corporation PO Box 94515 Palatine IL 60094-4515 | Mark Allen, General Counsel (800) 548-3020 Useft@fedex.com | Trade Claim | | | | $ 200,000.00 |
| 20 | TMF POLYMER SOLUTIONS INC. (US) 12127B Galena Rd Plano IL 60545 | Carol Crosby (541) 479-7484 Carol@tmfpolymers.com | Trade Claim | | | | $ 178,118.37 |

Debtor     BowFlex Inc., et al.                                         Case number (*if known*)_____
           Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 Columbia Tech Center, LLC P. O. Box 4800, Unit 37 Portland OR 97208-4800 | Jake Bigby 360-737-6300 eftpayments@pactrust.com | Trade Claim | | | | $ 165,858.25 |
| 22 NeoU LLC 420 5TH AVE NEW YORK NY 10018-2729 | Sophie Weiner (917) 605-2114 Sophie@neoufitness.com | Trade Claim | | | | $ 164,516.13 |
| 23 Qualtrics, LLC 333 RIVER PARK DR PROVO UT 84604-5787 | Blake Tierney (385) 203-4517 ar@qualtrics.com | Trade Claim | | | | $ 135,000.00 |
| 24 Coherent Solutions, Inc. 1600 UTICA AVE S STE 120 MINNEAPOLIS MN 55416-1544 | Dan Schneider (612) 279-6265 danschneider@coherentsolutions.com | Trade Claim | | | | $ 128,656.00 |
| 25 Axian, Inc. SUIT 571 10220 SW GREENBURG RD PORTLAND OR 97223-5503 | Jenna Morgan (503) 644-6106 jmorgan@axian.com | Trade Claim | | | | $ 127,560.00 |
| 26 GUARDSMAN CPS LLC 2200 HIGHWAY 121 STE 100 BEDFORD TX 76021-5983 | Mandy Roach (817) 785-6441 mandy.roach@amyntagroup.com | Trade Claim | | | | $ 116,225.17 |
| 27 Dscout 432 N CLARK ST STE 400 CHICAGO IL 60654-4536 | Ben Hogg (413) 749-4656 accounting@dscout.com | Trade Claim | | | | $ 89,632.00 |
| 28 QualityLogic, Inc. DEPT LA 22366 Pasadena CA 91185 | Susan Grazier (208) 424-1905 sgrazier@qualitylogic.com | Trade Claim | | | | $ 70,888.17 |
| 29 Kylie Kimmel  Contact Information: Kline & Specter, P.C., 1525 Locust Street, 12th Floor Philadelphia, PA 19102, and Johnson Becker, PLLC, 444 Cedar Street, Suite 1800 St. Paul, MN 55101 | Benjamin Present at Kline & Specter, P.C. (215) 772-1000 benjamin.present@klinespecter.com  Adam J. Kress and Anna R. Rick at Johnson Becker, PLLC (612) 436-1800 akress@johnsonbecker.com arick@johnsonbecker.com | Litigation | Contingent, Unliquidated, Disputed | | | Unknown |
| 30 Leigh Bank-Jaffe  Contact Information: Wolfe Lawyers, 1 Eglinton Avenue East, Suite 169Toronto, Ontario M4P 3A1 | J.A. Michael Wolfe 416.322.110 mwolfe@wolfelawyers.com | Litigation | Contingent, Unliquidated, Disputed | | | Unknown |

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name __BowFlex Inc.__ |
| United States Bankruptcy Court for the: ___District of New Jersey___ _____ |
| (State) |
| Case number (*If known*): _____ |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## █    Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration   _List of Equity Security Holders and Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __03/04/2024__              ✗ __/s/ Jim Barr_____
　　　　　　　　MM / DD / YYYY                       Signature of individual signing on behalf of debtor

　　　　　　　　　　　　　　　　　　　　　　　__Jim Barr_____
　　　　　　　　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　　　　　　　　__Chief Executive Officer_____
　　　　　　　　　　　　　　　　　　　　　　　Position or relationship to debtor

DocuSign Envelope ID: D07F4925-49FC-4FA8-A681-9E7F5DEDABF0

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF BOWFLEX INC.**
**AND**
**THE SOLE MEMBER OF**

**BOWFLEX NEW JERSEY LLC**

March 4, 2024

The undersigned, being: (i) all of the members of the Board of Directors (the "***Board***") of Bowflex Inc. ("***Bowflex***"), and (ii) the sole member (the "***Member***," each, a "***Governing Body***" and together, the "***Governing Bodies***") of BowFlex New Jersey LLC ("Bowflex NJ," each, a "***Company***" and, together, the "***Companies***"), by signature of this written consent, hereby waive notice of a special meeting of the applicable Governing Body and unanimously consent to the actions and adopt the following resolutions, in lieu of holding a special meeting for that purpose, pursuant to Sections 23B.08.210 and 23B.08.230 of the Revised Code of Washington ("RCW"), with respect to Bowflex, and Section 15A:5-6 of the New Jersey Revised Statutes ("NJRS"), with respect to Bowflex NJ:

**<u>Chapter 11 Filing</u>**

**WHEREAS**, each Governing Body has considered presentations by each Company's management ("***Management***") and its legal and financial advisors (collectively, the "***Advisors***") regarding (a) the assets, the current and long-term liabilities, the historical performance, liquidity, and prospects of the Companies, (b) the strategic alternatives available to the Companies, and (c) the potential effects of the foregoing on the Companies' business and stakeholders (collectively, the "***Strategic Alternatives***").

**WHEREAS**, each Governing Body has received, reviewed, considered and discussed the recommendations of Management and the Advisors and fully considered the Strategic Alternatives, including the relative risks and benefits of: (i) pursuing bankruptcy proceedings under the provisions of chapter 11 of title 11 of the United State Code (the "***Bankruptcy Code***"), and has determined that it is desirable and in the best interests of each Company, its creditors, its stockholders and other interested parties that each Company file a voluntary petition for relief (the "***Petition***") to commence a case (each, a "***Bankruptcy Case***" and, collectively, the "***Bankruptcy Cases***") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***");

**WHEREAS**, in connection with the filing of each of the Petitions, there has been presented to each Governing Body proposed procedures for a marketing and bidding process (the "***Bidding Procedures***") in connection with a potential sale or sales (collectively, the "***Sale***") of all or substantially all of the Companies' assets, or any portion thereof (the "***Assets***"), pursuant to section 363 of the Bankruptcy Code.

**WHEREAS**, each Governing Body deems it to be advisable and in the best interest of the Company to enter into that certain Asset Purchase Agreement by and among BowFlex Inc. and

DocuSign Envelope ID: D07F4925-49FC-4EA8-A681-9E7F5DEDABE0

Johnson Health Tech Retail, Inc (the "**Stalking Horse Purchaser**"), a Wisconsin corporation, in substantially the form attached hereto as <u>Exhibit A</u> (the "**Purchase Agreement**"), pursuant to which, among other things, the Stalking Horse Purchaser will purchase the Assets and assume certain liabilities of the Companies upon the terms and conditions of the Purchase Agreement through a Sale.

**WHEREAS**, there has been presented to each Governing Body a motion to be filed with the Bankruptcy Court (the "**Bidding Procedures and Sale Motion**") seeking, among other things, the Bankruptcy Court's (a) approval of the Bidding Procedures and (b) authorization for the Companies to enter into the Purchase Agreement.

**WHEREAS**, each Governing Body, having fully discussed and considered the Strategic Alternatives with the Advisors, has determined that it is desirable and in the best interests of the Companies, their creditors, and other interested parties that the Companies pursue a Sale of the Assets in the manner outlined in the Bidding Procedures and Purchase Agreement and the Bidding Procedures and Sale Motion.

**NOW, THEREFORE, BE IT RESOLVED**, that the Companies shall be, and hereby are, authorized and directed to file the Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing.

**RESOLVED FURTHER**, that any officer, director or other authorized person of the Companies or any of their delegates (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of and on behalf of the Companies to verify, modify (as necessary or desirable), execute, and/or file or cause to be filed the Petition, any ancillary documents, and all other schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing in such form or forms as any such Authorized Person may approve.

**RESOLVED FURTHER**, that each of the Authorized Persons of the Companies or their designees shall be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Companies, to pay all expenses, including Advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such payments to be conclusive evidence of such approval and that such Authorized Person deemed the same to be so necessary, appropriate or advisable.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Companies, to perform the obligations of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be

conclusive evidence of the approval thereof by such Authorized Person and by each Governing Body.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of each Company, to cause the Companies to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Person, shall be necessary, proper, or desirable to prosecute to a successful completion the Bankruptcy Cases and to effectuate the restructuring or liquidation of the Companies' debt, other obligations, organizational form, or structure and ownership of the Companies, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

**RESOLVED FURTHER**, that the Authorized Persons be, and they hereby are, authorized to bind the Companies for the purposes of the resolutions herein.

**RESOLVED FURTHER**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions or hereby waives any right to have received such notice.

## <u>Retention of Advisors</u>

**RESOLVED FURTHER**, that, in connection with the Bankruptcy Cases, the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of each Company to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of each Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Bankruptcy Cases, with a view to the successful prosecution of the Bankruptcy Cases.

**RESOLVED FURTHER**, that the law firm of Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, is hereby retained and employed as attorneys for the Companies in the Bankruptcy Cases.

**RESOLVED FURTHER**, that the law firm of Fox Rothschild LLP, 49 Market Street Morristown, NJ 07960, is hereby retained and employed as attorneys for the Companies in the Bankruptcy Cases.

**RESOLVED FURTHER**, that the financial advisory firm of FTI, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036, is hereby retained and employed as financial advisors for the Companies in the Bankruptcy Cases.

**RESOLVED FURTHER**, that FTI Capital Advisors, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036, is hereby retained and employed as investment bankers for the Companies in the Bankruptcy Cases.

**RESOLVED FURTHER**, that the firm of Epiq Corporate Restructuring, LLC, 777 Third Avenue, 12th Floor, New York, NY 10017, is hereby retained and employed as claims agent for the Companies in the Bankruptcy Cases.

**RESOLVED FURTHER**, that the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of each Company to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Person deems necessary, appropriate or advisable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments in such form and with such changes, additions and modifications thereto as any such Authorized Person may deem necessary, appropriate or advisable in connection with the retention and employment of professionals contemplated by the foregoing resolutions, the execution, delivery, performance and filing thereof to be conclusive evidence of the approval thereof by such Authorized Person and by each Governing Body.

### Debtor-in-Possession Financing

**WHEREAS**, reference is hereby made to:

i.     That certain Term Loan Credit Agreement, dated as of November 30, 2022 (as amended by that certain Limited Consent and Amendment No. 1 to Term Loan Credit Agreement and Loan Documents, dated as of April 25, 2023 ("***Amendment No. 1***"), that certain Amendment No. 2 to Term Loan Credit Agreement and Loan Documents, dated as of July 28, 2023 ("***Amendment No. 2***"), and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the "***Existing Credit Agreement***"), by and among BowFlex Inc. (f/k/a Nautilus, Inc.), a Washington corporation ("***BowFlex***"), Nautilus Fitness Canada, Inc., a British Columbia company (together with BowFlex, collectively, the "***Borrowers***"), the other Loan Parties (as defined in the Existing Credit Agreement) from time to time party thereto, the lenders from time to time party thereto (collectively, the "***Lenders***") and Crystal Financial LLC d/b/a SLR Credit Solutions, a Delaware limited liability company, as agent for the Lenders (the "***Agent***"); and

ii.    That certain Guaranty and Security Agreement, dated as of November 30, 2022 (as amended and/or supplemented by Amendment No. 1, Amendment No. 2, that certain Joinder No. 1 and Amendment to Guaranty and Security Agreement, dated as of February 16, 2023, that certain Joinder No. 2 and Amendment to Guaranty and Security Agreement, dated as of March 14, 2023, that certain Joinder No. 3 and Amendment to Guaranty and Security Agreement, dated as of April 14, 2023, that certain Joinder No. 4 to Guaranty and Security Agreement, dated as of January 22, 2024, and that certain Joinder No. 5 to Guaranty and Security Agreement, dated as of February 19, 2024, and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the

DocuSign Envelope ID: D07F4025-49FC-4FA8-A681-9E7F5DEDABE0

"***Existing Guaranty and Security Agreement***" and, together with the Existing Credit Agreement, the "***Existing Loan Documents***").

**WHEREAS**, pursuant to the terms of the Existing Loan Documents, the Lenders have made certain credit facilities available to the Borrowers, and each Company has granted to the Agent a security interest in substantially all of its assets and guaranteed the Guarantied Obligations (as defined in the applicable Existing Loan Document);

**WHEREAS**, the Companies desire to amend the Existing Loan Documents pursuant to the terms of that certain Amendment No. 3 to Term Loan Credit Agreement and Loan Documents, dated on or around the date hereof (the "***DIP Amendment***"; the Existing Credit Agreement, as amended by the DIP Amendment, the "***Amended Credit Agreement***"; and the Existing Loan Documents, as amended by the DIP Amendment, collectively, the "***Amended Loan Documents***"), by and among the Borrowers, the other Loan Parties party thereto, the Lenders party thereto and the Agent which, among other things, provides for post-petition revolving commitments for loans and advances in an aggregate principal amount not exceeding $9,000,000 in new money (the "***DIP Facility***");

**WHEREAS**, each Governing Body has received, reviewed, and considered entering into the DIP Amendment, and each Governing Body agrees that the Companies should obtain the benefits of the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents and the DIP Facility and desire that the Companies enter into the DIP Amendment; and

**WHEREAS**, each Governing Body, having reviewed the terms and conditions of the DIP Amendment and the Amended Loan Documents, deems it advisable and in the best interests of each Company to approve and adopt the DIP Amendment, the Amended Loan Documents and each of the other documents, agreements, instruments, certificates, acknowledgements, statements, papers, and Loan Documents (as defined in the Amended Credit Agreement) as may be contemplated by the DIP Amendment and the Amended Loan Documents (including, without limitation, account control agreements, UCC financing statements, interest rate protection agreements, letters of credit, assignments, fee letters, hedging arrangements, mortgages, deeds of trust, consents to assignment, subordination agreements, intercreditor agreements, promissory notes, cash management agreements, insurance certificates and other customary documents, instruments and/or agreements) required or contemplated to be executed or delivered in connection with the transactions contemplated thereby or requested by the Agent or the Lenders in connection with any of the foregoing (collectively, the "***Additional DIP Documents***").

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms, and provisions of the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents and each of the other Additional DIP Documents, and the Companies' incurrence and performance of their obligations under the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents and each of the other Additional DIP Documents, including, without limitation, the incurrence of indebtedness pursuant to the DIP Facility, any borrowings thereunder, the guaranty of, or the reaffirmation of existing guaranties of, the Guarantied Obligations (as defined in the applicable Amended Loan Document), the granting of, or the reaffirmation of existing grants of, liens on, or security interests in, all or any portion of the Companies' assets as provided therein,

and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Persons be, and hereby is, authorized and empowered to execute and deliver, and to cause the Companies to incur and perform their respective obligations under the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents and each of the other Additional DIP Documents, in the name and on behalf of the Companies under their seals or otherwise, substantially in the forms presented to each Governing Body, with such changes therein and modifications and amendments thereto as any Authorized Person may in his or her sole discretion approve, which approval shall be conclusive evidenced by his or her execution thereof.

**RESOLVED FURTHER**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, (A) to obtain post-petition financing according to the terms negotiated by the senior management of the Companies, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interests in, all or any portion of the Companies' assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Companies, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Persons executing the same, the execution thereof by such Authorized Persons to be conclusive evidence of such approval or determination.

**RESOLVED FURTHER**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to take all actions (including, without limitation, the negotiation, execution (including by facsimile, electronic or comparable method), delivery and/or filing, as applicable, of any agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates, the payment of any consideration and the payment of all indemnities, fees, expenses and taxes) as any such Authorized Person, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard) in order to effectuate the transactions contemplated by the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents or any Additional DIP Document, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effectuate such transactions, are hereby approved, adopted, ratified and confirmed in all respects.

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, waivers, consents, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents and each of the other Additional DIP Documents that shall in their sole judgment be necessary, proper or advisable.

DocuSign Envelope ID: D07F4925-49FC-4FA8-A681-9E7F5DECABE0

### Asset Purchase Agreement

**RESOLVED FURTHER**, that the form terms and provisions of the Asset Purchase Agreement, including all exhibits and schedules attached thereto (collectively, the "***Specified Transaction Documents***"), be and here are, determined to be fair, advisable and in the best interest of the Companies and that the Asset Purchase Agreement be, and hereby is, adopted and approved in all respects;.

**RESOLVED FURTHER**, that the Companies shall be, and hereby are, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to execute and deliver the Asset Purchase Agreement and the Specified Transaction Documents, subject to such modifications thereto as the Board or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of each applicable Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Companies relating to  the Asset Purchase Agreement and the Specified Transaction Documents.

### Miscellaneous

**RESOLVED FURTHER**, that each Governing Body hereby ratifies, confirms, approves and adopts all actions previously taken by any Authorized Person and all agreements, instruments, reports and documents previously executed, delivered or filed through the date hereof by Authorized Persons that are approved by the foregoing resolutions and/or otherwise related to the DIP Amendment, the Amended Credit Agreement, the other Amended Loan Documents or any Additional DIP Document.

### Omnibus Resolution

**RESOLVED FURTHER**, that the Authorized Persons, and each of them with full authority to act without the others, are hereby authorized to do all things necessary or desirable, in their sole discretion, to carry out the intent of the foregoing resolutions.

DocuSign Envelope ID: D07E4925-49FC-4EA8-A681-9E7F5DEDABE0

**IN WITNESS WHEREOF,** this Unanimous Written Consent of BowFlex Inc. and BowFlex New Jersey LLC is hereby executed, effective as of March 4, 2024. It is understood and agreed that this Unanimous Written Consent may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute the same Unanimous Written Consent. An electronic copy of a signature on this Unanimous Written Consent shall be deemed an original signature. A copy of this Unanimous Written Consent shall be filed with minutes of the proceedings of each Governing Body.

**Bowflex Inc.**

| _James Barr IV_ | _Anne Saunders_ |
|---|---|
| James Barr, IV | Anne G. Saunders |
| _Patty Ross_ | _Kelley Hall_ |
| Patricia M. Ross | Kelley Hall |
| _(signature)_ | _Ruby Sharma_ |
| Shailesh Prakash | Ruby Sharma |

**Bowflex New Jersey LLC**
By: Bowflex Inc., its Member


By: _Alan Chan_
Name: Alan Chan
Title: Chief Legal & People Officer and Secretary