Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In Re:<br><br>BOWFLEX INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-12364 (ABA)<br><br>(Joint Administration Requested) |

Order Filed on March 6, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# ORDER APPOINTING EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered three (3) through nine (9), is hereby **ORDERED**.

**DATED: March 6, 2024**

*/s/ Honorable Andrew B. Altenburg, Jr.*
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679). The Debtors' service address is 17750 S.E. 6th Way, Vancouver, Washington 98683.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SIDLEY AUSTIN LLP**
Matthew A. Clemente (*pro hac vice* pending)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mclemente@sidley.com

Maegan Quejada (*pro hac vice* pending)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
mquejada@sidley.com

Michael A. Sabino (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
msabino@sidley.com

**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esq.
Mark E. Hall, Esq.
Michael R. Herz, Esq.
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Facsimile:  (973) 992-9125
jdipasquale@foxrothschild.com
mhall@foxrothschild.com
mherz@foxrothschild.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date |

Upon consideration of the application (the "Application")[1] of BowFlex Inc. and its debtor affiliate, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order") appointing Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent (the "Claims and Noticing Agent"), pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Bankruptcy Rule 2002 to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in these chapter 11 cases, and (c) provide such other administrative services, all as more fully set forth in the Application; and upon consideration of the First Day Declaration and the Mailloux Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

(Page | 4)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date |

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms of the Retention Agreement attached to the Application, the Application is APPROVED solely as set forth in this Order and solely with respect to the services set forth in the Services Schedule attached to the Retention Agreement.

2. Pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Bankruptcy Rule 2002, the Debtors are authorized to retain and appoint Epiq as Claims and Noticing Agent in these chapter 11 cases, effective as of the Petition Date, under the terms of the Retention Agreement as set forth in this Order, and Epiq is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases and perform other related tasks as described in the Application.

3. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain an official claims register for the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Epiq is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Epiq is authorized to take such other action as required to comply with all duties and Services set forth in the Application and this Order.

6. Epiq shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

(Page | 5)
| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date |

7. The Debtors are authorized to compensate Epiq in accordance with the terms of the Retention Agreement upon the receipt of reasonably detailed invoices setting forth the Services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its Services and reimbursement of its expenses.

8. Notwithstanding the Application or Retention Agreement, to the extent the Debtors wish to expand the scope of Epiq's services beyond those Services set forth in the Application and Retention Agreement, the Debtors shall be required to seek further approval from this Court.

9. Epiq shall maintain records of all Services showing dates, categories of Services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the U.S. Trustee, counsel for the Debtors, counsel for any official committee appointed in these chapter 11 cases, and any party in interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Retention Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12. Epiq may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $25,000, and thereafter, Epiq may hold its retainer

(Page | 6)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date |

under the Retention Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Retention Agreement.

13. The Debtors shall indemnify Epiq under the terms of the Retention Agreement, as modified pursuant to this Order.

14. Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Agreement for services other than the Services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

15. Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order.

16. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution,

| | |
|---|---|
| (Page \| 7) | |
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date |

and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including the advance of defense costs, Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. If Epiq seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Retention Agreement, the invoices and supporting time records for any attorneys' fees and expenses shall be included in Epiq's own applications, both interim and final, but determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

17. The limitation of liability provision contained in the Retention Agreement shall have no force and effect during the pendency of these chapter 11 cases.

18. In the event Epiq is unable to provide the Services set out in this Order, Epiq will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

19. After entry of an order terminating Epiq's services, upon the closing of this case, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and transmitting to the Clerk all claims in an electronic format, if applicable and shall be compensated by the Debtors in connection therewith.

(Page | 8)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date |

20. Epiq shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

21. In the event these chapter 11 cases are converted to a case under chapter 7 of the Bankruptcy Code and if claims agent representation would be necessary in the converted chapter 7 case, Epiq shall continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth herein.

22. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

23. In the event of any inconsistency between the Retention Agreement, the Application, and this Order, this Order shall govern.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the

Case 24-12364-ABA    Doc 63    Filed 03/06/24    Entered 03/06/24 14:28:49    Desc Main
Document    Page 9 of 9

(Page | 9)
Debtors:          BOWFLEX INC., *et al*.
Case No.          24-12364 (ABA)
Caption of Order: Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date

validity of any claim or a waiver of the Debtors' or the DIP Agent's rights to subsequently dispute such claim.

26. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

27. The requirement set forth in Bankruptcy Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

28. The Debtors shall serve by regular mail a copy of this Order and the Application on all parties required to receive such service pursuant to Bankruptcy Local Rule 9013-5(f) within two (2) business days after the entry of this Order.

29. Any party may move for modification of this Order in accordance with Bankruptcy Local Rule 9013-5(e).

30. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

31. The Debtors and Epiq are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

32. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.