**SIDLEY AUSTIN LLP**
Matthew A. Clemente (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
Email:        mclemente@sidley.com

Maegan Quejada (admitted *pro hac vice*)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:    (713) 495-4500
Facsimile:    (713) 495-7799
Email:        mquejada@sidley.com

Michael A. Sabino (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599
Email:        msabino@sidley.com

**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esq.
Mark E. Hall, Esq.
Michael R. Herz, Esq.
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
Email: jdipasquale@foxrothschild.com
        mhall@foxrothschild.com
        mherz@foxrothschild.com

*Proposed Counsel for the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BOWFLEX INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12364 (ABA)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679). The Debtors' service address is 17750 S.E. 6th Way, Vancouver, Washington 98683.

**NOTICE OF FILING OF PROPOSED FINAL ORDER (A) AUTHORIZING DEBTORS
TO OBTAIN POSTPETITION FINANCING AND GRANT SECURITY INTERESTS
AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO
11 U.S.C. §§ 105, 364(c) AND 364(d); (B) MODIFYING THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362; (C) AUTHORIZING DEBTORS TO ENTER
INTO AGREEMENTS WITH CRYSTAL FINANCIAL LLC D/B/A SLR
CREDIT SOLUTIONS; AND (D) AUTHORIZING DEBTORS
TO USE CASH COLLATERAL**

**PLEASE TAKE NOTICE** that on March 5, 2024, the above-captioned debtors and

debtors in possession (the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final*

*Orders (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests*

*and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d);*

*(B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter*

*into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; (D) Authorizing Debtors*

*to Use Cash Collateral; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001*

[Docket No. 37] (the "DIP Motion").

**PLEASE TAKE FURTHER NOTICE** that on March 6, 2024, the Court entered the

*Interim Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security*

*Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c)*

*and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing*

*Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; (D)*

*Authorizing Debtors to Use Cash Collateral; and (E) Scheduling a Final Hearing Pursuant to*

*Bankruptcy Rule 4001* [Docket No. 61] (the "Interim DIP Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file proposed form of

*Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security*

*Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c)*

*and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing*

*Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D)*
*Authorizing Debtors to Use Cash Collateral* (the "Revised Proposed Final DIP Order").

**PLEASE TAKE FURTHER NOTICE** that the Revised Proposed Final Order addresses
and resolves informal comments received from Granite (5415 Centerpoint) LLC ("Granite") and
Ace American Insurance Company and/or any of its U.S.-based affiliates (collectively, and solely
in their roles as insurers, "Chubb"), however, the objection to the DIP Motion filed by the Official
Committee of Unsecured Creditors [Docket No. 148] remains unresolved.

**PLEASE TAKE FURTHER NOTICE** that the Revised Proposed Final DIP Order is
attached hereto as **Exhibit A** and a redline marked against the Interim DIP Order is attached hereto
as **Exhibit B**.

[*Remainder of page intentionally left blank*]

Dated: March 27, 2024

_/s/ Joseph J. DiPasquale_

**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esq.
Mark E. Hall, Esq.
Michael R. Herz, Esq.
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125

jdipasquale@foxrothschild.com
mhall@foxrothschild.com
mherz@foxrothschild.com

**SIDLEY AUSTIN LLP**
Matthew A. Clemente (admitted _pro hac vice_)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mclemente@sidley.com

_and_

Maegan Quejada (admitted _pro hac vice_)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
mquejada@sidley.com

_and_

Michael A. Sabino (admitted _pro hac vice_)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
msabino@sidley.com

_Proposed Counsel for the Debtors and Debtors in Possession_

**<u>Exhibit A</u>**

Caption in Compliance with D.N.J. LBR 9004-1(b)

---

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In Re:

BOWFLEX INC., *et al.*,[1]

               Debtors.

Chapter 11

Case No. 24-12364 (ABA)

(Jointly Administered)

---

**FINAL ORDER (A) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION
FINANCING AND GRANT SECURITY INTERESTS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 105,
364(c) AND 364(d); (B) MODIFYING THE AUTOMATIC STAY PURSUANT
TO 11 U.S.C. § 362; (C) AUTHORIZING DEBTORS TO ENTER INTO
AGREEMENTS WITH CRYSTAL FINANCIAL LLC D/B/A SLR CREDIT
SOLUTIONS; AND (D) AUTHORIZING DEBTORS TO USE CASH COLLATERAL**

The relief set forth on the following pages, numbered three (3) through sixty-six (66), is

hereby ORDERED.

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679).  The Debtors' service address is 17750 S.E. 6th Way, Vancouver, Washington 98683.

Caption in Compliance with D.N.J. LBR 9004-1(b)

**SIDLEY AUSTIN LLP**
Matthew A. Clemente (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mclemente@sidley.com

Maegan Quejada (admitted *pro hac vice*)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
mquejada@sidley.com

Michael A. Sabino (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
msabino@sidley.com

**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esq.
Mark E. Hall, Esq.
Michael R. Herz, Esq.
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Facsimile:  (973) 992-9125
jdipasquale@foxrothschild.com
mhall@foxrothschild.com
mherz@foxrothschild.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

| (Page \| 3) | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Upon the motion (the "**Motion**") dated March 5, 2024 of BowFlex Inc. f/k/a Nautilus, Inc. ("**BowFlex**") and BowFlex New Jersey LLC ("**BowFlex New Jersey**") (each, a "**Debtor**" and collectively, the "**Debtors**"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Cases**"), for entry of an order (the "**Final Financing Order**") pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e), 506(c), 507, and 552 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), rules 2002, 4001(c), 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 4001-1, 4001-2, 4001-3, 9013-1, 9013-2, 9013-4, and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), seeking among other things:[2]

     i.     authorization for BowFlex to obtain, and for BowFlex New Jersey to guarantee unconditionally, on a joint and several basis, postpetition loans, advances and other financial accommodations on a final basis from the DIP Lenders (as defined below) and Crystal Financial LLC d/b/a SLR Credit Solutions ("**SLR**"), as administrative and collateral agent (in such capacity, together with its successors and permitted assigns, the "**DIP Agent**"), pursuant to the DIP Loan Documents (as defined below)

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the DIP Credit Agreement (as defined below), as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

and in accordance with all of the borrowing requirements, terms and conditions set forth in the DIP Credit Agreement (as defined below), and in accordance with this Final Financing Order, secured by (i) superpriority priming security interests in and liens upon all Prepetition Collateral (references to Prepetition Collateral herein refer to "Pre-Petition Collateral" as defined in the DIP Credit Agreement) pursuant to section 364(d) of the Bankruptcy Code, subject only to the Permitted Liens and Claims (as defined below), and (ii) senior priority security interests in and liens upon all other Collateral (as defined below) pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, subject only to the Permitted Liens and Claims;

ii.     authorization for the Debtors to enter into (a) that certain Amendment No. 3 to Term Loan Credit Agreement and Loan Documents (the "**Amendment**"), a copy of which was attached to the Interim Financing Order (as defined below) as **Exhibit 1** and is incorporated herein (the Prepetition Credit Agreement (as defined below), as amended by the Amendment and as the same may be amended, restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**," by and among the Debtors, the DIP Agent and the Lenders (as defined in the DIP Credit Agreement) (collectively, the "**DIP Lenders**," and together with the DIP Agent, the "**DIP Secured Parties**") and (b) the Loan Documents as defined in the DIP Credit Agreement, including that certain fee letter dated March 6, 2024,

(Page | 5)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

delivered from the DIP Agent to the Debtors (the "**SLR Fee Letter**"), the DIP Budget (as defined below) and the DIP Credit Agreement, as such Loan Documents may be amended, restated or supplemented from time to time, collectively, the "**DIP Loan Documents**") and to perform such other acts as may be necessary, desirable or appropriate in connection with this Final Financing Order and the DIP Loan Documents;

iii.     authorization for the Debtors to incur obligations in connection with the DIP Credit Agreement in an aggregate principal amount of up to $25,000,000 (the "**DIP Facility**") subject to the terms and conditions set forth in the DIP Credit Agreement, consisting of:

a.     Revolving DIP Loans.  A new money senior secured super-priority revolving credit facility in an aggregate principal amount of up to $9,000,000 (the obligations under the Revolving DIP Loans, the "**Revolving DIP Obligations**"), made available to the Debtors upon entry of the Interim Financing Order (as defined below); and

b.     DIP Term Loan.  A senior secured super-priority term loan facility in an aggregate principal amount of up to $16,000,000 (the "**DIP Term Loan Facility**") that, upon entry of the Interim Financing Order, rolled up on a dollar-for-dollar basis an equal amount of the Prepetition Term Loan

(Page | 6)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Obligations (as defined below) so that the Prepetition Term Loan Obligations constitute obligations under the DIP Term Loan Facility (the obligations under the DIP Term Loans, the "**Term DIP Obligations**," and collectively with the Revolving DIP Obligations, the "**DIP Obligations**");

iv.     authorization for the Debtors to remit all proceeds of Collateral (as defined in the DIP Credit Agreement), including but not limited to, collections and payments made in respect of the Collateral, including any proceeds from the sale of the Debtors' assets, for application to the DIP Obligations as required under the DIP Credit Agreement until such DIP Obligations are fully and indefeasibly repaid;

v.     authorization for the Debtors to use proceeds of the Revolving DIP Loans (as defined below) and Cash Collateral (as such term is defined in section 363 of the Bankruptcy Code), including any Eligible Cash (as defined in the DIP Credit Agreement) for payment of the items specified in the DIP Budget and in accordance with the terms of this Final Financing Order and the DIP Loan Documents;

vi.     the grant to the DIP Agent, for the benefit of itself and the other DIP Secured Parties, of superpriority administrative claims pursuant to section 364(c)(1) of the Bankruptcy Code in respect of all DIP Obligations;

(Page | 7)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

vii.     as set forth below, approval of certain stipulations by the Debtors with respect to the Prepetition Term Loan Documents (as defined below) and the rights, claims, liens and security interests arising therefrom;

viii.     as set forth below, granting adequate protection to (a) the Prepetition Term Loan Agent (as defined below) and the Prepetition Term Loan Lenders in respect of any diminution in value in the Prepetition Secured Parties' (as defined below) interests in the Collateral, including, but not limited to, the Debtors' use of Cash Collateral and other Collateral in accordance with and subject to the terms and conditions of the DIP Loan Documents and this Final Financing Order, as either agreed by the Debtors, the DIP Agent and the Committee or as otherwise determined by the Court;

ix.     authorizing the Debtors to grant a priming lien and security interest to Wells Fargo Bank, N.A. ("**Wells Fargo**"), continue the merchant services agreement with Wells Fargo Merchant Services, L.L.C. ("**WFMS**," and such agreement, the "**WFMS Agreement**"), pay amounts owed with respect to the WFMS Agreement (the "**WFMS Obligations**"), and grant a priming lien and security interest to WFMS;

x.     authorizing WFMS to continue to receive or obtain payment for all WFMS Obligations, including, without limitation, by way of recoupment or setoff against

(Page | 8)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

sales revenues processed by WFMS on behalf of the Debtors under the WFMS Agreement, or pursuant to the WFMS Agreement, the WFMS Cash Collateral;

xi. modifying the automatic stay as necessary to authorize each of the Prepetition Revolver Loan Agent and the Bank Product Providers to apply: (a) the Letter of Credit Cash Collateral and/or the Expense Reserve to satisfy the Letter of Credit Obligations; (b) the Bank Product Cash Collateral, the WFMS Cash Collateral, and/or the Expense Reserve to satisfy the Bank Product Obligations (including, without limitation, the WFMS Obligations), as applicable; and (c) the Expense Reserve to satisfy the Expense and Indemnity Obligations, in each case, as the same become due and owing;

xii. waiver of the Debtors' rights to assert (i) claims to surcharge against the Collateral pursuant to section 506(c) of the Bankruptcy Code; and (ii) any "equities of the case" exception under section 552(b) of the Bankruptcy Code with respect to the Collateral, the DIP Secured Parties and the Prepetition Secured Parties;

xiii. modification of the automatic stay to the extent hereinafter set forth;

xiv. the immediate effectiveness of this Final Financing Order and waiver of any applicable stay (including under Bankruptcy Rule 6004(h)) to permit such immediate effectiveness; and

(Page | 9)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

and this Court having held the initial hearing on the Motion on March 6, 2024 (the "**Interim Hearing**") and having entered the *Interim Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; (D) Authorizing Debtors to Use Cash Collateral; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [D.I. 61] (the "**Interim Financing Order**"); and this Court having set March 28, 2024 for a final hearing (the "**Final Hearing**") on the Motion and to consider entry of this Final Financing Order authorizing, among other things, the DIP Loan Documents and all borrowings and deemed borrowing thereunder on a final basis; and it appearing that due and appropriate notice of the Motion, the relief requested therein, and the Final Hearing (the "**Notice**") having been served by the Debtors in accordance with Bankruptcy Rule 4001(c) on (i) counsel to the DIP Agent, (ii) the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"), (iii) the holders of the thirty (30) largest unsecured claims against the Debtors' Estates (as defined below), (iv); the Internal Revenue Service, (v) all appropriate state taxing authorities, (vi) all landlords, owners, and/or operators of premises at which any of the Debtors' inventory and/or equipment is located, and (vii) certain other parties identified in the certificate of service filed with the Court, including, without limitation, all creditors who have filed or recorded prepetition liens or security interests against any of the Debtors' assets (collectively, the "**Notice**

(Page | 10)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

**Parties**"); and the Final Hearing to consider the relief requested in the Motion having been held by this Court and concluded; and all objections, if any, to the relief requested in the Motion and to entry of this Final Financing Order having been withdrawn, resolved or overruled by the Court; and it appearing to the Court that granting the relief requested in the Motion on a final basis, is fair and reasonable and in the best interests of the Debtors, their estates, creditors and parties-in-interest and is essential for preservation of the Debtors' assets, and it appearing that the Debtors' entry into the DIP Loan Documents as approved pursuant to the Interim Financing Order and hereby is a sound and prudent exercise of the Debtors' business judgment; and upon the record made by the Debtors and other parties-in-interest at the Interim Hearing and the Final Hearing, including the *Declaration of Aina Konold in Support of Chapter 11 Petitions and First Day Pleadings*, and the filings and pleadings in the Cases, and good and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]**

      A.   <u>Petition</u>.  On March 4, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court.  The Debtors continue

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

(Page | 11)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.     <u>Jurisdiction and Venue</u>.  The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Motion is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (D), and (M).  Venue of the Cases and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     <u>Notice</u>.  The Notice given by the Debtors of the Motion, the Interim Financing Order, the Final Hearing and the relief granted under this Final Financing Order complies with Bankruptcy Rules 4001(b) and 4001(c) and Local Rule 9013-2.

D.     <u>Debtors' Acknowledgments and Agreements</u>.  Without prejudice to the rights of the official committee of unsecured creditors (the "**Committee**") and other parties-in-interest as and to the extent set forth in Section 4 of this Final Financing Order, the Debtors admit, stipulate, acknowledge and agree that:

(i)     *Prepetition Term Loan Documents*.  Prior to the commencement of the Cases, SLR, as administrative agent and collateral agent (in such capacity, the "**Prepetition Term Loan Agent**"), the term lenders party thereto (the "**Prepetition Term Loan Lenders,**" and together with the Prepetition Term Loan Agent, the "**Prepetition Secured Parties**"), in their respective capacities under the Prepetition Credit Agreement (as defined below), made terms loans, advances and provided other financial accommodations to Debtor BowFlex and its affiliates,

| Debtors: | BOWFLEX INC., *et al*. |
|---|---|
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

pursuant to the terms and conditions set forth in (a) the Term Loan Credit Agreement, dated November 30, 2022, as amended by the Limited Consent and Amendment No. 1 to Term Loan Credit Agreement and Loan Documents, dated April 25, 2023 ("**Amendment No. 1**") and the Amendment No. 2 to Term Loan Credit Agreement and Loan Documents, dated July 28, 2023 ("**Amendment No. 2**") (the "**Prepetition Credit Agreement**"); (b) the Guaranty and Security Agreement, dated November 30, 2022 (as amended by Amendment No. 1, Amendment No. 2, Joinder No. 1 and Amendment to Guaranty and Security Agreement, dated as of February 16, 2023, Joinder No. 2 and Amendment to Guaranty and Security Agreement, dated as of March 14, 2023, Joinder No. 3 and Amendment to Guaranty and Security Agreement, dated as of April 14, 2023, and Joinder No. 4 to Guaranty and Security Agreement, dated as of January 22, 2024, and Joinder No. 5 to Guaranty and Security Agreement, dated as of February 19, 2024, the "**Prepetition Guaranty and Security Agreement**"); and (c) all other agreements, documents and instruments executed and/or delivered with, to, or in favor of the Prepetition Term Loan Agent or any Prepetition Term Loan Lender in connection with or related to the Prepetition Credit Agreement and the Prepetition Guaranty and Security Agreement (collectively, the "**Prepetition Term Loan Documents**"). Copies of the operative Prepetition Term Loan Documents are on file with counsel to the Debtors and available upon reasonable request.

(ii)    *Prepetition Term Loan Obligations Amount.*  As of the Petition Date, the Debtors were indebted to the Prepetition Secured Parties under the Prepetition Term

(Page | 13)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Loan Documents in an aggregate outstanding principal amount of not less than $15,999,234.76, plus interest accrued and accruing thereon, together with all costs, fees, expenses (including attorneys' fees and legal expenses), premiums and other charges accrued, accruing or chargeable with respect thereto (collectively, the "**Prepetition Term Loan Obligations**"). The Prepetition Term Loan Obligations constitute allowed, legal, valid, binding, enforceable and non-avoidable obligations of the Debtors, and are not subject to any offset, defense, counterclaim, avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or any other applicable law, and the Debtors do not possess, shall not assert, hereby forever release, and are forever barred from bringing any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and non-avoidability of any of the Prepetition Term Loan Obligations.

(iii)     *Prepetition Secured Parties.*  No claims, objections, challenges, counterclaims, causes of action and/or choses in action, defenses or setoff rights of any Debtor exist against the Prepetition Secured Parties under the Prepetition Term Loan Documents or the Prepetition Term Loan Obligations under any contract or tort (including, without limitation, lender liability) theories of recovery, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or chapter 5 (including, without limitation, sections 510, 544, 547, 548, 549, or 550) of the Bankruptcy Code or under any other similar provisions of applicable state or federal law, and to the extent any

(Page | 14)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

claims, objections, challenges, counterclaims, causes of action and/or choses in action, defenses or setoff rights are deemed to have existed as to any of the foregoing, the Debtors hereby forever waive, discharge and release any right they may have to challenge any of the Prepetition Term Loan Obligations, and to assert any setoff rights, defenses, claims, objections, challenges, counterclaims, causes of action and/or choses of action whether arising under the Bankruptcy Code or applicable non-bankruptcy law, against the Prepetition Secured Parties, and as to each of the foregoing, their respective affiliates, subsidiaries, agents, officers, directors, employees, attorneys and advisors, in each case in connection with any matter related to the Prepetition Term Loan Obligations and the Prepetition Term Loan Documents, or the financing and transactions contemplated thereby, or the Prepetition Collateral.

(iv) *Prepetition Term Loan Collateral*. As of the Petition Date, the Prepetition Term Loan Obligations were fully secured pursuant to the Prepetition Term Loan Documents by valid, perfected, enforceable and non-avoidable first priority security interests and liens on all Prepetition Collateral, including all assets of the Debtors, granted by the Debtors to the Prepetition Term Loan Agent, for the benefit of itself and the other Prepetition Secured Parties, subject only to the liens specifically permitted under the Prepetition Term Loan Documents to the extent that such liens, security interests or encumbrances are (i) valid, perfected and non-avoidable security interests, liens or encumbrances existing as of the Petition Date, and (ii) senior to, and have not been or are subject to being subordinated to, the Prepetition Secured Parties' liens on and

(Page | 15)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

security interests in the Prepetition Collateral or otherwise avoided, and, in each instance, only for so long as and to the extent that such encumbrances are and remain senior and outstanding (hereinafter referred to as the "**Permitted Encumbrances**").  The Debtors do not possess and will not assert any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and non-avoidability of any of the Prepetition Secured Parties' liens, claims or security interests in the Prepetition Collateral.

(v)  *Prepetition Term Loan Proof of Claim*.  The acknowledgment by the Debtors of the Prepetition Term Loan Obligations and the liens, rights, priorities and protections granted to or in favor of the Prepetition Secured Parties as set forth herein and in the Prepetition Term Loan Documents shall be deemed a timely filed proof of claim by the Prepetition Term Loan Agent on behalf of itself and the other Prepetition Secured Parties in these Cases.

E.  <u>Findings Regarding the Postpetition Financing</u>.

(i)  *Postpetition Financing*.  The Debtors have requested from the DIP Secured Parties, and the DIP Secured Parties are willing to extend certain loans and other financial accommodations on the terms and conditions set forth in this Final Financing Order and the DIP Loan Documents.

(ii)  *Need for Postpetition Financing*.  The Debtors do not have sufficient available sources of working capital, including Cash Collateral, to operate their businesses in the ordinary course of their business without the financing requested under the Motion.  The Debtors'

(Page | 16)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

ability to maintain business relationships with their vendors, suppliers and customers, to pay their employees, and to otherwise fund their operations is essential to the Debtors' continued viability as the Debtors seek to maximize the value of the assets of the Debtors' bankruptcy estates (the "**Estates**") for the benefit of all creditors of the Debtors.  The ability of the Debtors to obtain sufficient working capital and liquidity through the postpetition financing arrangements with the DIP Secured Parties, as set forth in this Final Financing Order and the DIP Loan Documents, is vital to the preservation and maintenance of the going concern values of the Debtors.  The Debtors have a continuing need to obtain postpetition financing pursuant to the DIP Term Loan Facility and permission to use Cash Collateral (in each case solely to the extent consistent with the DIP Budget) to, among other things, permit the orderly continuation of the operation of their businesses, minimize the disruption of their business operations, and preserve and maximize the value of the assets of the Debtors' Estates.

(iii)   *No Credit Available on More Favorable Terms*.  The Debtors are unable to procure financing in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code, as an administrative expense under section 364(a) or (b) of the Bankruptcy Code, or in exchange for the grant of an administrative expense priority pursuant to section 364(c)(1), (2), or (3) of the Bankruptcy Code, without the grant of liens on assets.  The Debtors have been unable to procure the necessary financing on terms more favorable taken as a whole, than the financing offered by the DIP Secured Parties pursuant to the DIP Loan Documents.

| (Page | 17) | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

(iv)  *DIP Budget*.  The Debtors prepared and delivered to the DIP Secured Parties an initial 7-week budget, a copy of which was attached to the Interim Financing Order as **Exhibit B** (as may be amended, modified, extended or replaced in accordance with the DIP Loan Documents, and in consultation with the Committee, the "**DIP Budget**"), which has been approved by the DIP Secured Parties.  Such DIP Budget has been thoroughly reviewed by the Debtors and their management and sets forth, among other things, the Debtors' projected cash receipts and disbursements for the periods covered thereby.  The Debtors represent that, to the best of their knowledge, the DIP Budget remains achievable and is anticipated to allow the Debtors to operate at all times during these Cases without the accrual of unpaid administrative expenses.  The DIP Secured Parties are relying upon the Debtors' compliance with the DIP Budget, the DIP Loan Documents and this Final Financing Order in determining to enter into the postpetition financing arrangements provided for herein.  Any and all cash and cash equivalents shall be used by the Debtors solely in accordance with this Final Financing Order and the DIP Budget, subject to permitted variances as provided for in the DIP Credit Agreement.  Other than as expressly set forth in this Final Financing Order, the consent of the DIP Secured Parties to the DIP Budget shall not be construed as consent to the use of any cash after the occurrence of an Event of Default (as defined below), regardless of whether the aggregate funds on hand shown on the DIP Budget have been exhausted.

| (Page | 18) | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

(v)      *Business Judgment and Good Faith Pursuant to Section 364(e)*.  The terms of the DIP Loan Documents and this Final Financing Order are fair, just and reasonable under the circumstances, are ordinary and appropriate for secured financing to debtors-in-possession, reflect the Debtors' exercise of their prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration.  The terms and conditions of the DIP Loan Documents and this Final Financing Order have been negotiated in good faith and at arms' length by and among the Debtors, on one hand, and the applicable DIP Secured Parties, on the other hand, with all parties being represented by counsel.  Any credit extended under the terms of the Interim Financing Order, this Final Financing Order and the DIP Loan Documents shall be deemed to have been extended in good faith by the applicable DIP Secured Parties, as that term is used in section 364(e) of the Bankruptcy Code.

(vi)      *Good Cause*.  The relief requested in the Motion is necessary, essential and appropriate, and is in the best interest of and will benefit the Debtors, their creditors and their Estates, as its implementation will, among other things, provide the Debtors with the necessary liquidity to (a) minimize disruption to the Debtors' businesses and ongoing operations, (b) preserve and maximize the value of the Debtors' Estates, and (c) avoid immediate and irreparable harm to the Debtors, their creditors, their businesses, their employees, and their assets.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

(Page | 19)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Section 1.        Authorization and Conditions to Financing.

1.1        Motion Granted.  The Motion is **GRANTED** on a final basis as set forth herein.  Except as otherwise expressly provided in this Final Financing Order, any objection to entry of this Final Financing Order that has not been withdrawn, waived, resolved or settled, is hereby denied and overruled on the merits.

1.2        DIP Loans – Authorization to Borrow and Use Loan Proceeds.

1.2.1        Revolving DIP Loans.  As approved upon entry of the Interim Financing Order and pursuant to this Final Financing Order on a final basis, the Debtors are authorized and empowered to borrow and obtain the Revolving Loans (as defined in the DIP Credit Agreement, the "**Revolving DIP Loans**") and to incur indebtedness and obligations under the Revolving DIP Loans owing to the DIP Secured Parties subject to the terms and conditions of this Final Financing Order, the DIP Credit Agreement, and the other DIP Loan Documents in the amount of up to $9,000,000 (which represents the Revolving Credit Maximum Amount under the DIP Credit Agreement).  The Debtors shall use the proceeds of the Revolving DIP Loans and any other credit accommodations provided to the Debtors pursuant to this Final Financing Order and the DIP Loan Documents solely for payment of the items specified in the DIP Budget and in accordance with the terms of the DIP Loan Documents.  The Revolving DIP Loans may be repaid and reborrowed pursuant to the terms of the DIP Loan Documents.

(Page | 20)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

1.2.2   <u>DIP Term Loans</u>.  As approved upon entry of the Interim Financing Order and pursuant to this Final Financing Order on a final basis, the Debtors are also authorized and empowered to borrow and obtain the Term Loans (as defined in the DIP Credit Agreement, the "**DIP Term Loans**," and together with the Revolving DIP Loans, the "**DIP Loans**") and to incur indebtedness and obligations owing under the DIP Term Loans and were authorized upon entry of the Interim Financing Order, but subject to Section 4 of this Final Financing Order, to roll up on a dollar-for-dollar basis the Prepetition Term Loan Obligations (including interest, fees, indemnities and other expenses provided for in the Prepetition Term Loan Documents) into Term DIP Obligations as of the date of the Interim Financing Order (with such Prepetition Term Loan Obligations continuing in all respects and deemed Term DIP Obligations), other than the Early Termination Premium (pursuant to the Prepetition Term Loan Documents), fees and expenses under the Prepetition Term Loan Documents and any accrued attorney's fees through the Petition Date which were and shall remain payable in full and cash to the Prepetition Term Loan Lenders (the "**Non-Roll Up Obligations**").

1.3   <u>DIP Loan Documents</u>

1.3.1   <u>Authorization</u>.  The Debtors were authorized as approved upon entry of the Interim Financing Order and pursuant to this Final Financing Order on a final basis to enter into, execute, deliver, perform, and comply with the terms, conditions and covenants of the DIP Loan Documents, pursuant to which, *inter alia*, each Debtor ratified, reaffirmed, extended,

(Page | 21)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

assumed, adopted, amended, and restated the Prepetition Term Loan Documents to which it was a party. The Debtors are further authorized to pay, to the extent not previously paid pursuant to the Interim Financing Order, the fees set forth in the SLR Fee Letter and the Non-Roll Up Obligations, to the extent not in duplication.

1.3.2    The DIP Loan Documents shall constitute valid and binding obligations of the Debtors, enforceable against each Debtor party thereto in accordance with the terms of the DIP Loan Documents and this Final Financing Order. No obligation, payment, transfer or grant of security under the DIP Loan Documents or this Final Financing Order shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or under any applicable law (including, without limitation, under section 502(d) of the Bankruptcy Code), or be subject to any defense, reduction, setoff, recoupment or counterclaim. The Debtors are hereby authorized, pursuant to this Final Financing Order, to pay any accrued and unpaid fees and expenses of the DIP Secured Parties as of the Petition Date that were not previously paid pursuant to the Interim Financing Order in accordance with the terms and conditions of the DIP Loan Documents and without further order of the Court. All payments of fees and expenses to the DIP Secured Parties pursuant to the Interim Financing Order are hereby ratified and approved on a final basis.

1.3.3    Approval. The DIP Loan Documents and each term set forth therein are approved to the extent necessary to implement the terms and provisions of this Final Financing Order. All of such terms, conditions and covenants shall be sufficient and conclusive evidence of

(Page | 22)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

the borrowing arrangements by and among the Debtors and the DIP Secured Parties, and of each

Debtor's assumption and adoption of all of the terms, conditions, and covenants of the DIP Loan

Documents for all purposes, including, without limitation, to the extent applicable, the payment of

all DIP Obligations arising thereunder including, without limitation, principal, interest, monitoring

fees, upfront fees, unused line fees, DIP facility fees, and other fees and expenses thereunder.

        1.3.4   <u>Payments and Application of Payments</u>.  Subject to the terms of the

DIP Loan Documents and this Final Financing Order, the Debtors are authorized and directed to

make all payments and transfers of Estate property, including all proceeds of Collateral and any

proceeds from the sale of the Debtors' assets, to the DIP Secured Parties as provided, permitted

and/or required under the DIP Loan Documents, which payments and transfers shall not be

avoidable or recoverable from the DIP Secured Parties under the Bankruptcy Code, or subject to

any other claim, charge, assessment, or other liability; <u>provided</u>, <u>however</u>, that the application of

proceeds described herein shall not limit the Committee's ability to commence a Challenge in

accordance with Section 4.1 of the Final Financing Order or seek the relief in Section 4.3 of the

Final Financing Order; <u>provided further</u> that notwithstanding any payment or application of

proceeds of the Collateral to the DIP Obligations (including in connection with a sale of the

Debtors' assets), (i) interest (which, for the avoidance of doubt, shall accrue at the default rate

specified in section 2.6 of the DIP Credit Agreement on and after April 15, 2024), fees, unused

line fees, costs, charges, and other amounts shall continue to accrue on the full amount of the

(Page | 23)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Obligations outstanding as of April 15, 2014 and (ii) a per diem charge of $10,000 shall be assessed beginning on April 15, 2024, until the DIP Obligations are indefeasibly paid in full[4] pursuant to the DIP Credit Agreement and this Final Financing Order (including, for the avoidance of doubt, after expiration of the Challenge Period and denial of all Challenges). Without limiting the generality of the foregoing, the Debtors are authorized, without further order of this Court, to pay or reimburse the DIP Secured Parties for all past, present and future costs and expenses, including, without limitation, all professional fees, consultant fees, appraisal fees, field examiner fees, and legal fees and expenses, paid or incurred by the DIP Secured Parties in connection with the financing transactions as provided in the Interim Financing Order, this Final Financing Order and the DIP Loan Documents, all of which shall be secured by the Collateral; provided that (a) the U.S. Trustee and the Committee shall have ten (10) days from receipt to review the summary legal invoices of counsel to the DIP Secured Parties incurred after the Petition Date for reasonableness; (b) in the event the U.S. Trustee or the Committee files with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, the undisputed portion of such legal invoice shall be paid without further order of the Court, and the portion of such legal invoice subject to such objection shall not be paid until resolution of such objection by the parties or this Court; and

---

[4] Any reference herein to the satisfaction or payment in full of the DIP Obligations shall have the meanings set forth in section 1.4 of the DIP Credit Agreement.

(Page | 24)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

(c) in the event neither the U.S. Trustee nor the Committee shall file with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, such legal invoice shall be paid without further order of the Court and shall not be subject to any further review, challenge or disgorgement.

1.3.5   Continuation of Prepetition Procedures.   Except to the extent expressly set forth in the DIP Loan Documents or as otherwise agreed between the DIP Agent and the Debtors, all prepetition practices and procedures for the payment and collection of proceeds of the Collateral, the turnover of cash, the delivery of property to the DIP Secured Parties by the Debtors and their U.S. and foreign affiliates, and fundings pursuant to the DIP Documents, including deposit account control agreements and any other similar lockbox or blocked depository bank account arrangements, are hereby approved and shall continue without interruption.

1.4   Proofs of Claim.   Notwithstanding any order entered by this Court in relation to the establishment of a bar date in any of the Cases or any Successor Cases (as defined below) to the contrary, the DIP Secured Parties and the Prepetition Secured Parties shall not be required to file proofs of claim in any of the Cases or Successor Cases for any claims arising under the DIP Loan Documents or the Prepetition Term Loan Documents.   The Debtors' stipulations, admissions, and acknowledgments and the provisions of this Final Financing Order shall be deemed to constitute a timely filed proof of claim for the DIP Secured Parties and the Prepetition Secured Parties with regard to all claims arising under the DIP Loan Documents, the Prepetition

| | |
|---|---|
| (Page | 25) | |
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Term Loan Documents or this Final Financing Order, as the case may be. Notwithstanding the foregoing, the Prepetition Term Loan Agent on behalf of itself and the Prepetition Secured Parties and the DIP Agent on behalf of itself and the DIP Secured Parties are hereby authorized and entitled, in their sole discretion, but not required, to file (and amend and/or supplement, as they see fit) a proof of claim and/or aggregate or master proofs of claim in each of the Cases or Successor Cases for any claim described herein (with any such aggregate or master proof of claim filed in any of the Cases deemed to be filed in all Cases of each of the Debtors and asserted against all of the applicable Debtors). Any proof of claim filed by the Prepetition Term Loan Agent or the DIP Agent shall be deemed to be in addition to and not in lieu of any other proof of claim that may be filed by any of the Prepetition Secured Parties or the DIP Secured Parties, as applicable.

1.5 <u>DIP Loan Amendment</u>. Subject to the terms and conditions of the applicable DIP Loan Documents, the Debtors and the DIP Secured Parties (each in their respective capacities under the DIP Loan Documents) may amend, modify, supplement or waive any provision of the DIP Loan Documents (a "**DIP Loan Amendment**") without further approval or order of the Court so long as (i) such DIP Loan Amendment is not material (for purposes hereof, a "material" DIP Loan Amendment shall mean any DIP Loan Amendment that operates to increase the interest rate currently provided in the DIP Credit Agreement, increase the Revolving Credit Maximum Amount, add specific new events of default or enlarge the nature and extent of default remedies available to any DIP Secured Party following an Event of Default, or otherwise modify

(Page | 26)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

any terms and conditions in any DIP Loan Document in a manner materially less favorable to the Debtors) and is undertaken in good faith by any of the DIP Secured Parties and the Debtors, and (ii) the Debtors provide prior written notice of the DIP Loan Amendment to (x) the U.S. Trustee, (y) counsel to the Committee, and (z) counsel to the DIP Agent. Any material DIP Loan Amendment to the DIP Loan Documents must be approved by the Court to be effective. All non-material DIP Loan Amendments shall be filed by the Debtors with the Court promptly following the execution thereof.

Section 2.      Postpetition Liens; Superpriority Administrative Claim Status.

2.1     DIP Loans – Postpetition Lien Granting. To secure the prompt payment and performance of any and all DIP Obligations of whatever kind, nature or description, absolute or contingent, now existing or hereafter arising (including, without limitation, the Prepetition Term Loan Obligations rolled into the Term DIP Obligations), the DIP Agent, for the benefit of itself and the other DIP Secured Parties, was granted upon entry of the Interim Financing Order and is hereby granted pursuant to this Final Financing Order on a final basis, effective as of the Petition Date, (i) valid and perfected, priming first priority security interests and liens, superior to all other liens, claims or security interests that any creditor of the Debtors' Estates may have (but subject to the Permitted Liens and Claims (as defined below), as and to the extent expressly provided in Sections 2.2 and 4 below) in and upon all Prepetition Collateral now existing or hereafter acquired and (ii) senior priority security interests and liens, superior to all other liens, claims or security

(Page | 27)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

interests that any creditor of the Debtors' Estates may have (but subject to the Permitted Liens and Claims, as and to the extent expressly provided in Sections 2.2 and 4 below), in and upon all other Collateral, including proceeds recovered as a result of transfers or obligations avoided or actions maintained or taken pursuant to sections 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

2.2     <u>DIP Loan Lien Priority</u>.  The liens and security interests of the DIP Secured Parties granted under the DIP Loan Documents and this Final Financing Order shall be first and senior in priority to all other interests and liens of every kind, nature and description, whether created consensually, by an order of the Court or otherwise, including, without limitation, liens or interests granted in favor of third parties in conjunction with section 363, 364, or any other section of the Bankruptcy Code or other applicable law; <u>provided</u>, <u>however</u>, that the DIP Secured Parties' liens on and security interests in the Collateral shall be subject only to  (i) the Permitted Encumbrances to the extent such Permitted Encumbrances are senior to, and have not been or are subject to being subordinated to, the DIP Agent's liens on and security interests in the Collateral or otherwise avoided, and only for so long and as and to the extent that such Permitted Encumbrances are and remain senior and outstanding and (ii) the Carve Out Expenses solely to the extent provided for in Section 2.5 of this Final Financing Order (the foregoing clauses (i) and (ii) are collectively referred to herein as the "**Permitted Liens and Claims**").

2.3     <u>Postpetition Lien Perfection.</u>

(Page | 28)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

2.3.1    This Final Financing Order shall be sufficient and conclusive evidence of the priority, perfection and validity of the postpetition liens and security interests granted herein, effective as of the Petition Date, without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the Collateral, or other act to validate or perfect such security interest or lien, including without limitation, control agreements with any deposit bank or with any other financial institution(s) holding a depository account or other account consisting of or containing Collateral (a "**Perfection Act**").  Notwithstanding the foregoing, if the DIP Agent, shall, in its sole discretion, elect for any reason to file, record or otherwise effectuate any Perfection Act, the DIP Agent is authorized to perform such act, and the Debtors are authorized and directed to perform such act to the extent necessary or required by such DIP Agent, which act or acts shall be deemed to have been accomplished as of the date and time of entry of the Interim Financing Order notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file or record any document in regard to such act in accordance with applicable law.  The DIP Agent may choose to file, record or present a certified copy of this Final Financing Order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act, and, in such event, the subject filing or recording office is authorized to accept, file or record such certified copy of this Final Financing Order in accordance with applicable law.  Should the DIP Agent so choose and attempt to file, record or perform a Perfection Act, no defect or failure

| (Page | 29) | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the postpetition liens and security interests granted herein by virtue of this Final Financing Order.

2.3.2   Nullifying Prepetition Restrictions to Postpetition Financing. Notwithstanding anything to the contrary contained in any prepetition agreement, contract, lease, document, note or instrument to which any Debtor is a party or under which any Debtor is obligated, except as otherwise permitted under any DIP Loan Documents, as applicable, any provision that restricts, limits or impairs in any way any Debtor from granting the DIP Agent security interests in or liens upon any of the Debtors' assets or properties (including, among other things, any anti-lien granting or anti-assignment clauses in any leases or other contractual arrangements to which any Debtor is a party) under the DIP Loan Documents or this Final Financing Order, as applicable, or otherwise entering into and complying with all of the terms, conditions and provisions hereof or of the DIP Loan Documents, shall not (i) be effective and/or enforceable against any such Debtor(s), the DIP Agent or any other DIP Secured Parties, as applicable, or (ii) adversely affect the validity, priority or enforceability of the liens, security interests, claims, rights, priorities and/or protections granted to the DIP Agent and the other DIP Secured Parties pursuant to this Final Financing Order or the DIP Loan Documents, in each case, to the maximum extent permitted under the Bankruptcy Code and other applicable law.

(Page | 30)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

2.4    Superpriority Administrative Expenses.  For all DIP Obligations (including, without limitation, subject to Section 4.1 of this Final Financing Order, the Prepetition Term Loan Obligations rolled into the Term DIP Obligations), now existing or hereafter arising pursuant to this Final Financing Order, the DIP Loan Documents or otherwise, the DIP Agent, for the benefit of itself and the other DIP Secured Parties (each in their respective capacities under the DIP Loan Documents), was granted upon entry of the Interim Financing Order and under this Final Financing Order on a final basis an allowed superpriority administrative claim pursuant to section 364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other obligations, liabilities and indebtedness of the Debtors, whether now in existence or hereafter incurred by the Debtors, and over any and all administrative expenses or priority claims of the kind specified in, or ordered pursuant to, *inter alia*, sections 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 364(c)(1), 546(c), 726, 1113, or 1114 of the Bankruptcy Code (and priority over all claims brought under sections 506(c) or 552 of the Bankruptcy Code), whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, which allowed superpriority administrative claim shall be payable from and have recourse to all pre- and postpetition property of the Debtors and all proceeds thereof (the "**Superpriority Claim**"), subject only to the Carve Out Expenses.  The Superpriority Claim shall be entitled to the full protection

(Page | 31)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

of section 364(e) of the Bankruptcy Code in the event that this Final Financing Order or any provision thereof is vacated, reversed, amended or otherwise modified, on appeal or otherwise.

2.5     Carve Out Expenses.

2.5.1   Carve Out Expenses.   The DIP Secured Parties' liens, claims and security interests in the Collateral and their Superpriority Claim shall each be subject to the following expenses (the "**Carve Out Expenses**"):

a.      statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6);

b.      fees payable to the Clerk of this Court;

c.      fees and expenses of any chapter 7 trustee appointed in any Case, not to exceed, in the aggregate, $10,000;

d.      subject to the terms and conditions of this Final Financing Order, Allowed Professional Fees (as defined below) incurred during the period commencing on the Petition Date and ending on the Trigger Date (as defined below) (the "**Pre-Trigger Date Period**") by attorneys, accountants and other professionals retained by the Debtors and any committee(s) (including the Committee) under section 327 or 1103(a) of the Bankruptcy Code (collectively, the "**Professionals**"); provided that the aggregate amount of such Allowed Professional Fees included in the Carve Out Expenses pursuant to this clause (d) shall be the *lesser* of (A) the budgeted amount of Allowed Professional

(Page | 32)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Fees in the DIP Budget for the Pre-Trigger Date Period up to a maximum of $550,000 per week for all Professionals and an aggregate of $2,750,000 for all Professionals for all weeks during the Pre-Trigger Date Period and (B) the actual Allowed Professional Fees incurred during the Pre-Trigger Date Period, <u>less</u> the sum of all Allowed Professional Fees incurred during the Pre-Trigger Date Period and paid at any time, and any retainers held by any Professionals (the "**Pre-Trigger Date Professional Fee Carve Out**"); and

e.     subject to the terms and conditions contained in this Final Financing Order, Allowed Professional Fees incurred by Professionals on or after the Trigger Date in an aggregate amount not to exceed $250,000 (the "**Post-Trigger Date Professional Fee Carve Out**," and together with the Pre-Trigger Date Professional Fee Carve Out, collectively, the "**Professional Fee Carve Out**").

For purposes of this Final Financing Order, (a) the term "**Allowed Professional Fees**" shall mean the unpaid and outstanding reasonable fees and expenses of Professionals (i) actually incurred on or after the Petition Date and (ii) allowed at any time by a final order of the Court pursuant to sections 326, 328, 330, or 331 of the Bankruptcy Code (but excluding any transaction, restructuring, completion, success or similar fees); and (b) the term "**Trigger Date**" shall mean the date upon which the DIP Agent provides written notice to the Debtors and the Committee of the occurrence of an Event of Default.  In the event that the Trigger Date occurs prior to the end of any week set forth in the DIP Budget, then for purposes of calculating the portion of the Pre-

(Page | 33)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Trigger Date Professional Fee Carve Out available for such week, the amount of the "professional fee" line item in the DIP Budget for such week shall be multiplied by a fraction, the numerator of which shall be the number of days in such week prior to the Trigger Date, and the denominator of which shall be seven (7).

2.5.2   <u>Excluded Professional Fees</u>.  Neither the Professional Fee Carve Out nor the proceeds of any DIP Loan or the Collateral shall be used to pay any Allowed Professional Fees or any other fees or expenses incurred by any Professional in connection with any of the following: (a) an assertion or joinder in (but excluding any investigation into, subject to the Committee Challenge DIP Budget (as defined below)) any claim, counter-claim, action, proceeding, application, motion, objection, defense or other contested matter seeking any order, judgment, determination or similar relief: (i) challenging the legality, validity, priority, perfection, or enforceability of the Prepetition Term Loan Obligations, the DIP Obligations or the prepetition or postpetition liens on and security interests of any DIP Secured Party or any Prepetition Secured Party (each a "**Secured Party**," and collectively, the "**Secured Parties**"), (ii) invalidating, setting aside, avoiding or subordinating, in whole or in part, the Prepetition Term Loan Obligations, the DIP Obligations or the prepetition or postpetition liens on and security interests of the Secured Parties, or (iii) preventing, hindering or delaying any Secured Parties' assertion or enforcement of any lien, claim, right or security interest or realization upon any Collateral; (b) a request to use Cash Collateral other than as provided in this Final Financing Order, without the prior written

(Page | 34)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

consent of the DIP Agent; (c) a request for authorization to obtain debtor-in-possession financing or other financial accommodations pursuant to section 364(c) or 364(d) of the Bankruptcy Code, other than as provided in this Final Financing Order, without the prior written consent of the DIP Agent; (d) the commencement or prosecution of any action or proceeding or any claims, causes of action or defenses against any Secured Party, or any of its respective officers, directors, employees, agents, attorneys, affiliates, successors or assigns, including, without limitation, any attempt to recover or avoid any claim or interest from any Secured Party under chapter 5 of the Bankruptcy Code; or (e) any act which has or could materially and adversely modify or compromise the rights and remedies of any Secured Party, or which results in the occurrence of an Event of Default under the DIP Loan Documents or this Final Financing Order.  Notwithstanding the foregoing, up to $25,000 (the "**Committee Challenge DIP Budget**") in the aggregate of the Carve Out Expenses may be used by the Committee to investigate (but not prosecute) an objection in accordance with, and subject to, Section 4.1 of this Final Financing Order; provided, however, that any fees and/or expenses in excess of the Committee Challenge DIP Budget incurred by the Committee and allowed by the Court under sections 328, 330, 331 and/or 503(b) of the Bankruptcy Code shall constitute administrative expenses payable under any chapter 11 plan.  Except as provided otherwise in this Final Financing Order, the foregoing restrictions do not apply to, and are not intended to prevent (directly or indirectly), the Committee's ability to take positions adverse to the

(Page | 35)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

DIP Lenders, DIP Agent, or the Prepetition Secured Parties in these Cases or any challenge or objection to the sale of the Debtors' assets.

2.6   Carve Out Reserve.  The DIP Agent, at its discretion, may at any time and in any increment, establish a reserve (the "**Reserve**") against the amount of DIP Loans or other credit accommodations, as applicable, that would otherwise be made available to the Debtors pursuant to the lending formulae contained in the DIP Loan Documents in respect of the Carve Out Expenses set forth in Section 2.5; provided that the Reserve shall be reduced on a dollar-for-dollar basis with any reduction of the Carve Out Expenses.

2.7   Payment of Carve Out Expenses.

2.7.1   Prior to the Trigger, the Debtors shall be authorized to utilize a portion of the DIP Loans and Cash Collateral made available to the Debtors in accordance with the DIP Budget and the terms and conditions of the DIP Loan Documents and this Final Financing Order to fund Allowed Professional Fees up to the amounts set forth in the DIP Budget.  Any such amounts paid prior to the Trigger Date shall permanently reduce the Pre-Trigger Date Professional Fee Carve Out on a dollar-for-dollar basis.

2.7.2   Any payment or reimbursement made either directly by the DIP Secured Parties at any time, or by or on behalf of the Debtors on or after the Trigger Date in respect of any Allowed Professional Fees prior to or after the Trigger Date shall permanently reduce the Professional Fee Carve Out and Reserve, each on a dollar-for-dollar basis.  Any funding by any of

(Page | 36)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

the DIP Secured Parties of the Professional Fee Carve Out or any other Carve Out Expenses shall be added to and made a part of the DIP Obligations, secured by the Collateral, and entitle the DIP Secured Parties to all of the rights, claims, liens, priorities and protections under this Final Financing Order, the applicable DIP Loan Documents, the Bankruptcy Code or applicable law. Payment of any Carve Out Expenses, whether by or on behalf of any DIP Secured Party, shall not and shall not be deemed to reduce the DIP Obligations, and shall not and shall not be deemed to subordinate any DIP Secured Parties' liens and security interests in the Collateral or their Superpriority Claim to any junior pre- or postpetition lien, interest or claim in favor of any other party.  The DIP Secured Parties shall not, under any circumstance, be responsible for the direct payment or reimbursement of any fees or disbursements of any Professionals incurred in connection with the Cases under any chapter of the Bankruptcy Code, and nothing in Section 2.7 of this Final Financing Order shall be construed to obligate any of the DIP Secured Parties in any way, to pay compensation to or to reimburse expenses of any Professional, or to ensure that the Debtors have sufficient funds to pay such compensation or reimbursement.  For the avoidance of doubt, the DIP Agent may satisfy its obligation to fund any Carve Out Expenses or the Post-Trigger Date Professional Fee Carve Out by depositing into escrow or by permitting the Debtors (in the DIP Agent's sole discretion) to utilize Cash Collateral to deposit into escrow with counsel for the Debtors or with an escrow agent mutually acceptable to the Debtors and the Committee, the Carve Out Expenses, including the Post-Trigger Date Professional Fee Carve Out, at which time the DIP

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Agent shall be automatically released and forever discharged from any obligation to fund the Carve Out Expenses or the Post-Trigger Date Professional Fee Carve Out.  No funds escrowed for the Professional Fee Carve Out shall be used for any purpose other than payment of Allowed Professional Fees in accordance with, the terms and conditions of this Final Financing Order. Nevertheless, if any funds escrowed for Carve Out Expenses are used for any purpose other than for payment of Carve Out Expenses subject to, and in accordance with, the terms and conditions of this Final Financing Order, the amount of such funds so used shall nevertheless permanently reduce the amount of the Carve Out Expenses on a dollar-for-dollar basis.  For the avoidance of doubt, nothing herein shall be construed to impair the ability of any party to object to the fees, expenses, reimbursement or compensation described herein.

2.8 <u>Use of Cash Collateral; Adequate Protection</u>.

2.8.1 <u>Authorization to Use Cash Collateral</u>.  For the avoidance of doubt, to the extent any cash constitutes Cash Collateral subject to the prepetition liens and security interests granted to the Prepetition Secured Parties (each in their capacities under the Prepetition Term Loan Documents), the Debtors were pursuant to the Interim Financing Order and pursuant to this Final Financing Order on a final basis are hereby authorized to use such Cash Collateral, including any Eligible Cash in the Eligible Cash Account, but solely in accordance with the DIP Loan Documents (including the DIP Budget) and this Final Financing Order.  Nothing in this Final Financing Order shall authorize the disposition of any assets of the Debtors or their Estates outside

(Page | 38)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

the ordinary course of business, or any Debtor's use of Cash Collateral or other proceeds resulting therefrom, except as permitted in this Final Financing Order, the DIP Loan Documents and in accordance with the DIP Budget, subject to any permitted variances as and to the extent set forth in the DIP Loan Documents.

2.8.2    <u>Authorization to use Eligible Cash</u>.  For the avoidance of doubt and subject to the terms of the DIP Credit Agreement, at the Debtors' option, not more than once per week and upon not less than one (1) Business Day's prior written notice to the DIP Agent, the Debtors may request from the Eligible Cash Account a distribution of Eligible Cash.  The DIP Agent shall distribute such Eligible Cash to the Designated Account as long as (i) no Default or Event of Default has occurred and is continuing or would result therefrom, (ii) the Eligible Cash Account contains Eligible Cash sufficient to make such distribution, (iii) immediately before and after giving effect to such distribution the Total Revolving Outstandings are $0.00, (iv) the Debtor has delivered to the DIP Agent a Borrowing Base Certificate as of the date of such proposed withdrawal reflecting that, after giving effect to such withdrawal, the Total Outstandings do not exceed the Line Cap and (v) after giving effect to such withdrawal, the amount of cash, Cash Equivalents, Collections or amounts credited to all DDAs or Securities Accounts of the Domestic Loan Parties and their Domestic Subsidiaries (for the avoidance of doubt, other than the Eligible Cash Account) shall not exceed for all such DDAs and Securities Accounts the sum of (x)

(Page | 39)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

$1,500,000 and (y) the Budgeted Disbursement Amount for the week in which such withdrawal is made.

2.8.3   <u>Replacement Liens</u>. As adequate protection for any diminution in value of the Prepetition Secured Parties' interests in the Collateral (including Cash Collateral) as either agreed by the Debtors, the DIP Agent and the Committee or as otherwise determined by the Court, including any diminution on account of the Debtors' use of such Collateral (including Cash Collateral), the imposition of the automatic stay and the subordination to the Carve Out Expenses, the Prepetition Term Loan Agent, for the benefit of itself and Prepetition Term Loan Lenders (each in their respective capacities under the Prepetition Term Loan Documents), was granted upon entry of the Interim Financing Order and is hereby granted pursuant to this Final Financing Order on a final basis, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all Collateral, which liens can only be asserted in the event of a successful Challenge as set forth in Section 4.1 of the Final Financing Order that results in recharacterization of any rolled-up Term DIP Obligations into Prepetition Term Loan Obligations (the "**Term Loan Replacement Lien**").  The Term Loan Replacement Lien shall be subject and subordinate to (i) the Permitted Liens and Claims and (ii) the liens and security interests granted to the DIP Secured Parties in the Collateral securing the DIP Obligations, and shall otherwise be senior to all other security interests in, liens on, or claims against any of the Collateral.

(Page | 40)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

2.8.4    <u>Section 507(b) Priority Claims</u>.  As adequate protection for any diminution in value of the Prepetition Secured Parties' interests in the Collateral (including Cash Collateral) as either agreed by the Debtors, the DIP Agent and the Committee or as otherwise determined by the Court, including any diminution on account of the Debtors' use of such Collateral (including Cash Collateral), the imposition of the automatic stay and the subordination to the Carve Out Expenses, the Prepetition Term Loan Agent, for the benefit of itself and Prepetition Term Loan Lenders (each in their respective capacities under the Prepetition Term Loan Documents), was granted upon entry of the Interim Financing Order and is hereby granted, pursuant to this Final Financing Order on a final basis, as and to the extent provided by section 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Cases and any Successor Cases (as defined below), which claim can only be asserted in the event of a successful Challenge as set forth in Section 4.1 of the Final Financing Order that results in recharacterization of any rolled-up Term DIP Obligations into Prepetition Term Loan Obligations (the "**Adequate Protection Superpriority Claim**").  The Adequate Protection Superpriority Claim shall be subject to the Permitted Liens and Claims and the Superpriority Claim of the DIP Secured Parties, and shall otherwise have priority over all administrative expense claims and unsecured claims against the Debtors and their Estates now existing or hereafter arising, of any kind or nature whatsoever.

2.8.5    <u>Additional Adequate Protection</u>.

(Page | 41)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

(1)     <u>Fees and Expenses</u>.  As further adequate protection, the Debtors are authorized to pay, without further Court order, reasonable and documented legal fees and expenses, incurred before the Petition Date, of counsel to the Prepetition Term Loan Agent (in its capacity under the Prepetition Term Loan Documents) then owing under the Prepetition Credit Agreement.  In addition, the Debtors are authorized to pay, without further Court order, reasonable and documented legal fees and expenses, incurred after the Petition Date, of counsel to the Prepetition Term Loan Agent (in its capacity under the Prepetition Term Loan Documents); <u>provided</u> that (a) the U.S. Trustee and the Committee shall have ten (10) days from receipt to review the summary legal invoices of such counsel, and (b) in the event the U.S. Trustee or Committee files with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, the undisputed portion of such legal invoice shall be paid without further order of the Court whereas the portion of such legal invoice subject to such objection shall not be paid until resolution of such objection by this Court and (c) in the event neither the U.S. Trustee nor the Committee shall file with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, such legal invoice shall be paid without further order of the Court and shall not be subject to any further review, challenge or disgorgement.

(2)     <u>Adequate Protection Payments</u>.  As further adequate protection, the Prepetition Term Loan Agent, on behalf of itself and the other Prepetition Secured Parties, shall receive at any time and for so long as any Prepetition Term Loan Obligations remain outstanding,

(Page | 42)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

monthly adequate protection payments, as and when due under the applicable Prepetition Term Loan Documents equal to the interest at the contractual non-default rate that would otherwise be owed to the Prepetition Secured Parties under the Prepetition Term Loan Documents, until such time as the Prepetition Term Loan Obligations are indefeasibly paid in full or constitute DIP Obligations and are no longer subject to any Challenge (as defined below). Any such payments may be subject to disgorgement or recharacterization as principal repayments to the extent of a successful, final, and non-appealable Challenge, to the extent ordered by the Court.

(3)     Information Rights. The Debtors shall promptly provide all required financial reporting and other periodic reporting that is required to be provided to the DIP Agent under the DIP Loan Documents to the Prepetition Term Loan Agent and the Committee.

Section 3.     Default; Rights and Remedies; Relief from Stay.

3.1     Events of Default. The occurrence of any of the following events shall constitute an "**Event of Default**" under this Final Financing Order:

a.     Any Debtor's failure to perform, in any respect, any of the terms, conditions or covenants or their obligations under this Final Financing Order; or

b.     An "Event of Default" under the DIP Credit Agreement or any of the other DIP Loan Documents; provided that, for the avoidance of doubt, timely filing of a motion by the Committee seeking standing to file a Challenge on or before

(Page | 43)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

expiration of the Challenge Period, which attaches the proposed complaint for any Challenge, shall not on its own constitute an Event of Default.

3.2     Rights and Remedies Upon Event of Default.  Upon the occurrence of and during the continuance of an Event of Default, (i) the Debtors shall be bound by all restrictions, prohibitions and other terms as provided in this Final Financing Order and the DIP Loan Documents, and (ii) the DIP Agent shall be entitled to take any act or exercise any right or remedy (subject to Section 3.5 below) as provided in this Final Financing Order or any DIP Loan Document, as applicable, including, without limitation, declaring all DIP Obligations immediately due and payable, accelerating the DIP Obligations, ceasing to extend Revolving DIP Loans, setting off any DIP Obligations (including, without limitation, the Prepetition Term Loan Obligations rolled into the Term DIP Obligations) with Collateral or proceeds in the DIP Agent's possession, and enforcing any and all rights with respect to the Collateral.  The DIP Agent and any other DIP Secured Parties shall have no obligation to lend or advance any additional funds to or on behalf of the Debtors, or provide any other financial accommodations to the Debtors, immediately upon or after the occurrence of an Event of Default or upon the occurrence of any act, event, or condition that, with the giving of notice or the passage of time, or both, would constitute an Event of Default.

3.3     Expiration of Revolving DIP Loan Commitment or Maturity of the DIP Loans.  Upon the expiration of the Debtors' authority to borrow and obtain other credit accommodations from the DIP Secured Parties pursuant to the terms of this Final Financing Order

(Page | 44)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

and the DIP Loan Documents (except if such authority shall be extended with the prior written consent of the DIP Agent, which consent shall not be implied or construed from any action, inaction or acquiescence by the DIP Secured Parties), or upon maturity of the DIP Loans, unless an Event of Default set forth in Section 3.1 above occurs sooner and the automatic stay has been lifted or modified pursuant to Section 3.5 of this Final Financing Order, all of the DIP Obligations shall immediately become due and payable, and the DIP Agent and any other DIP Secured Party (each in their respective capacities under the DIP Loan Documents) shall be automatically and completely relieved from the effect of any stay under section 362 of the Bankruptcy Code, any other restriction on the enforcement of its liens upon and security interests in the Collateral or any other rights granted to the DIP Secured Parties pursuant to the terms and conditions of the DIP Loan Documents or this Final Financing Order, and the DIP Agent, acting on behalf of itself and the other DIP Secured Parties (each in their respective capacities under the DIP Loan Documents), shall be and is hereby authorized, in its sole discretion, to take any and all actions and remedies provided to it in this Final Financing Order, the DIP Loan Documents or applicable law which the DIP Agent (in its capacity under the DIP Loan Documents) may deem appropriate and to proceed against and realize upon the Collateral or any other property of the Debtors' Estates.

3.4     [Reserved.]

3.5     Relief from Automatic Stay.  The automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable

(Page | 45)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

law are hereby modified and vacated without further notice, application or order of the Court to the extent necessary to permit the DIP Agent and each DIP Secured Party to perform any act authorized or permitted under or by virtue of this Final Financing Order, or the DIP Loan Documents, as applicable, including, without limitation, (a) to implement the postpetition financing arrangements authorized by this Final Financing Order and pursuant to the terms of the DIP Loan Documents, (b) to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Collateral, as applicable, and (c) to assess, charge, collect, advance, deduct and receive payments with respect to the DIP Obligations, as applicable, including, without limitation, all interests, fees, costs and expenses permitted under the DIP Loan Documents, and apply such payments to the DIP Obligations pursuant to the DIP Loan Documents and this Final Financing Order, as applicable.  In addition, upon the occurrence of an Event of Default and after providing five (5) business days' (the "**Default Notice Period**") prior written notice (the "**Enforcement Notice**") to counsel for the Debtors, counsel for the Committee, and the U.S. Trustee, the DIP Agent, acting on behalf of itself and the DIP Secured Parties, shall be entitled to take any action and exercise all rights and remedies provided to it by this Final Financing Order, the DIP Loan Documents or applicable law as the DIP Agent may deem appropriate in its sole discretion to proceed against and realize upon the Collateral or any other assets or properties of Debtors' Estates upon which the DIP Agent, for the benefit of itself and the DIP Secured Parties, has been or may hereafter be granted liens or security interests to obtain the full and indefeasible

(Page | 46)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

repayment of all DIP Obligations.  For the avoidance of doubt, any action taken by the DIP Agent to (A) terminate the commitments under the DIP Loan Documents, (B) accelerate the DIP Loans, (C) send blocking notices or activation notices to any depository bank, and (D) repay any amounts owing in respect of the DIP Obligations (including, without limitation, fees, indemnities and expense reimbursements), in each case, shall not require any advance notice to the Debtors.  In any hearing regarding the exercise of rights or remedies (which hearing must take place during the Default Notice Period), the only issue that may be raised by any party in opposition thereto shall be whether, in fact, an Event of Default has occurred and is continuing.  The Debtors shall not be entitled to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to the extent such relief would in any way impair or restrict the rights and remedies of the DIP Agent or the other DIP Secured Parties set forth in this Final Financing Order or the DIP Loan Documents; provided, further, that during the Default Notice Period, the Debtors shall be entitled to use Cash Collateral solely for payment of the following DIP Budget expenses due and payable during such the Default Notice Period: any accrued and unpaid employee wage, benefit or independent contractor obligations, sales and use taxes and payroll taxes included in the DIP Budget through the Trigger Date and any such other amounts consented to by the DIP Agent, in its sole discretion.

(Page | 47)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

**Section 4.**   <u>Representations; Covenants; and Waivers.</u>

      4.1   <u>Objections to Prepetition Term Loan Obligations</u>.   Notwithstanding anything to the contrary in this Final Financing Order, any action, claim, defense, complaint, motion or other written opposition (hereinafter, a "**Challenge**") that seeks to object to, challenge, contest or otherwise invalidate or reduce, whether by setoff, recoupment, counterclaim, deduction, disgorgement or claim of any kind: (a) the existence, validity or amount of the Prepetition Term Loan Obligations, or (b) the extent, legality, validity, perfection or enforceability of the Prepetition Secured Parties' prepetition liens on and security interests in the Prepetition Collateral, must be properly filed with the Court by any party-in-interest, including the Committee, with requisite standing by the earlier of (y) seventy-five (75) calendar days from the date of entry of the Interim Financing Order, and (z) the hearing on the sale of substantially all of the Debtors' assets (the "**Challenge Period**").   If no Challenge is timely filed, or if a Challenge is timely filed but denied, (a) the Prepetition Obligations shall be deemed allowed in full, shall not be subject to any setoff, recoupment, counterclaim, deduction or claim of any kind, and shall not be subject to any further objection or challenge by any party at any time (including, without limitation, the Prepetition Obligations rolled into DIP Obligations in accordance with the Interim Financing Order), and the Prepetition Secured Parties' prepetition liens on and security interest in the Prepetition Collateral shall be deemed legal, valid, perfected, enforceable, and non-avoidable for all purposes and of first and senior priority, subject to only the Permitted Encumbrances, as applicable, and (b) the

(Page | 48)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Prepetition Secured Parties and each of their respective participants, agents, officers, directors, employees, attorneys, professionals, successors, and assigns shall be deemed released and discharged from any and all claims and causes of action related to or arising out of the Prepetition Term Loan Documents and shall not be subject to any further objection or challenge by any party at any time (including, but not limited to, a trustee, responsible individual, examiner with expanded powers, or other representative of the Debtors' estates).  In the event the Cases are converted to chapter 7 prior to expiration of the Challenge Period and the Committee commencing a Challenge, (a) the chapter 7 trustee shall have until the later of expiration of the Challenge Period and the twentieth (20th) day after the conversion of the Cases to chapter 7 to commence a Challenge.  If the Committee has commenced a Challenge prior to expiration of the Challenge Period, the chapter 7 trustee may stand in the shoes of the Committee in such Challenge.  The timely filing of a motion by the Committee seeking standing to file a Challenge on or before expiration of the Challenge Period, which attaches the proposed complaint for any Challenge, shall toll the Challenge Period only as to the Committee and the Challenge asserted in such proposed complaint until two business days after such standing motion is resolved and adjudicated by the Court.

      4.2    If any Challenge is timely filed prior to the expiration of the Challenge Period, (a) the stipulations and admissions contained in this Final Financing Order shall nonetheless remain binding and preclusive on the Committee and any other party in these Cases, including any trustee, except as to any stipulations or admissions that are challenged in such

(Page | 49)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Challenge and any other objections or claims shall be forever barred; provided that, if and to the extent any Challenge to a particular stipulation or admission is withdrawn, denied or overruled by a final non-appealable order, such stipulation or admission also shall be binding on all parties.

4.3     Upon a successful Challenge brought pursuant to this Section 4, including but not limited to a Challenge to the liens held by the Prepetition Secured Parties for obligations included in the roll-ups granted in the Interim Financing Order, the Court may fashion an appropriate remedy, including avoidance, recovery, claw back or disgorgement.

4.4     Nothing in this Final Financing Order vests or confers on any person (as defined in the Bankruptcy Code), including the Committee, standing or authority to pursue any cause of action belonging to the Debtors or their estates, including, without limitation, any Challenge.

4.5     Nothing contained herein shall or shall be deemed or construed to impair, prejudice or waive any rights, claims or protections afforded to the DIP Secured Parties in connection with all DIP Obligations provided by the DIP Secured Parties to the Debtors in reliance on section 364(e) of the Bankruptcy Code and in accordance with the terms and provisions of the Interim Financing Order, this Final Financing Order and the DIP Loan Documents.

4.6     Debtors' Waivers.  At all times during the Cases, and whether or not an Event of Default has occurred, the Debtors irrevocably waive any right that they may have to seek authority (i) to use Cash Collateral under section 363 of the Bankruptcy Code other than as

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

expressly provided for in this Final Financing Order, (ii) to obtain postpetition loans or other financial accommodations pursuant to section 364(c) or (d) of the Bankruptcy Code, other than as expressly provided for in this Final Financing Order or as may be otherwise expressly permitted pursuant to the DIP Loan Documents, (iii) to challenge the application of any payments authorized by this Final Financing Order as pursuant to section 506(b) of the Bankruptcy Code, or to assert that the value of the Prepetition Collateral is less than the Prepetition Term Loan Obligations, (iv) to propose, support or have a plan of reorganization or liquidation that does not provide for the indefeasible payment in cash in full and satisfaction of all DIP Obligations on the effective date of such plan in accordance with the terms and conditions set forth in the DIP Loan Documents, or (v) to seek relief under the Bankruptcy Code, including without limitation, under section 105 of the Bankruptcy Code, to the extent any such relief would in any way restrict or impair the rights and remedies of the DIP Agent or any DIP Secured Party as provided in this Final Financing Order and the DIP Loan Documents or any DIP Agent's or any DIP Secured Parties' exercise of such rights or remedies; provided, however, that the DIP Agent may otherwise consent in writing, but no such consent shall be implied from any other action, inaction, or acquiescence by the DIP Agent or any DIP Secured Party, and the consent of the DIP Agent shall be required to relieve the Debtors of their obligations under this Section 4.6.

(Page | 51)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

4.7   Section 506(c) Claims.

4.7.1   No costs or expenses of administration which have or may be incurred in the Cases at any time shall be charged against or recovered from the Secured Parties, or their respective claims or Collateral, pursuant to section 506(c) of the Bankruptcy Code without the prior written consent of the applicable Agent, and no such consent shall be implied from any other action, inaction or acquiescence by any Secured Party.

4.8   Collateral Rights.

4.8.1   Until all of the DIP Obligations shall have been indefeasibly paid and satisfied in full:

1)      except to the extent permitted in this Final Financing Order and the DIP Loan Documents, no other party shall foreclose or otherwise seek to enforce any junior lien or claim in any Collateral; and

2)      upon and after the declaration of the occurrence of an Event of Default, the DIP Agent (or any of its employees, agents, consultants, contractors or other professionals) shall have the right, at the sole cost and expense of the Debtors, to: (i) enter upon, occupy and use any real or personal property, fixtures, equipment, leasehold interests or warehouse arrangements owned or leased by the Debtors and (ii) use any and all trademarks, tradenames, copyrights, licenses, patents or any other similar assets of the Debtors, which are owned by or subject to a lien of any third party and which are used by the Debtors in their businesses.  The DIP

(Page | 52)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Agent and the other DIP Secured Parties will be responsible for payment of any applicable fees, rentals, royalties or other amounts due any lessor, licensor or owner of such property for the period of time that DIP Agent actually uses the equipment or the intellectual property (but in no event for any accrued and unpaid fees, rentals or other amounts due for any period prior to the date that DIP Agent actually occupies or uses such assets or properties).

4.9    Releases.

4.9.1    In consideration of the DIP Agent and the DIP Secured Parties making the DIP Loans and providing other credit and financial accommodations to the Debtors pursuant to the provisions of the DIP Loan Documents, each Debtor, on behalf of itself and its successors and assigns, (collectively, the "**Releasors**"), has forever released, discharged and acquitted each DIP Secured Party and each Prepetition Secured Party (solely in their capacities as such), and their respective successors and assigns, and their present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees and other representatives (each in their capacities as such) (collectively, the "**Releasees**") of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, of every kind, nature and description, including, without limitation, any so-called "lender liability" claims or defenses, that the Releasors had, have or hereafter can or may have against the Releasees as of the date hereof, in respect of events that occurred on or prior to the date hereof with respect to the Debtors, the Prepetition Term Loan Obligations, the

(Page | 53)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Prepetition Term Loan Documents, the DIP Loan Documents and any loans (as set forth in the Prepetition Term Loan Documents) or other financial accommodations made by the Prepetition Secured Parties to the Debtors pursuant to the Prepetition Term Loan Documents. In addition, upon the repayment of all DIP Obligations owed to the DIP Secured Parties by the Debtors, and termination of the rights and obligations arising under the DIP Loan Documents (which payment and termination shall be on terms and conditions acceptable to the DIP Agent), the DIP Secured Parties shall be released from any and all obligations, liabilities, actions, duties, responsibilities and causes of action arising or occurring in connection with or related to the Debtors, the DIP Loan Documents, the Interim Financing Order, this Final Financing Order, and the costs and expenses of the Debtors' Cases (including without limitation any obligation or responsibility, whether direct or indirect, absolute or contingent, due or not due, primary or secondary, liquidated or unliquidated, to pay or otherwise fund any chapter 11 expenses, the Carve Out Expenses in accordance with Section 2.5 of this Final Financing Order or otherwise), on terms and conditions acceptable to the DIP Agent.

Section 5.     Other Rights and DIP Obligations.

    5.1     No Modification or Stay of this Final Financing Order. Notwithstanding (i) any stay, modification, amendment, supplement, vacating, revocation or reversal of this Final Financing Order, the DIP Loan Documents or any term hereunder or thereunder or (ii) the dismissal or conversion of one or more of the Cases (each, a "**Subject Event**"), (x) the acts taken

(Page | 54)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

by each DIP Secured Party in accordance with this Final Financing Order, and (y) the DIP

Obligations incurred or arising prior to the DIP Agent's actual receipt of written notice from the

Debtors expressly describing the occurrence of such Subject Event shall, in each instance, be

governed in all respects by the provisions of this Final Financing Order, and the acts taken by each

DIP Secured Party in accordance with this Final Financing Order, and the liens granted to each

DIP Secured Party in the Collateral, as applicable, and all other rights, remedies, privileges, and

benefits in favor of each DIP Secured Party pursuant to this Final Financing Order and the DIP

Loan Documents shall remain valid and in full force and effect pursuant to section 364(e) of the

Bankruptcy Code.  For purposes of this Final Financing Order, the term "appeal," as used in

section 364(e) of the Bankruptcy Code, shall be construed to mean any proceeding for

reconsideration, amending, rehearing, or re-evaluating this Final Financing Order by this Court or

any other tribunal.

5.2     Power to Waive Rights; Duties to Third Parties.

5.2.1     The DIP Agent shall have the right to waive any of the terms, rights

and remedies provided or acknowledged in this Final Financing Order in respect of the DIP

Secured Parties (the "**Lender Rights**"), and shall have no obligation or duty to any other party

with respect to the exercise or enforcement, or failure to exercise or enforce, any Lender Right(s).

Any waiver by the DIP Agent of any Lender Rights shall not be or constitute a continuing waiver.

Any delay in or failure to exercise or enforce any Lender Right shall neither constitute a waiver of

(Page | 55)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

such Lender Right, subject the DIP Agent or any DIP Secured Party to any liability to any other party, nor cause or enable any other party to rely upon or in any way seek to assert as a defense to any obligation owed by the Debtors to the DIP Agent or any DIP Secured Party such delay or failure.

      5.3    <u>Disposition of Collateral</u>.

      5.3.1    Subject to the terms and conditions of the DIP Loan Documents and this Final Financing Order, the Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral without the prior written consent of the DIP Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by the DIP Agent or any DIP Secured Party) and an order of this Court, except for sales of the Debtors' Inventory in the ordinary course of their business.  The Debtors shall remit to the DIP Agent, or cause to be remitted to the DIP Agent, all proceeds of Collateral for application by the DIP Agent to the DIP Obligations, in such order and manner as the DIP Agent may determine in its discretion, in accordance with the terms of this Final Financing Order and the DIP Loan Documents.

      5.4    <u>Inventory</u>.  Debtors shall not, without the consent of the DIP Agent, (a) enter into any agreement to return any inventory to any of their creditors for application against any prepetition indebtedness under any applicable provision of section 546 of the Bankruptcy Code, or (b) consent to any creditor taking any setoff against any of its prepetition indebtedness based upon any such return pursuant to section 553(b)(1) of the Bankruptcy Code or otherwise.

(Page | 56)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

5.5    <u>Reservation of Rights</u>.  The terms, conditions and provisions of this Final Financing Order are in addition to, and without prejudice to the rights of each of the DIP Secured Parties and the Prepetition Secured Parties, to pursue any and all rights and remedies under the Bankruptcy Code, the Prepetition Term Loan Documents, the DIP Loan Documents or any other applicable agreement or law, including, without limitation, the rights to seek adequate protection and/or additional or different adequate protection, to seek relief from the automatic stay, to seek an injunction, to oppose any request for use of Cash Collateral or granting of any interest in the Collateral or priority in favor of any other party, to object to any sale of assets, and to object to applications for allowance and/or payment of compensation of Professionals or other parties seeking compensation or reimbursement from the Estate.

5.6    <u>Binding Effect</u>.

5.6.1    The provisions of this Final Financing Order and the DIP Loan Documents, the DIP Obligations, the Superpriority Claim, and any and all rights, remedies, privileges and benefits in favor of each DIP Secured Party provided or acknowledged in this Final Financing Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this Final Financing Order pursuant to Bankruptcy Rules 6004(h) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including without limitation any order which may be entered confirming any plan of reorganization, converting one or more of the Cases to any other chapter under the Bankruptcy Code, or dismissing one or more of the Cases.

| | |
|---|---|
| (Page \| 57) | |
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

5.6.2    Any order dismissing one or more of the Cases under section 1112 or otherwise shall be deemed to provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (a) the Superpriority Claim and DIP Secured Parties' liens on and security interests in the Collateral shall continue in full force and effect notwithstanding such dismissal until the DIP Obligations are indefeasibly paid and satisfied in full, and (b) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the Superpriority Claim and liens in the Collateral.

5.6.3    This Final Financing Order shall be binding upon the Debtors, all parties-in-interest in the Cases and their respective successors and assigns, including any trustee or other fiduciary appointed in the Cases or any subsequently converted bankruptcy case(s) of any Debtor or any other proceedings superseding or related to any of the foregoing (collectively, the "**Successor Cases**").  This Final Financing Order shall also inure to the benefit of each DIP Secured Party, and each Debtor and its respective successors and assigns.

5.7    <u>Restrictions on Cash Collateral Use, Additional Financing, Plan Treatment</u>.

5.7.1    All postpetition advances and other financial accommodations under the DIP Loan Documents were made and are made in reliance on the Interim Financing Order and this Final Financing Order, as applicable, and as such, the Debtors (together with the Debtors' successors and assigns, including, without limitation, any chapter 11 trustee or chapter 7 trustee appointed in any Debtor's Case) irrevocably waive the right to, seek at any time from this

(Page | 58)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Court, or in any subsequently converted case under chapter 7 of the Bankruptcy Code, any order which (a) authorizes the use of Cash Collateral of the Debtors in which the DIP Secured Parties have an interest, or the sale, lease, or other disposition of property of any Debtor's Estate in which the DIP Secured Parties have a lien or security interest, except as expressly permitted hereunder or in the DIP Loan Documents, or (b) except to the extent permitted pursuant to the terms and conditions of the DIP Loan Documents and this Final Financing Order, authorizes under section 364 of the Bankruptcy Code the obtaining of credit or the incurring of indebtedness secured by a lien or security interest which is equal or senior to a lien or security interest in property in which the DIP Agent or the DIP Secured Parties hold a lien or security interest, or which is entitled to priority administrative claim status which is equal or superior to that granted to the DIP Secured Parties herein; unless, in each instance (i) the DIP Agent shall have given its express prior written consent with respect thereto, no such consent being implied from any other action, inaction or acquiescence by the DIP Agent or any DIP Secured Party, or (ii) such other order requires that all DIP Obligations shall first be indefeasibly paid and satisfied in full in accordance with the terms of the DIP Loan Documents, including, without limitation, all debts and obligations of the Debtors to the DIP Secured Parties which arise or result from the obligations, loans, security interests and liens authorized herein, on terms and conditions acceptable to the DIP Agent. The security interests and liens granted to or for the benefit of the DIP Secured Parties hereunder and the rights of the DIP Secured Parties pursuant to this Final Financing Order and the DIP Loan Documents

| (Page \| 59) | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

are cumulative and shall not be altered, modified, extended, impaired, or affected by any plan of reorganization or liquidation of the Debtors and, if the DIP Agent shall expressly consent in writing that the DIP Obligations shall not be repaid in full upon confirmation thereof, shall continue after confirmation and consummation of any such plan.

5.8     No Owner/Operator Liability.

5.8.1     The DIP Agent and any other DIP Secured Parties shall not, solely by reason of having made any DIP Loans under any of the DIP Loan Documents, the Interim Financing Order or this Final Financing Order or in exercising any rights or remedies as and when permitted pursuant to the DIP Loan Documents or this Final Financing Order, be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq., as amended, or any similar federal or state statute).

5.9     Marshalling; Section 552(b) Waiver.  In no event shall any Secured Party be subject to the equitable doctrine of "marshalling" or any similar doctrine with respect to the Collateral, and each Secured Party shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to any Secured Party with respect to proceeds, products, offspring or profits of any of the Collateral.  For the avoidance of doubt, nothing in this Final Financing

(Page | 60)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Order or otherwise shall be deemed to impair any rights, remedies, or claims of the DIP Agent, the DIP Secured Parties or the Prepetition Secured Parties against any non-debtor Loan Parties (as defined in the DIP Credit Agreement), their assets or estates.

      5.10   <u>Right of Setoff</u>.

      5.10.1  To the extent any funds were on deposit with the DIP Agent or any DIP Secured Party as of the Petition Date, including, without limitation, all funds deposited in, or credited to, an account of any Debtor with the DIP Agent or any DIP Secured Party immediately prior to the Petition Date (regardless of whether, as of the Petition Date, such funds had been collected or made available for withdrawal by any such Debtor), such funds (the "**Deposited Funds**") are subject to rights of setoff, subject to the DIP Loan Documents.  By virtue of such setoff rights, the Deposited Funds are subject to a lien in favor of the DIP Agent or the applicable DIP Secured Party pursuant to sections 506(a) and 553 of the Bankruptcy Code.

      5.11   <u>Right to Credit Bid</u>.

      5.11.1  Subject to section 363(k) of the Bankruptcy Code and the rights of the Committee and all other parties-in-interest set forth in Section 4.1 of this Final Financing Order, the Secured Parties shall have the right to "credit bid" the amount of their claims arising under the terms of the DIP Loan Documents or the Prepetition Term Loan Documents (as applicable) during any sale of all or substantially all of the Debtors' assets, including without limitation, sales occurring pursuant to section 363 of the Bankruptcy Code or included as part of

(Page | 61)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

any restructuring plan subject to confirmation under section 1129(b)(2)(A)(ii)–(iii) of the Bankruptcy Code.

5.12   Term; Termination.

5.12.1   Notwithstanding any provision of this Final Financing Order to the contrary, the financing arrangements among the Debtors and the DIP Secured Parties authorized by this Final Financing Order may be terminated pursuant to the terms of the applicable DIP Loan Documents.

5.13   Limited Effect.   In the event of a conflict between the terms and provisions of the DIP Loan Documents and this Final Financing Order, the terms and provisions of this Final Financing Order shall govern, interpreted as most consistent with the terms and provisions of the DIP Loan Documents.

5.14   Objections Overruled.   All objections to the entry of this Final Financing Order are, to the extent not withdrawn, hereby overruled.

Section 6.   Provisions Relating to Wells Fargo and WFMS.   The following relief relates only to Wells Fargo and WFMS.

6.1.1   Wells Fargo has and shall continue to have a valid and perfected, non-avoidable first-priority lien in Bank Product Cash Collateral and any proceeds thereof. Notwithstanding anything herein or any other order to the contrary, such lien shall not be primed by any lien granted to any post-petition lender or other person. To satisfy any requirement that

| (Page \| 62) | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Wells Fargo continue to have a valid and perfected, non-avoidable first-priority lien in such Bank Product Cash Collateral and any proceeds thereof, Debtors grant Wells Fargo a priming lien and security interest pursuant to section 364(d)(1) of the Bankruptcy Code solely with respect to such Bank Product Cash Collateral. Wells Fargo's rights under the Card Agreement, including to reduce the credit limit or otherwise modify or amend the Card Agreement shall not be waived, modified, or impaired by entry of this Final Financing Order.

6.1.2   WFMS is authorized to receive or obtain payment for all WFMS Obligations, including, without limitation, by way of recoupment or setoff against sales revenues processed by WFMS on behalf of the Debtors under the WFMS Agreement or the reserve of $1,200,000 currently held by WFMS thereunder, without further order of the Court regardless of whether such obligations arose prepetition or postpetition. Subject to the DIP Budget, all WFMS Obligations are authorized to be paid or reimbursed by the Debtors to WFMS to the extent the amount of the WFMS Obligations owed to WFMS by the Debtors exceeds the sales revenue being processed by WFMS and exceeds the amounts available in reserve. In addition to the Bank Product Cash Collateral, the WFMS Obligations are also secured by the WFMS Cash Collateral. WFMS's rights under the WFMS Agreement shall not be waived, modified, or impaired by entry of this Final Financing Order but WFMS acknowledges such rights shall be subject to the Termination Date provided in that certain Updated Termination Letter from WFMS to the Debtor dated as of February 20, 2024 to ensure a smooth transition and replacement of the services subject thereto.

(Page | 63)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

WFMS has and shall continue to have a valid and perfected, non-avoidable first-priority lien in the WFMS Cash Collateral and any proceeds thereof. Notwithstanding anything in this Final Financing Order, or any other order to the contrary, such lien shall not be primed by any lien granted to any postpetition lender or other person. To satisfy the requirement that WFMS continue to have a valid and perfected, non-avoidable first-priority lien in such WFMS Cash Collateral and any proceeds thereof, the Debtors grant WFMS a priming lien and security interest pursuant to section 364(d)(1) of the Bankruptcy Code solely with respect to such WFMS Cash Collateral. To the extent the WFMS Cash Collateral or the Bank Product Cash Collateral is insufficient to pay in full any WFMS Obligations owed by the Debtors to WFMS, WFMS shall have an allowed administrative expense in the amount of such unpaid WFMS Obligations pursuant to section 364(b) of the Bankruptcy Code; provided, however, that any such administrative expense claim will be junior to any administrative expense claim granted to the DIP Secured Parties and the Prepetition Secured Parties pursuant to this Final Financing Order.

    6.1.3 The Prepetition Revolver Loan Agent has and shall continue to have a valid and perfected, non-avoidable first-priority lien in Prepetition Revolver Cash Collateral and any proceeds thereof. Notwithstanding anything herein or any other order to the contrary, such lien shall not be primed by any lien granted to any post-petition lender or other person. To satisfy any requirement that Prepetition Revolver Loan Agent continue to have a valid and perfected, non-avoidable first-priority lien in such Prepetition Revolver Cash Collateral and any proceeds thereof,

(Page | 64)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

the Debtors grant Prepetition Revolver Loan Agent a priming lien and security interest pursuant to Bankruptcy Code section 364(d)(1) solely with respect to such Prepetition Revolver Cash Collateral.

6.1.4    Each of the Prepetition Revolver Loan Agent and Bank Product Providers (including, without limitation, WFMS), are authorized, and the automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable law are hereby modified and vacated without further notice, application, or order of the Court to permit each of the Prepetition Revolver Loan Agent and Bank Product Providers (including, without limitation, WFMS), as applicable, to apply: (a) the Letter of Credit Cash Collateral and/or the Expense Reserve to satisfy the Letter of Credit Obligations; (b) the Bank Product Cash Collateral, the WFMS Cash Collateral, and/or the Expense Reserve to satisfy the Bank Product Obligations (including, without limitation, the WFMS Obligations), as applicable; and (c) the Expense Reserve to satisfy the Expense and Indemnity Obligations, in each case, as the same become due and owing.   For the avoidance of doubt, nothing in this Final Financing Order shall prevent Wells Fargo and WFMS from applying the Bank Product Cash Collateral, the WFMS Cash Collateral, and/or the Expense Reserve to satisfy the Bank Product Obligations arising out of any accounts maintained by any of the Debtors' non-Debtor affiliates.

Section 7.    <u>Chubb Reservation of Rights</u>.   For the avoidance of doubt, (i) the liens and/or security interests granted in this Final Financing Order shall not include liens on or interests in any

(Page | 65)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

Insurance (as used in the DIP Loan Documents) or in any insurance policy issued by ACE American Insurance Company and/or any of its U.S.-based affiliates (collectively, and solely in their roles as insurers, "**Chubb**"); (ii) the proceeds of any insurance policy issued by Chubb shall only be the Collateral to the extent the Debtors or the Debtors' Estates have rights in such proceeds or such proceeds are payable to the Debtors, the DIP Secured Parties and the Prepetition Secured Parties pursuant to the terms of any such applicable insurance policy, including as amended or supplemented by applicable endorsements; and (iii) nothing in the DIP Loan Documents and/or this Final Financing Order shall be deemed to alter or modify the terms and conditions of any insurance policies or related agreements issued by Chubb.

Section 8.    <u>Granite Lease</u>.  Notwithstanding anything to the contrary herein or in the Interim Financing Order, the Collateral shall not include the Granite Lease (as defined below) to the extent such Lease does not permit attachment of liens but shall include all proceeds of such Lease.  In addition, the rights of the DIP Agent and any other DIP Secured Party to enter upon or occupy the leased premises located in Obetz, Ohio subject to a lease agreement(s) (the "**Granite Lease**") between the Debtors and Granite (5415 Centerpoint) LLC ("**Granite**") shall be subject to (i) a separate written agreement by and between the DIP Secured Parties and Granite, (ii) the pre-existing rights of the DIP Secured Parties under applicable non-bankruptcy law, (iii) the consent of Granite, or (iv) entry of an order of this Court on notice to Granite.

Section 9.    <u>Notice of Final Financing Order</u>.

(Page | 66)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral |

The Debtors shall promptly mail copies of this Final Financing Order to the Notice Parties, and to any other party that has filed a request for notices with this Court.

**<u>Exhibit B</u>**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In Re:

BOWFLEX INC., *et al.*,[1]

         Debtors.

Chapter 11

Case No. 24-12364 (ABA)

(~~Joint Administration~~

**~~INTERIM~~FINAL ORDER
(A) AUTHORIZING DEBTORS
TO OBTAIN POSTPETITION FINANCING
AND GRANT SECURITY INTERESTS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 105,
364(c) AND 364(d); (B) MODIFYING THE AUTOMATIC STAY PURSUANT
TO 11 U.S.C. § 362; (C) AUTHORIZING DEBTORS TO ENTER INTO
AGREEMENTS WITH CRYSTAL FINANCIAL LLC D/B/A SLR CREDIT
SOLUTIONS;
AND (D) AUTHORIZING DEBTORS TO USE CASH COLLATERAL~~; AND
(E) SCHEDULING A FINAL HEARING PURSUANT
TO BANKRUPTCY RULE 4001~~**

The relief set forth on the following pages, numbered three (3) through ~~sixty-one~~sixty-six

(~~62~~66), is hereby ORDERED.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679). The Debtors' service address is 17750 S.E. 6th Way, Vancouver, Washington 98683.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SIDLEY AUSTIN LLP**
Matthew A. Clemente (admitted *pro hac vice* pending)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
mclemente@sidley.com

Maegan Quejada (admitted *pro hac vice* pending)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
mquejada@sidley.com

Michael A. Sabino (admitted *pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
msabino@sidley.com

**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esq.
Mark E. Hall, Esq.
Michael R. Herz, Esq.
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Facsimile:  (973) 992-9125
jdipasquale@foxrothschild.com
mhall@foxrothschild.com
mherz@foxrothschild.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Upon the motion (the "**Motion**") dated March 5, 2024 of BowFlex Inc. f/k/a Nautilus, Inc. ("**BowFlex**") and BowFlex New Jersey LLC ("**BowFlex New Jersey**") (each, a "**Debtor**" and collectively, the "**Debtors**"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Cases**"), for entry of an order (the "~~Interim~~**Final Financing Order**") pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e), 506(c) ~~(subject to entry of Final Financing Order (as defined below))~~, 507, and 552 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), rules 2002, 4001(c), 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 4001-1, 4001-2, 4001-3, 9013-1, 9013-2, 9013-4, and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), seeking among other things:[1]

      i.     authorization for BowFlex to obtain, and for BowFlex New Jersey to guarantee unconditionally, on a joint and several basis, postpetition loans, advances and other financial accommodations on ~~an interim basis for a period through and including the date of the Final Hearing (as defined below)~~ a final basis from the

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the DIP Credit Agreement (as defined below), as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

DIP Lenders (as defined below) and Crystal Financial LLC d/b/a SLR Credit Solutions ("**SLR**"), as administrative and collateral agent (in such capacity, together with its successors and permitted assigns, the "**DIP Agent**"), pursuant to the DIP Loan Documents (as defined below) and in accordance with all of the borrowing requirements, terms and conditions set forth in the DIP Credit Agreement (as defined below), and in accordance with this ~~Interim~~Final Financing Order, secured by (i) superpriority priming security interests in and liens upon all Prepetition Collateral (references to Prepetition Collateral herein refer to "Pre-Petition Collateral" as defined in the DIP Credit Agreement) pursuant to section 364(d) of the Bankruptcy Code, subject only to the Permitted Liens and Claims (as defined below), and (ii) senior priority security interests in and liens upon all other Collateral (as defined below) pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, subject only to the Permitted Liens and Claims;

ii.    authorization for the Debtors to enter into (a) that certain Amendment No. 3 to Term Loan Credit Agreement and Loan Documents (the "**Amendment**"), a copy of which ~~is~~was attached ~~hereto~~ to the Interim Financing Order (as defined below)

(Page | 5)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

as **Exhibit 1** and is incorporated herein (the Prepetition Credit Agreement (as defined below), as amended by the Amendment and as the same may be amended, restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement,**" ~~(a copy of which is attached hereto as **Exhibit 1),**~~ by and among the Debtors, the DIP Agent and the Lenders (as defined in the DIP Credit Agreement) (collectively, the "**DIP Lenders**," and together with the DIP Agent, the "**DIP Secured Parties**") and (b) the Loan Documents as defined in the DIP Credit Agreement, including that certain fee letter dated March 6, 2024, delivered from the DIP Agent to the Debtors (the "**SLR Fee Letter**~~,~~"), the DIP Budget (as defined below) and the DIP Credit Agreement, as such Loan Documents may be amended, restated or supplemented from time to time, collectively, the "**DIP Loan Documents**") and to perform such other acts as may be necessary, desirable or appropriate in connection with this ~~Interim~~Final Financing Order and the DIP Loan Documents;

iii.    authorization for the Debtors to incur obligations in connection with the DIP Credit Agreement in an aggregate principal amount of up to $25,000,000 (the

(Page | 6)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

"**DIP Facility**") subject to the terms and conditions set forth in the DIP Credit Agreement, consisting of:

a.  Revolving DIP Loans.  A new money senior secured super-priority revolving credit facility in an aggregate principal amount of up to $9,000,000 (the obligations ~~thereunder~~under the Revolving DIP Loans, the "**Revolving DIP Obligations**"), ~~fully~~made available to the Debtors upon entry of ~~this~~the Interim Financing Order ~~in accordance with~~ the terms and conditions of the DIP Loan Documents(as defined below); and

b.  DIP Term ~~Loans~~Loan.  A senior secured super-priority term loan facility in an aggregate principal amount of up to $16,000,000 (the "**DIP Term Loan Facility**") that, upon entry of ~~this~~the Interim Financing Order, ~~will roll up~~rolled up on a dollar-for-dollar basis an equal amount of the Prepetition Term Loan Obligations (as defined below) so that the Prepetition Term Loan Obligations ~~shall~~ constitute obligations under the DIP Term Loan Facility (the obligations ~~thereunder~~under the DIP Term Loans, the "**Term DIP Obligations**," and collectively with the Revolving DIP Obligations, the "**DIP Obligations**");

(Page | 7)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

iv.     authorization for the Debtors to remit all proceeds of Collateral (as defined in the DIP Credit Agreement), including but not limited to, collections and payments made in respect of the Collateral, including any proceeds from the sale of the Debtors' assets, for application to the DIP Obligations ~~(as defined below)~~ as required under the DIP Credit Agreement until such DIP Obligations are fully and indefeasibly repaid;

v.      authorization for the Debtors to use proceeds of the Revolving DIP Loans (as defined below) and Cash Collateral (as such term is defined in section 363 of the Bankruptcy Code), including any Eligible Cash (as defined in the DIP Credit Agreement) for payment of the items specified in the DIP Budget and in accordance with the terms of this Final Financing Order and the DIP Loan Documents;

vi.     the grant to the DIP Agent, for the benefit of itself and the other DIP Secured Parties, of superpriority administrative claims pursuant to section 364(c)(1) of the Bankruptcy Code in respect of all DIP Obligations;

(Page | 8)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

vii.     as set forth below, approval of certain stipulations by the Debtors with respect to the Prepetition Term Loan Documents (as defined below) and the rights, claims, liens and security interests arising therefrom;

~~viii. authorizing the Debtors to use Cash Collateral (as such term is defined in section 363 of the Bankruptcy Code), including any Eligible Cash, of the Prepetition Term Loan Lenders (as defined below), if any, in accordance with this Interim Order and the DIP Loan Documents;~~

viii.     ~~ix.~~ as set forth below, granting adequate protection to (a) the Prepetition Term Loan Agent (as defined below) and the Prepetition Term Loan Lenders in respect of ~~all~~any diminution in value in the Prepetition Secured Parties' (as defined below) interests in the Collateral, including, but not limited to, the Debtors' use of Cash Collateral and other Collateral in accordance with and subject to the terms and conditions of the DIP Loan Documents and this ~~Interim Order~~Final Financing Order, as either agreed by the Debtors, the DIP Agent and the Committee or as otherwise determined by the Court;

ix.     ~~x.~~ authorizing the Debtors to grant a priming lien and security interest to Wells Fargo~~, continue~~ Bank, N.A. ("**Wells Fargo**"), continue the merchant services

(Page | 9)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

agreement with Wells Fargo Merchant Services, L.L.C. ("**WFMS**," and such agreement, the "**WFMS Agreement**"), pay amounts owed with respect to the WFMS Agreement~~, pay~~ (the "**WFMS Obligations**"), and grant a priming lien and security interest to WFMS;

x. ~~xi.~~ authorizing WFMS to continue to receive or obtain payment for all WFMS Obligations, including, without limitation, by way of recoupment or setoff against sales revenues processed by WFMS on behalf of the Debtors under the WFMS Agreement, or pursuant to the WFMS Agreement, the WFMS Cash Collateral;

xi. ~~xii.~~ modifying the automatic stay as necessary to authorize each of the Prepetition Revolver Loan Agent and the Bank Product Providers to apply: (a) the Letter of Credit Cash Collateral and/or the Expense Reserve to satisfy the Letter of Credit Obligations; (b) the Bank Product Cash Collateral, the WFMS Cash Collateral, and/or the Expense Reserve to satisfy the Bank Product Obligations (including, without limitation, the WFMS Obligations), as applicable; and (c) the Expense Reserve to satisfy the Expense and Indemnity Obligations, in each case, as the same become due and owing;

(Page | 10)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

---

xii.        ~~xiii. effective upon entry of the Final Financing Order (as defined below), the~~ waiver of the Debtors' rights to assert (i) ~~to assert~~ claims to surcharge against the Collateral pursuant to section 506(c) of the Bankruptcy Code; and (ii) any "equities of the case" exception under section 552(b) of the Bankruptcy Code with respect to the Collateral ~~as to,~~ the DIP Secured Parties and the Prepetition Secured Parties;

xiii.        ~~xiv.~~ modification of the automatic stay to the extent hereinafter set forth;

~~xv. the setting of a final hearing on the Motion to be held within 30 days of the entry of the Interim Order to consider entry of a final order (the **"Final Financing Order"**) authorizing, among other things, the DIP Loan Documents and all borrowings and deemed borrowing thereunder on a final basis, as set forth in the Motion and the DIP Loan Documents; and~~

xiv.        ~~xvi.~~ the immediate effectiveness of this ~~Interim~~Final Financing Order and waiver of any applicable stay (including under Bankruptcy Rule 6004(h)) to permit such immediate effectiveness.; and

~~The initial hearing on the Motion having been held by this Court on March 6, 2024 (the "Interim Hearing").~~

(Page | 11)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

~~It~~ and this Court having held the initial hearing on the Motion on March 6, 2024 (the "**Interim Hearing**") and having entered the *Interim Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; (D) Authorizing Debtors to Use Cash Collateral; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [D.I. 61] (the "**Interim Financing Order**"); and this Court having set March 28, 2024 for a final hearing (the "**Final Hearing**") on the Motion and to consider entry of this Final Financing Order authorizing, among other things, the DIP Loan Documents and all borrowings and deemed borrowing thereunder on a final basis; and it appearing that due and appropriate notice of the Motion, the relief requested therein, and the ~~Interim~~Final Hearing (the "**Notice**") having been served by the Debtors in accordance with Bankruptcy Rule 4001(c) on (i) counsel to the DIP Agent, (ii) the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"), (iii) the holders of the thirty (30) largest unsecured claims against the Debtors' Estates (as defined below), (iv); the Internal Revenue Service, (v) all appropriate state taxing authorities, (vi) all landlords, owners, and/or operators of premises at which any of the Debtors' inventory and/or equipment is located, and

(Page | 12)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

(vii) certain other parties identified in the certificate of service filed with the Court, including, without limitation, all creditors who have filed or recorded prepetition liens or security interests against any of the Debtors' assets (collectively, the "**Notice Parties**")~~.~~

; and the Final Hearing to consider the relief requested in the Motion having been held by this Court and concluded; and all objections, if any, to the relief requested in the Motion and to entry of this Final Financing Order having been withdrawn, resolved or overruled by the Court; and it appearing to the Court that granting the relief requested in the Motion on a final basis, is fair and reasonable and in the best interests of the Debtors, their estates, creditors and parties-in-interest and is essential for preservation of the Debtors' assets, and it appearing that the Debtors' entry into the DIP Loan Documents as approved pursuant to the Interim Financing Order and hereby is a sound and prudent exercise of the Debtors' business judgment; and upon ~~Upon~~ the record made by the Debtors and other parties-in-interest at the Interim Hearing and the Final Hearing, including ~~the Motion and~~ the *Declaration of Aina Konold in Support of Chapter 11 Petitions and First Day Pleadings*, and the filings and pleadings in the Cases, and good and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[2]

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent that

(Page | 13)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

A.    <u>Petition</u>.  On March 4, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    <u>Jurisdiction and Venue</u>.  The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Motion is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (D), and (M).  Venue of the Cases and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Notice</u>.  The Notice given by the Debtors of the Motion, the Interim Financing Order, the Final Hearing and the relief granted under this ~~Interim~~Final Financing Order complies with Bankruptcy Rules 4001(b) and 4001(c) and Local Rule 9013-2.

D.    <u>Debtors' Acknowledgments and Agreements</u>.  Without prejudice to the rights of ~~any~~the official committee ~~that may be appointed in these Cases under section 1102 of the Bankruptcy Code~~of unsecured creditors (the "**Committee**") and other parties-in-interest as

pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

(Page | 14)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

and to the extent set forth in Section 4 of this ~~Interim~~Final Financing Order, the Debtors admit, stipulate, acknowledge and agree that:

(i)      *Prepetition Term Loan Documents*.  Prior to the commencement of the Cases, SLR, as administrative agent and collateral agent (in such capacity, the "**Prepetition Term Loan Agent**"), the term lenders party thereto (the "**Prepetition Term Loan Lenders**," and together with the Prepetition Term Loan Agent, the "**Prepetition Secured Parties**"), in their respective capacities under the Prepetition Credit Agreement (as defined below), made terms loans, advances and provided other financial accommodations to Debtor BowFlex and its affiliates, pursuant to the terms and conditions set forth in (a) the Term Loan Credit Agreement, dated November 30, 2022, as amended by the Limited Consent and Amendment No. 1 to Term Loan Credit Agreement and Loan Documents, dated April 25, 2023 ("**Amendment No. 1**") and the Amendment No. 2 to Term Loan Credit Agreement and Loan Documents, dated July 28, 2023 ("**Amendment No. 2**") (the "**Prepetition Credit Agreement**"); (b) the Guaranty and Security Agreement, dated November 30, 2022 (as amended by Amendment No. 1, Amendment No. 2,  Joinder No. 1 and Amendment to Guaranty and Security Agreement, dated as of February 16, 2023, Joinder No. 2 and Amendment to Guaranty and Security Agreement, dated as of March 14, 2023, Joinder No. 3 and Amendment to Guaranty and Security Agreement, dated as of April

(Page | 15)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

14, 2023, and Joinder No. 4 to Guaranty and Security Agreement, dated as of January 22, 2024, and Joinder No. 5 to Guaranty and Security Agreement, dated as of February 19, 2024, the "**Prepetition Guaranty and Security Agreement**"); and (c) all other agreements, documents and instruments executed and/or delivered with, to, or in favor of the Prepetition Term Loan Agent or any Prepetition Term Loan Lender in connection with or related to the Prepetition Credit Agreement and the Prepetition Guaranty and Security Agreement (collectively, the "**Prepetition Term Loan Documents**"). Copies of the operative Prepetition Term Loan Documents are on file with counsel to the Debtors and available upon reasonable request.

(ii)     *Prepetition Term Loan Obligations Amount*. As of the Petition Date, the Debtors were indebted to the Prepetition Secured Parties under the Prepetition Term Loan Documents in an aggregate outstanding principal amount of not less than $15,999,234.76, plus interest accrued and accruing thereon, together with all costs, fees, expenses (including attorneys' fees and legal expenses), premiums and other charges accrued, accruing or chargeable with respect thereto (collectively, the "**Prepetition Term Loan Obligations**"). The Prepetition Term Loan Obligations constitute allowed, legal, valid, binding, enforceable and non-avoidable obligations of the Debtors, and are not subject to any offset, defense, counterclaim, avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or any other applicable law,

(Page | 16)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

and the Debtors do not possess, shall not assert, hereby forever release, and are forever barred from bringing any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and non-avoidability of any of the Prepetition Term Loan Obligations.

(iii)   *Prepetition Secured Parties.*  No claims, objections, challenges, counterclaims, causes of action and/or choses in action, defenses or setoff rights of any Debtor exist against the Prepetition Secured Parties under the Prepetition Term Loan Documents or the Prepetition Term Loan Obligations under any contract or tort (including, without limitation, lender liability) theories of recovery, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or chapter 5 (including, without limitation, sections 510, 544, 547, 548, 549, or 550) of the Bankruptcy Code or under any other similar provisions of applicable state or federal law, and to the extent any claims, objections, challenges, counterclaims, causes of action and/or choses in action, defenses or setoff rights are deemed to have existed as to any of the foregoing, the Debtors hereby forever waive, discharge and release any right they may have to challenge any of the Prepetition Term Loan Obligations, and to assert any setoff rights, defenses, claims, objections, challenges, counterclaims, causes of action and/or choses of action whether arising

(Page | 17)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

under the Bankruptcy Code or applicable non-bankruptcy law, against the Prepetition Secured Parties, and as to each of the foregoing, their respective affiliates, subsidiaries, agents, officers, directors, employees, attorneys and advisors, in each case in connection with any matter related to the Prepetition Term Loan Obligations and the Prepetition Term Loan Documents, or the financing and transactions contemplated thereby, or the Prepetition Collateral.

(iv)    *Prepetition Term Loan Collateral.*  As of the Petition Date, the Prepetition Term Loan Obligations were fully secured pursuant to the Prepetition Term Loan Documents by valid, perfected, enforceable and non-avoidable first priority security interests and liens on all Prepetition Collateral, including all assets of the Debtors, granted by the Debtors to the Prepetition Term Loan Agent, for the benefit of itself and the other Prepetition Secured Parties, subject only to the liens specifically permitted under the Prepetition Term Loan Documents to the extent that such liens, security interests or encumbrances are (i) valid, perfected and non-avoidable security interests, liens or encumbrances existing as of the Petition Date, and (ii) senior to, and have not been or are subject to being subordinated to, the Prepetition Secured Parties' liens on and security interests in the Prepetition Collateral or otherwise avoided, and, in each instance, only for so long as and to the extent that such encumbrances are and remain senior and outstanding (hereinafter referred to as the "**Permitted Encumbrances**").  The

(Page | 18)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Debtors do not possess and will not assert any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and non-avoidability of any of the Prepetition Secured Parties' liens, claims or security interests in the Prepetition Collateral.

(v)    *Prepetition Term Loan Proof of Claim*.   The acknowledgment by the Debtors of the Prepetition Term Loan Obligations and the liens, rights, priorities and protections granted to or in favor of the Prepetition Secured Parties as set forth herein and in the Prepetition Term Loan Documents shall be deemed a timely filed proof of claim by the Prepetition Term Loan Agent on behalf of itself and the other Prepetition Secured Parties in these Cases.

E.    <u>Findings Regarding the Postpetition Financing</u>.

(i)    *Postpetition Financing*.   The Debtors have requested from the DIP Secured Parties, and the DIP Secured Parties are willing to extend certain loans and other financial accommodations on the terms and conditions set forth in this ~~Interim~~<u>Final</u> <u>Financing</u> Order and the DIP Loan Documents.

(ii)    *Need for Postpetition Financing*.   The Debtors do not have sufficient available sources of working capital, including Cash Collateral, to operate their

(Page | 19)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

businesses in the ordinary course of their business without the financing requested under the Motion.  The Debtors' ability to maintain business relationships with their vendors, suppliers and customers, to pay their employees, and to otherwise fund their operations is essential to the Debtors' continued viability as the Debtors seek to maximize the value of the assets of the Debtors' bankruptcy estates (the "**Estates**") for the benefit of all creditors of the Debtors.  The ability of the Debtors to obtain sufficient working capital and liquidity through the ~~proposed~~ postpetition financing arrangements with the DIP Secured Parties, as set forth in this ~~Interim~~Final Financing Order and the DIP Loan Documents, is vital to the preservation and maintenance of the going concern values of the Debtors.  ~~Accordingly, the~~The Debtors have ~~an immediate~~a continuing need to obtain ~~the~~ postpetition financing pursuant to the DIP Term Loan Facility and permission to use Cash Collateral (in each case solely to the extent consistent with the DIP Budget) to, among other things, permit the orderly continuation of the operation of their businesses, minimize the disruption of their business operations, and preserve and maximize the value of the assets of the Debtors' Estates.

(iii)    *No Credit Available on More Favorable Terms*.  The Debtors are unable to procure financing in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code, as an administrative expense under section 364(a) or (b) of the Bankruptcy

(Page | 20)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Code, or in exchange for the grant of an administrative expense priority pursuant to section 364(c)(1), (2), or (3) of the Bankruptcy Code, without the grant of liens on assets. The Debtors have been unable to procure the necessary financing on terms more favorable taken as a whole, than the financing offered by the DIP Secured Parties pursuant to the DIP Loan Documents.

(iv)    *DIP Budget*. The Debtors ~~have~~ prepared and delivered to the DIP Secured Parties an initial ~~13~~7-week budget, a copy of which ~~is annexed hereto~~was attached to the Interim Financing Order as **Exhibit B** (as may be amended, modified, extended or replaced in accordance with the DIP Loan Documents, and in consultation with the Committee, the "**DIP Budget**"), which has been approved by the DIP Secured Parties. Such DIP Budget has been thoroughly reviewed by the Debtors and their management and sets forth, among other things, the Debtors' projected cash receipts and disbursements for the periods covered thereby. The Debtors represent that, to the best of their knowledge, the DIP Budget ~~is~~remains achievable and is anticipated to allow the Debtors to operate at all times during these Cases without the accrual of unpaid administrative expenses. The DIP Secured Parties are relying upon the Debtors' compliance with the DIP Budget, ~~subject to, and in accordance with, the terms of~~ the DIP Loan Documents and this ~~Interim~~Final Financing Order in determining to enter into the postpetition financing arrangements provided for herein. Any and all cash and cash equivalents shall be used

(Page | 21)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

by the Debtors solely in accordance with this ~~Interim~~Final Financing Order and the DIP Budget, subject to permitted variances as provided for in the DIP Credit Agreement. Other than as expressly set forth in this ~~Interim~~Final Financing Order, the consent of the DIP Secured Parties to the DIP Budget shall not be construed as consent to the use of any cash after the occurrence of an Event of Default (as defined below), regardless of whether the aggregate funds on hand shown on the DIP Budget have been exhausted.

(v)     *Business Judgment and Good Faith Pursuant to Section 364(e)*.

The terms of the DIP Loan Documents and this ~~Interim~~Final Financing Order are fair, just and reasonable under the circumstances, are ordinary and appropriate for secured financing to debtors-in-possession, reflect the Debtors' exercise of their prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration. The terms and conditions of the DIP Loan Documents and this ~~Interim~~Final Financing Order have been negotiated in good faith and at arms' length by and among the Debtors, on one hand, and the applicable DIP Secured Parties, on the other hand, with all parties being represented by counsel. Any credit extended under the terms of ~~this~~the Interim Financing Order, this Final Financing Order and the DIP Loan Documents shall be deemed to have been

(Page | 22)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

extended in good faith by the applicable DIP Secured Parties, as that term is used in section 364(e) of the Bankruptcy Code.

(vi) *Good Cause*. The relief requested in the Motion is necessary, essential and appropriate, and is in the best interest of and will benefit the Debtors, their creditors and their Estates, as its implementation will, among other things, provide the Debtors with the necessary liquidity to (a) minimize disruption to the Debtors' businesses and ongoing operations, (b) preserve and maximize the value of the Debtors' Estates, and (c) avoid immediate and irreparable harm to the Debtors, their creditors, their businesses, their employees, and their assets.

~~(vii) *Immediate Entry*. Sufficient cause exists for immediate entry of this Interim Order pursuant to Bankruptcy Rules 4001(c)(2). No party appearing in the Cases has filed or made an objection to the relief sought in the Motion or the entry of this Interim Order, or any objections that were made (to the extent such objections have not been withdrawn) are hereby overruled.~~

Based upon the foregoing, and after due consideration and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

(Page | 23)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

**Section 1.** Authorization and Conditions to Financing.

1.1    Motion Granted.  The Motion is ~~granted in accordance with Bankruptcy Rule 4001(c)(2) to the extent provided in this Interim Order~~**GRANTED** on a final basis as set forth herein.  Except as otherwise expressly provided in this ~~Interim~~Final Financing Order, any objection to entry of this ~~Interim~~Final Financing Order that has not been withdrawn, waived, resolved or settled, is hereby denied and overruled on the merits.

1.2    DIP Loans – Authorization to Borrow and Use Loan Proceeds.

1.2.1    Revolving DIP Loans.  ~~The~~ As approved upon entry of the Interim Financing Order and pursuant to this Final Financing Order on a final basis, the Debtors are ~~hereby~~ authorized and empowered to borrow and obtain the Revolving Loans (as defined in the DIP Credit Agreement, the "**Revolving DIP Loans**") and to incur indebtedness and obligations under the Revolving DIP Loans owing to the DIP Secured Parties subject to the terms and conditions of this ~~Interim~~Final Financing Order, the DIP Credit Agreement, and the other DIP Loan Documents in the amount of up to $9,000,000 (which represents the Revolving Credit Maximum Amount under the DIP Credit Agreement)~~, during the period commencing on the date of this Interim Order through and including the date of the Final Hearing, in accordance with the terms and conditions set forth~~ in the DIP Loan Documents.  ~~Subject to the terms and conditions~~

(Page | 24)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

~~contained in this Interim Order and the DIP Loan Documents, the~~. The Debtors shall use the proceeds of the Revolving DIP Loans and any other credit accommodations provided to the Debtors pursuant to this ~~Interim~~Final Financing Order and the DIP Loan Documents solely for payment of the items specified in the DIP Budget and in accordance with the terms of the DIP Loan Documents. The Revolving DIP Loans may be repaid and reborrowed pursuant to the terms of the DIP Loan Documents.

       1.2.2   DIP Term Loans. ~~Upon~~As approved upon entry of ~~this~~the Interim Financing Order and pursuant to this Final Financing Order on a final basis, the Debtors are also authorized and empowered to ~~immediately~~ borrow and obtain the Term Loans (as defined in the DIP Credit Agreement, the "**DIP Term Loans**," and together with the Revolving DIP Loans, the "**DIP Loans**") and to incur indebtedness and obligations owing under the DIP Term Loans and were authorized upon entry of the Interim Financing Order, but subject to Section 4 of this Final Financing Order, to roll up on a dollar-for-dollar basis the Prepetition Term Loan Obligations (including interest, fees, indemnities and other expenses provided for in the Prepetition Term Loan Documents) into ~~DIP~~ Term ~~Loans~~DIP Obligations as of the date of ~~this~~the Interim Financing Order (~~it being understood that~~with such Prepetition Term Loan Obligations ~~shall continue~~continuing in all respects and ~~be~~ deemed Term DIP Obligations), other than the Early

(Page | 25)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Termination Premium (pursuant to the Prepetition Term Loan Documents), fees and expenses under the Prepetition Term Loan Documents and any accrued attorney's fees through the Petition Date which were and shall ~~be~~remain payable in full and cash to the Prepetition Term Loan Lenders ~~upon entry of this Interim Order~~ (the "**Non-Roll Up Obligations**").

1.3     DIP Loan Documents

1.3.1     Authorization.     The Debtors ~~are hereby~~were authorized as approved upon entry of the Interim Financing Order and pursuant to this Final Financing Order on a final basis to enter into, execute, deliver, perform, and comply with the terms, conditions and covenants of the DIP Loan Documents, pursuant to which, *inter alia*, each Debtor ~~ratifies, reaffirms, extends, assumes, adopts, amends, and restates~~ratified, reaffirmed, extended, assumed, adopted, amended, and restated the Prepetition Term Loan Documents to which it ~~is~~was a party. The Debtors are further authorized to pay, to the extent not previously paid pursuant to the Interim Financing Order, the fees set forth in the SLR Fee Letter and the Non-Roll Up Obligations, to the extent not in duplication.

1.3.2     ~~Upon execution and delivery of the~~The DIP Loan Documents~~, the DIP Loan Documents~~ shall constitute valid and binding obligations of the Debtors, enforceable against each Debtor party thereto in accordance with the terms of the DIP Loan Documents and

(Page | 26)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

this ~~Interim~~Final Financing Order.  No obligation, payment, transfer or grant of security under the DIP Loan Documents or this ~~Interim~~Final Financing Order shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or under any applicable law (including, without limitation, under section 502(d) of the Bankruptcy Code), or be subject to any defense, reduction, setoff, recoupment or counterclaim.  The Debtors are hereby authorized, pursuant to this ~~Interim~~Final Financing Order, to pay any accrued and unpaid fees and expenses of the DIP Secured Parties as of the Petition Date that were not previously paid pursuant to the Interim Financing Order in accordance with the terms and conditions of the DIP Loan Documents and without further order of the Court.  All payments of fees and expenses to the DIP Secured Parties pursuant to the Interim Financing Order are hereby ratified and approved on a final basis.

       1.3.3   <u>Approval</u>.  The DIP Loan Documents and each term set forth therein are approved to the extent necessary to implement the terms and provisions of this ~~Interim~~Final Financing Order.  All of such terms, conditions and covenants shall be sufficient and conclusive evidence of the borrowing arrangements by and among the Debtors and the DIP Secured Parties, and of each Debtor's assumption and adoption of all of the terms, conditions, and covenants of the DIP Loan Documents for all purposes, including, without limitation, to the extent applicable, the payment of all DIP Obligations arising thereunder including, without

(Page | 27)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

limitation, principal, interest, monitoring fees, upfront fees, unused line fees, DIP facility fees, and other fees and expenses thereunder.

1.3.4   Payments and Application of Payments.  Subject to the terms of the DIP Loan Documents and this ~~Interim~~Final Financing Order, the Debtors are authorized and directed to make all payments and transfers of Estate property, including all proceeds of Collateral and any proceeds from the sale of the Debtors' assets, to the DIP Secured Parties as provided, permitted and/or required under the DIP Loan Documents, which payments and transfers shall not be avoidable or recoverable from the DIP Secured Parties under the Bankruptcy Code, or subject to any other claim, charge, assessment, or other liability~~, whether by application of the Bankruptcy Code, other law or otherwise~~; provided, however, that the application of proceeds described herein shall not limit the Committee's ability to commence a Challenge in accordance with Section 4.1 of the Final Financing Order or seek the relief in Section 4.3 of the Final Financing Order; provided further that notwithstanding any payment or application of proceeds of the Collateral to the DIP Obligations (including in connection with a sale of the Debtors' assets), (i) interest (which, for the avoidance of doubt, shall accrue at the default rate specified in section 2.6 of the DIP Credit Agreement on and after April 15, 2024), fees, unused line fees, costs, charges, and other amounts shall continue to accrue on the full

(Page | 28)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

amount of the Obligations outstanding as of April 15, 2014 and (ii) a per diem charge of $10,000 shall be assessed beginning on April 15, 2024, until the DIP Obligations are indefeasibly paid in full[3] pursuant to the DIP Credit Agreement and this Final Financing Order (including, for the avoidance of doubt, after expiration of the Challenge Period and denial of all Challenges).

Without limiting the generality of the foregoing, the Debtors are authorized, without further order of this Court, to pay or reimburse the DIP Secured Parties for all past, present and future costs and expenses, including, without limitation, all professional fees, consultant fees, appraisal fees, field examiner fees, and legal fees and expenses, paid or incurred by the DIP Secured Parties in connection with the financing transactions as provided in ~~this~~the Interim Financing Order, this Final Financing Order and the DIP Loan Documents, all of which shall be secured by the Collateral; provided~~,~~ that (a) the U.S. Trustee and the Committee ~~(if appointed)~~ shall have ten (10) days from receipt to review the summary legal invoices of counsel to the DIP Secured Parties incurred after the Petition Date for reasonableness; (b) in the event the U.S. Trustee or the Committee files with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, the undisputed portion of such legal invoice shall be paid without further order of

---

[3]     Any reference herein to the satisfaction or payment in full of the DIP Obligations shall have the meanings set forth in section 1.4 of the DIP Credit Agreement.

(Page | 29)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

the Court, and the portion of such legal invoice subject to such objection shall not be paid until resolution of such objection by the parties or this Court; and (c) in the event neither the U.S. Trustee nor the Committee shall file with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, such legal invoice shall be paid without further order of the Court and shall not be subject to any further review, challenge or disgorgement.

      1.3.5    <u>Continuation of Prepetition Procedures</u>.    Except to the extent expressly set forth in the DIP Loan Documents or as otherwise agreed between the DIP Agent and the Debtors, all prepetition practices and procedures for the payment and collection of proceeds of the Collateral, the turnover of cash, the delivery of property to the DIP Secured Parties by the Debtors and their U.S. and foreign affiliates, and fundings pursuant to the DIP Documents, including deposit account control agreements and any other similar lockbox or blocked depository bank account arrangements, are hereby approved and shall continue without interruption ~~after the commencement of the Cases~~.

      <u>1.4</u>    <u>Proofs of Claim.  Notwithstanding any order entered by this Court in relation to the establishment of a bar date in any of the Cases or any Successor Cases (as defined below) to the contrary, the DIP Secured Parties and the Prepetition Secured Parties shall not be required to file proofs of claim in any of the Cases or Successor Cases for any claims arising</u>

(Page | 30)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

under the DIP Loan Documents or the Prepetition Term Loan Documents. The Debtors' stipulations, admissions, and acknowledgments and the provisions of this Final Financing Order shall be deemed to constitute a timely filed proof of claim for the DIP Secured Parties and the Prepetition Secured Parties with regard to all claims arising under the DIP Loan Documents, the Prepetition Term Loan Documents or this Final Financing Order, as the case may be. Notwithstanding the foregoing, the Prepetition Term Loan Agent on behalf of itself and the Prepetition Secured Parties and the DIP Agent on behalf of itself and the DIP Secured Parties are hereby authorized and entitled, in their sole discretion, but not required, to file (and amend and/or supplement, as they see fit) a proof of claim and/or aggregate or master proofs of claim in each of the Cases or Successor Cases for any claim described herein (with any such aggregate or master proof of claim filed in any of the Cases deemed to be filed in all Cases of each of the Debtors and asserted against all of the applicable Debtors). Any proof of claim filed by the Prepetition Term Loan Agent or the DIP Agent shall be deemed to be in addition to and not in lieu of any other proof of claim that may be filed by any of the Prepetition Secured Parties or the DIP Secured Parties, as applicable.

1.5   ~~1.4~~ **DIP Loan Amendment**. Subject to the terms and conditions of the applicable DIP Loan Documents, the Debtors and the DIP Secured Parties (each in their

(Page | 31)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

respective capacities under the DIP Loan Documents) may amend, modify, supplement or waive any provision of the DIP Loan Documents (a "**DIP Loan Amendment**") without further approval or order of the Court so long as (i) such DIP Loan Amendment is not material (for purposes hereof, a "material" DIP Loan Amendment shall mean~~,~~ any DIP Loan Amendment that operates to increase the interest rate ~~other than as~~ currently provided in the ~~applicable~~ DIP ~~Loan Document~~Credit Agreement, increase the Revolving Credit Maximum Amount (as defined in the DIP Credit Agreement), add specific new events of default or enlarge the nature and extent of default remedies available to any DIP Secured Party following an Event of Default, or otherwise modify any terms and conditions in any DIP Loan Document in a manner materially less favorable to the Debtors) and is undertaken in good faith by any of the DIP Secured Parties and the Debtors, and (ii) the Debtors provide prior written notice of the DIP Loan Amendment to (x) the U.S. Trustee, (y) counsel to the Committee ~~(if any)~~, and (z) counsel to the DIP Agent.  Any material DIP Loan Amendment to the DIP Loan Documents must be approved by the Court to be effective.  All non-material DIP Loan Amendments shall be filed by the Debtors with the Court promptly following the execution thereof.

(Page | 32)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Section 2. <u>Postpetition Liens; Superpriority Administrative Claim Status.</u>

      2.1    <u>DIP Loans – Postpetition Lien Granting</u>.  To secure the prompt payment and performance of any and all DIP Obligations of whatever kind, nature or description, absolute or contingent, now existing or hereafter arising (including, without limitation, the Prepetition Term Loan Obligations rolled into the Term DIP Obligations ~~in accordance with the terms hereof~~), the DIP Agent, for the benefit of itself and the other DIP Secured Parties, ~~shall have~~<u>was granted upon entry of the Interim Financing Order</u> and is hereby granted <u>pursuant to this Final Financing Order on a final basis</u>, effective as of the Petition Date, (i) valid and perfected, priming first priority security interests and liens, superior to all other liens, claims or security interests that any creditor of the Debtors' Estates may have (but subject to the Permitted Liens and Claims (as defined below), as and to the extent expressly provided in Sections ~~2.3~~<u>2.2</u> and 4 below) in and upon all Prepetition Collateral now existing or hereafter acquired and (ii) senior priority security interests and liens, superior to all other liens, claims or security interests that any creditor of the Debtors' Estates may have (but subject to the Permitted Liens and Claims, as and to the extent expressly provided in Sections ~~2.3~~<u>2.2</u> and 4 below), in and upon all other Collateral~~;~~ <s>provided, however, that</s> ~~any lien on property and/or~~<u>, including</u> proceeds recovered as a result of transfers or obligations avoided or actions maintained or taken pursuant to sections 544, 545,

(Page | 33)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

547, 548, 549, 550, 551, and 553 of the Bankruptcy Code ~~shall be subject to entry of the Final Financing Order~~.

2.2    <u>DIP Loan Lien Priority</u>.    The liens and security interests of the DIP Secured Parties granted under the DIP Loan Documents and this ~~Interim~~<u>Final Financing</u> Order ~~in the Collateral~~ shall ~~be and shall continue to~~ be first and senior in priority to all other interests and liens of every kind, nature and description, whether created consensually, by an order of the Court or otherwise, including, without limitation, liens or interests granted in favor of third parties in conjunction with section 363, 364, or any other section of the Bankruptcy Code or other applicable law; <u>provided</u>, <u>however</u>, that the DIP Secured Parties' liens on and security interests in the Collateral shall be subject only to  (i) the Permitted Encumbrances to the extent such Permitted Encumbrances are senior to, and have not been or are subject to being subordinated to, the DIP Agent's liens on and security interests in the Collateral or otherwise avoided, and only for so long <u>and</u> as and to the extent that such Permitted Encumbrances are and remain senior and outstanding and (ii) the Carve Out Expenses solely to the extent provided for in Section ~~2.7~~<u>2.5</u> of this ~~Interim~~<u>Final Financing</u> Order (the foregoing clauses (i) and (ii) are collectively referred to herein as the "**Permitted Liens and Claims**").

2.3    <u>Postpetition Lien Perfection.</u>

(Page | 34)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

2.3.1    This ~~Interim~~Final Financing Order shall be sufficient and conclusive evidence of the priority, perfection and validity of the postpetition liens and security interests granted herein, effective as of the Petition Date, without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the Collateral, or other act to validate or perfect such security interest or lien, including without limitation, control agreements with any deposit bank or with any other financial institution(s) holding a depository account or other account consisting of or containing Collateral (a "**Perfection Act**").  Notwithstanding the foregoing, if the DIP Agent, shall, in its sole discretion, elect for any reason to file, record or otherwise effectuate any Perfection Act, the DIP Agent is authorized to perform such act, and the Debtors are authorized and directed to perform such act to the extent necessary or required by such DIP Agent, which act or acts shall be deemed to have been accomplished as of the date and time of entry of ~~this~~the Interim Financing Order notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file or record any document in regard to such act in accordance with applicable law.  The DIP Agent may choose to file, record or present a certified copy of this ~~Interim~~Final Financing Order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act, and, in such event, the subject

(Page | 35)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

filing or recording office is authorized to accept, file or record such certified copy of this ~~Interim~~Final Financing Order in accordance with applicable law. Should the DIP Agent so choose and attempt to file, record or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the postpetition liens and security interests granted herein by virtue of ~~the entry of~~ this ~~Interim~~Final Financing Order.

        2.3.2   <u>Nullifying Prepetition Restrictions to Postpetition Financing</u>. Notwithstanding anything to the contrary contained in any prepetition agreement, contract, lease, document, note or instrument to which any Debtor is a party or under which any Debtor is obligated, except as otherwise permitted under any DIP Loan Documents, as applicable, any provision that restricts, limits or impairs in any way any Debtor from granting the DIP Agent security interests in or liens upon any of the Debtors' assets or properties (including, among other things, any anti-lien granting or anti-assignment clauses in any leases or other contractual arrangements to which any Debtor is a party) under the DIP Loan Documents or this ~~Interim~~Final Financing Order, as applicable, or otherwise entering into and complying with all of the terms, conditions and provisions hereof or of the DIP Loan Documents, shall not (i) be effective and/or enforceable against any such Debtor(s), the DIP Agent or any other DIP Secured Parties, as

(Page | 36)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

applicable, or (ii) adversely affect the validity, priority or enforceability of the liens, security interests, claims, rights, priorities and/or protections granted to the DIP Agent and the other DIP Secured Parties pursuant to this ~~Interim~~Final Financing Order or the DIP Loan Documents, in each case, to the maximum extent permitted under the Bankruptcy Code and other applicable law.

(Page | 37)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

2.4    <u>Superpriority Administrative Expenses</u>.    For all DIP Obligations (including, without limitation, ~~the~~subject to Section 4.1 of this Final Financing Order, the Prepetition Term Loan Obligations rolled into the Term DIP Obligations ~~in accordance with the terms hereof~~), now existing or hereafter arising pursuant to this ~~Interim~~Final Financing Order, the DIP Loan Documents or otherwise, the DIP Agent, for the benefit of itself and the other DIP Secured Parties (each in their respective capacities under the DIP Loan Documents), ~~is~~was granted upon entry of the Interim Financing Order and under this Final Financing Order on a final basis an allowed superpriority administrative claim pursuant to section 364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other obligations, liabilities and indebtedness of the Debtors, whether now in existence or hereafter incurred by the Debtors, and over any and all administrative expenses or priority claims of the kind specified in, or ordered pursuant to, *inter alia*, sections 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 364(c)(1), 546(c), 726, 1113, or 1114 of the Bankruptcy Code (and ~~subject to entry of the Final Financing Order,~~ priority over all claims brought under sections 506(c) or 552 of the Bankruptcy Code), whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, which allowed superpriority administrative claim shall be payable from and have recourse to all pre- and postpetition property of the Debtors and all

(Page | 38)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

proceeds thereof (the "**Superpriority Claim**"), subject only to the Carve Out Expenses. The Superpriority Claim shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this ~~Interim Order (or, after entry thereof, the~~ Final Financing Order~~)~~ or any provision thereof is vacated, reversed, amended or otherwise modified, on appeal or otherwise.

2.5     Carve Out Expenses.

2.5.1     Carve Out Expenses.  The DIP Secured Parties' liens, claims and security interests in the Collateral and their Superpriority Claim shall each be subject to the following expenses (the "**Carve Out Expenses**"):

a.     statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6);

b.     fees payable to the Clerk of this Court;

c.     fees and expenses of any chapter 7 trustee appointed in any ~~Debtor's bankruptcy cases~~Case, not to exceed, in the aggregate, $10,000;

d.     subject to the terms and conditions of this ~~Interim~~Final Financing Order, Allowed Professional Fees (as defined below) incurred during the period commencing on the Petition Date and ending on the Trigger Date (as defined

(Page | 39)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

below) (the "**Pre-Trigger Date Period**") by attorneys, accountants and other professionals retained by the Debtors and any ~~Committee~~committee(s) (including the Committee) under section 327 or 1103(a) of the Bankruptcy Code (collectively, the "**Professionals**"); provided that the aggregate amount of such Allowed Professional Fees included in the Carve Out Expenses pursuant to this clause (d) shall be the *lesser* of (A) the budgeted amount of Allowed Professional Fees in the DIP Budget for the Pre-Trigger Date Period up to a maximum of $550,000 per week ~~during the Pre-Trigger Date Period~~ for all Professionals and an aggregate of $2,750,000 for all Professionals for all weeks during the Pre-Trigger Date Period and (B) the actual Allowed Professional Fees incurred during the Pre-Trigger Date Period~~;~~, less the sum of all Allowed Professional Fees incurred during the Pre-Trigger Date Period and paid at any time, and any retainers held by any ~~Professional~~Professionals (the "**Pre-Trigger Date Professional Fee Carve Out**"); and

e.      subject to the terms and conditions contained in this ~~Interim~~Final Financing Order, Allowed Professional Fees incurred by Professionals on or after the Trigger Date in an aggregate amount not to exceed $250,000 (the "**Post-Trigger**

(Page | 40)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

**Date Professional Fee Carve Out**," and together with the Pre-Trigger Date Professional Fee Carve Out, collectively, the "**Professional Fee Carve Out**").

For purposes of this ~~Interim~~Final Financing Order, (a) the term "**Allowed Professional Fees**" shall mean the unpaid and outstanding reasonable fees and expenses of Professionals (i) actually incurred on or after the Petition Date and (ii) allowed at any time by a final order of the Court pursuant to sections 326, 328, 330, or 331 of the Bankruptcy Code (but excluding any transaction, restructuring, completion, success or similar fees); and (b) the term "**Trigger Date**" shall mean the date upon which the DIP Agent provides written notice to the Debtors and the Committee of the occurrence of an Event of Default.  In the event that the Trigger Date occurs prior to the end of any week set forth in the DIP Budget, then for purposes of calculating the portion of the Pre-Trigger Date Professional Fee Carve Out available for such week, the amount of the "professional fee" line item in the DIP Budget for such week shall be multiplied by a fraction, the numerator of which shall be the number of days in such week prior to the Trigger Date, and the denominator of which shall be seven (7).

2.5.2    Excluded Professional Fees.    ~~Notwithstanding anything to the contrary in this Interim Order, neither~~Neither the Professional Fee Carve Out nor the proceeds of any DIP Loan or the Collateral shall be used to pay any Allowed Professional Fees or any other

(Page | 41)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

fees or expenses incurred by any Professional in connection with any of the following: (a) an assertion or joinder in (but excluding any investigation into, subject to the Committee Challenge DIP Budget (as defined below)) any claim, counter-claim, action, proceeding, application, motion, objection, defense or other contested matter seeking any order, judgment, determination or similar relief: (i) challenging the legality, validity, priority, perfection, or enforceability of the Prepetition Term Loan Obligations, the DIP Obligations or the prepetition or postpetition liens on and security interests ~~in the Collateral~~ of ~~the DIP Agent and~~ any ~~other~~ DIP Secured ~~Parties, and the~~Party or any Prepetition Secured Party (each a "**Secured Party**," and collectively, the "**Secured** Parties~~,~~").), (ii) invalidating, setting aside, avoiding or subordinating, in whole or in part, the Prepetition Term Loan Obligations, the DIP Obligations or the prepetition or postpetition liens on and security interests ~~in the Collateral of the DIP Agent and any other DIP Secured Parties, and the Prepetition~~of the Secured Parties, or (iii) preventing, hindering or delaying ~~the DIP~~any Secured Parties' assertion or enforcement of any lien, claim, right or security interest or realization upon any Collateral ~~in accordance with the terms and conditions of this Interim Order~~; (b) a request to use Cash Collateral other than as provided in this ~~Interim~~Final Financing Order, without the prior written consent of the DIP Agent; (c) a request for authorization to obtain debtor-in-possession financing or other financial accommodations

(Page | 42)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

pursuant to section 364(c) or 364(d) of the Bankruptcy Code, other than as provided in this ~~Interim~~Final Financing Order, without the prior written consent of the DIP Agent; (d) the commencement or prosecution of any action or proceeding ~~of~~or any claims, causes of action or defenses against ~~the DIP Agent, and Prepetition Term Loan Agent (in any capacity under the Prepetition Term Loan Documents or the DIP Loan Documents, as applicable), or any other DIP Secured Party (in any capacity under the DIP Loan Documents) (each a "~~any Secured Party~~," and collectively, the "Secured Parties"),~~ or any of ~~their~~its respective officers, directors, employees, agents, attorneys, affiliates, successors or assigns, including, without limitation, any attempt to recover or avoid any claim or interest from any Secured Party under chapter 5 of the Bankruptcy Code; or (e) any act which has or could materially and adversely modify or compromise the rights and remedies of any Secured Party, or which results in the occurrence of an Event of Default under the DIP Loan Documents or this ~~Interim~~Final Financing Order.  Notwithstanding the foregoing, up to $25,000 (the "**Committee Challenge DIP Budget**") in the aggregate of the Carve Out Expenses may be used by ~~any~~the Committee ~~(if appointed)~~ to investigate (but not prosecute) an objection in accordance with, and subject to, Section 4.1 of this ~~Interim Order.~~Final Financing Order; provided, however, that any fees and/or expenses in excess of the Committee Challenge DIP Budget incurred by the Committee and allowed by the Court under

(Page | 43)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

sections 328, 330, 331 and/or 503(b) of the Bankruptcy Code shall constitute administrative expenses payable under any chapter 11 plan.  Except as provided otherwise in this Final Financing Order, the foregoing restrictions do not apply to, and are not intended to prevent (directly or indirectly), the Committee's ability to take positions adverse to the DIP Lenders, DIP Agent, or the Prepetition Secured Parties in these Cases or any challenge or objection to the sale of the Debtors' assets.

2.6    <u>Carve Out Reserve</u>.  The DIP Agent, at its discretion, may at any time and in any increment, establish a reserve (the "**Reserve**") against the amount of DIP Loans or other credit accommodations, as applicable, that would otherwise be made available to the Debtors pursuant to the lending formulae contained in the DIP Loan Documents in respect of the Carve Out Expenses set forth in Section ~~2.7~~2.5; <u>provided</u> that the Reserve shall be reduced on a dollar-for-dollar basis with any reduction of the Carve Out Expenses.

2.7    <u>Payment of Carve Out Expenses</u>.

2.7.1    Prior to the Trigger ~~Date and subject to the terms and conditions contained in this Interim Order~~, the Debtors shall be authorized to utilize a portion of the DIP Loans and Cash Collateral made available to the Debtors in accordance with the DIP Budget and the terms and conditions of the DIP Loan Documents and this ~~Interim~~Final Financing Order to

(Page | 44)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

fund Allowed Professional Fees up to the amounts set forth in the DIP Budget.  Any such amounts paid prior to the Trigger Date shall permanently reduce the Pre-Trigger Date Professional Fee Carve Out on a dollar-for-dollar basis.

2.7.2   Any payment or reimbursement made either directly by the DIP Secured Parties at any time, or by or on behalf of the Debtors on or after the Trigger Date in respect of any Allowed Professional Fees prior to or after the Trigger Date shall permanently reduce the Professional Fee Carve Out and Reserve, each on a dollar-for-dollar basis.  Any funding by any of the DIP Secured Parties of the Professional Fee Carve Out or any other Carve Out Expenses shall be added to and made a part of the DIP Obligations, secured by the Collateral, and entitle the DIP Secured Parties to all of the rights, claims, liens, priorities and protections under this ~~Interim~~Final Financing Order, the applicable DIP Loan Documents, the Bankruptcy Code or applicable law.  Payment of any Carve Out Expenses, whether by or on behalf of any DIP Secured Party, shall not and shall not be deemed to reduce the DIP Obligations, and shall not and shall not be deemed to subordinate any DIP Secured Parties' liens and security interests in the Collateral or their Superiority Claim to any junior pre- or postpetition lien, interest or claim in favor of any other party.  The DIP Secured Parties shall not, under any circumstance, be responsible for the direct payment or reimbursement of any fees or

(Page | 45)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

disbursements of any Professionals incurred in connection with the Cases under any chapter of the Bankruptcy Code, and nothing in Section 2.7 of this ~~Interim~~Final Financing Order shall be construed to obligate any of the DIP Secured Parties in any way, to pay compensation to or to reimburse expenses of any Professional, or to ensure that the Debtors have sufficient funds to pay such compensation or reimbursement. For the avoidance of doubt, the DIP Agent may satisfy its obligation to fund any Carve Out Expenses or the Post-Trigger Date Professional Fee Carve Out by depositing into escrow or by permitting the Debtors (in the DIP Agent's sole discretion) to utilize Cash Collateral to deposit into escrow with counsel for the Debtors or with an escrow agent mutually acceptable to the ~~parties~~Debtors and the Committee, the Carve Out Expenses, including the Post-Trigger Date Professional Fee Carve Out, at which time the DIP Agent shall be automatically released and forever discharged from any obligation to fund the Carve Out Expenses or the Post-Trigger Date Professional Fee Carve Out. ~~If~~No funds escrowed for the Professional Fee Carve Out shall be used for any purpose other than payment of Allowed Professional Fees in accordance with, the terms and conditions of this Final Financing Order. Nevertheless, if any funds escrowed for Carve Out Expenses are used for any purpose other than for payment of ~~Allowed Professional Fees~~Carve Out Expenses subject to, and in accordance with, the terms and conditions of this ~~Interim~~Final Financing Order, the amount of such funds so

(Page | 46)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

used shall nevertheless permanently reduce the amount of the Carve Out Expenses on a dollar-for-dollar basis. For the avoidance of doubt, nothing herein shall be construed to impair the ability of any party to object to the fees, expenses, reimbursement or compensation described herein.

### 2.8 Use of Cash Collateral; Adequate Protection.

2.8.1 <u>Authorization to Use Cash Collateral</u>. For the avoidance of doubt, to the extent any cash constitutes Cash Collateral subject to the prepetition liens and security interests granted to the Prepetition Secured Parties (each in their capacities under the Prepetition Term Loan Documents), the Debtors ~~shall be and~~<u>were pursuant to the Interim Financing Order and pursuant to this Final Financing Order on a final basis</u> are hereby authorized to use such Cash Collateral, including any Eligible Cash in the Eligible Cash Account, but solely in accordance with the DIP Loan Documents (including the DIP Budget) and this ~~Interim~~<u>Final Financing</u> Order. Nothing in this ~~Interim~~<u>Final Financing</u> Order shall authorize the disposition of any assets of the Debtors or their Estates outside the ordinary course of business, or any Debtor's use of Cash Collateral or other proceeds resulting therefrom, except as permitted in this ~~Interim~~<u>Final Financing</u> Order, the DIP Loan Documents and in accordance with the DIP Budget, subject to any permitted variances as and to the extent set forth in the DIP Loan Documents.

(Page | 47)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

~~2.8.2 Treatment of Certain Cash Collateral.  Immediately after the effective date of the DIP Credit Agreement, funds referred to in Section 5(a)(iii) of the Amendment shall be applied by the DIP Agent as provided in Section 2.4(e)(i)(A) of the DIP Credit Agreement.~~

2.8.2 ~~2.8.3~~ Authorization to use Eligible Cash.  For the avoidance of doubt and subject to the terms of the DIP Credit Agreement, at the ~~Debtor's~~Debtors' option, not more than once per week and upon not less than one (1) Business Day's prior written notice to the DIP Agent, the ~~Debtor~~Debtors may request from the Eligible Cash Account a distribution of Eligible Cash.  The DIP Agent shall distribute such Eligible Cash to the Designated Account as long as (i) no Default or Event of Default has occurred and is continuing or would result therefrom, (ii) the Eligible Cash Account contains Eligible Cash sufficient to make such distribution, (iii) immediately before and after giving effect to such distribution the Total Revolving Outstandings are $0.00, (iv) the Debtor has delivered to the DIP Agent a Borrowing Base Certificate as of the date of such proposed withdrawal reflecting that, after giving effect to such withdrawal, the Total Outstandings do not exceed the Line Cap and (v) after giving effect to such withdrawal, the amount of cash, Cash Equivalents, Collections or amounts credited to all DDAs or Securities Accounts of the Domestic Loan Parties and their Domestic Subsidiaries (for

(Page | 48)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

the avoidance of doubt, other than the Eligible Cash Account) shall not exceed for all such DDAs and Securities Accounts the sum of (x) $1,500,000 and (y) the Budgeted Disbursement Amount for the week in which such withdrawal is made.

2.8.3 ~~2.8.4~~ Replacement Liens. As adequate protection for ~~the~~any diminution in value of ~~their~~the Prepetition Secured Parties' interests in the Collateral (including Cash Collateral) as either agreed by the Debtors, the DIP Agent and the Committee or as otherwise determined by the Court, including any diminution on account of the Debtors' use of such Collateral (including Cash Collateral), the imposition of the automatic stay and the subordination to the Carve Out Expenses, the Prepetition Term Loan Agent, for the benefit of itself and Prepetition Term Loan Lenders (each in their respective capacities under the Prepetition Term Loan Documents), was granted upon entry of the Interim Financing Order and is hereby granted pursuant to this Final Financing Order on a final basis, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all Collateral, which liens can only be asserted in the event of a successful Challenge as set forth in Section 4.1 of the Final Financing Order that results in recharacterization of any rolled-up Term DIP Obligations into Prepetition Term Loan Obligations (the "**Term Loan Replacement Lien**").  The Term Loan Replacement Lien shall be

(Page | 49)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

subject and subordinate to (i) the Permitted Liens and Claims and (ii) the liens and security interests granted to the DIP Secured Parties in the Collateral securing the DIP Obligations, and shall otherwise be senior to all other security interests in, liens on, or claims against any of the Collateral.

2.8.4 ~~2.8.5~~ Section 507(b) Priority Claims.  As adequate protection for ~~the~~any diminution in value of ~~their~~the Prepetition Secured Parties' interests in the Collateral (including Cash Collateral) as either agreed by the Debtors, the DIP Agent and the Committee or as otherwise determined by the Court, including any diminution on account of the Debtors' use of such Collateral (including Cash Collateral), the imposition of the automatic stay and the subordination to the Carve Out Expenses, the Prepetition Term Loan Agent, for the benefit of itself and Prepetition Term Loan Lenders (each in their respective capacities under the Prepetition Term Loan Documents), was granted upon entry of the Interim Financing Order and is hereby granted, pursuant to this Final Financing Order on a final basis, as and to the extent provided by section 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Cases and any Successor Cases (as defined below), which claim can only be asserted in the event of a successful Challenge as set forth in Section 4.1 of the Final Financing Order that results in recharacterization of any rolled-up Term DIP Obligations into

(Page | 50)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Prepetition Term Loan Obligations (the "**Adequate Protection Superpriority Claim**"). The

Adequate Protection Superpriority Claim shall be subject to the Permitted Liens and Claims and

the Superpriority Claim of the DIP Secured Parties, and shall otherwise have priority over all

administrative expense claims and unsecured claims against the Debtors and their Estates now

existing or hereafter arising, of any kind or nature whatsoever.

2.8.5 ~~2.8.6~~ Additional Adequate Protection.

(1)     Fees and Expenses. As further adequate protection, the Debtors

are authorized to pay, without further Court order, reasonable and documented legal fees and

expenses, incurred before the Petition Date, of counsel to the Prepetition Term Loan Agent (in its

capacity under the Prepetition Term Loan Documents) then owing under the Prepetition Credit

Agreement. In addition, the Debtors are authorized to pay, without further Court order,

reasonable and documented legal fees and expenses, incurred after the Petition Date, of counsel

to the Prepetition Term Loan Agent (in its capacity under the Prepetition Term Loan

Documents); provided~~,~~ that (a) the U.S. Trustee and the Committee shall have ten (10) days

from receipt to review the summary legal invoices of such counsel, and (b) in the event the U.S.

Trustee or Committee files with this Court an objection to any such legal invoice within ten (10)

days of its receipt thereof, the undisputed portion of such legal invoice shall be paid without

(Page | 51)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

further order of the Court whereas the portion of such legal invoice subject to such objection shall not be paid until resolution of such objection by this Court and (c) in the event neither the U.S. Trustee nor the Committee shall file with this Court an objection to any such legal invoice within ten (10) days of its receipt thereof, such legal invoice shall be paid without further order of the Court and shall not be subject to any further review, challenge or disgorgement.

(2)    *Adequate Protection Payments*.  As further adequate protection, the Prepetition Term Loan Agent, on behalf of itself and the other Prepetition Secured Parties, shall receive~~, upon entry of this Interim Order,~~ at any time and for so long as any Prepetition Term Loan Obligations remain outstanding, monthly adequate protection payments, as and when due under the applicable Prepetition Term Loan Documents equal to the interest at the contractual non-default rate that would otherwise be owed to the Prepetition Secured Parties under the Prepetition Term Loan Documents ~~during such monthly period in respect of~~ the Prepetition Term Loan Obligations, until such time as the Prepetition Term Loan Obligations are indefeasibly paid in full or constitute DIP Obligations ~~for all purposes~~ and ~~in either case~~ are no longer subject to ~~challenge~~any Challenge (as defined below).  Any such payments may be subject to disgorgement or recharacterization as principal ~~repayment~~repayments to the extent of a successful, final, and non-appealable Challenge ~~(as defined below)~~, to the extent ordered by the Court.

(Page | 52)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

(3)    <u>Information Rights</u>. The Debtors shall promptly provide ~~the Prepetition Term Loan Agent with~~ all required financial reporting and other periodic reporting that is required to be provided to the DIP Agent under the DIP Loan Documents <u>to the Prepetition Term Loan Agent and the Committee</u>.

Section 3.<u>Default; Rights and Remedies; Relief from Stay</u>.

3.1    <u>Events of Default</u>.  The occurrence of any of the following events shall constitute an "**Event of Default**" under this ~~Interim~~<u>Final Financing</u> Order:

a.    Any Debtor's failure to perform, in any respect, any of the terms, conditions or covenants or their obligations under this ~~Interim~~<u>Final Financing</u> Order; or

b.    An "Event of Default" under the DIP Credit Agreement or any of the other DIP Loan Documents~~.~~<u>; provided that, for the avoidance of doubt, timely filing of a motion by the Committee seeking standing to file a Challenge on or before expiration of the Challenge Period, which attaches the proposed complaint for any Challenge, shall not on its own constitute an Event of Default.</u>

3.2    <u>Rights and Remedies Upon Event of Default</u>.  Upon the occurrence of and during the continuance of an Event of Default, (i) the Debtors shall be bound by all restrictions,

(Page | 53)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

prohibitions and other terms as provided in this ~~Interim~~Final Financing Order and the DIP Loan Documents, and (ii) the DIP Agent shall be entitled to take any act or exercise any right or remedy (subject to Section 3.5 below) as provided in this ~~Interim~~Final Financing Order or any DIP Loan Document, as applicable, including, without limitation, declaring all DIP Obligations immediately due and payable, accelerating the DIP Obligations, ceasing to extend Revolving DIP Loans, setting off any DIP Obligations (including, without limitation, the Prepetition Term Loan Obligations rolled into the Term DIP Obligations ~~in accordance with the terms hereof~~) with Collateral or proceeds in the DIP Agent's possession, and enforcing any and all rights with respect to the Collateral. The DIP Agent and any other DIP Secured Parties shall have no obligation to lend or advance any additional funds to or on behalf of the Debtors, or provide any other financial accommodations to the Debtors, immediately upon or after the occurrence of an Event of Default or upon the occurrence of any act, event, or condition that, with the giving of notice or the passage of time, or both, would constitute an Event of Default.

3.3    Expiration of Revolving DIP Loan Commitment or Maturity of the DIP Loans. Upon the expiration of the Debtors' authority to borrow and obtain other credit accommodations from the DIP Secured Parties pursuant to the terms of this ~~Interim~~Final Financing Order and the DIP Loan Documents (except if such authority shall be extended with

(Page | 54)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

the prior written consent of the DIP Agent, which consent shall not be implied or construed from any action, inaction or acquiescence by the DIP Secured Parties), or upon maturity of the DIP Loans, unless an Event of Default set forth in Section 3.1 above occurs sooner and the automatic stay has been lifted or modified pursuant to Section 3.5 of this ~~Interim~~Final Financing Order, all of the DIP Obligations shall immediately become due and payable, and the DIP Agent and any other DIP Secured Party (each in their respective capacities under the DIP Loan Documents) shall be automatically and completely relieved from the effect of any stay under section 362 of the Bankruptcy Code, any other restriction on the enforcement of its liens upon and security interests in the Collateral or any other rights granted to the DIP Secured Parties pursuant to the terms and conditions of the DIP Loan Documents or this ~~Interim~~Final Financing Order, and the DIP Agent, acting on behalf of itself and the other DIP Secured Parties (each in their respective capacities under the DIP Loan Documents), shall be and is hereby authorized, in its sole discretion, to take any and all actions and remedies provided to it in this ~~Interim~~Final Financing Order, the DIP Loan Documents or applicable law which the DIP Agent (in its capacity under the DIP Loan Documents) may deem appropriate and to proceed against and realize upon the Collateral or any other property of the Debtors' Estates.

3.4    [Reserved.]

(Page | 55)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

3.5    <u>Relief from Automatic Stay</u>.  The automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable law are hereby modified and vacated without further notice, application or order of the Court to the extent necessary to permit the DIP Agent and each DIP Secured Party to perform any act authorized or permitted under or by virtue of this ~~Interim~~Final Financing Order, or the DIP Loan Documents, as applicable, including, without limitation, (a) to implement the postpetition financing arrangements authorized by this ~~Interim~~Final Financing Order and pursuant to the terms of the DIP Loan Documents, (b) to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Collateral, as applicable, and (c) to assess, charge, collect, advance, deduct and receive payments with respect to the DIP Obligations, as applicable, including, without limitation, all interests, fees, costs and expenses permitted under the DIP Loan Documents, and apply such payments to the DIP Obligations pursuant to the DIP Loan Documents and this ~~Interim~~Final Financing Order, as applicable~~, and (d) subject to the terms and conditions of this Section 3.5, immediately upon the occurrence of an Event of Default, to take any action and exercise all rights and remedies provided to it by this Interim Order, the DIP Loan Documents, or applicable law other than those rights and remedies against the Collateral as provided in the following sentence~~.  In addition, upon the occurrence of an

(Page | 56)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Event of Default and after providing five (5) business days' (the "**Default Notice Period**") prior written notice (the "**Enforcement Notice**") to counsel for the Debtors, counsel for the Committee ~~(if any)~~, and the U.S. Trustee, the DIP Agent, acting on behalf of itself and the DIP Secured Parties, shall be entitled to take any action and exercise all rights and remedies provided to it by this ~~Interim~~Final Financing Order, the DIP Loan Documents or applicable law as the DIP Agent may deem appropriate in its sole discretion to proceed against and realize upon the Collateral or any other assets or properties of Debtors' Estates upon which the DIP Agent, for the benefit of itself and the DIP Secured Parties, has been or may hereafter be granted liens or security interests to obtain the full and indefeasible repayment of all DIP Obligations. ~~Notwithstanding anything to the contrary~~For the avoidance of doubt, any action taken by the DIP Agent to (A) terminate the commitments under the DIP Loan Documents, (B) accelerate the DIP Loans, (C) send blocking notices or activation notices to any depository bank, and (D) repay any amounts owing in respect of the DIP Obligations (including, without limitation, fees, indemnities and expense reimbursements), in each case, shall not require any advance notice to the Debtors. In any hearing regarding the exercise of rights or remedies (which hearing must take place during the Default Notice Period), the only issue that may be raised by any party in opposition thereto shall be whether, in fact, an Event of Default has occurred and is continuing. The Debtors shall

(Page | 57)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

not be entitled to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to the extent such relief would in any way impair or restrict the rights and remedies of the DIP ~~Agents~~Agent or the other DIP Secured Parties set forth in this ~~Interim~~Final Financing Order or the DIP Loan Documents; provided, further, that during the Default Notice Period, the Debtors shall be entitled to use Cash Collateral solely for payment of the following DIP Budget expenses due and payable during such the Default Notice Period: any accrued and unpaid employee wage, benefit or independent contractor obligations ~~and~~, sales and ~~uses~~use taxes and payroll taxes included in the DIP Budget through the ~~Termination~~Trigger Date and any such other amounts consented to by the DIP Agent, in its sole discretion.

Section 4. Representations; Covenants; and Waivers.

4.1     Objections to Prepetition Term Loan Obligations.     Notwithstanding anything to the contrary in this ~~Interim~~Final Financing Order, any action, claim, defense, complaint, motion or other written opposition (hereinafter, a "**Challenge**") that seeks to object to, challenge, contest or otherwise invalidate or reduce, whether by setoff, recoupment, counterclaim, deduction, disgorgement or claim of any kind: (a) the existence, validity or amount of the Prepetition Term Loan Obligations, or (b) the extent, legality, validity, perfection or enforceability of the Prepetition Secured Parties' prepetition liens on and security interests in the

(Page | 58)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Prepetition Collateral, must be properly filed with the Court by any ~~party in interest~~party-in-interest, including ~~any~~the Committee, with requisite standing ~~within seventy-five (75) days (the "**Challenge Period**") from the date of entry of this Interim Order (and subject to entry of the Final Financing Order, such Challenge must be properly filed~~ by the earlier of (y) seventy-five (75) calendar days from the date of entry of ~~this~~the Interim Financing Order, and (z) the hearing on the sale of substantially all of the Debtors' assets~~). If any such Challenge is timely filed and successfully pursued, nothing in this Interim Order shall prevent the Court from granting appropriate relief with respect to the Prepetition Obligations or the Prepetition Secured Parties' liens on and security interests in the Prepetition Collateral~~ (the "**Challenge Period**"). If no Challenge is timely filed, or if a Challenge is timely filed but denied, (a) the Prepetition Obligations shall be deemed allowed in full, shall not be subject to any setoff, recoupment, counterclaim, deduction or claim of any kind, and shall not be subject to any further objection or challenge by any party at any time (including, without limitation, the Prepetition Obligations rolled into DIP Obligations ~~pursuant to this~~in accordance with the Interim Financing Order), and the Prepetition Secured Parties' prepetition liens on and security interest in the Prepetition Collateral shall be deemed legal, valid, perfected, enforceable, and non-avoidable for all purposes and of first and senior priority, subject to only the Permitted Encumbrances, as

(Page | 59)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

applicable, and (b) the Prepetition Secured Parties and each of their respective participants, agents, officers, directors, employees, attorneys, professionals, successors, and assigns shall be deemed released and discharged from any and all claims and causes of action related to or arising out of the Prepetition Term Loan Documents and shall not be subject to any further objection or challenge by any party at any time (including, but not limited to, a trustee, responsible individual, examiner with expanded powers, or other representative of the Debtors' estates). In the event the ~~Chapter 11~~ Cases are converted to chapter 7 prior to expiration of the Challenge Period and the Committee commencing a Challenge, (a) the chapter 7 trustee shall have until the later of expiration of the Challenge Period and the twentieth (20th) day after the conversion of the ~~Chapter 11~~ Cases to chapter 7 to commence a Challenge. If the Committee has ~~asserted~~commenced a Challenge prior to expiration of the Challenge ~~Deadline~~Period, the chapter 7 trustee may stand in the shoes of the Committee in such Challenge. The timely filing of a motion by the Committee seeking standing to file a Challenge on or before expiration of the Challenge Period, which attaches the proposed complaint for any Challenge, shall toll the Challenge Period only as to the Committee and the Challenge asserted in such proposed complaint until two business days after such standing motion is resolved and adjudicated by the Court~~, provided, the Committee seeks a hearing on any standing motion on an expedited basis~~.

(Page | 60)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

4.2     If any Challenge is timely filed prior to the expiration of the Challenge Period, (a) the stipulations and admissions contained in this ~~Interim~~Final Financing Order shall nonetheless remain binding and preclusive on the Committee and any other party in these ~~Chapter 11~~ Cases, including any trustee, except as to any stipulations or admissions that are challenged in such Challenge and any other objections or claims shall be forever barred; provided that, if and to the extent any ~~challenges~~Challenge to a particular stipulation or admission ~~are~~is withdrawn, denied or overruled by a final non-appealable order, such stipulation or admission also shall be binding on all parties.

4.3     Upon a successful Challenge brought pursuant to this Section 4, including but not limited to a Challenge to the liens held by the Prepetition Secured Parties for obligations included in the roll-ups granted in ~~this~~the Interim Financing Order, the Court may fashion an appropriate remedy, including avoidance, recovery, claw back or disgorgement.

4.4     Nothing in this ~~Interim~~Final Financing Order vests or confers on any person (as defined in the Bankruptcy Code), including the Committee, standing or authority to pursue any cause of action belonging to the Debtors or their estates, including, without limitation, any Challenge.

(Page | 61)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

4.5     Nothing contained ~~in this Section 4.1 or otherwise~~herein shall or shall be deemed or construed to impair, prejudice or waive any rights, claims or protections afforded to the DIP Secured Parties in connection with all DIP Obligations provided by the DIP Secured Parties to the Debtors in reliance on section 364(e) of the Bankruptcy Code and in accordance with the terms and provisions of ~~this~~the Interim Financing Order, this Final Financing Order and the DIP Loan Documents.

4.6     <u>Debtors' Waivers</u>.  At all times during the Cases, and whether or not an Event of Default has occurred, the Debtors irrevocably waive any right that they may have to seek authority (i) to use Cash Collateral under section 363 of the Bankruptcy Code other than as expressly provided for in this ~~Interim~~Final Financing Order, (ii) to obtain postpetition loans or other financial accommodations pursuant to section 364(c) or (d) of the Bankruptcy Code, other than as expressly provided for in this ~~Interim~~Final Financing Order or as may be otherwise expressly permitted pursuant to the DIP Loan Documents, (iii) to challenge the application of any payments authorized by this ~~Interim~~Final Financing Order as pursuant to section 506(b) of the Bankruptcy Code, or to assert that the value of the Prepetition Collateral is less than the Prepetition Term Loan Obligations, (iv) to propose, support or have a plan of reorganization or liquidation that does not provide for the indefeasible payment in cash in full and satisfaction of

(Page | 62)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

all DIP Obligations on the effective date of such plan in accordance with the terms and conditions set forth in the DIP Loan Documents, or (v) to seek relief under the Bankruptcy Code, including without limitation, under section 105 of the Bankruptcy Code, to the extent any such relief would in any way restrict or impair the rights and remedies of the DIP Agent or any DIP Secured Party as provided in this ~~Interim~~Final Financing Order and the DIP Loan Documents or any DIP Agent's or any DIP Secured Parties' exercise of such rights or remedies; provided, however, that the DIP Agent may otherwise consent in writing, but no such consent shall be implied from any other action, inaction, or acquiescence by the DIP Agent or any DIP Secured Party, and the consent of the DIP Agent shall be required to relieve the Debtors of their obligations under this Section ~~4.2~~4.6.

4.7    Section 506(c) Claims.

4.7.1    ~~Subject to entry of the Final Financing Order, no~~No costs or expenses of administration which have or may be incurred in the Cases at any time shall be charged against or recovered from the ~~DIP Secured Parties or the Prepetition~~ Secured Parties, or their respective claims or Collateral, pursuant to section 506(c) of the Bankruptcy Code without the prior written consent of  the applicable Agent, and no such consent shall be implied from any

(Page | 63)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

other action, inaction or acquiescence by any ~~Agent or any DIP Security Party or any Prepetition~~ Secured Party.

    4.8    <u>Collateral Rights</u>.

    4.8.1   Until all of the DIP Obligations shall have been indefeasibly paid and satisfied in full:

    1)    except to the extent permitted in this ~~Interim~~<u>Final Financing</u> Order and the DIP Loan Documents, no other party shall foreclose or otherwise seek to enforce any junior lien or claim in any Collateral; and

    2)    upon and after the declaration of the occurrence of an Event of Default, the DIP Agent (or any of its employees, agents, consultants, contractors or other professionals) shall have the right, at the sole cost and expense of the Debtors, to: (i) enter upon, occupy and use any real or personal property, fixtures, equipment, leasehold interests or warehouse arrangements owned or leased by the Debtors and (ii) use any and all trademarks, tradenames, copyrights, licenses, patents or any other similar assets of the Debtors, which are owned by or subject to a lien of any third party and which are used by the Debtors in their businesses.  The DIP Agent and the other DIP Secured Parties will be responsible for payment of any applicable fees, rentals, royalties or other amounts due any lessor, licensor or owner of such

(Page | 64)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

property for the period of time that DIP Agent actually uses the equipment or the intellectual property (but in no event for any accrued and unpaid fees, rentals or other amounts due for any period prior to the date that DIP Agent actually occupies or uses such assets or properties).

4.9     Releases.

4.9.1    In consideration of the DIP Agent and the DIP Secured Parties making the DIP Loans and providing other credit and financial accommodations to the Debtors pursuant to the provisions of the DIP Loan Documents ~~and this Interim Order~~, each Debtor, on behalf of itself and its successors and assigns, (collectively, the "**Releasors**"), ~~shall,~~has forever ~~release, discharge and acquit~~released, discharged and acquitted each DIP Secured Party and each Prepetition Secured Party (solely in their capacities as such), and their respective successors and assigns, and their present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees and other representatives (each in their capacities as such) (collectively, the "**Releasees**") of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, of every kind, nature and description, including, without limitation, any so-called "lender liability" claims or defenses, that the Releasors had, have or hereafter can or may have against the Releasees as of the date hereof, in respect of events that occurred on or prior to the date hereof

(Page | 65)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

with respect to the Debtors, the Prepetition Term Loan Obligations, the Prepetition Term Loan Documents, the DIP Loan Documents and any loans (as set forth in the Prepetition Term Loan Documents) or other financial accommodations made by the Prepetition Secured Parties to the Debtors pursuant to the Prepetition Term Loan Documents.  In addition, upon the repayment of all DIP Obligations owed to the DIP Secured Parties by the Debtors, and termination of the rights and obligations arising under the DIP Loan Documents (which payment and termination shall be on terms and conditions acceptable to the DIP Agent), the DIP Secured Parties shall be released from any and all obligations, liabilities, actions, duties, responsibilities and causes of action arising or occurring in connection with or related to the Debtors, the DIP Loan Documents, ~~this~~the Interim Financing Order, ~~any extended Interim Order or the~~this Final Financing Order, and the costs and expenses of the Debtors' Cases (including without limitation any obligation or responsibility ~~(~~, whether direct or indirect, absolute or contingent, due or not due, primary or secondary, liquidated or unliquidated~~)~~, to pay or otherwise fund any chapter 11 expenses, the Carve Out Expenses in accordance with Section ~~2.7~~2.5 of this ~~Interim~~Final Financing Order or otherwise), on terms and conditions acceptable to the DIP Agent.

Section 5.Other Rights and DIP Obligations.

(Page | 66)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

5.1    No Modification or Stay of this ~~Interim~~Final Financing Order. Notwithstanding (i) any stay, modification, amendment, supplement, vacating, revocation or reversal of this ~~Interim~~Final Financing Order, the DIP Loan Documents or any term hereunder or thereunder, or (ii~~) the failure to obtain a Final Financing Order pursuant to Bankruptcy Rule 4001(c)(2), or (iii~~) the dismissal or conversion of one or more of the Cases (each, a "**Subject Event**"), (x) the acts taken by each DIP Secured Party in accordance with this ~~Interim~~Final Financing Order, and (y) the DIP Obligations incurred or arising prior to the DIP Agent's actual receipt of written notice from the Debtors expressly describing the occurrence of such Subject Event shall, in each instance, be governed in all respects by the ~~original~~ provisions of this ~~Interim~~Final Financing Order, and the acts taken by each DIP Secured Party in accordance with this ~~Interim~~Final Financing Order, and the liens granted to each DIP Secured Party in the Collateral, as applicable, and all other rights, remedies, privileges, and benefits in favor of each DIP Secured Party pursuant to this ~~Interim~~Final Financing Order and the DIP Loan Documents shall remain valid and in full force and effect pursuant to section 364(e) of the Bankruptcy Code. For purposes of this ~~Interim~~Final Financing Order, the term "appeal," as used in section 364(e) of the Bankruptcy Code, shall be construed to mean any proceeding for reconsideration,

(Page | 67)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

amending, rehearing, or re-evaluating this ~~Interim~~Final Financing Order by this Court or any other tribunal.

5.2     Power to Waive Rights; Duties to Third Parties.

5.2.1     The DIP Agent shall have the right to waive any of the terms, rights and remedies provided or acknowledged in this ~~Interim~~Final Financing Order in respect of the DIP Secured Parties (the "**Lender Rights**"), and shall have no obligation or duty to any other party with respect to the exercise or enforcement, or failure to exercise or enforce, any Lender Right(s).  Any waiver by the DIP Agent of any Lender Rights shall not be or constitute a continuing waiver.  Any delay in or failure to exercise or enforce any Lender Right shall neither constitute a waiver of such Lender Right, subject the DIP Agent or any DIP Secured Party to any liability to any other party, nor cause or enable any other party to rely upon or in any way seek to assert as a defense to any obligation owed by the Debtors to the DIP Agent or any DIP Secured Party such delay or failure.

5.3     Disposition of Collateral.

5.3.1     Subject to the terms and conditions of the DIP Loan Documents and this ~~Interim~~Final Financing Order, the Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral without the prior written consent of the DIP

(Page | 68)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by the DIP Agent or any DIP Secured Party) and an order of this Court, except for sales of the Debtors' Inventory in the ordinary course of their business. The Debtors shall remit to the DIP Agent, or cause to be remitted to the DIP Agent, all proceeds of ~~the~~ Collateral for application by the DIP Agent to the DIP Obligations, in such order and manner as the DIP Agent may determine in its discretion, in accordance with the terms of this ~~Interim~~Final Financing Order and the DIP Loan Documents.

5.4     Inventory. Debtors shall not, without the consent of the DIP Agent, (a) enter into any agreement to return any inventory to any of their creditors for application against any prepetition indebtedness under any applicable provision of section 546 of the Bankruptcy Code, or (b) consent to any creditor taking any setoff against any of its prepetition indebtedness based upon any such return pursuant to section 553(b)(1) of the Bankruptcy Code or otherwise.

5.5     Reservation of Rights. The terms, conditions and provisions of this ~~Interim~~Final Financing Order are in addition to, and without prejudice to the rights of each of the DIP Secured Parties and the Prepetition Secured Parties, to pursue any and all rights and remedies under the Bankruptcy Code, the Prepetition Term Loan Documents, the DIP Loan Documents or any other applicable agreement or law, including, without limitation, the rights to

(Page | 69)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

seek adequate protection and/or additional or different adequate protection, to seek relief from the automatic stay, to seek an injunction, to oppose any request for use of Cash Collateral or granting of any interest in the Collateral or priority in favor of any other party, to object to any sale of assets, and to object to applications for allowance and/or payment of compensation of Professionals or other parties seeking compensation or reimbursement from the Estate.

5.6     Binding Effect.

5.6.1     The provisions of this ~~Interim~~Final Financing Order and the DIP Loan Documents, the DIP Obligations, the Superpriority Claim, and any and all rights, remedies, privileges and benefits in favor of each DIP Secured Party provided or acknowledged in this ~~Interim~~Final Financing Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this ~~Interim~~Final Financing Order pursuant to Bankruptcy Rules 6004(~~g~~h) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including without limitation any order which may be entered confirming any plan of reorganization, converting one or more of the Cases to any other chapter under the Bankruptcy Code, or dismissing one or more of the Cases.

5.6.2     Any order dismissing one or more of the Cases under section 1112 or otherwise shall be deemed to provide (in accordance with sections 105 and 349 of the

(Page | 70)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Bankruptcy Code) that (a) the Superpriority Claim and DIP Secured Parties' liens on and security interests in the Collateral shall continue in full force and effect notwithstanding such dismissal until the DIP Obligations are indefeasibly paid and satisfied in full, and (b) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the Superpriority Claim and liens in the Collateral.

~~5.6.3 In the event this Court modifies any of the provisions of this Interim Order or the DIP Loan Documents following a Final Hearing, (a) such modifications shall not affect the rights or priorities of the DIP Secured Parties pursuant to this Interim Order with respect to the Collateral or any portion of the DIP Obligations which arises or is incurred or is advanced prior to such modifications, and (b) this Interim Order shall remain in full force and effect except as specifically amended or modified at such Final Hearing.~~

5.6.3   ~~5.6.4~~ This ~~Interim~~Final Financing Order shall be binding upon the Debtors, all parties-in-interest in the Cases and their respective successors and assigns, including any trustee or other fiduciary appointed in the Cases or any subsequently converted bankruptcy case(s) of any Debtor~~. This Interim~~ or any other proceedings superseding or related to any of the foregoing (collectively, the "**Successor Cases**").  This Final Financing Order shall also inure to the benefit of each DIP Secured Party, and each Debtor and its respective successors and assigns.

(Page | 71)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

5.7    Restrictions on Cash Collateral Use, Additional Financing, Plan

Treatment.

5.7.1    All postpetition advances and other financial accommodations

under the DIP Loan Documents were made and are made in reliance on ~~this~~the Interim Financing

Order and this Final Financing Order, as applicable, and as such, the Debtors (together with the

Debtors' successors and assigns, including, without limitation, any chapter 11 trustee or chapter

7 trustee appointed in any Debtor's ~~bankruptcy case~~Case) irrevocably waive the right to, seek at

any time from this Court, or in any subsequently converted case under chapter 7 of the

Bankruptcy Code, any order ~~(other than the Final Financing Order)~~ which (a) authorizes the use

of Cash Collateral of the Debtors in which the DIP Secured Parties have an interest, or the sale,

lease, or other disposition of property of any Debtor's Estate in which the DIP Secured Parties

have a lien or security interest, except as expressly permitted hereunder or in the DIP Loan

Documents, or (b) except to the extent permitted pursuant to the terms and conditions of the DIP

Loan Documents and this ~~Interim~~Final Financing Order, authorizes under section 364 of the

Bankruptcy Code the obtaining of credit or the incurring of indebtedness secured by a lien or

security interest which is equal or senior to a lien or security interest in property in which the DIP

Agent or the DIP Secured Parties hold a lien or security interest, or which is entitled to priority

(Page | 72)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

administrative claim status which is equal or superior to that granted to the DIP Secured Parties herein; unless, in each instance (i) the DIP Agent shall have given its express prior written consent with respect thereto, no such consent being implied from any other action, inaction or acquiescence by the DIP Agent or any DIP Secured Party, or (ii) such other order requires that all DIP Obligations shall first be indefeasibly paid and satisfied in full in accordance with the terms of the DIP Loan Documents, including, without limitation, all debts and obligations of the Debtors to the DIP Secured Parties which arise or result from the obligations, loans, security interests and liens authorized herein, on terms and conditions acceptable to the DIP Agent. The security interests and liens granted to or for the benefit of the DIP Secured Parties hereunder and the rights of the DIP Secured Parties pursuant to this ~~Interim~~Final Financing Order and the DIP Loan Documents are cumulative and shall not be altered, modified, extended, impaired, or affected by any plan of reorganization or liquidation of the Debtors and, if the DIP Agent shall expressly consent in writing that the DIP Obligations shall not be repaid in full upon confirmation thereof, shall continue after confirmation and consummation of any such plan.

5.8     No Owner/Operator Liability.

5.8.1     ~~In determining to make~~The DIP Agent and any other DIP Secured Parties shall not, solely by reason of having made any DIP ~~Loan~~Loans under any of the DIP Loan

(Page | 73)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Documents, ~~this~~the Interim Financing Order or ~~the~~this Final Financing Order~~,~~ or in exercising any rights or remedies as and when permitted pursuant to the DIP Loan Documents~~, or~~ this ~~Interim Order or the~~ Final Financing Order, ~~the DIP Secured Parties shall not~~ be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq., as amended, or any similar federal or state statute).

5.9    <u>Marshalling; Section 552(b) Waiver</u>. ~~Subject to entry of the Final Financing Order (i) in~~In no event shall any ~~DIP~~ Secured Party be subject to the equitable doctrine of "marshalling" or any similar doctrine with respect to the Collateral, and ~~(ii) the DIP~~each Secured ~~Parties~~Party shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to ~~either DIP Agent or~~ any ~~DIP~~ Secured Party with respect to proceeds, products, offspring or profits of any of the Collateral.  For the avoidance of doubt, nothing in this Final Financing Order or otherwise shall be deemed to impair any rights, remedies, or claims of the DIP Agent, the DIP Secured Parties or the Prepetition Secured Parties

(Page | 74)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

against any non-debtor Loan Parties (as defined in the DIP Credit Agreement), their assets or estates.

    5.10   <u>Right of Setoff</u>.

       5.10.1  To the extent any funds were on deposit with the DIP Agent or any DIP Secured Party as of the Petition Date, including, without limitation, all funds deposited in, or credited to, an account of any Debtor with the DIP Agent or any DIP Secured Party immediately prior to the Petition Date (regardless of whether, as of the Petition Date, such funds had been collected or made available for withdrawal by any such Debtor), such funds (the "**Deposited Funds**") are subject to rights of setoff, subject to the DIP Loan Documents.  By virtue of such setoff rights, the Deposited Funds are subject to a lien in favor of the DIP Agent or the applicable DIP Secured Party pursuant to sections 506(a) and 553 of the Bankruptcy Code.

    5.11   <u>Right to Credit Bid</u>.

       5.11.1  Subject to section 363(k) of the Bankruptcy Code and the rights of the Committee and all other parties-in-interest set forth in Section 4.1 of this ~~Interim~~Final Financing Order, the ~~DIP Secured Parties and the Prepetition~~ Secured Parties shall have the right to "credit bid" the amount of their claims arising under the terms of the DIP Loan Documents or the Prepetition Term Loan Documents (as applicable) during any sale of all or substantially all of

(Page | 75)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al.* |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

the Debtors' assets, including without limitation, sales occurring pursuant to section 363 of the Bankruptcy Code or included as part of any restructuring plan subject to confirmation under section 1129(b)(2)(A)(ii)–(iii) of the Bankruptcy Code.

5.12    Term; Termination.

5.12.1 Notwithstanding any provision of this ~~Interim~~Final Financing Order to the contrary, ~~the term of~~ the financing arrangements among the Debtors and the DIP Secured Parties authorized by this ~~Interim~~Final Financing Order may be terminated pursuant to the terms of the applicable DIP Loan Documents.

5.13    Limited Effect.    In the event of a conflict between the terms and provisions of the DIP Loan Documents and this ~~Interim~~Final Financing Order, the terms and provisions of this ~~Interim~~Final Financing Order shall govern, interpreted as most consistent with the terms and provisions of the DIP Loan Documents.

5.14    Objections Overruled.    All objections to the entry of this ~~Interim~~Final Financing Order are, to the extent not withdrawn, hereby overruled.

Section 6.    Provisions Relating to Wells Fargo and WFMS.    The following relief relates only to Wells Fargo and WFMS.

(Page | 76)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

6.1.1   Wells Fargo has and shall continue to have a valid and perfected, non-avoidable first-priority lien in Bank Product Cash Collateral and any proceeds thereof. Notwithstanding anything herein or any other order to the contrary, such lien shall not be primed by any lien granted to any post-petition lender or other person. To satisfy any requirement that Wells Fargo continue to have a valid and perfected, non-avoidable first-priority lien in such Bank Product Cash Collateral and any proceeds thereof, Debtors grant Wells Fargo a priming lien and security interest pursuant to section 364(d)(1) of the Bankruptcy Code solely with respect to such Bank Product Cash Collateral.  Wells Fargo's rights under the Card Agreement, including to reduce the credit limit or otherwise modify or amend the Card Agreement shall not be waived, modified, or impaired by entry of this ~~Interim~~Final Financing Order.

6.1.2   WFMS is authorized to receive or obtain payment for all WFMS Obligations, including, without limitation, by way of recoupment or setoff against sales revenues processed by WFMS on behalf of the Debtors under the WFMS Agreement or the reserve of $1,200,000 currently held by WFMS thereunder, without further order of the Court regardless of whether such obligations arose prepetition or postpetition.  Subject to the DIP Budget, all WFMS Obligations are authorized to be paid or reimbursed by the Debtors to WFMS to the extent the amount of the WFMS Obligations owed to WFMS by the Debtors exceeds the sales revenue

(Page | 77)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

being processed by WFMS and exceeds the amounts available in reserve. In addition to the Bank Product Cash Collateral, the WFMS Obligations are also secured by the WFMS Cash Collateral. WFMS's rights under the WFMS Agreement shall not be waived, modified, or impaired by entry of this ~~Interim~~Final Financing Order but WFMS acknowledges such rights shall be subject to the Termination Date provided in that certain Updated Termination Letter from WFMS to the Debtor dated as of February 20, 2024 to ensure a smooth transition and replacement of the services subject thereto. WFMS has and shall continue to have a valid and perfected, non-avoidable first-priority lien in the WFMS Cash Collateral and any proceeds thereof. Notwithstanding anything in this ~~Interim~~Final Financing Order, or any other order to the contrary, such lien shall not be primed by any lien granted to any postpetition lender or other person. To satisfy the requirement that WFMS continue to have a valid and perfected, non-avoidable first-priority lien in such WFMS Cash Collateral and any proceeds thereof, the Debtors grant WFMS a priming lien and security interest pursuant to section 364(d)(1) of the Bankruptcy Code solely with respect to such WFMS Cash Collateral. To the extent the WFMS Cash Collateral or the Bank Product Cash Collateral is insufficient to pay in full any WFMS Obligations owed by the Debtors to WFMS, WFMS shall have an allowed administrative expense in the amount of such unpaid WFMS Obligations pursuant to section 364(b) of the

(Page | 78)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Bankruptcy Code; provided, however, that any such administrative expense claim will be junior to any administrative expense claim granted to the DIP Secured Parties and the Prepetition Secured Parties pursuant to this ~~Interim~~Final Financing Order.

6.1.3    The Prepetition Revolver Loan Agent has and shall continue to have a valid and perfected, non-avoidable first-priority lien in Prepetition Revolver Cash Collateral and any proceeds thereof.  Notwithstanding anything herein or any other order to the contrary, such lien shall not be primed by any lien granted to any post-petition lender or other person.  To satisfy any requirement that Prepetition Revolver Loan Agent continue to have a valid and perfected, non-avoidable first-priority lien in such Prepetition Revolver Cash Collateral and any proceeds thereof, the Debtors grant Prepetition Revolver Loan Agent a priming lien and security interest pursuant to Bankruptcy Code section 364(d)(1) solely with respect to such Prepetition Revolver Cash Collateral.

6.1.4    Each of the Prepetition Revolver Loan Agent and Bank Product Providers (including, without limitation, WFMS), are authorized, and the automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable law are hereby modified and vacated without further notice, application, or order of the Court to permit each of the Prepetition Revolver Loan Agent and

(Page | 79)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Bank Product Providers (including, without limitation, WFMS), as applicable, to apply: (a) the Letter of Credit Cash Collateral and/or the Expense Reserve to satisfy the Letter of Credit Obligations; (b) the Bank Product Cash Collateral, the WFMS Cash Collateral, and/or the Expense Reserve to satisfy the Bank Product Obligations (including, without limitation, the WFMS Obligations), as applicable; and (c) the Expense Reserve to satisfy the Expense and Indemnity Obligations, in each case, as the same become due and owing.  For the avoidance of doubt, nothing in this Final Financing Order shall prevent Wells Fargo and WFMS from applying the Bank Product Cash Collateral, the WFMS Cash Collateral, and/or the Expense Reserve to satisfy the Bank Product Obligations arising out of any accounts maintained by any of the Debtors' non-Debtor affiliates.

Section 7.    Chubb Reservation of Rights.  For the avoidance of doubt, (i) the liens and/or security interests granted in this Final Financing Order shall not include liens on or interests in any Insurance (as used in the DIP Loan Documents) or in any insurance policy issued by ACE American Insurance Company and/or any of its U.S.-based affiliates (collectively, and solely in their roles as insurers, "**Chubb**"); (ii) the proceeds of any insurance policy issued by Chubb shall only be the Collateral to the extent the Debtors or the Debtors' Estates have rights in such proceeds or such proceeds are payable to the Debtors, the DIP Secured Parties and the

(Page | 80)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

Prepetition Secured Parties pursuant to the terms of any such applicable insurance policy, including as amended or supplemented by applicable endorsements; and (iii) nothing in the DIP Loan Documents and/or this Final Financing Order shall be deemed to alter or modify the terms and conditions of any insurance policies or related agreements issued by Chubb.

Section 8.        Granite Lease.  Notwithstanding anything to the contrary herein or in the Interim Financing Order, the Collateral shall not include the Granite Lease (as defined below) to the extent such Lease does not permit attachment of liens but shall include all proceeds of such Lease.  In addition, the rights of the DIP Agent and any other DIP Secured Party to enter upon or occupy the leased premises located in Obetz, Ohio subject to a lease agreement(s) (the "**Granite Lease**") between the Debtors and Granite (5415 Centerpoint) LLC ("**Granite**") shall be subject to (i) a separate written agreement by and between the DIP Secured Parties and Granite, (ii) the pre-existing rights of the DIP Secured Parties under applicable non-bankruptcy law, (iii) the consent of Granite, or (iv) entry of an order of this Court on notice to Granite.

Section 9.        ~~Section 7.~~ Notice of ~~Final~~ ~~Hearing and Response Dates~~Financing Order.

~~7.1 The Final Hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for March 28, 2024, at 10 a.m. ET before this Court (the "**Final Hearing**").  The Debtors shall promptly mail copies of this Interim Order to the Notice Parties, and to any other~~

(Page | 81)

| | |
|---|---|
| Debtors: | BOWFLEX INC., *et al*. |
| Case No. | 24-12364 (ABA) |
| Caption of Order: | ~~Interim~~Final Order (A) Authorizing Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into Agreements with Crystal Financial LLC d/b/a SLR Credit Solutions; and (D) Authorizing Debtors to Use Cash Collateral~~; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001~~ |

~~party that has filed a request for notices with this Court and to any Committee after same has been appointed, or Committee counsel, if same shall have filed a request for notice. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon (a) counsel for the Debtors, (b) counsel to the DIP Agent, (c) counsel to Wells Fargo and WFMS, and (d) U.S. Trustee to allow actual receipt of the foregoing no later than March 21, 2024, at 4 p.m. prevailing Eastern time.~~

~~Dated: March ___, 2024~~
~~_____, NJ~~

~~_____~~
~~UNITED STATES BANKRUPTCY JUDGE~~

The Debtors shall promptly mail copies of this Final Financing Order to the Notice Parties, and to any other party that has filed a request for notices with this Court.

**EXHIBIT 1**

**DIP Credit Agreement**

**EXHIBIT 2**
**DIP Budget**

| Summary report:<br>**Litera Compare for Word 11.4.0.111 Document comparison done on<br>3/27/2024 7:44:41 PM** | |
|---|---|
| **Style name:** Sidley Default | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Project Ranger - Draft Interim DIP Order (Sidley 3-6-24) 4891-1574-9543 21-C.docx | |
| **Modified DMS:** nd://4878-1828-6770/2/BowFlex - Final DIP Order (Pre-Hearing Filing).docx | |
| **Changes:** | |
| Add | 392 |
| Delete | 379 |
| Move From | 66 |
| Move To | 66 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 903 |