UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973.974.9815
Fax: 973.325.7467
Vincent J. Roldan
vroldan@mblawfirm.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Ph.:  206.624.0900
Fax: 206.386.7500
Bryan T. Glover
bryan.glover@stoel.com

*Attorneys for Creditor*
*Columbia Tech Center, L.L.C.*

| | |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC., *et al.,*[1] | Case No. 24-12364 (ABA) |
| Debtors. | (Jointly Administered) |

**COLUMBIA TECH CENTER, L.L.C.'S LIMITED OBJECTION TO DEBTORS'
NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY
CONTRACTS AND UNEXPIRED LEASES [DKT. NO. 119],
AS REVISED ON MARCH 29, 2024 [DKT. NO. 182]**

Columbia Tech Center, L.L.C. ("*Columbia*"), files this limited objection (the "*Limited*

*Objection*") to the Debtors' possible assumption and assignment of certain leases, as identified in

the *Debtors' Notice of Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases* [Dkt. No. 119], as revised on March 29, 2024 [Dkt. No. 182] (collectively, the

---

[1] The debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  BowFlex Inc. (2667) and Bowflex New Jersey LLC (3679). The Debtors' service address is 17750 S.E. 6th Way, Vancouver, Washington 98683.

"*Assumption Notice*"). In support of this Limited Objection, Columbia submits the concurrently filed Declaration of Andrew R. Jones (the "*Jones Declaration*") and respectfully states as follows:

## BACKGROUND

### A.    The 648 Lease

1.    On or about June 19, 2014, Columbia, as original landlord, and Nautilus, Inc. n/k/a BowFlex, Inc. ("*BowFlex*"),[2] as original tenant, entered into a lease (the "*Original 648 Lease*"). *See* Jones Decl., Ex. 1. Pursuant to the Original 648 Lease, Columbia initially leased to BowFlex approximately 28,953 square feet of space located in Building 648 of Columbia Tech Center at the address commonly known as 17711 SE 6th Way, Suite 100, Vancouver, Washington 98683. *See id.*, Ex. 1 at 4 (Original 648 Lease §§ 1.4, 1.5).

2.    Columbia and BowFlex entered into a First Lease Modification Agreement of the Original 648 Lease dated October 22, 2014 (the "*648 First LMA*"). *See id.*, Ex. 2. On January 21, 2016, Columbia mailed a Confirmation of Commencement Dates for Original Premises and First Additional Space (the "*648 Confirmation of Commencement*," and together with the Original 648 Lease and the 648 First LMA, the "*648 Lease*") to BowFlex, confirming that BowFlex took possession of the premises subject to the Original 648 Lease on May 8, 2015, and the additional space rented under the 648 First LMA on November 20, 2015. *See id.*, Ex. 3 at 1.

3.    Under the 648 Lease, BowFlex was required to pay a monthly base rent of $30,690.18 for the period between December 1, 2015, and May 31, 2018; $32,991.95 for the period between June 1, 2018, and May 31, 2021; $35,466.34 for the period between June 1, 2021, and May 31, 2024; and $38,126.32 for the period between June 1, 2024, and July 31, 2025. *See id.* The monthly base rent is due on the first day of each month. *See id.*, Ex. 1 at 7 (Original 648 Lease § 4.1).

4.    In addition to payment of the base rent, the 648 Lease provides that BowFlex is liable for "Additional Rent," including, but not limited to, taxes and operating expenses. *See id.*,

---

[2] BowFlex was previously known as Nautilus, Inc. *See* Dkt. No. 44 ¶ 8 (*Konold Declaration in Support of Chapter 11 Petitions and First Day Pleadings*). In November 2023, Nautilus changed its name to BowFlex, Inc. *Id.*

-2-

Ex. 1 at 12–14 (Original 648 Lease §§ 7.1, 8.1, 8.3). The 648 Lease provides that "[BowFlex] shall pay a monthly sum of Additional Rent representing [BowFlex's] proportionate share of Taxes and Operating Expenses for the Premises" to Columbia. *Id.*, Ex. 1 at 13–14 (Original 648 Lease § 8.1). The 648 Lease also requires BowFlex to pay for all utilities. *See id.*, Ex. 1 at 12 (Original 648 Lease § 7.1).

**B.    The 651 Lease**

5.    On or about July 25, 2011, Columbia, as original landlord, and BowFlex, as original tenant, entered into that certain lease (the "***Original 651 Lease***"). *See id.*, Ex. 6. Pursuant to the Original 651 Lease, Columbia initially leased to BowFlex approximately 51,833 square feet of office space in Building 651 of Columbia Tech Center at the address commonly known as 17750 SE 6th Way, Vancouver, Washington 98683. *See id.*, Ex. 6 at 4 (Original 651 Lease §§ 1.4, 1.6).

6.    Columbia and BowFlex entered into a First Lease Modification Agreement of the Original 651 Lease dated June 19, 2014 (the "***651 First LMA***"). *See id.*, Ex. 7. On August 10, 2012, Columbia mailed a Confirmation of Commencement Date Letter ("***651 Confirmation of Commencement***" and together with the Original 651 Lease and the 651 First LMA, the "***651 Lease***") [3] to BowFlex confirming that BowFlex took possession of the premises subject to the 651 Lease on August 3, 2012. *See id.*, Ex. 8 at 1.

7.    The 651 Lease provides for a monthly base rent payment amount of $84,962.93 for the period between September 1, 2019, and August 31, 2020; $87,511.81 for the period between September 1, 2020, and August 31, 2021; $90,137.17 for the period between September 1, 2021, and August 31, 2022; $92,841.28 for the period between September 1, 2022, and August 31, 2023; $95,626.52 for the period between September 1, 2023, and August 31, 2024; and $98,495.32 for the period between September 1, 2024, through June 30, 2025. *See id.,* Ex. 7 at 2 (651 First LMA § 3). Pursuant to the 651 Lease, the monthly base rent is due on the first day of each month. *See id.,* Ex. 6 at 11–12 (Original 651 Lease § 5.1).

---

[3] The 648 Lease and the 651 Lease are collectively referred to as the "***Leases***."

122827331.5 0075701-00400

8.      In addition to payment of the base rent, the 651 Lease provides that BowFlex is liable for "Additional Rent," including, but not limited to, taxes and operating expenses. *See id.*, Ex. 6 at 12–13, 17–18 (Original 651 Lease §§ 5.1, 10.1, 10.3). The 651 Lease provides that "[BowFlex] shall pay a monthly sum of Additional Rent representing [BowFlex's] proportionate share of such increase in Operating Expenses and/or Taxes" to Columbia. *Id.*, Ex. 6 at 17–18 (Original 651 Lease § 10.1).

**C.      Termination of the Leases**

9.      In February 2024, BowFlex did not pay its base rent, operating expenses, or taxes to Columbia, as required under the Leases. *Id.* ¶¶ 7, 13.

10.     On February 15, 2024, Columbia mailed a Notice of Default to BowFlex to notify BowFlex of its failure to pay its base rent and other expenses in accordance with the Leases. *See id.* ¶¶ 7, 13, Exs. 4, 9.

11.     On February 22, 2024, Columbia mailed a Notice of Termination of Lease (the "***648 Notice of Termination***") to BowFlex for its failure to pay rent charges under the 648 Lease, thereby terminating the 648 Lease pursuant to § 15.2.1 of the Original 648 Lease. *See id.* ¶ 8, Ex. 5.

12.     On February 27, 2024, Columbia mailed a Notice of Termination of Lease (the "***651 Notice of Termination***") to BowFlex for its failure to pay rent charges under the 651 Lease, thereby terminating the 651 Lease pursuant to § 17.2.1 of the Original 651 Lease. *See id.* ¶ 14, Ex. 10.

13.     As of March 4, 2024, (a) the total amount of past due obligations due and owing under the 648 Lease is not less than $99,096.34, which includes base rent, taxes, and operating expenses; and (b) the total amount of past due obligations due and owing under the 651 Lease is not less than $202,852.47, which includes base rent and operating expenses. *Id.* ¶¶ 9, 15.

122827331.5 0075701-00400

**D.      The Debtors' Bankruptcy Filing**

14.     The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") on March 4, 2024 (the "***Petition Date***"). The Debtors have continued to operate their businesses post-petition as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

15.     On March 8, 2024, this Court entered its *Order (I) Approving the Auction and Bidding Procedures, (II) Approving the Debtors' Entry into the Stalking Horse Agreement and Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof and (V) Granting Related Relief* [Dkt. No. 79] (the "***Bidding Procedures Order***").

16.     The Bidding Procedures Order required the Debtors to serve a notice of contract assumption by March 13, 2024, identifying unexpired leases and executory contracts that may be assumed and a good faith calculation of cure costs. *See* Dkt. No. 79 ¶ 25. That notice, however, is subject to modification and does not guarantee a determination on assumption or rejection. *See id*.

17.     On March 15, 2024, the Debtors filed their *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases*, which was later revised on March 29, 2024. *See* Dkt. Nos. 119, 182. The Assumption Notice lists the Leases:

| UNIQUE ID | COUNTER PARTY | CONTRACT TITLE | CURE AMOUNT | EFFECTIVE DATE | TERM END | DEBTOR CONTRACTING ENTITY |
|---|---|---|---|---|---|---|
| A-180 | COLUMBIA TECH CENTER LLC | OFFICE LEASE | $ 110,968.26 | 7/25/2011 | | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-185 | COLUMBIA TECH CENTER LLC | OFFICE LEASE | $ 54,343.15 | 6/19/2014 | | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-183 | COLUMBIA TECH CENTER LLC | FIRST LEASE MODIFICATION AGREEMENT | $ - | 10/22/2014 | | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-178 | COLUMBIA TECH CENTER LLC | FIRST LEASE MODIFICATION AGREEMENT | $ - | 6/19/2014 | 6/30/2025 | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-587 | PACIFIC REALTY ASSOCIATES LP | CONFIRMATION OF COMMENCEMENT DATES | $ - | | | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-179 | PACIFIC REALTY ASSOCIATES LP | FIRST LEASE MODIFICATION AGREEMENT | $ - | 6/19/2014 | 6/30/2025 | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-184 | PACIFIC REALTY ASSOCIATES LP | FIRST LEASE MODIFICATION AGREEMENT | $ - | 10/22/2014 | | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-182 | PACIFIC REALTY ASSOCIATES LP | OFFICE LEASE | $ - | 7/25/2011 | | BOWFLEX INC (F/K/A NAUTILUS INC) |
| A-187 | PACIFIC REALTY ASSOCIATES LP | OFFICE LEASE | $ - | 6/19/2014 | | BOWFLEX INC (F/K/A NAUTILUS INC) |

Dkt. No. 182-1 at 6, 17.

18.     Notwithstanding the fact that the Leases are listed on the Assumption Notice, the Debtors cannot assume the Leases because the Leases were terminated pre-petition. While

-5-

Columbia hopes to reach a consensual resolution with the Debtors, Columbia files this Limited Objection to preserve any and all rights it has with respect to the assumption and assignment of the Leases and to expressly state its objection to any attempt by the Debtors to assume, assume and assign, or reject the Leases in these bankruptcy proceedings.

<u>**LIMITED OBJECTION AND RESERVATION OF RIGHTS**</u>

19.     Columbia files this Limited Objection for two reasons. First, the Leases were terminated pre-petition, and therefore, Debtors cannot assume the Leases. Second, even if the Debtors could assume the Leases—which they cannot—Debtors' cure amount calculations are incorrect.

**A.     The Debtors Cannot Assume the Leases Because the Leases Were Terminated Pre-Petition.**

20.     A debtor-in-possession "may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if . . . such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3); *see also Speedwell Ventures, LLC v. Berley Assocs., Ltd. (In re Pazzo Pazzo, Inc.)*, 593 B.R. 419, 424 (Bankr. D.N.J. 2018) ("In other words, 'an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets.'" (quoting *Kopelman v. Halvajian (In re Triangle Labs., Inc.)*, 663 F.2d 463, 467–68 (3d Cir. 1981))); 3 *Collier on Bankruptcy* ¶ 365.02[2][e](16th ed. 2024) ("Section 365 applies only to a contract or lease in existence at the commencement of the case. If the contract or lease has expired by its own terms or has been terminated under applicable law before the commencement of the bankruptcy case, there is nothing left for the trustee to assume or assign." (footnote omitted)). "'Terminated' means fully terminated under state law." *In re Pazzo Pazzo, Inc.*, 593 B.R. at 426.

21.     The Leases were fully terminated before the Petition Date in accordance with Washington law. Washington courts enforce provisions in leases that provide one or both parties

with the power to terminate a lease. *See Peoples Park & Amusement Ass'n v. Anrooney*, 200 Wash. 51, 56, 93 P.2d 362 (1939) ("The authorities uniformly hold that a lease for a definite term which contains a provision for its termination before the expiration of the term fixed at the option of either of the parties is not invalid although it gives the lessor or the lessee alone the right to terminate the lease."). If a party terminates a lease in accordance with its provisions, Washington courts reject the notion that upon termination of the lease, the tenancy becomes a tenancy at will for one of the parties. *Id.* at 57 ("The lease is valid and its terms are clear. The right of the lessor to terminate the lease on default of the lessee in payment of rent has not been challenged.").

22.    Therefore, absent language in the lease to the contrary, exercise of the power to terminate brings the tenancy to an end, just as the tenancy would end upon the expiration of the term of the lease. *See State v. Sheets*, 48 Wn.2d 65, 68, 290 P.2d 974 (1955) ("When a written lease provides that the taking of all or a portion of the leased property may terminate the lease at the option of either party, the term expires when such taking occurs, and the option is exercised, and no unexpired leasehold remains for which the lessee can claim compensation."); *Heuss v. Olson*, 43 Wn.2d 901, 905–06, 264 P.2d 875 (1953).

23.    The Leases specifically provide that Columbia has the unqualified right to terminate the Leases upon Debtors' default of failure to pay rent "without relieving [Debtors] from [their] obligation to pay damages." *See id.*, Ex. 1 at 19 (Original 648 Lease § 15.2.1), Ex. 6 at 23 (Original 651 Lease § 17.2.1). The Leases do not provide for a reversionary, redemption, or reinstatement right if Debtors failed to pay the outstanding balance on the Leases after they received the Notices of Termination. *See* Ex. 1 at 19 (Original 648 Lease § 15.1.1(i)), Ex. 6 at 23 (Original 651 Lease § 17.1.1(i)).

24.    BowFlex was obligated to pay the base rent, operating expenses, and other charges to Columbia on the first day of each month, but failed to do so in February 2024. *See id.,* Ex. 1 at 7 (Original 648 Lease § 4.1), Ex. 6 at 11–12 (Original 651 Lease § 5.1).

25.    As a result, Columbia mailed Notices of Default on February 15, 2024. *See id*. ¶¶ 7, 13, Exs. 4, 9. Columbia subsequently mailed its Notices of Termination of the Leases, thereby

122827331.5 0075701-00400

terminating the 648 Lease on February 22, 2024, and the 651 Lease on February 27, 2024. *See id.* ¶¶ 8, 14, Exs. 5, 10.

26.    Accordingly, the Leases were rightfully and fully terminated under Washington state law. Because termination of the Leases occurred prior to the Petition Date, the Debtors cannot assume the Leases. *See* 11 U.S.C. § 365(c)(3). Columbia therefore objects to any attempt by the Debtors to administer the Leases in these bankruptcy proceedings.

**B.    Debtors' Cure Amount Calculations Are Incorrect.**

27.    The Leases were terminated before the Petition Date and cannot be assumed, assumed and assigned, or rejected by the Debtors. However, even if this Court rules that the Leases were not terminated pre-petition and remain subject to assumption, to avoid waiver of any cure objection, Columbia respectfully asserts that assumption is still not appropriate as described in the Assumption Notice because the Assumption Notice understates the cure amounts the Debtors would have to pay in order to assume the Leases had they not been terminated pre-petition.

28.    Before a lease can be assumed and assigned, the debtor must cure defaults thereunder. *See id.* § 365(b)(1)(A). In the Assumption Notice, the Debtors assert that the cure amount is $54,343.15 for the 648 Lease and $110,968.26 for the 651 Lease. *See* Dkt. No. 182-1 at 6.

29.    These proposed cure amounts are incorrect. As of March 4, 2024, (a) the total amount of past due obligations due and owing under the 648 Lease is not less than $99,096.34, which includes base rent, taxes, and operating expenses; and (b) the total amount of past due obligations due and owing under the 651 Lease is not less than $202,852.47, which includes base rent and operating expenses. Jones Decl. ¶¶ 9, 15.[4]

30.    Additionally, any assumption of the Leases must be conditioned on continuation of the tenant's obligation to pay any charges billed in arrears. The language of any order approving the assumption or assignment of any of the Leases or related sale transaction should include

---

[4] On or around March 28, 2024, Columbia received a total of $131,725.51 in funds from Debtors. However, the funds have not been applied, and have been received by Columbia under an express reservation of its rights.

122827331.5 0075701-00400

language that ensures that all obligations related to pre-assumption services are either (a) included in the cure amount or (b) expressly assumed as post-closing obligations by the buyer(s).

31.     Further, any assumption must be conditioned on (a) the continuation of the tenant's obligations to maintain the premises in good condition and to remove personal property, as described under the Leases, and (b) the preservation of Columbia's rights to a claim for breach of these maintenance obligations. If these rights are not preserved, Columbia would be required to thoroughly inspect the premises for any damages or other maintenance violations prior to assumption. Such an inspection is impracticable while the Debtors are still using the premises and may disrupt the Debtors' business operations. A more appropriate solution is to preserve Columbia's rights to bring such claims post-assumption by having any order approving the assignment of the Leases expressly provide that the assignee(s) of any of the Leases shall be obligated to redeliver possession of each of the premises subject to each Lease (the "***Columbia Leased Premises***") to Columbia according to the terms of such Lease and in the condition prescribed by such Lease and applicable non-bankruptcy law. The obligation to redeliver each Lease in such condition shall not be discharged and shall survive the assumption and assignment of each Lease, even if any damages to the Columbia Leased Premises had occurred prior to the assignment of the applicable Lease.

32.     Finally, the Leases provide that "[i]n the event that any party shall bring an action to enforce its rights under this Lease, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys, witness and expert fees and costs of the proceeding . . . [including] proceedings in bankruptcy." *See id*., Ex. 1 at 22 (Original 648 Lease § 20), Ex. 6 at 26 (Original 651 Lease § 22). To the extent this Court rules that the Leases were not terminated, Columbia is entitled to recover its reasonable attorneys' fees, which continue to accrue.

## **RESERVATION OF RIGHTS**

33.     Columbia specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of any of the Leases, including, without limitation, an assignee's proposed adequate assurance of future performance.

122827331.5 0075701-00400

**CONCLUSION**

34.     For the foregoing reasons, Columbia respectfully requests that the Court (a) direct the Debtors to remove the entries relating to the Leases from the Assumption Notice because the Leases are not assumable, (b) in the alternative, to the extent the Court finds the Leases are still assumable, condition any assumption or assumption and assignment of any of the Leases on the Debtors' resolution of Columbia's objections raised herein, and (c) grant such other and further relief as is just and proper.

Dated:  Roseland, NJ
        April 3, 2024

MANDELBAUM BARRETT PC

By: */s/ Vincent J. Roldan*
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973.974.9815
vroldan@mblawfirm.com

*-and-*

STOEL RIVES LLP
Bryan T. Glover
600 University Street, Suite 3600
Seattle, WA  98101
Ph.:  206.624.0900
Fax: 206.386.7500
bryan.glover@stoel.com

*Attorneys for Creditor*
*Columbia Tech Center, L.L.C.*

122827331.5 0075701-00400