UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LIBRA 9004-1(b)**

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Caitlin C. Conklin, Esq. (CCC-5117)
*Attorneys for Amazon.com Services LLC*

---

In re:

BOWFLEX INC., *et al.,[1]*

                    Debtor.

Case No. 24-12364 (ABA)
Judge:  Hon. Andrew B. Altenburg Jr.
Chapter 11

(Jointly Administered)

### LIMITED OBJECTION OF AMAZON.COM SERVICES LLC TO (I) SECOND NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) MOTION FOR ENTRY OF ORDER AUTHORIZING THE SALE OF THE DEBTORS' ASSETS

Amazon.com Services LLC and its affiliates (**"Amazon"**), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the **"Limited Objection"**) to the *Second Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 182] (the "**Cure Notice**") and *Debtors' Motion for Entry of An Order (I)(A) Approving the Auction and Bidding Procedures, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Bid Deadlines and an Auction, (D) Approving the Form and Manner of Notice Thereof, (E) Authorizing the Debtors to Enter Into the Stalking Horse Agreement, and*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679). The Debtors' service address is 17750 S.E. 6th Way, Vancouver, Washington 98683

*(II)(A) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (B) Authorizing the Assumption and Assignment of Assumed Contracts, (C) Authorizing the Sale of Assets and (D) Granting Related Relief* [Dkt. No. 35] (the "**Sale Motion**"). In connection with and in support of this Limited Objection, Amazon respectfully asserts as follows:

## I.    INTRODUCTION

Amazon and certain of the Debtors are parties to the Amazon Vendor Terms and Conditions and various related agreements and understandings related to the sale to Amazon of products directly by the Debtors as vendors (the "**VTC**"). In connection with the Sale Motion, the Debtors identified the VTC for potential assumption and assignment and listed a cure amount of zero. Amazon files this Limited Objection to ensure that any order approving the sale does not (i) authorize assumption and assignment of the VTC without payment in full of all monetary defaults under the VTC, and (ii) convey assets of the Debtors, including purchase orders and accounts receivable under the VTC, free and clear of Amazon's credit rights, return rights, as well as any other rights of recoupment and setoff.

## II.    LIMITED OBJECTION AND RESERVATION OF RIGHTS

The Sale Motion seeks approval of the sale of substantially all of the Debtors' assets free and clear of liens pursuant to Section 363(f) of the Bankruptcy Code. The Debtors' proposed order approving the sale at Dkt. No. 233 states in Paragraph Q, that the "Acquired Assets" are being sold to the Purchaser free and clear of all liens "that purport to give to any party a right of setoff or recoupment against . . . any of the Sellers' or the Purchaser's interests in the Acquired Assets . . ."

Amazon and certain of the Debtors are parties the VTC, which governs the purchase, by Amazon, of product from the Debtors. Under the VTC, Amazon has rights to cancel open purchase orders; return product delivered by Debtors; and to deduct, from amounts owed to Debtors under

the contract, various credits authorized thereunder, including but not limited to credits for product returns or disposals, rebates, warranties, bulk buy and other discounts, promotional allowances and cooperative marketing funding.

Amazon has purchased and taken delivery of certain products pursuant to the VTC, which Amazon may elect to return to the Debtors under the terms of the VTC. Amazon has the right to apply such returns against outstanding invoices as recoupments. In addition, Amazon may have issued outstanding purchase orders to the Debtors that the Debtors have not yet fulfilled. Amazon has the right to cancel such purchase orders under the terms of the VTC.

If the Debtors intend to assume and assign their rights as a vendor to Amazon, such assumption and assignment must include all terms, conditions, addenda, and understandings that comprise the complete VTC governing the relationship applicable to Amazon vendors. An executory contract must be assumed or rejected in its entirety. *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."). *See also In re Teligent, Inc.*, 268 B.R. 723, 728 (Bankr. S.D.N.Y. 2001) (stating that the rule with respect to whether separately executed agreements are in reality one also "applies to assumption and rejection issues under § 365").

Similarly, to the extent that the Debtors seek to convey outstanding purchase orders issued by Amazon to the Debtors under the VTC, the Buyer of the Debtors' assets must take those assets subject to Amazon's rights under the VTC including, without limitation, Amazon's rights of cancellation. To the extent the Debtors convey accounts receivable based on the VTC, the Buyer must take those receivables subject to Amazon's rights to net amounts due to Amazon under the VTC.

3

Amazon files this Limited Objection to obtain clarification that nothing in the sale order extinguishes Amazon's setoff rights, rights of recoupment, and other defenses to payment that Amazon may have with respect to any accounts receivable or purchase orders being sold by the Debtors to the Buyer. *See In re Folger Adam Security, Inc.*, 209 F.3d 252, 261 (3d Cir. 2000) (recoupment and other unspecified contractual defenses are not claims or interests that can be extinguished through a Section 363(f) sale); *In re Personal Communications Devices, LLC*, 556 B.R. 45 (Bankr. E.D.N.Y. 2016) (Section 363(f) sale could not extinguish affirmative defense that customer had to nonpayment claim). Amazon requests that any order approving the Sale Motion provide that the sale shall not be free and clear of, and shall not impair in any respect, any setoff or recoupment rights or other affirmative defenses to payment (including without limitation all return and credit rights) held by Amazon (i) with respect to any agreements being assigned pursuant to the terms of the order approving the Sale Motion; and (ii) on any purchase orders or accounts receivable, whether or not such contracts are being assumed and assigned by the Debtors to the Buyer.

In addition, The Bankruptcy Code provides that if there has been a default in an executory contract of the debtor, it cannot be assumed unless, at the time of assumption of such contract, the debtor cures or provides adequate assurance that it will promptly cure such default. *See* 11 U.S.C. 365(b)(1). To the extent the Debtors intend to assume and assign the VTC in connection with their proposed sale, the Debtors must pay all arrearages under the VTC, which as of the date of this Limited Objection total $202,565.00, as well as any additional amounts that become due prior to the effective date of assumption (the "**Cure Amount**").

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons, Amazon respectfully requests that the Court condition the approval of the Sale Motion and the assumption and assignment of the VTC on the terms and conditions requested by Amazon herein, including payment in full of the Cure Amount to the extend the Amazon contracts are assumed and assigned.

Dated: April 11, 2024.

Respectfully submitted,

**K&L GATES LLP**

By:/s/ *Caitlin C. Conklin*
    Caitlin C. Conklin

One Newark Center
1085 Raymond Boulevard, Tenth Floor
Newark, NJ 07102
Tel.: (973) 848-4000
Fax: (973) 848-4001
caitlin.conklin@klgates.com

*Attorneys for Amazon.com Services LLC*