## Exhibit A

**Objection Chart**

**IN RE BOWFLEX INC., ET AL., CASE NO. 24-12364 (ABA) OBJECTION CHART AND PROPOSED RESPONSES**

| Docket No. | Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|---|
| 552, 560 | U.S. Trustee | Third-Party Releases: Failure to opt-out is insufficient to establish consent to the Third Party Releases. | Here, all parties in interest had ample opportunity to evaluate and opt-out of the Third-Party Releases. Accordingly, under Third Circuit law, the Third-Party Releases are consensual. |
| | | Third-Party Releases: The Third-Party Releases extend to an unknown number of unnamed Released Parties. | See above. Additionally, the definition of "Released Parties" is consistent with Third Circuit precedent and recognizes the myriad entities who have contributed to these Chapter 11 Cases. |
| | | Exculpation: The Plan contains an impermissibly broad exculpation provision. | The Debtors have proposed revisions to the definition of "Exculpated Party." *See* Plan § I.A. |
| | | The Plan is not a settlement subject to approval under Bankruptcy Rule 9019. | The Debtors have previously modified the Plan in response to the U.S. Trustee's comments to remove references to Bankruptcy Rule 9019. *Compare* [Docket No. 467] *with* [Docket No. 400]. |
| | | The Plan contains a gatekeeping provision. | The Gatekeeper Provision is a legitimate exercise of the Court's powers under the Bankruptcy Code. The Gatekeeper Provision provides a threshold level of review |

| | | | necessary to ensure the effectiveness of the Plan. Courts have recently gatekeeping provisions consistent with the Gatekeeper Provision. |
|---|---|---|---|
| 571 | Chubb Companies | The Plan improperly alters the terms of the Insurance Program. | The Plan Modifications, as described in this Memorandum, address the Chubb Objection. To the extent the Chubb Objection remains unresolved, the Debtors contend it should be overruled as the Plan does not alter terms of the Insurance Program. |
| | | The Plan must provide that workers' compensation claims and direct action claims must continue in the ordinary course. | The Plan Modifications, as described in this Memorandum, address this basis of the Chubb Objection. |
| Informal | Committee | The Committee provided comments to the scope of the Debtors' Releases. | As agreed by the Debtors and the Committee, the definition of "Released Parties" is modified to remove (1) former directors and officers, and (2) directors and officers who served during the Chapter 11 Cases and who did not agree with waive certain claims, if applicable. *See* Plan § I.A. |
| Informal | Granite | Creditors with administrative expense claims should be permitted to use the Administrative Expense | The Plan has been modified to provide for use of the Administrative Expense Request Form. *See* Plan Art. II. |

|  |  | Request Form from the Bar Date Order. |  |
|  |  | Creditors rights to setoff and recoupment should be preserved. | The Plan has been modified to clarify creditors' rights to setoff and recoupment, provided that such modification does not permit a party to assert a right of setoff or recoupment for Claims, Interests, Causes of Action, or liabilities that are released or exculpated under Sections IX.B or IX.C of the Plan or otherwise satisfied pursuant ot the terms of the Plan. *See* Plan § VI.J. |
|  |  | Granite has requested a shorter Claims Objection Deadline for its administrative claim(s). | The Debtors have discussed language to address Granite's comment that will be incorporated in a later-filed revised Proposed Confirmation Order. |
| Informal | U.S.A.O. | The Plan should provide that setoff rights of the United States and its component agencies should be preserved. | The Debtors have discussed language to address the U.S.A.O.'s comment that will be incorporated in a later-filed revised Proposed Confirmation Order. |