**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET**
**FOR THE PERIOD MARCH 21, 2024 THROUGH JUNE 30, 2024**

| | |
|---|---|
| In re Bowflex Inc., *et al.* | Applicant: Province, LLC |
| Case No. 24-12364 (ABA) | Client: The Official Committee of Unsecured Creditors |
| Chapter 11 | Case Filed: March 4, 2024 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

*/s/David Dunn*                    8/14/2024
David Dunn                              Date

---

**SECTION I**
**FEE SUMMARY**

---

First Interim Fee Application Covering the Period
March 21, 2024 through June 30, 2024:

| | |
|---|---:|
| FEE TOTALS | $548,233.00 |
| EXPENSES TOTALS | $0.00 |
| TOTAL FEE APPLICATION | $548,233.00 |

| | FEES | EXPENSES |
|---|---:|---:|
| Total Previous Fees and Expenses Requested: | $548,233.00 | $0.00 |
| Total Fees and Expenses Allowed to Date: | $438,586.40 | $0.00 |
| Total Retainer Remaining (if applicable): | N/A | N/A |
| Total Previous Holdback (if applicable): | $109,646.60 | $0.00 |
| Total Received by Province, LLC | $290,411.20 | $0.00 |

---

**SECTION II**
**CASE HISTORY**

---

(1)     Date cases filed:  March 4, 2024

(2)     Chapter under which cases were commenced:  Chapter 11

(3)     Date of retention:   March 21, 2024. *See* **Exhibit A**.

(4)     Summarize in brief the benefits to the estate and attach supplements as needed.  Over the time period covered by this Fee Statement, Province has:

   (a)     Undertaken an ongoing review of the post-petition and pre-petition operating performance of the Debtors and interfaced with Debtors' professionals to request and review related information;

   (b)     Gained an understanding of the historical transactions and intercompany arrangements of the Debtors;

   (c)     Reviewed and analyzed Debtors' trial balance, balance sheets, and other historical financial data;

   (d)     Assisted counsel in identifying and documenting various requests for data that the Committee deems essential for administering and settling the bankruptcy; and

   (e)     Provided summary analyses and reports to counsel and to the Committee with respect to other financial and operating information disclosed by the Debtors on a as needed and as requested basis.

(5)     Anticipated Distribution to Creditors:

   (a)     Administration Expenses: TBD

   (b)     Secured Creditors: TBD

   (c)     Priority Creditors: TBD

   (d)     General Unsecured Creditors: TBD

(6)     Final disposition of these cases and percentage of dividend paid to creditors: This is the first interim fee statement. Final dividend percentages are unknown at this time.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>BOWFLEX, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12364-ABA |

### FIRST INTERIM APPLICATION OF PROVINCE, LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM MARCH 21, 2024 THROUGH JUNE 30, 2024

Province, LLC ("**Province**"), as financial advisor to the Official Committee of Unsecured Creditors (the "**Committee**") of Bowflex Inc., *et al*. (the "**Debtors**"), hereby submits this first interim application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "**Application**") pursuant to the Debtors' *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* (the "**Administrative Order**") [Docket No. 298], for professional services rendered by Province for the period commencing March 21, 2024, through and including June 30, 2024, (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.  In support of this Application, Province respectfully represents as follows:

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679). The Debtors' service address is 17750 S. E. 6th Way, Vancouver, Washington 98683.

## BACKGROUND

1.      On March 4, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request has been made for the appointment of a trustee or an examiner in the Chapter 11 Cases.

2.      On March 15, 2024, the Office of the United States Trustee for Regions Three and Nine (the "U.S. Trustee") appointed three of the Debtors' unsecured creditors to serve as members of the Committee. [2]  The Committee currently comprises the following entities and persons: (i) Zhejiang Arcana Power Sports Tech. CO., LTD.; (ii) Cerence Operating Company; and (iii) Core Health and Fitness, LLC.

3.      On March 21, 2024, the Committee selected Kelley Drye & Warren LLP to serve as counsel to the Committee and Province, LLC to serve as its financial advisor, in each case subject to Court approval.

4.      On April 12, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of March 21, 2024* [Docket No. 258] (the **"Retention Application"**).  On April 23, 2024, this Court entered the *Amended Order Authorizing the Official Committee of Unsecured Creditors of Bowflex Inc., et al. to Retain and Employ Province, LLC as Financial Advisor, Effective as of March 21, 2024* [Docket No. 321] (the **"Retention Order"**).

---

[2]      *Notice of Appointment of Official Committee of Unsecured Creditors*, dated March 15, 2024 [ECF No. 116].

## INFORMATION REQUIRED BY THE GUIDELINES

### A.    The Scope of the Application

5.    Consistent with the Guidelines, Province discloses the following concerning the

scope of the Application:

| | |
|---|---|
| Name of Applicant | Province, LLC |
| Name of Client | Official Committee of Unsecured Creditors |
| Petition Date | March 21, 2024 |
| Retention Date | Order signed April 23, 2024, effective March 21, 2024. *See* Retention Order at Docket No. 321, a copy of which is attached hereto as **Exhibit A**. |
| Time Period Covered by Application | March 21, 2024 – June 30, 2024 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final Application | Interim |
| Total Compensation (Fees) Sought this Period | $548,233.00 |
| Total Expenses Sought this Period | $0.00 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all professionals | $699.05 |
| Blended rate in this application for all timekeepers | $695.37 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $290,411.20 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Number of professionals billing fewer than 15 hours to the cases during this period | 0 |

| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes                        [X] No |
|---|---|
| | $<br><br>N/A |

### B.    <u>Summary of Timekeepers</u>

6.    With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Province discloses the following information on **<u>Exhibit B</u>** attached, where applicable: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) total fees billed included in application; and (v) total hours billed included in application.

### C.    <u>Statements from the Applicant</u>

7.    Consistent with the Guidelines, Province answers the following questions:

| <u>Question</u> | <u>Answer</u> |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes |
| Does the fee application include any rate increases? | No |

4

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

8.      Province seeks allowance of compensation for professional services rendered to the Committee during the Compensation Period in the amount of $548,233.00.  In addition, Province seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $0.00.  During the Compensation Period, Province professionals and paraprofessionals expended a total of 788.4 hours for which compensation is requested.  The fees charged by Province in this proceeding are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

9.      The following summary highlights the major areas in which Province rendered services during the Compensation Period.  As required by the Guidelines, the summary is organized by project category.  A summary chart setting forth the number of hours spent and the amount of compensation requested for each projected category is attached as **Exhibit C** and a summary chart setting forth the amount of expenses requested by Province in this Application is attached as **Exhibit D**.  The full breadth of Province's services performed during the Compensation Period is reflected in the time records which are attached to Province's monthly fee statements and incorporated herein by reference.

10.      As described in more detail below, during the Compensation Period, Province advised the Committee on a broad range of issues during the pendency of these chapter 11 cases. In particular, Province expended significant time on the following tasks:

### A.      Business Analysis / Operations

11.      Incorporated within this project category is time spent by Province personnel in connection with the evaluation and analysis of the Debtors' historical and current financial condition.

12.     Specific services provided by Province during the First Interim Fee Period include, but are not limited to:

i.      Analyzing and evaluating financial information, including weekly cash flow forecasts, weekly cash flow variance reports, and long-term financial projections;

ii.     Corresponding with the Debtors' advisors regarding financial performance, updates on operations, sale process and business plan initiatives;

iii.    Developing and evaluate alternate budget scenarios and applying sensitivities to the Debtors' financial forecasts;

iv.     Preparing various analyses related to the Debtors' operations, historical balance sheets, income statements, and cash flow statements;

v.      Reviewing and indexing financial information and other documents provided by the Debtors and their advisors;

vi.     Review and analysis of SOFA and SOAL filing data;

vii.    Analysis and review of case filings, and input and analysis of data from case filings;

viii.   Assisting in the preparation of financial information for distribution to the Committee and legal counsel, including projections and budgets, analysis of the effect of various assumptions on projected financial results, and other ad hoc analyses as requested or deemed necessary; and

ix.     Corresponding and discussing budget and other business and financial results with counsel, committee professionals and within internal team.

13.     Applicant expended 517.7 hours of time for a charge of $344,206.00 for services rendered in connection with this category.

**B.      Case Administration**

14.     Incorporated within this project category is time incurred by Province personnel while performing various administrative tasks that do not clearly fit into other categories.

15.     Applicant expended 0.9 hours of time for a charge of $422.00 for services rendered in connection with this category.

C.      **Claims Analysis and Objections**

16.      Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the preliminary analysis and estimate of potential claims against the Debtors.

17.      Applicant expended 69.0 hours of time for a charge of $47,710.00 for services rendered in connection with this category.

D.      **Committee Activities**

18.      Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee of these chapter 11 cases. Province provided updates summarizing various analyses to the Committee and provided recommendations with regards to the Committee's position and next steps.

19.      Specific services provided by Province during the First Interim Fee Period include, but are not limited to:

    i.      Preparing for and participating in calls with the Committee and its counsel on issues related to the bankruptcy proceeding;
    ii.     Preparing summaries of various analyses into presentation materials to be shared with the Committee and its counsel;
    iii.    Conferring with members of the Committee and its counsel directly related to questions and concerns of the Committee regarding actions and projections of the Debtors; and
    iv.     Conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

20.      Applicant expended 162.6 hours of time for a charge of $132,222.00 for services rendered in connection with this category.

**E.**    **Court Filings**

21.    Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to reviewing, evaluating and commenting on the Debtors' motions and orders filed on the docket, including analysis of various motions and proposed orders.

22.    Applicant expended 0.8 hours of time for a charge of $904.00 for services rendered in connection with this category.

**F.**    **Fee/Employment Applications**

23.    Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the employment application and monthly fee statements of Province for these chapter 11 cases.

24.    Applicant expended 9.0 hours of time for a charge of $3,978.00 for services rendered in connection with this category.

**G.**    **Financing Activities**

25.    Incorporated within this project category is time incurred by Province personnel while performing various functions related to the Debtors' efforts to obtain DIP financing.

26.    Applicant expended 1.2 hours of time for a charge of $780.00 for services rendered in connection with this category.

**H.**    **Sale Process**

27.    Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the potential sale of the Debtors' assets.

28.    Applicant expended 27.2 hours of time for a charge of $18,011.00 for services rendered in connection with this category.

**RELIEF REQUESTED AND BASIS THEREFOR**

29.     The professional services performed by Province on the Committee's behalf during the Compensation Period required an aggregate expenditure of 788.4 recorded hours by Province's professionals and paraprofessionals.  Of the aggregate time expended, 781.3 recorded hours were expended by professionals of Province and 7.1 recorded hours were expended by paraprofessionals.

30.     During the Compensation Period, Province's hourly billing rates for professionals and paraprofessionals ranged from $270 to $1,400 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $695.37 for paraprofessionals and professionals, respectively, at Province's regular billing rates in effect at the time of the performance of services.

31.     Province has incurred $0.00 in direct out-of-pocket expenses in providing professional services during the Compensation Period.  These charges are intended to cover Province's direct operating costs, of which costs are not incorporated into Province's billing rates.

32.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses."  11 U.S.C. § 330(a)(1).

33.     Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The

majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an

element of whether such services are "necessary" is whether they benefitted the bankruptcy estate.

*Engel*, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what

services a reasonable lawyer would have performed under the same circumstances.  *In re APW*

*Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing

*Fleming*, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success

or failure of the attorney's actions.  *See id.* (citing, *inter alia, Keate v. Miller (In re Kohl)*, 95 F.3d

713, 714 (8th Cir. 1996)).

34.    Once the court determines that a service was necessary, it also assesses the

reasonable value of the service.  11 U.S.C. § 330(a)(3).  Section 330(a)(3) of the Bankruptcy Code

sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, extent, and the value
> of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of,
>        or beneficial at the time at which the service was rendered
>        toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
>        amount of time commensurate with the complexity,
>        importance, and nature of the problem, issue, or task
>        addressed;
>
> (E)    with respect to a professional person, whether the person is
>        board certified or otherwise has demonstrated skill and
>        experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the
>        customary compensation charged by comparably skilled
>        practitioners in cases other than cases under this title.

10

11 U.S.C. § 330(a)(3).

35.     In determining the reasonableness of fees, courts routinely "employ the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 (3d Cir. 1999). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8.

36.     In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under Section 1103 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. *See* 11 U.S.C. § 331.

37.     In the instant case, Province devoted a substantial amount of time and effort to addressing the numerous issues involved in these chapter 11 cases. Province respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Committee, and were performed economically, effectively, and efficiently. Because Province's services benefitted the bankruptcy estate, Province respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

38.    Further, Province submits that consideration of the relevant factors enumerated in

*Lan Assocs.*, 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in light

of the nature, extent, and value of such services to the Committee:

(a)    *The Time and Labor Required*.  The professional services rendered by Province on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues arising in these chapter 11 cases with skill and dispatch. Province respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b)    *The Novelty and Difficulty of Questions*.  Although the issues in these cases were not particularly novel, many financial challenges have arisen in the course of these cases.    Province's effective assistance has and will continue to facilitate the resolution of such issues.

(c)    *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. Province's advisory of the Committee did not preclude its acceptance of new clients.    However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Province's professionals to commit significant portions of their time to these chapter 11 cases.

(d)    *The Customary Fee*.  The fee sought herein is based on Province's normal hourly rates for services of this kind.  Province respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the consultancy of the Committee.  Province's hourly rates and the fees requested herein are commensurate with fees Province has been awarded in other chapter 11 cases, as well as with fees charged by other professionals of comparable experience.

(e)    *Whether the Fee is Fixed or Contingent*.  Not applicable.

(f)    *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(g)    *The Amount Involved and Results Obtained*.  Province respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(h)    *The Experience, Reputation and Ability of the Professionals*.  Province is a professional firm with approximately 80 professionals that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; and corporate, finance and business transactions.  Province has advised debtors, creditors, creditors' committees, fiduciaries and numerous other parties in several cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(i)    *The Undesirability of the Case*.  Not applicable.

(j)     _Nature and Length of Professional Relationship_.  Not applicable.

(k)     _Awards In Similar Cases_.  As previously indicated, the fees sought herein are commensurate with fees Province has been awarded in other chapter 11 cases.

39.     In addition, consistent with Section 331 of the Bankruptcy Code, this is Province's first interim fee application.  Accordingly, Province has complied with Section 331's requirement that an applicant may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11 since it has not previously applied to the Court for compensation.  _See_ 11 U.S.C. § 331.

**WHEREFORE**, Province respectfully requests a first interim fee allowance as financial advisor for the Committee in the amount of $548,233.00, together with reimbursement of expenses in the amount of $0.00, for a total first interim fee award of $548,233.00.

Dated: August 14, 2024                    _/s/ David Dunn_
                                          David Dunn, Principal
                                          **Province, LLC**
                                          2360 Corporate Circle, Suite 340
                                          Henderson, NV 89074

                                          _Financial Advisor to the Official_
                                          _Committee of Unsecured Creditors_

13

**EXHIBIT A**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Maeghan J. McLoughlin, Esq. (admitted *pro hac vice*)
Connie Y. Choe, Esq.
One Jefferson Road, 2ⁿᵈ Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: jcarr@kelleydrye.com
        ewilson@kelleydrye.com
        mmcloughlin@kelleydrye.com
        cchoe@kelleydrye.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

Order Filed on April 22, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC., *et. al.*, | Case No. 24-12364 (ABA) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF BOWFLEX INC., *ET AL.* TO RETAIN AND EMPLOY PROVINCE,
LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF MARCH 21, 2024**

        The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED**.

**DATED: April 22, 2024**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1]        The Debtors in these chapter 11 cases, are BowFlex Inc. and BowFlex New Jersey LLC.

Page:       2
Debtors:    BowFlex Inc., *et al.*
Case No.:   3:24-bk-12364
Caption:    Order Authorizing and Approving the Employment and Retention of Province, LLC
            as Financial Advisor for the Official Committee of Unsecured Creditors of BowFlex
            Inc., *et al.,* effective as of March 21, 2024

Upon the application (the "Application")[5] of the Official Committee of the Unsecured
Creditors (the "Committee") in the chapter 11 cases (the "Chapter 11 Cases") of the above-
captioned debtors and debtors in possession, (collectively the "Debtors"), for entry of an order
authorizing the Committee to employ and retain Province, LLC ("Province") as its financial
advisor effective as of March 21, 2024, pursuant to sections 328(a) and 1103 of Title 11 of the
United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of
Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New
Jersey (the "Local Bankruptcy Rules"); and upon the declaration of David Dunn (the "Dunn
Declaration"); and the Court having jurisdiction to consider the Application and the relief
requested therein pursuant to 28 U.S.C. §§ 157 and 1334(b); and it appearing that the Application
is a core matter pursuant to 28 U.S.C. §157(b)(2)(A) and that the Court can enter a final order
consistent with Article III of the United States Constitution; and venue being proper in this Court
pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that notice of this
Application and the opportunity for a hearing on this Application was appropriate under the
particular circumstances and no further or other notice need by given; and the Court being satisfied,
based on the representations made in the Application and the Dunn Declaration, that Province does
not hold or represent an adverse interest in connection with the case, and that Province is a
"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the

---

[5]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
        Application.

Page:       3
Debtors:    BowFlex Inc., *et al.*
Case No.:   3:24-bk-12364
Caption:    Order Authorizing and Approving the Employment and Retention of Province, LLC
            as Financial Advisor for the Official Committee of Unsecured Creditors of BowFlex
            Inc., *et al.,* effective as of March 21, 2024

Court having determined that the relief south in the Application is in the best interest of the

Committee, the Debtors, their creditors and all parties in interest; and this Court having determined

that the legal and factual bases set forth in the Application and the Dunn Declaration, and at the

hearing establishing just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014,

and Local Bankruptcy Rule 2014-1, the Committee is authorized to employ and retain Province as

financial advisor to the Committee effective as of March 21, 2024, as modified by this Order.

3.      Province shall apply for compensation and professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule

2016-1(a), the proposed Administrative Fee Order Establishing Procedures for the Allowance and

Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by

Order of this Court, if approved, and such other procedures as may be fixed by order of this Court.

4.      Province shall provide ten (10) business days' notice of any rate increases to the

Committee, the United States Trustee, and the Debtors before any increases in the rates set forth

in the Application are implemented, and shall file a Supplemental Affidavit setting forth any such

increases.  The Committee, the Debtors, the United States Trustee, and all parties-in-interest retail

all rights to object to any rate increase on all grounds including but not limited to the

| | |
|---|---|
| Page: | 4 |
| Debtors: | BowFlex Inc., *et al.* |
| Case No.: | 3:24-bk-12364 |
| Caption: | Order Authorizing and Approving the Employment and Retention of Province, LLC as Financial Advisor for the Official Committee of Unsecured Creditors of BowFlex Inc., *et al.,* effective as of March 21, 2024 |

reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      Notwithstanding anything in the Application or the Kietlinski Declaration to the contrary, Province shall, to the extent that Province uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in the chapter 11 cases, (i) pass through the cost of such Contractors at the same rate that Province pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants, or other agents) (A) are subject to the same conflict checks and disclosures as required by Province and (B) file with the Court such disclosures required by Bankruptcy Rule 2014; and (iv) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

6.      In the event that, during the pendency of the Chapter 11 Cases, Province seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Province's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under sections 327 or 1103 of the Bankruptcy Code. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Province's independent legal counsel.

| | |
|---|---|
| Page: | 5 |
| Debtors: | BowFlex Inc., *et al.* |
| Case No.: | 3:24-bk-12364 |
| Caption: | Order Authorizing and Approving the Employment and Retention of Province, LLC as Financial Advisor for the Official Committee of Unsecured Creditors of BowFlex Inc., *et al.,* effective as of March 21, 2024 |

7.     Province shall (i) comply with the requirements of Local Rule 2016-1; (ii) not seek reimbursement of any fees or costs including attorney fees and costs arising from the defense of any objections to any of Province's fee application in these chapter 11 cases; (iii) use billing and expenses categories that are substantially similar to those set forth in the U.S.  Trustee  Guidelines (Exhibit  D-1  "Summary  of  Compensation  Requested  by  Project Category"); (iv) only bill fifty percent (50%) for non-working travel; and (v) provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

8.     None of the fees payable to Province shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order

9.     To avoid any duplication of effort and provide services to the Committee in the most  efficient  and  cost-effective  manner,  Province  shall  coordinate  with  any  additional professionals the Committee retains regarding their respective responsibilities in the Chapter 11 Cases.

10.     Any material changes to the scope of services being provided by Province, as outlined in the Application, shall require further Court approval.

11.     In the event Province seeks to use any of its affiliates to perform services for the Committee, the Committee shall seek the separate retention of any such affiliates

12.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

| Page: | 6 |
|---|---|
| Debtors: | BowFlex Inc., *et al.* |
| Case No.: | 3:24-bk-12364 |
| Caption: | Order Authorizing and Approving the Employment and Retention of Province, LLC as Financial Advisor for the Official Committee of Unsecured Creditors of BowFlex Inc., *et al.,* effective as of March 21, 2024 |

13.     To the extent that there may be any inconsistency among the terms of the Application, the Declarations and this Order, the terms of this Order shall govern.

14.     The Committee and Province are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| Name of Professional Individual | Position of the Applicant, Prior Relevant Experience, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David Dunn | Principal - Corporate restructuring and litigation analysis. | $1,400 | 15.1 | $21,140.00 |
| Adam Rosen | Principal - Corporate restructuring and Investment banking. | $1,130 | 66.9 | $75,597.00 |
| David Dachelet, Esq. | Principal and General Counsel - Corporate restructuring. Bar admission in 1998. | $1,110 | 0.5 | $555.00 |
| Michael Robinson | Managing Director - Corporate Restructuring and Investment Banking since 2012. | $940 | 250.7 | $235,658.00 |
| Kennet Mendez | Associate - Corporate restructuring and investment banking since 2019. | $490 | 384.6 | $188,454.00 |
| Tate Zall | Analyst. | $390 | 63.5 | $24,765.00 |
| | **Subtotal** | | **781.3** | **$546,169.00** |
| | **Blended Rate for Professionals** | **$699.05** | | |
| **Para Professionals** | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Eric Mattson | Matter Manager | $300 | 4.9 | $1,470.00 |
| Laura Conn | Matter Administrator | $270 | 2.2 | $594.00 |
| | **Subtotal** | | **7.1** | **$2,064.00** |
| | | | Fee Statement Hours | Total Compensation |
| | **Grand Total** | | **788.4** | **$548,233.00** |
| | **Blended Rate for All Timekeepers** | **$695.37** | | |

Client Name:          Bowflex Inc, *et al*.
Case Number:          24-12364 (ABA)
Applicant's Name:     Province, LLC
Date of Application:  August 14, 2024
Interim or Final:     Interim

**EXHIBIT C**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 517.7 | $344,206.00 |
| Case Administration | 0.9 | $422.00 |
| Claims Analysis and Objections | 69.0 | $47,710.00 |
| Committee Activities | 162.6 | $132,222.00 |
| Court Filings | 0.8 | $904.00 |
| Fee / Employment Applications | 9.0 | $3,978.00 |
| Financing Activities | 1.2 | $780.00 |
| Sale Process | 27.2 | $18,011.00 |
| **Grand Total** | **788.4** | **$548,233.00** |

Client Name:        Bowflex Inc, *et al*.
Case Number:        24-12364 (ABA)
Applicant's Name:   Province, LLC
Date of Application: August 14, 2024
Interim or Final:   Interim

**EXHIBIT D**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| Expense Category | Description | Total Expenses |
|---|---|---|
|  |  |  |
| **Total Expenses** |  | **$0.00** |

Client Name:          Bowflex Inc, *et al*.
Case Number:        24-12364 (ABA)
Applicant's Name:  Province, LLC
Date of Application:  August 14, 2024
Interim or Final:      Interim

2