**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC., *et al.*,[1] | Case No. 24-12364 (ABA) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF FIRST AMENDED PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE** that on June 21, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. 474] (the "Solicitations Procedures Order"): (a) approving the *Disclosure Statement for Chapter 11 Plan of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 476] (including all exhibits thereto and as may be altered, amended, modified, or supplemented from time to time, the "Disclosure Statement"); (b) approving the solicitation and voting procedures with respect to the proposed *Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 475] (as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto, the "Plan")[2]; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that as contemplated by the Plan and the Solicitation Procedures Order, on July 29, 2024, the Debtors filed the *Notice of Filing of Plan Supplement* [Docket No. 551], which was comprised of the following exhibits: (A) Schedule of Retained Causes of Action; (B) Identity of the Liquidating Trustee; (C) Liquidating Trust Agreement; and (D) Schedule of Assumed Executory Contracts and Unexpired Leases.

**PLEASE TAKE FURTHER NOTICE** that the Debtors file this *First Amended Plan Supplement*, which contains the following documents (each as defined in the Plan and each as may be altered, amended, modified, or supplemented from time to time in accordance with the Plan):

| Exhibit | Plan Supplement Document |
|---|---|
| A | Schedule of Retained Causes of Action |
| A-1 | Redline to Previously Filed Schedule of Retained Causes of Action |
| C | Liquidating Trust Agreement |

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: BowFlex Inc. (2667) and BowFlex New Jersey LLC (3679).  The Debtors' service address is 2114 Main Street, Suite 100-341, Vancouver, Washington 98660.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

| C-1 | Redline to Previously Filed Liquidating Trust Agreement |
| D | Schedule of Assumed Executory Contracts and Unexpired Leases |
| D-1 | Redline to Previously Filed Schedule of Assumed Executory Contracts and Unexpired Leases |

**PLEASE TAKE FURTHER NOTICE** that the documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is confirmed by the Bankruptcy Court, the documents contained in this Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that certain documents, or portions thereof, contained in the Plan Supplement remain subject to continuing negotiations among the Debtors and interested parties. Subject to the terms and conditions of the Plan, the Debtors reserve all rights to alter, amend, modify, or supplement the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Bankruptcy Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **Monday, August 19, 2024, at 10:00 a.m. (prevailing Eastern Time)**, before the Honorable Andrew B. Altenburg, Jr.

| **Debtor** | **Counsel to the Debtors** |
|---|---|
| **BowFlex Inc.**<br>2114 Main Street, Suite 100-341, Vancouver, Washington 98660<br>Attn: Legal Department | **Sidley Austin LLP**<br>One South Dearborn<br>Chicago, Illinois 60603<br>Attn: Matthew A. Clemente and Maegan Quejada<br>Email:mclemente@sidley.com<br>mquejada@sidley.com<br><br>*- and -*<br><br>**Fox Rothschild LLP**<br>49 Market Street<br>Morristown, New Jersey 07960<br>Attn: Joseph J. DiPasquale,<br>Mark E. Hall and Michael R. Herz<br>Email: jdipasquale@foxrothschild.com,<br>mhall@foxrothschild.com and<br>mherz@foxrothschild.com |

| United States Trustee |
|---|
| **Office of The United States Trustee**<br>One Newark Center<br>1085 Raymond Boulevard, Suite 2100<br>Newark, NJ 07102<br>Attn: Richard Schepacarter<br>Email: Richard.Schepacarter@usdoj.gov |

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC ("Epiq" or the "Notice and Claims Agent") by (a) calling or emailing the Notice and Claims Agent at (888) 311-7005 or (971) 328-4573 (international) or BowFlexinfo@epiqglobal.com; or (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/case/bowflex; and/or (c) writing to the Notice and Claims Agent at BowFlex Inc. Ballot Processing Center c/o Epiq, P.O. Box 4422, Beaverton, OR 97076-4422. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.njb.uscourts.gov/.  Please be advised that the Notice and Claims Agent is authorized to answer any questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

---

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

---

*[Remainder of page intentionally left blank.]*

Dated: August 18, 2024

*/s/ Joseph J. DiPasquale*

| | |
|---|---|
| **FOX ROTHSCHILD LLP** | **SIDLEY AUSTIN LLP** |
| Joseph J. DiPasquale, Esq. | Matthew A. Clemente (admitted *pro hac vice*) |
| Mark E. Hall, Esq. | One South Dearborn |
| Michael R. Herz, Esq. | Chicago, Illinois 60603 |
| 49 Market Street | Telephone: (312) 853-7000 |
| Morristown, NJ 07960 | Facsimile: (312) 853-7036 |
| Telephone: (973) 992-4800 | mclemente@sidley.com |
| Facsimile: (973) 992-9125 | |
| | *and* |
| jdipasquale@foxrothschild.com | |
| mhall@foxrothschild.com | Maegan Quejada (admitted *pro hac vice*) |
| mherz@foxrothschild.com | 1000 Louisiana Street, Suite 5900 |
| | Houston, Texas 77002 |
| | Telephone: (713) 495-4500 |
| | Facsimile: (713) 495-7799 |
| | mquejada@sidley.com |
| | |
| | *and* |
| | |
| | Michael A. Sabino (admitted *pro hac vice*) |
| | 787 Seventh Avenue |
| | New York, New York 10019 |
| | Telephone: (212) 839-5300 |
| | Facsimile: (212) 839-5599 |
| | msabino@sidley.com |

*Counsel for the Debtors and Debtors in Possession*

**Exhibit A**

**Schedule of Retained Causes of Action**

**Schedule of Retained Causes of Action**[1]

This schedule (the "Schedule of Retained Causes of Action") represents a non-exhaustive list of the Retained Causes of Action in connection with the Plan (subject to the terms thereof). The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Retained Causes of Action at any time in accordance with the Plan. If the Plan is not confirmed, no limitation will be created on claims and/or Causes of Action of the Debtors.

As defined in Section I.A of the Plan, "Retained Causes of Action" means "Causes of Action that shall be retained by the Liquidating Trust pursuant to this Plan; *provided* that it shall not include any Transferred Causes of Action and Causes of Action against any Released Parties and Exculpated Parties." For the avoidance of doubt, the Debtors' officers and directors who (i) did not serve in such capacity at any point on or after the Petition Date, or (ii) served in such capacity on or after the Petition Date but did not agree to waive and/or to the disallowance of their filed and scheduled claims, if any (withdrawal of any such filed claims shall be sufficient to evidence such waiver and disallowance), other than those claims that are on account of prepetition claims that the Debtors paid under the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, and Benefit Obligations and (B) Continue Employee Compensation and benefits Programs and (II) Granting Related Relief* [Docket No. 168] (along with any subsequently entered order on such relief, the "Wage Order"), are not Released Parties.

As defined in Section I.A of the Plan, "Transferred Causes of Action" means "all Causes of Action sold to the Stalking Horse Bidder pursuant to the Stalking Horse Asset Purchase Agreement and the Sale Order."

Retained Causes of Action shall include, but are not limited to:

(i)     any Causes of Action now known or unknown that are not included as a Transferred Cause of Action and/or are not Causes of Action against any Released Party or Exculpated Party;

(ii)    the right to seek a determination by the Bankruptcy Court of any tax, fine, or penalty relating to a tax or any addition to a tax, under section 505 of the Bankruptcy Code;

(iii)   any claim or right to recover or avoid transfers or to avoid liens under chapter 5 of the Bankruptcy Code or applicable state law or otherwise, including, but not limited to, sections 502, 506, 510, 522, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code, and the proceeds thereof, or otherwise to exercise the avoidance powers provided under the Bankruptcy Code, including any of the Debtors' or the Estates' claim, counterclaim, setoff, or offset rights, regardless of whether or not such action has been commenced prior to the Effective Date;

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 607] (as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto, the "Plan").

(iv)     for the avoidance of doubt, all Causes of Action now known or unknown against Chengdu Vantron Technology Co. Ltd. and/or any of its affiliates, subsidiaries, or other related parties;

(v)      for the avoidance of doubt, all Causes of Action now known or unknown against the United States of America, Office of the United States Trade Representative, the United States Trade Representative, the U.S. Customs & Border Protection, and the U.S. Customs & Border Protection Commissioner, including those pending under the case *HMTX Industries LLC v. United States*, Case No. 20-03766 in the United States Court of International Trade; and

(vi)     for the avoidance of doubt, all Causes of Action now known or unknown against Visa Inc. and/or MasterCard Inc., including in relation to the Debtors' involvement in the class action matter *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 20-339 in the United States Court of Appeals for the Second Circuit.

Pursuant to the Plan, the Confirmation Order, and/or the Liquidating Trust Agreement, the Liquidating Trustee is authorized to pursue, commence, prosecute, enforce, settle, compromise, release, waive, abandon, withdraw, or dismiss the claims of the Estates, including without limitation, the Retained Causes of Action without further approval of the Bankruptcy Court or any other body.

**No entity may rely on the absence of a specific reference in the Plan, the Plan Supplement (including this Schedule of Retained Causes of Action), the Disclosure Statement, or the Liquidating Trust Agreement to any Retained Causes of Action against it as any indication that the Liquidating Trust will not, or may not, pursue any and all available Retained Causes of action against it. The Liquidating Trust expressly reserves all rights to prosecute any and all Retained Causes of Action against any Entity.**

Unless any Retained Cause of Action against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Debtors and, upon transfer of the Retained Causes of Action to the Liquidating Trust in accordance with the Plan, the Liquidating Trust expressly reserve all Retained Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Retained Causes of Action upon, after, or as a consequence of, confirmation or consummation of the Plan.

In accordance with section 1123(b) of the Bankruptcy Code, any Cause of Action that any Debtor may hold against any Entity shall vest in the Liquidating Trust, except as otherwise provided for in the Plan, and the Liquidating Trust shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Retained Causes of Action, whether arising before or after the Petition Date, and the Liquidating Trust's rights to commence, prosecute, or settle such Retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases

2

and exculpations contained in the Plan, including in Article IX of the Plan, which shall be deemed released and waived by the Debtors and the Liquidating Trust as of the Effective Date.

For the avoidance of doubt, all Causes of Action shall be retained and preserved against the Debtors' directors and officers that were not employed by the Debtors and/or otherwise serving or providing services to the Debtors on or after the Petition Date.

Notwithstanding anything to the contrary herein, the Debtors reserve all rights to raise any defenses, including, but not limited to, those related to setoff or other offsets in connection with filed proofs of claim under applicable law, including, but not limited to, section 502(d) of the Bankruptcy Code until such time that the Debtors transfer such rights to the Liquidating Trust pursuant to the Plan.

**Exhibit A-1**

**Redline to Previously Filed Schedule of Retained Causes of Action**

**Schedule of Retained Causes of Action[1]**

This schedule (the "Schedule of Retained Causes of Action") represents a non-exhaustive list of the Retained Causes of Action in connection with the Plan (subject to the terms thereof). The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Retained Causes of Action at any time in accordance with the Plan. If the Plan is not confirmed, no limitation will be created on claims and/or Causes of Action of the Debtors.

As defined in Section I.A of the Plan, "Retained Causes of Action" means "Causes of Action that shall be retained by the Liquidating Trust pursuant to ~~the~~this Plan; *provided* that it shall not include any Transferred Causes of Action and Causes of Action against any Released Parties and Exculpated Parties." For the avoidance of doubt, ~~only~~ the Debtors' ~~directors and~~ officers ~~who~~and directors who (i) did not serve in such capacity at any point on or after the Petition Date, or (ii) served in such capacity on or after the Petition Date but did not agree to waive and ~~who agreed~~/or to the disallowance of ~~any~~their filed and scheduled claims ~~against the Debtors are Released Parties; provided, however,~~ ~~that the Debtors' directors and officers shall not be required to agree to~~, if any (withdrawal of any such filed claims shall be sufficient to evidence such waiver and disallowance ~~or waive any scheduled~~), other than those claims that are on account of prepetition ~~wages or benefits~~ claims that the Debtors paid under the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, and Benefit Obligations and (B) Continue Employee Compensation and benefits Programs and (II) Granting Related Relief* [Docket No. 168] (along with any subsequently entered order on such relief, the "Wage Order"), are not Released Parties.

As defined in Section I.A of the Plan, "Transferred Causes of Action" means "all Causes of Action sold to the Stalking Horse Bidder pursuant to the Stalking Horse Asset Purchase Agreement and the Sale Order."

Retained Causes of Action shall include, but are not limited to:

(i) any Causes of Action now known or unknown that are not included as a Transferred Cause of Action and/or are not Causes of Action against any Released Party or Exculpated Party;

(ii) the right to seek a determination by the Bankruptcy Court of any tax, fine, or penalty relating to a tax or any addition to a tax, under section 505 of the Bankruptcy Code;

(iii) any claim or right to recover or avoid transfers or to avoid liens under chapter 5 of the Bankruptcy Code or applicable state law or otherwise, including, but not limited to, sections 502, 506, 510, 522, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code, and the proceeds thereof, or

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. ~~475~~607] (as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto, the "Plan").

1

40964862-8422-6515v.2

otherwise to exercise the avoidance powers provided under the Bankruptcy Code, including any of the Debtors' or the Estates' claim, counterclaim, setoff, or offset rights, regardless of whether or not such action has been commenced prior to the Effective Date; ~~and~~

(iv)   for the avoidance of doubt, all Causes of Action now known or unknown against Chengdu Vantron Technology Co. Ltd. and/or any of its affiliates, subsidiaries, or other related parties~~.~~;

(v)   for the avoidance of doubt, all Causes of Action now known or unknown against the United States of America, Office of the United States Trade Representative, the United States Trade Representative, the U.S. Customs & Border Protection, and the U.S. Customs & Border Protection Commissioner, including those pending under the case *HMTX Industries LLC v. United States*, Case No. 20-03766 in the United States Court of International Trade; and

(vi)   for the avoidance of doubt, all Causes of Action now known or unknown against Visa Inc. and/or MasterCard Inc., including in relation to the Debtors' involvement in the class action matter *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 20-339 in the United States Court of Appeals for the Second Circuit.

Pursuant to the Plan, the Confirmation Order, and/or the Liquidating Trust Agreement, the Liquidating Trustee is authorized to pursue, commence, prosecute, enforce, settle, compromise, release, waive, abandon, withdraw, or dismiss the claims of the Estates, including without limitation, the Retained Causes of Action without further approval of the Bankruptcy Court or any other body.

**No entity may rely on the absence of a specific reference in the Plan, the Plan Supplement (including this Schedule of Retained Causes of Action), the Disclosure Statement, or the Liquidating Trust Agreement to any Retained Causes of Action against it as any indication that the Liquidating Trust will not, or may not, pursue any and all available Retained Causes of action against it. The Liquidating Trust expressly reserves all rights to prosecute any and all Retained Causes of Action against any Entity.**

Unless any Retained Cause of Action against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Debtors and, upon transfer of the Retained Causes of Action to the Liquidating Trust in accordance with the Plan, the Liquidating Trust expressly reserve all Retained Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Retained Causes of Action upon, after, or as a consequence of, confirmation or consummation of the Plan.

In accordance with section 1123(b) of the Bankruptcy Code, any Cause of Action that any Debtor may hold against any Entity shall vest in the Liquidating Trust, except as otherwise provided for in the Plan, and the Liquidating Trust shall retain and may enforce all rights to

40964862-8422-6515v.2

commence and pursue, as appropriate, any and all Retained Causes of Action, whether arising before or after the Petition Date, and the Liquidating Trust's rights to commence, prosecute, or settle such Retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations contained in the Plan, including in Article IX of the Plan, which shall be deemed released and waived by the Debtors and the Liquidating Trust as of the Effective Date.

For the avoidance of doubt, all Causes of Action shall be retained and preserved against the Debtors' directors and officers that were not employed by the Debtors and/or otherwise serving or providing services to the Debtors on or after the Petition Date.

Notwithstanding anything to the contrary herein, the Debtors reserve all rights to raise any defenses, including, but not limited to, those related to setoff or other offsets in connection with filed proofs of claim under applicable law, including, but not limited to, section 502(d) of the Bankruptcy Code until such time that the Debtors transfer such rights to the Liquidating Trust pursuant to the Plan.

3

40964862-8422-6515v.2

**Exhibit C**

**Liquidating Trust Agreement**

**LIQUIDATING TRUST AGREEMENT OF THE**

**BOWFLEX LIQUIDATING TRUST**

**DATED AS OF [●], 2024**

**BY AND AMONG**

**UMB BANK, N.A. AS LIQUIDATING TRUSTEE**

**and**

**THE DEBTORS HERETO**

**TABLE OF CONTENTS**

I.   DECLARATION OF TRUST .................................................................................................. 2

    A.   Creation and Governance of the Liquidating Trust ............................................................ 2

    B.   Purpose of the Liquidating Trust ........................................................................................ 3

    C.   Transfer of Liquidating Trust Assets .................................................................................. 3

    D.   Liquidating Trust Assets ..................................................................................................... 4

    E.   Appointment and Acceptance of the Liquidating Trustee ................................................... 5

    F.   Liquidation of Liquidating Trust Assets ............................................................................. 5

    G.   Reversionary Interests........................................................................................................ 5

    H.   Incidents of Ownership ....................................................................................................... 6

    I.   Privileges............................................................................................................................. 6

II.   LIQUIDATING TRUST BENEFICIARIES ...................................................................... 7

    A.   Rights of Liquidating Trust Beneficiaries........................................................................... 7

    B.   Interest Beneficial Only ...................................................................................................... 7

    C.   Evidence of Liquidating Trust Interest ............................................................................... 7

    D.   Limitation on Transferability.............................................................................................. 8

    E.   Exemption From Registration.............................................................................................. 8

    F.   Conflicting Claims .............................................................................................................. 8

III.   DURATION AND TERMINATION OF THE LIQUIDATING TRUST ....................... 9

    A.   Dissolution of the Liquidating Trust................................................................................... 9

    B.   Continuance of the Liquidating Trust for Winding Up ..................................................... 10

IV.   ADMINISTRATION OF THE LIQUIDATING TRUST .............................................. 10

    A.   Payment of Claims, Expenses, and Liabilities.................................................................. 10

    B.   Procedures for Resolving Unliquidated and Disputed Claims ......................................... 10

      1.   Allowance of Claims..................................................................................................... 10

      2.   Claims Administration Responsibilities ....................................................................... 10

      3.   Estimation of Claims and Interests .............................................................................. 11

      4.   Adjustment to Claims Without Objection...................................................................... 11

      5.   Time to File Objections to Claims ................................................................................ 11

      6.   Disallowance of Claims or Interests ............................................................................ 11

      7.   Disallowance of Late Claims........................................................................................ 12

      8.   Disputed Claims Process............................................................................................... 12

9. No Distribution Pending Allowance ................................................................ 12

10. Distributions After Allowance ...................................................................... 12

11. Amendments to Claims ................................................................................. 13

C. Retained Causes of Action ..................................................................................... 13

D. Abandonment ......................................................................................................... 13

E. Distributions .......................................................................................................... 13

1. Distributions Generally ................................................................................. 13

2. Distribution Record Date .............................................................................. 14

3. Compliance with Tax Requirements ............................................................. 14

4. Date of Distribution ...................................................................................... 14

5. Surrender of Instruments ............................................................................... 14

6. Delivery of Distributions and Undeliverable or Unclaimed Distributions ... 15

7. Manner of Payment ....................................................................................... 15

8. Foreign Currency Exchange Rate ................................................................. 15

9. Setoffs and Recoupments .............................................................................. 15

10. Minimum Distribution ................................................................................... 16

11. Allocations .................................................................................................... 16

12. Distributions Free and Clear ......................................................................... 16

13. Claims Paid by Third Parties ........................................................................ 16

14. No Post-Petition Interest on Claims .............................................................. 17

F. Compliance With Laws ........................................................................................... 17

G. Fiscal Year ............................................................................................................. 17

H. Books and Records ................................................................................................. 17

I. No Bond Requirement ............................................................................................ 17

J. Liquidating Trust Insurance ................................................................................... 18

V. TAX MATTERS ............................................................................................................ 18

A. Liquidating Trust's Tax Power for the Debtors ...................................................... 18

B. Treatment of Trust for Tax Purposes ..................................................................... 18

C. Tax Reporting ......................................................................................................... 19

D. Tax Withholdings by the Liquidating Trust ........................................................... 20

E. DOF Election .......................................................................................................... 20

VI. POWERS AND LIMITATIONS OF THE LIQUIDATING TRUST AND THE
LIQUIDATING TRUSTEE ........................................................................................... 21

A. Powers of the Liquidating Trust ............................................................................. 21

B.   Responsibilities and Authority of the Liquidating Trust .................................... 21

C.   Actions Taken by the Liquidating Trust ............................................................ 22

D.   Limitations on Liquidating Trust...................................................................... 23

E.   Term of the Liquidating Trustee ...................................................................... 24

F.   Liquidating Trustee Conflicts of Interest........................................................ 24

G.   Compensation and Expenses of the Liquidating Trustee................................. 24

H.   Liquidating Trust Professionals ....................................................................... 25

I.   Employment, Indemnification, and Other Agreements .................................... 25

J.   Investment of Liquidating Trust Monies ......................................................... 25

VII.   SUCCESSOR LIQUIDATING TRUSTEE.................................................................. 26

A.   Resignation .................................................................................................... 26

B.   Removal ......................................................................................................... 26

C.   Effect of Resignation or Removal.................................................................... 26

D.   Appointment of Successor Liquidating Trustee .............................................. 26

E.   Acceptance of Appointment by Successor Liquidating Trustee....................... 26

VIII.   RELIANCE, LIABILITY, AND INDEMNIFICATION ........................................... 27

A.   Reliance by the Liquidating Trustee ................................................................ 27

B.   Limitation of Liability...................................................................................... 27

C.   No Liability for Acts Approved by the Bankruptcy Court ............................... 27

D.   Nonliability of Liquidating Trustee for Acts of Others .................................... 28

E.   Exculpation ...................................................................................................... 28

F.   Indemnity ........................................................................................................ 28

IX.   MISCELLANEOUS PROVISIONS................................................................................ 29

A.   Governing Law ................................................................................................ 29

B.   Severability ..................................................................................................... 29

C.   Notices ............................................................................................................ 29

D.   Headings ......................................................................................................... 30

E.   Controlling Document ..................................................................................... 30

F.   Entire Agreement............................................................................................ 30

G.   Cumulative Rights and Remedies.................................................................... 30

H.   Division of Trust............................................................................................. 30

I.   Cooperation..................................................................................................... 30

J.   Amendment and Waiver .................................................................................. 31

K.   Meanings of Other Terms ................................................................................ 31

iii

L.    Counterparts ................................................................................................................. 31

M.    Intention of Parties to Establish the Liquidating Trust ................................................ 31

N.    Waiver ......................................................................................................................... 32

O.    Waiver of Jury Trial .................................................................................................... 32

P.    Retention of Jurisdiction ............................................................................................ 32

**LIQUIDATING TRUST AGREEMENT OF BOWFLEX LIQUIDATING TRUST**

THIS LIQUIDATING TRUST AGREEMENT OF BOWFLEX LIQUIDATING TRUST, dated as of [●], 2024 (this "Liquidating Trust Agreement"), is by and among debtors and debtors in possession BowFlex Inc. and BowFlex New Jersey LLC (together, the "Debtors"), and UMB Bank, N.A., as liquidating trustee (together with any successor or additional trustee appointed under the terms of this Liquidating Trust Agreement, including Section VII.D of this Liquidating Trust Agreement, the "Liquidating Trustee"), for the purpose of forming a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994 2 C.B. 684, and thus, as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code, as contemplated by the Plan (the "Liquidating Trust").[1]

**RECITALS**

A.      On March 4, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") initiating the chapter 11 cases jointly administered under Case No. 24-12364 (ABA) in the Bankruptcy Court (collectively, the "Chapter 11 Cases");

B.      On April 15, 2024, the Bankruptcy Court approved the sale of substantially all of the Debtors' assets to the Stalking Horse Bidder pursuant to section 363 of the Bankruptcy Code and in accordance with the terms of the Stalking Horse Asset Purchase Agreement by entry of the Sale Order;

C.      On June 21, 2024, the Bankruptcy Court entered the Solicitation Order, by which the Bankruptcy Court, *inter alia*, approved the adequacy of the Disclosure Statement and provided for the Debtors to transmit the solicitation packages to, among others, Holders of Claims entitled to vote to accept or reject the Plan;

D.      On June 21, 2024, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 475] and the Disclosure Statement [Docket No. 476], to be included in the solicitation packages;

E.      On August 13, 2024, the Debtors filed the *First Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 584];

F.      On August 18, 2024, the Debtors filed the Plan;

---

[1] The "Plan" means the Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate, In re BowFlex Inc., et al., Case No. 24-12364 (ABA) (Bankr. D.N.J. Aug. 13, 2024), (No. 607), as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

1

G.      On [●], 2024, the Bankruptcy Court entered an order confirming the Plan [Docket No. [●]] (the "Confirmation Order"), which became effective on [●], [2024] (the "Effective Date");

H.      The Plan provides for, *inter alia*, the creation of the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries on the Effective Date for the purpose of liquidating and administering the Liquidating Trust Assets and making distributions on account thereof in accordance with the terms of the Plan and this Liquidating Trust Agreement, and to be structured to qualify as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994 2 C.B. 684, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust, as provided for under the Plan and this Liquidating Trust Agreement. The Liquidating Trust is established and is effective for the benefit of the Liquidating Trust Beneficiaries; and

I.      The duties and powers of the Liquidating Trustee shall include all powers necessary to administer the Liquidating Trust Assets, including, without limitation, the duties and powers listed in the Plan.

**AGREEMENT**

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein, the parties hereto agree as follows:

**I.      DECLARATION OF TRUST**

A.      Creation and Governance of the Liquidating Trust

The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, hereby create the Liquidating Trust, which shall bear the name the "BowFlex Liquidating Trust";

In connection with the exercise of the Liquidating Trustee's power hereunder, the Liquidating Trustee may use this name or such variation thereof as the Liquidating Trustee sees fit;

The Debtors and the Liquidating Trustee enter into this Liquidating Trust Agreement to effectuate the distribution of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries pursuant to the Plan and the Confirmation Order;

The Liquidating Trust shall be governed by this Liquidating Trust Agreement and administered by the Liquidating Trustee;

Pursuant to Section IV.B.3 of the Plan and Section I.C of this Liquidating Trust Agreement, the Remaining Assets shall automatically be transferred to and vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, or interests, subject only to the Liquidating Trust Interests and the Liquidating Trust Expenses, as provided for herein, and shall comprise Liquidating Trust Assets for all purposes;

2

TO HAVE AND TO HOLD unto the Liquidating Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Liquidating Trust Agreement and any proceeds thereof and earnings thereon are to be held by the Liquidating Trust and applied on behalf of the Liquidating Trust by the Liquidating Trustee on the terms and conditions set forth herein, solely for the benefit of the Liquidating Trust Beneficiaries and for no other party.

B.      Purpose of the Liquidating Trust

The Liquidating Trust shall be established as a liquidating trust in accordance with Treasury Regulation section 301.7701-4(d), for the purpose of pursuing or liquidating the Liquidating Trust Assets, reconciling and objecting to Claims, prosecuting Retained Causes of Action, and making Plan Distributions to Holders of Allowed Claims, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust, as provided for under the Plan and this Liquidating Trust Agreement. Subject to the DOF Election described in Section IV.B.3.xix of the Plan and Section V.E of this Liquidating Trust Agreement, the Liquidating Trust is intended to qualify as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code (the "IRC") and, to the extent permitted by applicable law, for state and local income tax purposes, with the Liquidating Trust Beneficiaries treated as grantors and owners of the Liquidating Trust.

C.      Transfer of Liquidating Trust Assets

Pursuant to the Plan and the Confirmation Order, the Debtors hereby irrevocably grant, release, assign, transfer, convey, and deliver and shall be deemed to have irrevocably transferred, granted, released, assigned, conveyed, and delivered to the Liquidating Trust all rights, title, and interest in and to all of the Remaining Assets, and in accordance with section 1141 of the Bankruptcy Code, all of the Debtors' right, title, and interest in and to the Remaining Assets are automatically vested in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, or interests, subject only to the Liquidating Trust Interests and the Liquidating Trust Expenses, as provided for herein, and shall become Liquidating Trust Assets for all purposes.  The Liquidating Trust Assets shall include, for the avoidance of doubt: (1) the Retained Causes of Action; (2) the proceeds thereof; and (3) all other property held by the Liquidating Trust from time to time.

The Liquidating Trust hereby accepts all such Remaining Assets free and clear of any and all Claims, Liens, encumbrances, and interests, and agrees to hold and administer the Liquidating Trust Assets and the remainder of the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms and conditions of this Liquidating Trust Agreement.

For the avoidance of doubt, upon the transfer of the Remaining Assets, the Liquidating Trust shall succeed to all of the Debtors' right, title, and interest in and to the Remaining Assets, and upon delivery of the Remaining Assets to the Liquidating Trust and their vesting in the Liquidating Trust as Liquidating Trust Assets, the Debtors and their predecessors, successors, and assigns shall be released from all liability with respect to the delivery thereof and shall have no

3

further interest in or with respect to the Remaining Assets or the Liquidating Trust. Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

For all U.S. federal income tax purposes, and, to the extent permitted by applicable law, for state and local income tax purposes, and subject to the DOF Election described in Section IV.B.3.xix of the Plan and Section VI.E, all parties (including, without limitation, the Debtors, the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Beneficiaries) shall treat the transfer of the Remaining Assets to the Liquidating Trust in accordance with the terms herein as a transfer to the Liquidating Trust Beneficiaries, followed by a transfer by such Liquidating Trust Beneficiaries to the Liquidating Trust, and the Liquidating Trust Beneficiaries will be treated as the grantors and owners thereof.

Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan and this Liquidating Trust Agreement, including, without limitation, the transfer of the Remaining Assets to the Liquidating Trust, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and pursuant to the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation all such instruments or other documents governing or evidencing such transfers without the payment of any such tax, recordation fee, or governmental assessment.

The Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Liquidating Trust Agreement and any earnings, including interest, on any of the foregoing shall be held and be applied by the Liquidating Trust in accordance with the terms of this Liquidating Trust Agreement, the Plan, and the Confirmation Order for the benefit of the Liquidating Trust Beneficiaries, and for no other party, subject to the further covenants, conditions and terms set forth in this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

The Debtors, the Liquidating Trustee, and any party under the control of such parties, hereby agree to execute any documents or other instruments and shall take all other steps as necessary to cause title to the Remaining Assets to be transferred to the Liquidating Trust in accordance with this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

D.    Liquidating Trust Assets

The Liquidating Trust, acting by and through the Liquidating Trustee, in accordance with section 1123(b)(3) of the Bankruptcy Code, shall serve as a representative of the Estates with respect to any and all Liquidating Trust Assets including, but not limited to, the Retained Causes of Action, and shall retain and possess the right to commence, pursue, prosecute, enforce, abandon, waive, settle, compromise, release, or withdraw, as appropriate, any and all Retained Causes of Action in any court or other tribunal, except as otherwise provided in the Plan, the Confirmation Order, or this Liquidating Trust Agreement.

4

E.      Appointment and Acceptance of the Liquidating Trustee

The Liquidating Trust, acting by and through the Liquidating Trustee, shall be the exclusive trust of the Liquidating Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidating Trust Assets including, but not limited to, the Retained Causes of Action.

The Liquidating Trustee accepts: (1) the appointment to serve as trustee for the Liquidating Trust created by this Liquidating Trust Agreement in accordance with the terms of the Plan, the Confirmation Order, and this Liquidating Trust Agreement; and (2) the grant, assignment, transfer, conveyance and delivery to the Liquidating Trust, on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, by the Debtors of all of their respective rights, titles and interests in the Liquidating Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan, and in the Confirmation Order. The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purpose of the Liquidating Trust and not otherwise. The Liquidating Trustee shall have the authority to bind the Liquidating Trust in accordance with, and within the limitations set forth in this Liquidating Trust Agreement, but shall for all purposes hereunder be acting solely in the capacity as Liquidating Trustee, and not individually.

F.      Liquidation of Liquidating Trust Assets

The Liquidating Trust shall, in an expeditious but commercially reasonable manner and subject to the provisions of the Plan, the Confirmation Order, and the other provisions of this Liquidating Trust Agreement, liquidate and convert to Cash the Liquidating Trust Assets, make timely distributions in accordance with the terms of this Liquidating Trust Agreement, the Plan, and the Confirmation Order and not unduly prolong the existence of the Liquidating Trust. The Liquidating Trust shall liquidate the Liquidating Trust Assets in an effort to maximize net recoveries, and the Liquidating Trust shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of recoveries; provided, that the determinations and actions of the Liquidating Trust, acting by and through the Liquidating Trustee, shall in all cases be subject to the limitations provided in the Plan, the Confirmation Order, and this Liquidating Trust Agreement. Subject to the terms of this Liquidating Trust Agreement, such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any Claims or Retained Causes of Action that are not otherwise subject to release or exculpation pursuant to the Plan, or through the sale or other disposition of the Liquidating Trust Assets (in whole or in combination, and including the sale of the Retained Causes of Action that are not otherwise subject to release or exculpation pursuant to the Plan). The Liquidating Trust may incur any reasonable and necessary expenses in connection with the liquidation and conversion of the Liquidating Trust Assets into Cash or in connection with the administration of the Liquidating Trust.

G.      Reversionary Interests

In no event shall any part of the Liquidating Trust Assets revert to or be distributed to the Debtors. The Liquidating Trust shall have a reversionary interest in any Cash remaining in the

5

Professional Fee Reserve Account after payment in full of all Allowed Professional Fee Claims without any further notice, action, or order of the Bankruptcy Court. For the avoidance of doubt, any such remaining Cash is deemed to be a Liquidating Trust Asset.

H.       Incidents of Ownership

The Liquidating Trust Beneficiaries shall be the sole beneficiaries of the Liquidating Trust and the Liquidating Trust Assets, and the Liquidating Trust shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein, in the Plan, and in the Confirmation Order, including those powers set forth in Section VI of this Liquidating Trust Agreement.

I.       Privileges

In connection with the vesting and transfer of the Liquidating Trust Assets, the Liquidating Trust shall stand in the same position as the applicable Debtor with respect to any claim the applicable Debtor and/or its Estate may have as to an attorney-client privilege, work-product doctrine, or any other privilege or confidentiality protections attaching to any documents or communications (whether written or oral) relating to the Liquidating Trust Assets, and the Liquidating Trust shall succeed to all rights of the applicable Debtor and/or its Estate to hold, preserve, assert, be the beneficiary of, or waive any such privilege or protection (collectively, "Privileges"). As of the Effective Date, all Privileges of the Debtors relating to the Liquidating Trust Assets shall be deemed transferred, assigned, and delivered by the applicable Debtor to the Liquidating Trust, without waiver or release, and shall vest in the Liquidating Trust. No such Privilege shall be waived by disclosures to the Liquidating Trust, the Liquidating Trustee, or the Liquidating Trust Professionals (defined below) of the Debtors' documents, information, or communication subject to attorney-client privilege, work product protections, or other immunities (including those related to common interest or joint defense with third parties), or protections from disclosure held by the Debtors. The Debtors' Privileges relating to the Liquidating Trust Assets will remain subject to the rights of third parties under applicable law, including any rights arising from the common interest doctrine, the joint defense doctrine, joint attorney-client representation, or any agreement; provided, that prior to waiving such privilege, the Liquidating Trust shall provide such third party with any written notice to the extent required by any joint defense or common interest agreements as of the Petition Date. Any and all work product created by or on behalf of the Liquidating Trust, the Liquidating Trustee, the Liquidating Trust Professionals (defined below), and each of their respective agents, representatives, employees, and independent contractors shall be deemed confidential to the extent that such work product is not protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege. In addition, any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 or any other law, rule, or order held by the Debtors prior to the Effective Date with respect to the Liquidating Trust Assets shall vest in the Liquidating Trust from the Effective Date through the date of dissolution of the Liquidating Trust.

**II.     LIQUIDATING TRUST BENEFICIARIES**

     A.     <u>Rights of Liquidating Trust Beneficiaries</u>

"<u>Liquidating Trust Interests</u>" means a non-certified, non-transferable beneficial interest in the Liquidating Trust granted to Holders of Allowed General Unsecured Claims, which shall entitle such Holders to their pro rata share of distributions from the Liquidating Trust in accordance with the Plan, the Confirmation Order, and applicable law. Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder. The Liquidating Trust Interests are hereby declared and shall be in all respects personal property. No surviving spouse, heir, or devisee of any deceased Liquidating Trust Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to the Liquidating Trust Assets shall be vested in the Liquidating Trust and the sole interest of the Liquidating Trust Beneficiaries shall be the rights and benefits given to such person under this Liquidating Trust Agreement, the Confirmation Order, and the Plan. For the avoidance of doubt, the Liquidating Trust, by and through the Liquidating Trustee, shall make Distributions to the Liquidating Trust Beneficiaries only in accordance with the Plan.

     B.     <u>Interest Beneficial Only</u>

The ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary or the Debtors to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

     C.     <u>Evidence of Liquidating Trust Interest</u>

The Liquidating Trust shall maintain at all times a register of the names, distribution addresses, and amounts of Allowed General Unsecured Claims (as of the Effective Date, or as may be Allowed thereafter pursuant to the Plan and this Liquidating Trust Agreement) of the Liquidating Trust Beneficiaries (the "<u>Trust Register</u>"); <u>provided</u>, that the Liquidating Trust may rely on the initial Trust Register, which shall be delivered to the Liquidating Trust by the Debtors within thirty (30) days after the Effective Date and shall be based on the list of Holders of Claims maintained by the Notice and Claims Agent as of the Effective Date and prepared in accordance with the provisions of the Plan and the Confirmation Order (i.e., the Claims Register). All references in this Liquidating Trust Agreement to Liquidating Trust Beneficiaries shall be read to mean holders of record as set forth in the Trust Register maintained by the Liquidating Trust and shall include Holders of General Unsecured Claims who hold their position through a broker, bank, or other nominee, if applicable. The Liquidating Trust shall cause the Trust Register to be kept at its office or at such other place(s) as may be designated by the Liquidating Trust from time to time. The Liquidating Trust shall, upon the written request of a Liquidating Trust Beneficiary, provide reasonably adequate documentary evidence of such Liquidating Trust Beneficiary's Liquidating Trust Interest, as indicated in the Trust Register. For the avoidance of doubt, ownership of a Liquidating Trust Interest will not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except the book entry system.

D.      <u>Limitation on Transferability</u>

It is understood and agreed that the Liquidating Trust Interests shall be non-transferable and non-assignable during the term of this Liquidating Trust Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trust, and the Liquidating Trust may continue to pay all amounts to or for the benefit of the assigning Liquidating Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Liquidating Trust may rely upon such proof without the requirement of any further investigation.

E.      <u>Exemption From Registration</u>

The Liquidating Trust Interests have not been registered pursuant to the Securities Act of 1933, as amended (the "<u>Securities Act</u>"), or any state securities law, and shall not be listed for public trading on any securities exchange. The parties hereto intend that the rights of the holders of Liquidating Trust Interests shall not be "securities" under applicable laws, but none of the parties hereto represents or warrants that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and by other applicable law to apply to their issuance under the Plan. The Liquidating Trust shall not be required to file reports with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, as amended (the "<u>Exchange Act</u>"), on account of any transfer. No transfer of a Liquidating Trust Interest that causes the Liquidating Trust to be required to file reports with the Securities and Exchange Commission pursuant to Sections 13 or 15(d) of the Exchange Act shall be permitted and any such transfer shall be void *ab initio*. In order to prevent the Liquidating Trust from becoming subject to such reporting requirements, the Liquidating Trust may impose certain transfer restrictions designed to maintain the Liquidating Trust as non-reporting entity, and the Liquidating Trust Agreement may be amended pursuant to Section IX.J to make such changes as are deemed necessary or appropriate to ensure that the Liquidating Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act of 1939, as amended, or the Investment Company Act of 1940, as amended.

F.      <u>Conflicting Claims</u>

If any conflicting claims or demands are made or asserted with respect to the Liquidating Trust Interest of a Liquidating Trust Beneficiary under this Liquidating Trust Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Liquidating Trust shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

The Liquidating Trust may elect to make no payment or distribution with respect to the Liquidating Trust Interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands. Neither the Liquidating Trust nor the Liquidating Trustee shall be or become liable to any of such parties for their refusal to

8

comply with any such conflicting claims or demands, nor shall the Liquidating Trust or Liquidating Trustee be liable for interest on any funds which may be so withheld.

The Liquidating Trust and the Liquidating Trustee shall be entitled to refuse to act until either: (1) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction adjudicating the matter; or (2) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidating Trust, which agreement shall include a complete release of the Liquidating Trust and Liquidating Trustee. Until the Liquidating Trust receives written notice that one of the conditions of the preceding sentence is met, the Liquidating Trust may deem and treat as the absolute owner under this Liquidating Trust Agreement of the Liquidating Trust Interest in the Liquidating Trust the Liquidating Trust Beneficiary identified as the owner of that interest in the books and records maintained by the Liquidating Trust. The Liquidating Trust may deem and treat such Liquidating Trust Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

In acting or refraining from acting under and in accordance with this Section II.F, the Liquidating Trust and the Liquidating Trustee shall be fully protected and incur no liability to any purported claimant or any other Person.

## III.   DURATION AND TERMINATION OF THE LIQUIDATING TRUST

### A.   Dissolution of the Liquidating Trust

The Liquidating Trustee shall be discharged and the Liquidating Trust shall be dissolved at such time as: (a) the Liquidating Trust, acting by and through the Liquidating Trustee, determines that the pursuit of additional Retained Causes of Action is not likely to yield sufficient additional proceeds to justify further pursuit of such Retained Causes of Action; (b) all objections to Disputed Claims are fully resolved; and (c) all Plan Distributions required to be made by the Liquidating Trust to the Liquidating Trust Beneficiaries under the Plan and the Liquidating Trust Agreement have been made, but in no event shall the Liquidating Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the 6-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation and distribution of, the Liquidating Trust Assets. Upon dissolution of the Liquidating Trust or at such earlier time as determined by the Liquidating Trust, acting by and through the Liquidating Trustee, in its sole discretion, any Liquidating Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the Liquidating Trust to a charitable organization selected by the Liquidating Trustee in its sole discretion.

9

B. Continuance of the Liquidating Trust for Winding Up

After the termination of the Liquidating Trust and for the purpose of liquidation and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully performed, including such post-distribution tasks as necessary to wind up the affairs of the Liquidating Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trust and final distribution of the Liquidating Trust Assets, the Liquidating Trustee shall have no further duties or obligations hereunder and this Liquidating Trust Agreement shall terminate other than the provisions that expressly survive termination.

## IV. ADMINISTRATION OF THE LIQUIDATING TRUST

A. Payment of Claims, Expenses, and Liabilities

The Liquidating Trust shall use the Liquidating Trust Assets to administer the Plan, administer the Wind-Down, and pay the Liquidating Trust Expenses. The Liquidating Trust may, but shall not be obligated to, physically segregate and maintain separate accounts or sub-accounts for Liquidating Trust Expenses. Reserves may be merely bookkeeping entries or accounting methodologies, which may be revised from time to time, to enable the Liquidating Trust to determine reserves and amounts to be paid to Liquidating Trust Beneficiaries.

The Liquidating Trust, in its discretion, may make Plan Distributions to Holders of Allowed Claims at any time following the Effective Date or use the Liquidating Trust Assets or proceeds thereof, provided that such Plan Distributions or use is otherwise permitted under, and not inconsistent with, the terms of the Plan, this Liquidating Trust Agreement, and applicable law; provided, however, that the Liquidating Trust must pay or reserve for all present and future Liquidating Trust Expenses before any Plan Distribution may be made to Holders of Allowed Claims.

B. Procedures for Resolving Unliquidated and Disputed Claims

The Liquidating Trust may review, object to, reconcile, allow, prosecute, negotiate, estimate, settle, or otherwise compromise any Disputed Claims in its sole discretion.

1. *Allowance of Claims*

The Liquidating Trust shall have and retain any and all rights and defenses that the Debtors had with respect to any Claim or Interest immediately prior to the Effective Date.

2. *Claims Administration Responsibilities*

Except as otherwise specifically provided in the Plan, the Liquidating Trust shall have the sole authority to: (i) File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) settle or compromise any Disputed Claim without further notice to or action, order, or approval by the Bankruptcy Court; and (iii) administer and adjust the Claims Register or Trust Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.

10

### 3. *Estimation of Claims and Interests*

The Liquidating Trust may, but is not required to, at any time request that the Bankruptcy Court estimate any Disputed Claim that is contingent or unliquidated pursuant to section 502(c) of the Bankruptcy Code for any reason, regardless of whether any party previously has objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any such Claim, including during the litigation of any objection to any Claim or during the appeal relating to such objection. Notwithstanding any provision otherwise herein, a Claim that has been expunged or disallowed from the Claims Register or Trust Register, as applicable, but that either is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at zero U.S. dollars ($0.00) unless otherwise ordered by the Bankruptcy Court. In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute a maximum limitation on such Claim for all purposes under the Plan (including for purposes of distributions), and the Liquidating Trust may elect to pursue any supplemental proceedings to object to any ultimate distribution on such Claim.

No payments or Plan Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled, withdrawn, or determined by a Final Order, and the Disputed Claim has become an Allowed Claim.

### 4. *Adjustment to Claims Without Objection*

Any Claim that has been paid, satisfied, or assumed by Purchaser(s) in the Sale Transaction(s), or any Claim that has been amended or superseded, may be adjusted or expunged on the Claims Register or Trust Register by the Liquidating Trust without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

### 5. *Time to File Objections to Claims*

Except as otherwise provided herein, any objections to Claims shall be Filed on or before the Claims Objection Deadline (as such date may be extended by order of the Bankruptcy Court).

### 6. *Disallowance of Claims or Interests*

Except as otherwise expressly set forth in the Plan, all Claims and Interests of any Entity from which property is sought by the Debtors or the Liquidating Trust under sections 542, 543, 550, or 553 of the Bankruptcy Code or that the Debtors or the Liquidating Trust allege is a transferee of a transfer that is avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code shall be disallowed if: (i) the Entity, on the one hand, and the Liquidating Trust on the other hand, agree or the Bankruptcy Court has determined by Final Order that such Entity or transferee is liable to turn over any property or monies under any of the aforementioned sections of the Bankruptcy Code; and (ii) such Entity or transferee has failed to turn over such property by the date set forth in such agreement or final order.

7.      *Disallowance of Late Claims*

Except as provided in the Plan or otherwise agreed to by the Liquidating Trust, as applicable, any Holder of a Claim Filed via Proof of Claim after the applicable Bar Date shall not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order.

8.      *Disputed Claims Process*

All Claims held by Persons or Entities against whom or which the Debtors or Liquidating Trust, as applicable, has commenced a proceeding asserting a Cause of Action under sections 542, 543, 544, 545, 547, 548, 549, or 550 of the Bankruptcy Code or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 548, 549 or 724(a) of the Bankruptcy Code shall be deemed Disputed Claims pursuant to section 502(d) of the Bankruptcy Code. A Claim deemed Disputed pursuant to Article VII of the Plan shall continue to be Disputed for all purposes until the relevant proceeding against the Holder of such Claim has been settled or resolved by a Final Order and any sums due to the Debtors or the Liquidating Trust from such Holder have been paid.

The Liquidating Trust will withhold the Disputed Claims Reserve from the property to be distributed under the Plan to Holders of Allowed Claims and may request estimation for any Disputed Claim that is contingent or unliquidated. The Liquidating Trust will withhold the Disputed Claims Reserve based upon the amount of the Disputed Claim asserted by the respective Holder of such Disputed Claim or, if applicable, the estimated amount of each such Disputed Claim as determined by the Bankruptcy Court. If a Disputed Claim is estimated or allowed in an amount less than the amount being held in the Disputed Claims Reserve for such claim, the difference shall be released from the Disputed Claims Reserve.

Unless the Liquidating Trust agrees otherwise, no payments or Plan Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled, withdrawn, or determined by a Final Order, and the Disputed Claim has become an Allowed Claim.

The Liquidating Trust need not maintain any of the Disputed Claims Reserve in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Liquidating Trust; provided, however, that the Liquidating Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

9.      *No Distribution Pending Allowance*

Notwithstanding anything in the Plan to the contrary, unless otherwise agreed to by the Liquidating Trust in its sole discretion, no Plan Distribution shall be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim.

10.     *Distributions After Allowance*

To the extent that a Disputed Claim ultimately becomes an Allowed Claim, Plan Distributions shall be made to the Holder of such Allowed Claim in accordance with the provisions

12

of the Plan that govern the Class in which such Claim is classified or, if not classified, in accordance with the applicable section of Article II of the Plan. As soon as reasonably practicable after the date when the order or judgment of the Bankruptcy Court allowing all or part of such Claim becomes a Final Order, the Disbursing Agent shall provide to the Holder of such Claim the Plan Distribution to which such Holder is entitled, without any interest, dividends, or accruals to be paid on account of such Allowed Claim. No interest shall accrue or be paid on any Allowed Claim with respect to the period from the Effective Date to the date a final distribution is made on account of such Claim.

11.     *Amendments to Claims*

Except as provided herein, without the prior authorization of the Bankruptcy Court or the Liquidating Trust, a Claim may not be Filed or amended and any such new or amended Claim Filed shall be deemed disallowed in full and expunged without any further notice to or action, order or approval of the Bankruptcy Court.

C.     Retained Causes of Action

The Liquidating Trust may prosecute, negotiate, settle or otherwise compromise, or abandon any Retained Causes of Action in its sole discretion and without further order of the Bankruptcy Court, except as otherwise provided in the Plan, the Confirmation Order, or this Liquidating Trust Agreement. Except as otherwise expressly provided in this Plan or this Liquidating Trust Agreement, the Liquidating Trust may pursue any Retained Causes of Action by informal demand and/or by the commencement of litigation, but is not required to do so. For the avoidance of doubt, proceeds from such Retained Causes of Action are Liquidating Trust Assets.

D.     Abandonment

If, in the Liquidating Trust's reasonable judgment, any Liquidating Trust Assets cannot be sold in a commercially reasonable manner or the Liquidating Trust believes in good faith that such property has inconsequential value to the Liquidating Trust or the Liquidating Trust Beneficiaries, the Liquidating Trust shall have the right to abandon or otherwise dispose of such property, including by donation of such property to a charitable organization.

E.     Distributions

1.     *Distributions Generally*

The Liquidating Trust shall make distributions, at least annually, to the holders of Allowed Claims, except the Liquidating Trust may retain an amount of net income and other Liquidating Trust Assets reasonably necessary to maintain the value of the Liquidating Trust Assets or to satisfy Liquidating Trust Expenses, claims and contingent liabilities of the Liquidating Trust, and retention of such amount may preclude distributions to holders of Allowed Claims.

Except as may be otherwise provided in the Sale Order, all Plan Distributions shall be made by the Liquidating Trust as provided herein. The Liquidating Trust shall not be required to give

13

any bond or surety or other security for the performance of its duties. The Debtors shall use commercially reasonable efforts to provide the Liquidating Trust with the amounts of Claims and the identities and addresses of Holders of Claims, in each case, as set forth in the Debtors' books and records. The Debtors and Liquidating Trust shall cooperate in good faith to comply with the reporting and withholding requirements outlined in the Plan.

The Liquidating Trust shall make Plan Distributions to Professionals for Allowed Professional Fee Claims from the Professional Fee Reserve Account.

### 2. *Distribution Record Date*

As of the close of business on the Distribution Record Date, the various transfer registers for each of the Classes of Claims or Interests as maintained by the Debtors, or their respective agents, shall be deemed closed, and there shall be no further changes in the record Holders of any of the Claims or Interests. The Liquidating Trust shall have no obligation to recognize any ownership transfer of the Claims or Interests occurring on or after the Distribution Record Date. The Liquidating Trust shall be entitled to recognize and deal for all purposes hereunder only with those record Holders stated on the transfer ledgers as of the close of business on the Distribution Record Date, to the extent applicable.

Except as otherwise provided herein, the Liquidating Trust shall make Plan Distributions to Holders of Allowed Claims as of the Distribution Record Date (1) at the address set forth in the underlying Proof of Claim, if Filed, (2) at the address set forth on the Debtors' Schedules, if no Proof of Claim is Filed, or (3) pursuant to a written change of address Filed with the Bankruptcy Court and delivered to the Liquidating Trust.

### 3. *Compliance with Tax Requirements*

Tax matters with respect to Plan Distributions shall be governed by Article V of this Liquidating Trust Agreement.

### 4. *Date of Distribution*

Plan Distributions to Holders of Allowed Claims shall be deemed to have been made on the Effective Date and no interest shall accrue or be payable with respect to such Claims or any distribution related thereto. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### 5. *Surrender of Instruments*

As a condition precedent to receiving any distribution under the Plan, each holder of a certificated instrument or note must surrender such instrument or note held by it to the Liquidating Trust or its designee. Any holder of such instrument or note that fails to: (i) surrender the instrument or note; or (ii) execute and deliver an affidavit of loss or indemnity reasonably satisfactory to the Liquidating Trust and furnish a bond in form, substance, and amount reasonably

14

satisfactory to the Liquidating Trust within six (6) months of being entitled to such distribution shall be deemed to have forfeited all rights and claims and may not participate in any distribution hereunder.

6.      *Delivery of Distributions and Undeliverable or Unclaimed Distributions*

Subject to applicable Bankruptcy Rules, all Plan Distributions to Holders of Allowed Claims shall be made by the Liquidating Trust, who shall transmit such distributions to the applicable Holders of Allowed Claims or their designees. Any Plan Distributions returned to the Liquidating Trust as undeliverable or that are otherwise unclaimed (including, for the avoidance of doubt, checks that remain uncashed) shall remain in the possession of the Liquidating Trust until such time as a Plan Distribution becomes deliverable or claimed. The Liquidating Trust, acting by and through the Liquidating Trustee may, in its sole discretion, but shall have no obligation to, attempt to locate Holders of undeliverable or unclaimed Plan Distributions. In the case of Plan Distributions returned as undeliverable, no further Plan Distributions shall be made to such Holder unless such Holder notifies the Liquidating Trust of its then-current address. Any Entity which fails to claim any Cash within ninety (90) days from the date upon which a Plan Distribution is first made to such Entity shall forfeit all rights to any Plan Distribution, and the Liquidating Trust shall be authorized to cancel any Plan Distribution that is not timely claimed. Pursuant to section 347(b) of the Bankruptcy Code, upon cancellation, such Cash (including interest thereon, if any) shall revert to the Liquidating Trust free of any restrictions under the Plan, the Bankruptcy Code or the Bankruptcy Rules. Upon cancellation: (i) the Claim of any Holder with respect to such funds shall be irrevocably waived and forever barred against the Debtors, the Estates and the Liquidating Trust, notwithstanding any federal, or state or provincial escheat, unclaimed or abandoned property laws to the contrary; and (ii) such Plan Distribution shall revert to the Liquidating Trust for all purposes, including, but not limited to, on account of other Allowed Claims.

7.      *Manner of Payment*

Except as specifically provided herein, any Cash payment to be made under the Plan shall be made by check unless the Liquidating Trust agrees, in its sole discretion, to make payment by wire transfer or another alternative means.

8.      *Foreign Currency Exchange Rate*

As of the Effective Date, any Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the exchange rate for the applicable currency as published in *The Wall Street Journal*, on the Petition Date.

9.      *Setoffs and Recoupments*

The Liquidating Trust, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), and applicable bankruptcy and/or non-bankruptcy law, without the approval of the Bankruptcy Court and upon no less than seven (7) calendar days' notice to the applicable Holder of a Claim, or such lesser time period as may be agreed to by the Holder of a Claim, may, but shall not be required to, set off against or recoup against any Allowed Claim and the Plan

15

Distributions to be made on account of such Allowed Claim, any claims of any nature whatsoever that the Debtors or their Estates may have against the Holder of such Allowed Claim; *provided*, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or the Liquidating Trust of any such claim the Debtors or their Estates may have against the Holder of such Claim.

10. *Minimum Distribution*

No payment of Cash in an amount of less than one hundred U.S. dollars ($100.00) shall be required to be made on account of any Allowed Claim, and the Liquidating Trust may cancel any such Distribution. Such undistributed amount may instead be used in accordance with the Plan. If the Cash available for the final distribution is less than the cost to distribute such funds, the Liquidating Trust may donate such funds to the unaffiliated charitable organization of its choice.

11. *Allocations*

Except as otherwise provided in the Plan or as otherwise required by law, Plan Distributions with respect to an Allowed Claim shall be allocated first to the principal portion of such Allowed Claim (as determined for U.S. federal income tax purposes) and, thereafter, to the remaining portion of such Allowed Claim, if any.

12. *Distributions Free and Clear*

Except as otherwise provided in the Plan, any distribution or transfer made under the Plan, including Plan Distributions to any Holder of an Allowed Claim, shall be free and clear of any Liens, Claims, encumbrances, charges, and other interests, and no other entity shall have any interest, whether legal, beneficial, or otherwise, in property distributed or transferred pursuant to the Plan.

13. *Claims Paid by Third Parties*

If a Holder of a Claim receives a payment or other satisfaction of its Claim other than through the Debtors or the Liquidating Trust on account of such Claim, such Claim shall be reduced by the amount of such payment or satisfaction without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court, and if the Claim was paid or satisfied in full other than through the Debtors or the Liquidating Trust, then such Claim shall be disallowed and any recovery in excess of a single recovery in full shall be paid over to the Liquidating Trust without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court. To the extent a Holder of a Claim receives a distribution on account of such Claim and receives payment or satisfaction from a party that is not the Debtors or the Liquidating Trust on account of such Claim, such Holder shall, within fourteen (14) calendar days of receipt thereof, repay or return the distribution to the Liquidating Trust, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan.

16

14.     *No Post-Petition Interest on Claims*

Unless otherwise specifically provided for in the Financing Orders, the Plan, or the Confirmation Order, or required by applicable bankruptcy and non-bankruptcy law, post-petition interest shall not accrue or be paid on any Claim, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on such Claim.

F.     Compliance With Laws

Any and all distributions of the Liquidating Trust Assets shall be in compliance with applicable laws, including applicable federal and state tax and securities laws.

G.     Fiscal Year

Except for the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be the calendar year. For the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be such portion of the calendar year that the Liquidating Trust is in existence.

H.     Books and Records

On the date hereof, or at such other time as is reasonably convenient to the Liquidating Trust and the Debtors, the Debtors shall provide to the Liquidating Trust timely access to all of the books and records of the Debtors in the Debtors' possession. The Debtors shall also instruct any third parties or professionals possessing such books and records (including computer-generated or computer-maintained books, records, and data) to permit access to such books and records as may be reasonably requested by the Liquidating Trust.

The Liquidating Trust shall retain and preserve the Debtors' books, records, and files that shall have been delivered to or created by the Liquidating Trust, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Liquidating Trust Agreement and applicable provisions of law, including applicable tax, securities and other federal and state laws. The Liquidating Trust may, in its sole discretion and without the need for Bankruptcy Court approval, abandon or destroy any books and records that are not necessary for the administration of the Liquidating Trust. Except as otherwise provided herein or in the Plan, nothing in this Liquidating Trust Agreement requires the Liquidating Trust to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or Distribution out of the Liquidating Trust Assets.

For the avoidance of doubt, the Liquidating Trust shall be responsible for the out-of-pocket costs and expenses of providing access and/or maintaining such books and records.

I.     No Bond Requirement

Notwithstanding any state or other applicable law to the contrary, the Liquidating Trust and the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from

17

giving any bond or other security in any jurisdiction and the Liquidating Trustee shall serve hereunder without bond.

J.      Liquidating Trust Insurance

The Liquidating Trust, by and through the Liquidating Trustee, is hereby authorized, but not required, to obtain all reasonable insurance coverage for itself, the Liquidating Trustee, and its respective agents, including coverage with respect to the liabilities, duties, and obligations of the Liquidating Trust, which insurance coverage may, at the sole option of the Liquidating Trust, be extended for a reasonable period after the termination of the Liquidating Trust or Liquidating Trust Agreement. The costs of any such insurance coverage shall constitute Liquidating Trust Expenses and be paid out of Liquidating Trust Assets.

## V.      TAX MATTERS

A.      Liquidating Trust's Tax Power for the Debtors

For all taxable periods ended on or before the dissolution of the Debtors, the Liquidating Trust shall have the same authority and responsibility in respect of all taxes of the Debtor (including as the common parent or other agent of any consolidated, combined, or unitary tax group of which the Debtor was the agent) and, to the same extent, as if the Liquidating Trust was a Debtor.

In furtherance of the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trust shall be entitled to all tax refunds of the Debtor (and the Liquidating Trust shall bear responsibility for all tax liabilities of the Debtor for taxable periods ended on or before the dissolution of the Debtor, to the extent not discharged by the Plan or provided for payment or otherwise satisfied in the Plan).

Neither the Liquidating Trust nor the Liquidating Trustee shall have any personal liability whatsoever associated with the signing of the Debtors' tax returns or the payment of any tax, penalties or interests associated therewith.

B.      Treatment of Trust for Tax Purposes

For all United States federal income tax purposes, the parties shall treat the transfer of the Remaining Assets (other than those subject to the DOF Election (as defined below) described in Section IV.B.3 of the Plan) to the Liquidating Trust as: (1) a transfer of such Remaining Assets directly to the applicable Holders of Allowed Claims; followed by (2) the transfer by the Holders of such Allowed Claims to the Liquidating Trust of such Remaining Assets in exchange for the Liquidating Trust Interests. Accordingly, the applicable Liquidating Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

C.      Tax Reporting

To the extent permitted by applicable law, all parties, including the Liquidating Trust, the Liquidating Trustee, and any Liquidating Trust Beneficiaries, shall report consistently with the foregoing for all applicable tax reporting purposes. The Debtors will provide information to the Liquidating Trust as to its valuation determinations with respect to the Liquidating Trust Assets on the Effective Date to facilitate consistent tax reporting by the Liquidating Trust.

The Liquidating Trust, acting by and through the Liquidating Trustee, shall file any and all tax returns for the Liquidating Trust and the DOF (if a DOF Election is made), as applicable, including, but not limited to, the filing of a separate federal tax return for the DOF; provided, however, that the Liquidating Trustee shall have no personal liability for the signing or accuracy of the Liquidating Trust's or the DOF's tax returns (as applicable) or for any tax liability related thereto.

Allocations of Liquidating Trust taxable income among the Liquidating Trust Beneficiaries (other than taxable income allocable to the DOF) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the DOF) to the holders of the Liquidating Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidating Trust. Similarly, taxable loss of the Liquidating Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purposes of this Section V.C. shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

The Liquidating Trust shall be responsible for payment, out of the Liquidating Trust Assets (other than those subject to the DOF Election described in Section IV.B.3 of the Plan), of any taxes imposed on the Liquidating Trust, Liquidating Trust Assets (other than those subject to the DOF Election described in Section IV.B.3 of the Plan) or the DOF to the extent such payment is consistent with the Bankruptcy Code, the Plan, and any applicable order of the Bankruptcy Court including, but not limited to, any order establishing a Bar Date; provided, however, that any taxes imposed on the DOF (if any) or its assets will be paid out of the assets subject to the DOF Election and any subsequent distributions in respect of the allowance or disallowance of such claims will be reduced accordingly. In the event, and to the extent, that any Cash subject to the DOF Election is insufficient to pay the portion of any taxes attributable to taxable income arising from assets subject to the DOF Election, such assets (including those otherwise distributable) may be sold to pay such taxes.

The Liquidating Trust shall file tax returns as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

19

The Liquidating Trust shall issue tax-related notices to the applicable Liquidating Trust Beneficiaries as the Liquidating Trust, acting by and through the Liquidating Trustee, determines are necessary or desirable.

D.      Tax Withholdings by the Liquidating Trust

Plan Distributions shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Plan Distributions shall be subject to any such withholding, payment, and reporting requirements. The Liquidating Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements, including requiring each Holder of a Claim to provide a completed Form W-9 (or, if applicable, Form W-8) as set forth in this Plan. Notwithstanding any other provision of this Plan: (1) each Holder of an Allowed Claim who is to receive a Plan Distribution shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by a governmental unit, including income, withholding, and other tax obligations on account of such Plan Distribution, and including, in the case of a Holder of a Disputed Claim that has become an Allowed Claim, any tax obligation that would be imposed on the Liquidating Trust Assets, the Liquidating Trust, or the Disputed Claims Reserve (as applicable), in connection with such Plan Distribution; and (2) no Plan Distribution shall be made to or on behalf of such Holder unless and until such Holder has made arrangements reasonably satisfactory to the Liquidating Trust for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed in connection with such Plan Distribution.

The Liquidating Trust shall be authorized to require each Holder of a Claim to provide it with an executed Form W-9, Form W-8, or any other tax form, documentation or certification as may be requested by the Liquidating Trust as a condition precedent to being sent a Plan Distribution. If a Holder of a Claim does not provide the Trust with an executed Form W-9, Form W-8 or other requested tax form within ninety (90) days after the date of the initial request, the Liquidating Trust may, in its sole discretion: (1) make such Plan Distribution net of applicable withholding; (2) reserve such Plan Distribution, in which case (i) such Holder shall be deemed to have forfeited the right to receive any current, reserved or future Plan Distribution, (ii) any such Plan Distribution shall revert to the Liquidating Trust for all purposes, including but not limited to, for distribution to other Allowed Claims, and (iii) the Claim of the Holder originally entitled to such Plan Distribution shall be irrevocably waived and forever barred without further order of the Bankruptcy Court, all notwithstanding any federal, state or provincial escheat, unclaimed or abandoned property law to the contrary; or (3) establish any other mechanisms it believes are reasonable and appropriate. Any tax withheld shall be treated as distributed and received by the applicable beneficiary for all purposes of this Liquidating Trust Agreement and the Plan. The Liquidating Trust reserves the right to allocate and distribute all Plan Distributions in compliance with all applicable wage garnishments, alimony, child support and other spousal awards, Liens and similar encumbrances.

E.      DOF Election

The Liquidating Trust, acting by and through the Liquidating Trustee, may, in its sole discretion, determine the best way to report for United States tax purposes with respect to the

20

Disputed Claims Reserve, if applicable, including, but not limited to, filing a tax election to treat the Disputed Claims Reserve as a disputed ownership fund ("DOF") or other separate entity within the meaning of Treasury Regulation section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Liquidating Trust (and, to the extent permitted by applicable law, report consistently with the foregoing for United States federal, state, and local income tax purposes) (the "DOF Election"). If a DOF Election is made, the Liquidating Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF or other separate entity, including, but not limited to, the filing of a separate federal tax return for the DOF or other separate entity and the payment of federal and/or state income tax due.

## VI.    POWERS AND LIMITATIONS OF THE LIQUIDATING TRUST AND THE LIQUIDATING TRUSTEE

### A.    Powers of the Liquidating Trust

The Liquidating Trust, acting by and through the Liquidating Trustee, shall be deemed to be a judicial substitute for each of the Debtors as the party-in-interest in the Bankruptcy Cases solely with respect to the purposes of the Liquidating Trust set forth herein or in any judicial proceeding or appeal to which the Debtors are a party, consistent with section 1123(b)(3)(B) of the Bankruptcy Code, and is appointed as the representative of the Estates. The Liquidating Trust, acting by and through the Liquidating Trustee, may exercise all power and authority that may be exercised by any officer, director, or Holder of an Interest in the Debtors with like effect as if authorized, exercised, and taken by unanimous consent of such officers, directors, or Holders of Interests.

### B.    Responsibilities and Authority of the Liquidating Trust

The responsibilities and authority of the Liquidating Trust, acting by and through the Liquidating Trustee, shall include the following rights and responsibilities: (1) preserving and liquidating the Liquidating Trust Assets; (2) administering and paying taxes, including, among other things, (i) filing tax returns (to the extent not the obligation of any Purchaser), (ii) making a DOF Election, and (iii) representing the interest and account of the Liquidating Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding, or audit; (3) retaining and paying, without the need for retention or fee applications, professionals in connection with the Liquidating Trust's and the Liquidating Trustee's performance of their duties under the Plan and this Liquidating Trust Agreement; (4) distributing information statements as required for U.S. federal income tax and other applicable tax purposes; (5) Filing an application for entry by the Bankruptcy Court of a final decree closing the Chapter 11 Cases; (6) making distributions to Professionals for Allowed Professional Fee Claims, including from the Professional Fee Reserve; (7) making distributions to the Liquidating Trust Beneficiaries in accordance with the Plan and this Liquidating Trust Agreement; (8) making Plan Distributions to Holders of Allowed Claims in accordance with the terms of the Plan; (9) prosecuting the Retained Causes of Action in accordance with the terms of the Plan; (10) consummating *De Minimis* Sale Transactions; and (11) performing such other responsibilities as may be vested in the Liquidating Trust pursuant to the Plan, this Liquidating Trust Agreement, or an order of the Bankruptcy Court (including, without limitation, the Confirmation Order), or as may be necessary and proper to carry out the provisions of the Plan.

21

C.      Actions Taken by the Liquidating Trust

Without limiting the authority of the preceding subsection, and in furtherance thereof, the Liquidating Trust, acting by and through the Liquidating Trustee, may take any and all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan and this Liquidating Trust Agreement, without the need for Bankruptcy Court approval (unless otherwise indicated) subject to and in accordance with the terms of the Plan and this Liquidating Trust Agreement, including, but not limited to:

1.      the execution and delivery of appropriate agreements or other documents of consolidation, conversion, disposition, transfer, or dissolution containing terms that are consistent with the terms of the Plan and this Liquidating Trust Agreement and that satisfy the requirements of applicable law;

2.      the power to invest any monies held as Liquidating Trust Assets, and withdraw, make distributions, and pay taxes and other obligations owed by the Liquidating Trust from such funds in accordance with the Plan and this Liquidating Trust Agreement;

3.      the power to engage and compensate, without prior Bankruptcy Court order or approval, employees, independent contractors, professionals, and other representatives or agents to assist the Liquidating Trust with respect to its responsibilities (including those previously retained by the Debtors or the Committee), which shall be paid as Liquidating Trust Expenses out of the Liquidating Trust Assets;

4.      the execution and delivery of any appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, duty, or obligation on terms consistent with the Plan and this Liquidating Trust Agreement;

5.      the power to act on behalf of the Debtors, the Debtors' Estates, or the Liquidating Trust in commencing, prosecuting, compromising, settling, or defending any litigation or rights (whether legal or equitable) pertaining to the Liquidating Trust Assets, including the Retained Causes of Action, without notice to or approval from the Bankruptcy Court;

6.      the ability to appear and have standing in the Bankruptcy Court (or any other court having jurisdiction over the Liquidating Trust Assets) to be heard with regard to Claim Objections, Retained Causes of Action, and other matters that may affect or relate to the Liquidating Trust Assets;

7.      the Filing, prosecuting, compromising, or settlement of Claim Objections to Disputed Claims in accordance with the Plan without further approval of or application to the Bankruptcy Court (except to the extent required by this Liquidating Trust Agreement, the Plan, or the Confirmation Order);

8.      the filing of appropriate documents with the appropriate governmental authorities pursuant to applicable law;

9.      the ability to collect and liquidate all Liquidating Trust Assets, including the sale of any Liquidating Trust Assets;

10.      the ability to protect and enforce the rights to the Liquidating Trust Assets vested in the Liquidating Trust by this Liquidating Trust Agreement;

11.      the ability to oversee compliance with the Liquidating Trust's accounting, finance, and reporting obligations;

12.      the power to take any action as shall be necessary to administer the Chapter 11 Cases;

13.      the power to pay any and all expenses and make all other payments in connection with administering the Liquidating Trust without further order of the Bankruptcy Court as Liquidating Trust Expenses out of the Liquidating Trust Assets; provided, however, that in no event shall the Liquidating Trustee be liable in its individual capacity for payment of any Liquidating Trust Expenses;

14.      the ability to open and maintain bank accounts in the name of the Liquidating Trust, draw checks and drafts thereon on the sole signature of the Liquidating Trustee, and terminate such accounts as the Liquidating Trust deems appropriate;

15.      in the event that the Liquidating Trust determines that the Liquidating Trust Beneficiaries or the Liquidating Trust may, will, or have become subject to adverse tax consequences, in the Liquidating Trust's sole discretion, the power to take such actions that will, or are intended to, alleviate such adverse tax consequences;

16.      the ability to cause the Liquidating Trust to abandon or donate to a charitable organization any Liquidating Trust Assets that the Liquidating Trust determines in its discretion to be too impracticable or of inconsequential value to the Liquidating Trust and the Liquidating Trust Beneficiaries;

17.      the ability to make Distributions to Holders of Allowed Claims and deliver Distributions on account of the Liquidating Trust Interests or such other Distributions as may be authorized by Final Order of the Bankruptcy Court, this Liquidating Trust Agreement, or the Plan to the Liquidating Trust Beneficiaries in accordance with this Liquidating Trust Agreement; and

18.      any and all other actions that the Liquidating Trust determines is necessary or appropriate to effectuate the Plan and this Liquidating Trust Agreement, including, but not limited to, the exercise of the Debtors' rights to conduct discovery and oral examination of any Person under Bankruptcy Rule 2004.

D.      Limitations on Liquidating Trust

The Liquidating Trust shall hold the Liquidating Trust out as a trust in the process of liquidation and not as an investment company. The authority of the Liquidating Trust shall be restricted to the liquidation of the Liquidating Trust Assets on behalf, and for the benefit, of the

23

Liquidating Trust Beneficiaries and the distribution and application of the Liquidating Trust Assets for the purposes set forth in, and the conservation and protection of the Liquidating Trust Assets and the administration thereof in accordance with, the provisions of this Liquidating Trust Agreement, the Plan and the Confirmation Order, and shall not take any action that would jeopardize (1) treatment of the Liquidating Trust as a "liquidating trust" that is a grantor trust for U.S. federal income tax purposes and (2) if the DOF Election is made, treatment of the Disputed Claims Reserve as a "disputed ownership fund" for U.S. federal income tax purposes. The Liquidating Trust shall not at any time, on behalf of the Liquidating Trust or the Liquidating Trust Beneficiaries, (1) enter into or engage in any trade or business, or (2) take any actions that are not related, directly or indirectly, to the purposes of this Liquidating Trust Agreement and the Liquidating Trust or the administration or implementation of the terms hereof.

E.     Term of the Liquidating Trustee

The Liquidating Trustee will serve on and after the Effective Date in accordance with this Liquidating Trust Agreement and the Plan. The Liquidating Trustee shall serve until the earlier to occur of: (1) dissolution of the Liquidating Trust in accordance with the terms of this Liquidating Trust Agreement and the Plan; or (2) the Liquidating Trustee's death, resignation, dissolution, incapacity, bankruptcy, liquidation, or removal pursuant to this Liquidating Trust Agreement.

The duties, responsibilities, and powers of the Liquidating Trustee shall terminate on the date the Liquidating Trust is wound up and dissolved in accordance with the Plan, this Liquidating Trust Agreement, and applicable law.

F.     Liquidating Trustee Conflicts of Interest

If the Liquidating Trustee determines in its reasonable discretion that it has a material conflict of interest with respect to any matter, the Liquidating Trustee shall, at its option and in its sole discretion, designate a person to act on behalf of the Liquidating Trust solely with respect to such matter with such designee's authority to act on behalf of the Liquidating Trust to terminate upon the matter's conclusion. If the Liquidating Trustee is unable to appoint a designee to act on behalf of the Liquidating Trust with respect to any matter, the Liquidating Trustee, after notice to the U.S. Trustee, may request the Bankruptcy Court to approve a designee of the Liquidating Trustee to act on behalf of the Liquidating Trust solely with respect to such matter, with such designee's authority to act on behalf of the Liquidating Trust to terminate automatically upon such matter's conclusion.

G.     Compensation and Expenses of the Liquidating Trustee

The Liquidating Trustee shall be entitled to receive reasonable compensation in connection with its performance of its duties plus the reimbursement of reasonable out-of-pocket expenses. All reasonable and documented costs, expenses, and obligations, including filing fees, incurred by the Liquidating Trustee or the Liquidating Trust Professionals (defined below) shall constitute Liquidating Trust Expenses and be paid from the Liquidating Trust Assets, prior to any distribution to the Liquidating Trust Beneficiaries and without further Bankruptcy Court approval or order (subject to the limitations set forth in this Liquidating Trust Agreement and the Plan).

### H.     Liquidating Trust Professionals

The Liquidating Trust may employ, without further order of the Bankruptcy Court, professionals (including those previously retained by the Debtors or the Committee) (such professionals, the "Liquidating Trust Professionals") to assist in carrying out its duties under the Plan and this Liquidating Trust Agreement and may compensate and reimburse the reasonable expenses of these professionals, which shall constitute Liquidating Trust Expenses, without further order of the Bankruptcy Court from the Liquidating Trust Assets in accordance with the Plan and the Liquidating Trust Agreement.

### I.     Employment, Indemnification, and Other Agreements

The Liquidating Trust, acting by and through the Liquidating Trustee, may (but is not required to) enter into employment, indemnification and other agreements with individuals who may be required to assist the Liquidating Trust. Such agreements shall remain in place until such time as the Liquidating Trust shall determine to either terminate or amend such agreements.

### J.     Investment of Liquidating Trust Monies

All monies and other assets received by the Liquidating Trust shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Liquidating Trust, and further, shall be held in trust for the benefit of the Liquidating Trust Beneficiaries, but need not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan and this Liquidating Trust Agreement. The Liquidating Trust, by and through the Liquidating Trustee shall promptly invest any such monies in the manner set forth in this Section VI.J, but shall otherwise be under no liability for interest or producing income on any monies received by the Liquidating Trust hereunder and held for distribution or payment to the Liquidating Trust Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Liquidating Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Liquidating Trust to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to (1) invest such Liquidating Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (i) short-term direct obligations of, or obligations guaranteed by, the United States of America; (ii) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof or (iii) a short-term money market fund; and (2) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments") provided, however, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

## VII.    SUCCESSOR LIQUIDATING TRUSTEE

### A.    Resignation

The Liquidating Trustee may resign by giving prior written notice thereof to the U.S. Trustee and Bankruptcy Court. Such resignation shall become effective on the earlier to occur of (1) the date specified in such written notice and (2) the effective date of the appointment of a successor Liquidating Trustee in accordance with Section VII.C and such successor's acceptance of such appointment in accordance with Section VII.E of this Liquidating Trust Agreement.

### B.    Removal

Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Liquidating Trustee for cause. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section VII.B.

### C.    Effect of Resignation or Removal

The death, resignation, removal, incapacity, dissolution, bankruptcy, or insolvency of the Liquidating Trustee shall not operate to terminate the Liquidating Trust or to revoke any existing agency created pursuant to the terms of this Liquidating Trust Agreement, the Plan, or the Confirmation Order or to invalidate any action theretofore taken by the Liquidating Trustee. All fees and expenses properly incurred by the Liquidating Trustee prior to the resignation or removal of the Liquidating Trustee shall be paid as Liquidating Trust Expenses from the Liquidating Trust Assets pursuant to the Plan, the Confirmation Order, and this Liquidating Trust Agreement. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall (1) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Liquidating Trustee or directed by the Bankruptcy Court to effect the termination of such Liquidating Trustee's capacity under this Liquidating Trust Agreement, (2) promptly deliver to the successor Liquidating Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of such Liquidating Trustee, and (3) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

### D.    Appointment of Successor Liquidating Trustee

Upon the death, resignation, removal, incapacity, dissolution, bankruptcy, or insolvency of a Liquidating Trustee, any party in interest (including, in the case of resignation, the Liquidating Trustee) may file a motion in the Bankruptcy Court to appoint a successor Liquidating Trustee. In the event no party in interest seeks the appointment of a successor Liquidating Trustee, the Bankruptcy Court may do so on its own motion.

### E.    Acceptance of Appointment by Successor Liquidating Trustee

Any successor Liquidating Trustee so appointed shall consent to and accept in writing the terms of this Liquidating Trust Agreement and agrees that the provisions of this Liquidating Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee.

26

Upon acceptance in writing, such successor Liquidating Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges in the Liquidating Trust of its predecessor under this Liquidating Trust Agreement, the Plan, and the Confirmation Order with like effect as if originally named Liquidating Trustee.

## VIII.   RELIANCE, LIABILITY, AND INDEMNIFICATION

### A.     Reliance by the Liquidating Trustee

Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order, the Liquidating Trustee may rely and shall be protected in acting upon the advice of any Liquidating Trust Professional and/or upon any resolution, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.

### B.     Limitation of Liability

Neither the Liquidating Trust, Liquidating Trustee, nor their firms, companies, affiliates, partners, officers, directors, members, employees, independent contractors, designees, professionals, advisors, attorneys, representatives, disbursing agents or agents, and any of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with the Plan, the Confirmation Order, or this Liquidating Trust Agreement, other than for specific actions or omissions resulting from its willful misconduct, gross negligence or fraud found by a Final Order (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered by the Liquidating Trust. The Liquidating Trust, acting by and through the Liquidating Trustee, shall enjoy all of the rights, powers, immunities, and privileges applicable to a chapter 7 trustee. The Liquidating Trust, acting by and through the Liquidating Trustee, may, in connection with the performance of its functions, in its sole and absolute discretion, consult with its attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are in writing. Notwithstanding such authority, neither the Liquidating Trust nor the Liquidating Trustee shall be under any obligation to consult with any such attorneys, accountants, advisors, or agents, and any determination not to do so shall not result in the imposition of liability on the Liquidating Trust or the Liquidating Trustee unless such determination of liability is based on willful misconduct, gross negligence, or fraud. Persons dealing with the Liquidating Trust or Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trust or Liquidating Trustee to such person in carrying out the terms of the Plan, the Confirmation Order, or this Liquidating Trust Agreement, and neither the Liquidating Trust nor the Liquidating Trustee shall have any personal obligation to satisfy such liability.

### C.     No Liability for Acts Approved by the Bankruptcy Court

The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust and the

Claims required to be administered by the Liquidating Trust. The Liquidating Trustee shall not be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

D.       Nonliability of Liquidating Trustee for Acts of Others

Except as provided herein, nothing contained in this Liquidating Trust Agreement, the Plan, or the Confirmation Order shall be deemed to be an assumption by the Liquidating Trustee or the Liquidating Trust Professionals of any of the liabilities, obligations, or duties of the Debtors or shall be deemed to be or contain a covenant or agreement by the Liquidating Trustee to assume or accept any such liability, obligation, or duty. Any successor Liquidating Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so. The Liquidating Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement, or representation if it is later proved to be incomplete, inaccurate, or untrue. The Liquidating Trustee or any successor Liquidating Trustee shall not be liable for any act or omission of any predecessor Liquidating Trustee. No provision of this Liquidating Trust Agreement shall require the Liquidating Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of his rights or powers hereunder if the Liquidating Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided.

E.       Exculpation

The Liquidating Trust and the Liquidating Trustee shall be exculpated consistent with the terms of the Plan and the Confirmation Order.

F.       Indemnity

The Liquidating Trust shall indemnify the Liquidating Trust Indemnified Parties for, and shall hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without fraud, gross negligence, or willful misconduct on the part of the Liquidating Trust Indemnified Parties (which fraud, gross negligence, or willful misconduct, if any, must be determined by a Final Order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Liquidating Trust Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan, the Confirmation Order, or this Liquidating Trust Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute fraud, gross negligence or willful misconduct. In addition, the Liquidating Trust shall, to the fullest extent permitted by law, indemnify and hold harmless the Liquidating Trust Indemnified Parties, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidating

28

Trust or the implementation or administration of the Plan, if the Liquidating Trust Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Liquidating Trust. To the extent the Liquidating Trust indemnifies and holds harmless any Liquidating Trust Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidating Trust in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidating Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section shall be paid by the Liquidating Trust out of the Liquidating Trust Assets. This provision shall survive the termination of the Liquidating Trust or this Liquidating Trust Agreement, and the death, dissolution, liquidation, resignation, replacement, or removal of the Liquidating Trustee.

## IX. MISCELLANEOUS PROVISIONS

### A. Governing Law

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under this Liquidating Trust Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware, without giving effect to principles of conflicts of law.

### B. Severability

In the event any provision of this Liquidating Trust Agreement or the application thereof to any person or circumstances shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Liquidating Trust Agreement shall be valid and enforceable to the full extent permitted by law.

### C. Notices

Any notice or other communication required or permitted to be made under this Liquidating Trust Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by email, sent by nationally recognized overnight delivery service or mailed by first-class mail:

1. if to the Liquidating Trust:

[●]

with a copy to:

[●]

-and-

29

2.      if to any Liquidating Trust Beneficiary, to the name and distribution address set forth in the Claims Register (or, if no proof of claim has been filed, the Debtors' Schedules) with respect to such Liquidating Trust Beneficiary.

D.      Headings

The headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision of this Liquidating Trust Agreement.

E.      Controlling Document

In the event of any inconsistency between the Plan, the Confirmation Order and this Liquidating Trust Agreement, the Confirmation Order shall control. In the event of an inconsistency between the Plan and this Liquidating Trust Agreement, this Liquidating Trust Agreement shall control.

F.      Entire Agreement

This Liquidating Trust Agreement (including the recitals and annex hereto), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties and supersede all prior and contemporaneous agreements or understandings by and among the parties with respect to the subject matter of this Liquidating Trust Agreement.

G.      Cumulative Rights and Remedies

The rights and remedies provided in this Liquidating Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

H.      Division of Trust

Under no circumstances shall the Liquidating Trustee have the right or power to divide the Liquidating Trust unless authorized to do so by the Bankruptcy Court.

I.      Cooperation

The Debtors, to the extent they continue to exist, and their professionals shall use commercially reasonable efforts to cooperate with the Liquidating Trust and Liquidating Trustee and their professionals in effecting the transition from the Debtors to the Liquidating Trust of administration of the Liquidating Trust Assets and of creditors' Claims. Such cooperation shall include, but not be limited to, reasonably attempting to identify and facilitate access to (1) any reasonably available evidence and information the Liquidating Trustee reasonably requests in connection with the Liquidating Trust's investigation, prosecution or other pursuit, or defense (as applicable) of Retained Causes of Action and objections to Disputed Claims; and (2) former employees or Professionals of the Debtors with knowledge (such knowledge being reasonably available) regarding any Retained Causes of Action. The Debtors shall promptly turn over or otherwise make available to the Liquidating Trust at no cost to the Liquidating Trust or the Liquidating Trustee, any books and records of the Debtor held by such professionals. The Debtors

30

shall arrange for the Liquidating Trustee to receive an updated claims register from the Notice and Claims Agent within thirty (30) days after the Effective Date. Notwithstanding anything to the contrary herein, the Liquidating Trust shall bear and/or reimburse any costs associated with such cooperation.

J.    Amendment and Waiver

This Liquidating Trust Agreement may from time to time be amended, supplemented or modified by the Debtors (in written agreement with the Liquidating Trustee and to the extent they continue to exist), the Liquidating Trustee, or by order of the Bankruptcy Court. Notwithstanding this Section IX.J, any amendment to this Liquidating Trust Agreement shall not be inconsistent with the Plan and the Confirmation Order and shall be consistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d) and Section I.B of this Liquidating Trust Agreement.

K.    Meanings of Other Terms

Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities. The words herein and words of similar import refer to this Liquidating Trust Agreement as a whole and not to any particular Article, Section, or subdivision of this Liquidating Trust Agreement. The term "including" shall mean "including, without limitation."

L.    Counterparts

This Liquidating Trust Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument. A portable document file (PDF) signature of any party shall be considered to have the same binding legal effect as an original signature.

M.    Intention of Parties to Establish the Liquidating Trust

This Liquidating Trust Agreement is intended to form a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994 2 C.B. 684, and thus, as a "grantor trust" within the meaning of Sections 671 through 679 of the IRC, as contemplated by the Plan, and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Liquidating Trust Agreement may be amended to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

N.    <u>Waiver</u>

No failure by the Liquidating Trust or Liquidating Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

O.    <u>Waiver of Jury Trial</u>

Each of the parties hereto hereby waives the right to trial by jury with respect to any litigation directly or indirectly arising out of, under or in connection with this Liquidating Trust Agreement.

P.    <u>Retention of Jurisdiction</u>

Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits, and issues that may arise in connection therewith, including, without limitation, the administration and activities of the Liquidating Trust or the Liquidating Trustee, this Liquidating Trust Agreement, or any entity's obligations incurred in connection herewith, including, without limitation, any action against the Liquidating Trustee or any professional retained by the Liquidating Trust or the Liquidating Trustee, in each case in its capacity as such. Each party to this Liquidating Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement or of any other agreement or document delivered in connection with this Liquidating Trust Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Solely in the event that the Bankruptcy Court declines to exercise jurisdiction, the parties agree to bring any matters relating to this Liquidating Trust Agreement in the United States District Court for the District of New Jersey.  Subject to the proviso below, each party further irrevocably agrees that: (1) any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement will be brought only in the Bankruptcy Court; and (2) all determinations, decisions, rulings, and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to re-argument or reconsideration; <u>provided</u>, <u>however</u>, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction (including the Bankruptcy Court) to prosecute any Retained Causes of Action assigned to the Liquidating Trust that are not otherwise subject to release or exculpation pursuant to the Plan.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**; the parties hereto have executed this Liquidating Trust Agreement or caused this Liquidating Trust Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

**BOWFLEX INC. and BOWFLEX NEW JERSEY, LLC**

By: _____

Name: Robert D. Hoge
Title: General Counsel and Chief
Wind-Down Officer

**LIQUIDATING TRUSTEE**

By: _____

Name: UMB Bank, N.A., not individually but solely in its capacity as Liquidating Trustee under this Liquidating Trust Agreement

**Exhibit C-1**

**Redline to Previously Filed Liquidating Trust Agreement**

**LIQUIDATING TRUST AGREEMENT OF THE**

**BOWFLEX LIQUIDATING TRUST**

**DATED AS OF [●], 2024**

**BY AND AMONG**

**UMB BANK, N.A. AS LIQUIDATING TRUSTEE**

**and**

**THE DEBTORS HERETO**

40964894-2920-9814v.1

**TABLE OF CONTENTS**

I.     DECLARATION OF TRUST ................................................................2

       A.   Creation and Governance of the Liquidating Trust ..............................2

       B.   Purpose of the Liquidating Trust ..................................................3

       C.   Transfer of Liquidating Trust Assets ............................................3

       D.   Liquidating Trust Assets ..........................................................4

       E.   Appointment and Acceptance of the Liquidating Trustee .......................~~5~~4

       F.   Liquidation of Liquidating Trust Assets ........................................5

       G.   Reversionary Interests ............................................................5

       H.   Incidents of Ownership ............................................................6

       I.   Privileges ............................................................................6

II.    LIQUIDATING TRUST BENEFICIARIES ...................................~~7~~6

       ~~A.   Conflicting Claims~~ ..............................................................~~7~~

       ~~B~~A.  Rights of Liquidating Trust Beneficiaries ..................................~~7~~6

       ~~C~~B.  Interest Beneficial Only ..........................................................~~8~~7

       ~~D~~C.  Evidence of Liquidating Trust Interest ......................................~~8~~7

       ~~E~~D.  Limitation on Transferability ..................................................~~8~~7

       ~~F~~E.  Exemption From Registration ....................................................8

       ~~G~~F.  ~~Limitation of Liability~~ .........................................~~9~~Conflicting Claims 8

III.   DURATION AND TERMINATION OF THE LIQUIDATING TRUST ............~~10~~9

       A.   Dissolution of the Liquidating Trust ............................................~~10~~9

       B.   Continuance of the Liquidating Trust for Winding Up .......................~~10~~9

IV.    ADMINISTRATION OF THE LIQUIDATING TRUST ............................10

       A.   Payment of Claims, Expenses, and Liabilities ................................10

       B.   Procedures for Resolving Unliquidated and Disputed Claims ..............~~11~~10

            1.   Allowance of Claims ..........................................................~~11~~10

            2.   Claims Administration Responsibilities ..................................~~11~~10

            3.   Estimation of Claims and Interests ......................................~~11~~10

            4.   Adjustment to Claims Without Objection ................................~~12~~11

            5.   Time to File Objections to Claims ........................................~~12~~11

            6.   Disallowance of Claims or Interests ......................................~~12~~11

40964894-2920-9814v.1

7.    Disallowance of Late Claims ........................................ 1211

8.    Disputed Claims Process ........................................... 1211

9.    No Distribution Pending Allowance ................................. 1312

10.    Distributions After Allowance .................................... 1312

11.    Amendments to Claims ............................................ 13

C.    Retained Causes of Action ............................................ 13

D.    Abandonment ........................................................ 1413

E.    Distributions ........................................................ 1413

1.    Distributions Generally .............................................. 1413

2.    Distribution Record Date ............................................ 14

3.    Compliance with Tax Requirements ................................. 1514

4.    Date of Distribution ................................................. 1514

5.    Surrender of Instruments ............................................ 1514

6.    Delivery of Distributions and Undeliverable or Unclaimed Distributions ..... 1514

7.    Manner of Payment ................................................. 1615

8.    Foreign Currency Exchange Rate ..................................... 1615

9.    Setoffs and Recoupments ............................................ 1615

10.    Minimum Distribution .............................................. 16

11.    Allocations ....................................................... 16

12.    Distributions Free and Clear ........................................ 16

13.    Claims Paid by Third Parties ........................................ 1716

14.    No Post-Petition Interest on Claims .................................. 1716

F.    Compliance With Laws ............................................... 17

G.    Fiscal Year ......................................................... 17

H.    Books and Records .................................................. 17

I.    No Bond Requirement ................................................ 1817

J.    Liquidating Trust Insurance .......................................... 1817

V.    TAX MATTERS ......................................................... 18

A.    Liquidating Trust's Tax Power for the Debtors .......................... 18

B.    Treatment of Trust for Tax Purposes .................................. 18

C.    Tax Reporting ...................................................... 1918

D.    Tax Withholdings by the Liquidating Trust ............................ 2019

E.    DOF Election ....................................................... 20

40964894-2920-9814v.1

VI.      POWERS AND LIMITATIONS OF THE LIQUIDATING TRUST AND THE LIQUIDATING TRUSTEE .................................................................... 21

   A.   Term of the Liquidating Trustee ........................................................... 21

   BA.  Powers of the Liquidating Trust ........................................................... 21

   CB.  Responsibilities and Authority of the Liquidating Trust ...................... 21

   DC.  Actions Taken by the Liquidating Trust ......................................... 2221

   E.   DOF Election ......................................................................................... 24

   FD.  Limitations on Liquidating Trust ................................................... 2423

   E.   Term of the Liquidating Trustee ........................................................... 24

   GF.  Liquidating Trustee Conflicts of Interest ............................................. 24

   HG.  Compensation and Expenses of the Liquidating Trustee ................. 2524

   IH.  Liquidating Trust Professionals ...................................................... 2524

   JI.  Employment, Indemnification, and Other Agreements ........................ 25

   KJ.  Investment of Liquidating Trust Monies .............................................. 25

VII.     SUCCESSOR LIQUIDATING TRUSTEE ............................................... 2625

   A.   Resignation ....................................................................................... 2625

   B.   Removal .................................................................................................. 26

   C.   Effect of Resignation or Removal ........................................................ 26

   D.   Appointment of Successor Liquidating Trustee ................................... 26

   E.   Acceptance of Appointment by Successor Liquidating Trustee ....... 2726

VIII.    RELIANCE, LIABILITY, AND INDEMNIFICATION ............................ 27

   A.   Reliance by the Liquidating Trustee ..................................................... 27

   B.   Limitation of Liability ........................................................................... 27

   C.   No Liability for Acts Approved by the Bankruptcy Court ................ 2827

   D.   Nonliability of Liquidating Trustee for Acts of Others ........................ 28

   E.   Exculpation ............................................................................................ 28

   F.   Indemnity ............................................................................................... 28

IX.      MISCELLANEOUS PROVISIONS ........................................................... 29

   A.   Governing Law ....................................................................................... 29

   B.   JurisdictionSeverability ........................................................................ 29

   C.   SeverabilityNotices ............................................................................... 29

   D.   NoticesHeadings .................................................................................... 30

   E.   Headings ................................................................................................. 30

   FE.  Controlling Document ........................................................................... 30

40964894-2920-9814v.1

GF.    Entire Agreement ........................................................................... 30

HG.    Cumulative Rights and Remedies ................................................. 30

IH.    Division of Trust ........................................................................... 3130

JI.    Cooperation .................................................................................. 3130

KJ.    Amendment and Waiver ............................................................... 31

LK.    Meanings of Other Terms ............................................................ 31

ML.    Counterparts ................................................................................. 31

NM.    Intention of Parties to Establish the Liquidating Trust ............... 3231

ON.    Waiver ........................................................................................... 3231

PO.    Waiver of Jury Trial ..................................................................... 32

QP.    Retention of Jurisdiction .............................................................. 32

iv

## LIQUIDATING TRUST AGREEMENT OF BOWFLEX LIQUIDATING TRUST

THIS LIQUIDATING TRUST AGREEMENT OF BOWFLEX LIQUIDATING TRUST, dated as of [●], 2024 (this "<u>Liquidating Trust Agreement</u>"), is by and among debtors and debtors in possession BowFlex Inc. and BowFlex New Jersey LLC (together, the "<u>Debtors</u>"), and UMB Bank, N.A., as liquidating trustee (together with any successor or additional trustee appointed under the terms of this Liquidating Trust Agreement, including Section VII.D of this Liquidating Trust Agreement, the "<u>Liquidating Trustee</u>"), for the purpose of forming a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994 2 C.B. 684, and thus, as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code, as contemplated by the Plan (the "<u>Liquidating Trust</u>").[1]

### RECITALS

A.      On March 4, 2024 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") initiating the chapter 11 cases jointly administered under Case No. 24-12364 (ABA) in the Bankruptcy Court (collectively, the "<u>Chapter 11 Cases</u>");

B.      On April 15, 2024, the Bankruptcy Court approved the sale of substantially all of the Debtors' assets to the Stalking Horse Bidder pursuant to section 363 of the Bankruptcy Code and in accordance with the terms of the Stalking Horse Asset Purchase Agreement by entry of the Sale Order;

C.      On June 21, 2024, the Bankruptcy Court entered the Solicitation Order, by which the Bankruptcy Court, *inter alia*, approved the adequacy of the Disclosure Statement and provided for the Debtors to transmit the solicitation packages to, among others, Holders of Claims entitled to vote to accept or reject the Plan;

D.      On June 21, 2024, the Debtors filed the ~~Plan~~*Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 475] and the Disclosure Statement [Docket No. 476], to be included in the solicitation packages;

E.      On August 13, 2024, the Debtors filed the *First Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 584];

F.      On August 18, 2024, the Debtors filed the Plan;

---

[1] The "<u>Plan</u>" means the <u>Second Amended</u> Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate, In re BowFlex Inc., et al., Case No. 24-12364 (ABA) (Bankr. D.N.J. ~~Jun~~Aug. ~~21~~13, 2024), (No. ~~475~~607), as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

40964894-2920-9814v.1

G.      E.  On [●], 2024, the Bankruptcy Court entered an order confirming the Plan [Docket No. [●]] (the "Confirmation Order"), which became effective on [●], [2024] (the "Effective Date");

H.      F.  The Plan provides for, *inter alia*, the creation of the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries on the Effective Date for the purpose of liquidating and administering the Liquidating Trust Assets and making distributions on account thereof in accordance with the terms of the Plan and this Liquidating Trust Agreement, and to be structured to qualify as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994 2 C.B. 684, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust, as provided for under the Plan and this Liquidating Trust Agreement. The Liquidating Trust is established and is effective for the benefit of the Liquidating Trust Beneficiaries; and

I.      G.  The duties and powers of the Liquidating Trustee shall include all powers necessary to administer the Liquidating Trust Assets, including, without limitation, the duties and powers listed in the Plan.

**AGREEMENT**

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein, the parties hereto agree as follows:

**I.      DECLARATION OF TRUST**

A.      Creation and Governance of the Liquidating Trust

The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, hereby create the Liquidating Trust, which shall bear the name the "BowFlex Liquidating Trust." On the Effective Date, the Liquidating Trust hereby is established and the Debtors irrevocably transfer and are deemed to irrevocably transfer to the Liquidating Trust all rights, title, and interest in and to all of the Remaining Assets.;

In connection with the exercise of the Liquidating Trustee's power hereunder, the Liquidating Trustee may use this name or such variation thereof as the Liquidating Trustee sees fit.;

The Liquidating Trust, acting by and through the Liquidating Trustee, shall be the exclusive trust of the Liquidating Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidating Trust Assets including, but not limited to, the Retained Causes of Action.

2

40964894-2920-9814v.1

The Debtors and the Liquidating Trustee enter into this Liquidating Trust Agreement to effectuate the distribution of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries pursuant to the Plan and the Confirmation Order;

The Liquidating Trust shall be governed by this Liquidating Trust Agreement and administered by the Liquidating Trustee.;

After the Effective Date, none of the Debtors or their Estates shall have any interest in the Remaining Assets or the Liquidating Trust Assets.

The Liquidating Trust, acting by and through the Liquidating Trustee, may exercise all power and authority that may be exercised by any officer, director, or Holder of an Interest in the Debtors with like effect as if authorized, exercised and taken by unanimous consent of such officers, directors or Holders of Interests.

Pursuant to Section IV.B.3 of the Plan and Section I.C of this Liquidating Trust Agreement, the Remaining Assets shall automatically be transferred to and vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, or interests, subject only to the Liquidating Trust Interests and the Liquidating Trust Expenses, as provided for herein, and shall comprise Liquidating Trust Assets for all purposes;

TO HAVE AND TO HOLD unto the Liquidating Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Liquidating Trust Agreement and any proceeds thereof and earnings thereon are to be held by the Liquidating Trust and applied on behalf of the Liquidating Trust by the Liquidating Trustee on the terms and conditions set forth herein, solely for the benefit of the Liquidating Trust Beneficiaries and for no other party.

B.     Purpose of the Liquidating Trust

The Liquidating Trust shall be established as a liquidating trust in accordance with Treasury Regulation section 301.7701-4(d), for the purpose of pursuing or liquidating the Liquidating Trust Assets, reconciling and objecting to Claims, prosecuting Retained Causes of Action, and making Plan Distributions to Holders of Allowed Claims, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust, as provided for under the Plan and this Liquidating Trust Agreement. Subject to the DOF Election described in Section IV.B.3.xix of the Plan and Section VIV.E of this Liquidating Trust Agreement, the Liquidating Trust is intended to qualify as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code (the "IRC") and, to the extent permitted by applicable law, for state and local income tax purposes, with the Liquidating Trust Beneficiaries treated as grantors and owners of the Liquidating Trust.

3

40964894-2920-9814v.1

C.        Transfer of Liquidating Trust Assets

Pursuant to the Plan and the Confirmation Order, the Debtors hereby irrevocably grant, release, assign, transfer, convey, and deliver and shall be deemed to have irrevocably transferred, granted, released, assigned, conveyed, and delivered to the Liquidating Trust all rights, title, and interest in and to all of the Remaining Assets, and in accordance with section 1141 of the Bankruptcy Code, all of the Debtors' right, title, and interest in and to the Remaining Assets are automatically vested in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, or interests, subject only to the Liquidating Trust Interests and the Liquidating Trust Expenses, as provided for herein, and shall become Liquidating Trust Assets for all purposes. The Liquidating Trust Assets shall include, for the avoidance of doubt: (1) the Retained Causes of Action; (2) the proceeds thereof; and (3) all other property held by the Liquidating Trust from time to time.

The Liquidating Trust hereby accepts all such Remaining Assets free and clear of any and all Claims, Liens, encumbrances, and interests, and agrees to hold and administer the Liquidating Trust Assets and the remainder of the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms and conditions of this Liquidating Trust Agreement.

For the avoidance of doubt, upon the transfer of the Remaining Assets, the Liquidating Trust shall succeed to all of the Debtors' right, title, and interest in and to the Remaining Assets, and the Debtors will upon delivery of the Remaining Assets to the Liquidating Trust and their vesting in the Liquidating Trust as Liquidating Trust Assets, the Debtors and their predecessors, successors, and assigns shall be released from all liability with respect to the delivery thereof and shall have no further interest in or with respect to the Remaining Assets or the Liquidating Trust. TheNotwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Liquidating Trust Assets shall include, for the avoidance of doubt: (1) the Retained Causes of Action; (2) the proceeds thereof; and (3) all other property held byto the Liquidating Trust from time to timeshall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

For all U.S. federal income tax purposes, and, to the extent permitted by applicable law, for state and local income tax purposes, and subject to the DOF Election described in Section IV.B.3.xix of the Plan and Section VI.E, all parties (including, without limitation, the Debtors, the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Beneficiaries) shall treat the transfer of the Remaining Assets to the Liquidating Trust in accordance with the terms herein as a transfer to the Liquidating Trust Beneficiaries, followed by a transfer by such Liquidating Trust Beneficiaries to the Liquidating Trust, and the Liquidating Trust Beneficiaries will be treated as the grantors and owners thereof.

On the date hereof, or at such other time as is reasonably convenient to the Liquidating Trust and the Debtors, the Debtors shall provide to the Liquidating Trust timely access to all of the books and records of the Debtors in the Debtors' possession. The Debtors shall also instruct any third parties or professionals possessing such books and records (including computer-generated or computer-maintained books, records, and data) to permit access to such books and records as may be reasonably requested by the Liquidating Trust; provided, that the Liquidating Trust shall be responsible for the out-of-pocket costs and expenses of providing access and/or maintaining such books and records with the third parties following the Effective

4

~~Date; provided, further, that the Liquidating Trust may, without Bankruptcy Court approval, destroy any documents that it believes are no longer required to effectuate the terms and conditions of the Plan.~~

~~Upon~~ delivery of the Remaining Assets to the Liquidating Trust and their vesting in the Liquidating Trust as Liquidating Trust Assets, the Debtors and their predecessors, successors, and assigns shall be released from all liability with respect to the delivery thereof and shall ~~have no reversionary or further interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust. Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Liquidating Trust Assets to the Liquidating Trust~~ shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan and this Liquidating Trust Agreement, including, without limitation, the transfer of the Remaining Assets to the Liquidating Trust, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and pursuant to the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation all such instruments or other documents governing or evidencing such transfers without the payment of any such tax, recordation fee, or governmental assessment.

The Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Liquidating Trust Agreement and any earnings, including interest, on any of the foregoing shall be held and be applied by the Liquidating Trust in accordance with the terms of this Liquidating Trust Agreement, the Plan, and the Confirmation Order for the benefit of the Liquidating Trust Beneficiaries, and for no other party, subject to the further covenants, conditions and terms set forth in this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

The Debtors, the Liquidating Trustee, and any party under the control of such parties, hereby agree to execute any documents or other instruments and shall take all other steps as necessary to cause title to the Remaining Assets to be transferred to the Liquidating Trust in accordance with this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

D.    Liquidating Trust Assets

The Liquidating Trust, acting by and through the Liquidating Trustee, in accordance with section 1123(b)(3) of the Bankruptcy Code, shall serve as a representative of the Estates with respect to any and all Liquidating Trust Assets including, but not limited to, the Retained Causes of Action, and shall retain and possess the right to commence, pursue, prosecute, enforce, abandon, waive, settle, compromise, release, or withdraw, as appropriate, any and all Retained Causes of Action in any court or other tribunal, except as otherwise provided in the Plan, the Confirmation Order, or this Liquidating Trust Agreement.

5

40964894-2920-9814v.1

E.    Appointment and Acceptance of the Liquidating Trustee

The Liquidating Trust, acting by and through the Liquidating Trustee, shall be the exclusive trust of the Liquidating Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidating Trust Assets including, but not limited to, the Retained Causes of Action.

The Liquidating Trustee accepts: (1) the appointment to serve as trustee for the Liquidating Trust created by this Liquidating Trust Agreement in accordance with the terms of the Plan, the Confirmation Order, and this Liquidating Trust Agreement; and (2) the grant, assignment, transfer, conveyance and delivery to the Liquidating Trust, on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, by the Debtors of all of their respective rights, titles and interests in the Liquidating Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan, and in the Confirmation Order. The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purpose of the Liquidating Trust and not otherwise. The Liquidating Trustee shall have the authority to bind the Liquidating Trust in accordance with, and within the limitations set forth in this Liquidating Trust Agreement, but shall for all purposes hereunder be acting solely in the capacity as Liquidating Trustee, and not individually.

F.    Liquidation of Liquidating Trust Assets

The Liquidating Trust shall, in an expeditious but commercially reasonable manner and subject to the provisions of the Plan, the Confirmation Order, and the other provisions of this Liquidating Trust Agreement, liquidate and convert to Cash the Liquidating Trust Assets, make timely distributions in accordance with the terms of this Liquidating Trust Agreement, the Plan, and the Confirmation Order and not unduly prolong the existence of the Liquidating Trust. The Liquidating Trust shall liquidate the Liquidating Trust Assets in an effort to maximize net recoveries, and the Liquidating Trust shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of recoveries; provided, that the determinations and actions of the Liquidating Trust, acting by and through the Liquidating Trustee, shall in all cases be subject to the limitations provided in the Plan, the Confirmation Order, and this Liquidating Trust Agreement. Subject to the terms of this Liquidating Trust Agreement, such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any Claims or Retained Causes of Action that are not otherwise subject to release or exculpation pursuant to the Plan, or through the sale or other disposition of the Liquidating Trust Assets (in whole or in combination, and including the sale of the Retained Causes of Action that are not otherwise subject to release or exculpation pursuant to the Plan). The Liquidating Trust may incur any reasonable and necessary expenses in connection with the liquidation and conversion of the Liquidating Trust Assets into Cash or in connection with the administration of the Liquidating Trust.

G.    Reversionary Interests

In no event shall any part of the Liquidating Trust Assets revert to or be distributed to the Debtors. The Liquidating Trust shall have a reversionary interest in any Cash remaining in the

6

40964894-2920-9814v.1

Professional Fee Reserve Account after payment in full of all Allowed Professional Fee Claims without any further notice, action, or order of the Bankruptcy Court. For the avoidance of doubt, any such remaining Cash is deemed to be a Liquidating Trust Asset.

H.     Incidents of Ownership

The Liquidating Trust Beneficiaries shall be the sole beneficiaries of the Liquidating Trust and the Liquidating Trust Assets, and the Liquidating Trust shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein, in the Plan, and in the Confirmation Order, including those powers set forth in Section VI of this Liquidating Trust Agreement.

I.     Privileges

In connection with the vesting and transfer of the Liquidating Trust Assets, the Liquidating Trust shall stand in the same position as the applicable Debtor with respect to any claim the applicable Debtor and/or its Estate may have as to an attorney-client privilege, work-product doctrine, or any other privilege or confidentiality protections attaching to any documents or communications (whether written or oral) relating to the Liquidating Trust Assets, and the Liquidating Trust shall succeed to all rights of the applicable Debtor and/or its Estate to hold, preserve, assert, be the beneficiary of, or waive any such privilege or protection (collectively, "Privileges"). As of the Effective Date, all Privileges of the Debtors relating to the Liquidating Trust Assets shall be deemed transferred, assigned, and delivered by the applicable Debtor to the Liquidating Trust, without waiver or release, and shall vest in the Liquidating Trust. No such Privilege shall be waived by disclosures to the Liquidating Trust, the Liquidating Trustee, or the Liquidating Trust Professionals (defined below) of the Debtors' documents, information, or communication subject to attorney-client privilege, work product protections, or other immunities (including those related to common interest or joint defense with third parties), or protections from disclosure held by the Debtors. The Debtors' Privileges relating to the Liquidating Trust Assets will remain subject to the rights of third parties under applicable law, including any rights arising from the common interest doctrine, the joint defense doctrine, joint attorney-client representation, or any agreement; provided, that prior to waiving such privilege, the Liquidating Trust shall provide such third party with any written notice to the extent required by any joint defense or common interest agreements as of the Petition Date. Any and all work product created by or on behalf of the Liquidating Trust, the Liquidating Trustee, the Liquidating Trust Professionals (defined below), and each of their respective agents, representatives, employees, and independent contractors shall be deemed confidential to the extent that such work product is not protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege. In addition, any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 or any other law, rule, or order held by the Debtors prior to the Effective Date with respect to the Liquidating Trust Assets shall vest in the Liquidating Trust from the Effective Date through the date of dissolution of the Liquidating Trust.

7

40964894-2920-9814v.1

## II.    LIQUIDATING TRUST BENEFICIARIES

A. Conflicting Claims

If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Liquidating Trust Beneficiary under this Liquidating Trust Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Liquidating Trust shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

The Liquidating Trust may elect to make no payment or distribution with respect to the Liquidating Trust Interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands. Neither the Liquidating Trust nor the Liquidating Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Liquidating Trust or Liquidating Trustee be liable for interest on any funds which may be so withheld.

The Liquidating Trust and the Liquidating Trustee shall be entitled to refuse to act until either: (1) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction adjudicating the matter; or (2) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidating Trust, which agreement shall include a complete release of the Liquidating Trust and Liquidating Trustee. Until the Liquidating Trust receives written notice that one of the conditions of the preceding sentence is met, the Liquidating Trust may deem and treat as the absolute owner under this Liquidating Trust Agreement of the Liquidating Trust Interest in the Liquidating Trust the Liquidating Trust Beneficiary identified as the owner of that interest in the books and records maintained by the Liquidating Trust. The Liquidating Trust may deem and treat such Liquidating Trust Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

In acting or refraining from acting under and in accordance with this Section II.A, the Liquidating Trust and the Liquidating Trustee shall be fully protected and incur no liability to any purported claimant or any other Person.

A.    B. Rights of Liquidating Trust Beneficiaries

"Liquidating Trust Interests" means a non-certified, non-transferable beneficial interest in the Liquidating Trust granted to Holders of Allowed General Unsecured Claims, which shall entitle such Holders to their pro rata share of distributions from the Liquidating Trust in accordance with the Plan, the Confirmation Order, and applicable law. Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder. The Liquidating Trust Interests are hereby declared and shall be in all respects personal property. No surviving spouse, heir, or devisee of any deceased Liquidating Trust Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any

8

40964894-2920-9814v.1

other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to the Liquidating Trust Assets shall be vested in the Liquidating Trust and the sole interest of the Liquidating Trust Beneficiaries shall be the rights and benefits given to such person under this Liquidating Trust Agreement, the Confirmation Order, and the Plan. For the avoidance of doubt, the Liquidating Trust, by and through the Liquidating Trustee, shall make Distributions to the Liquidating Trust Beneficiaries only in accordance with the Plan.

B.       C. Interest Beneficial Only

The ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary or the Debtors to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

C.       D. Evidence of Liquidating Trust Interest

The Liquidating Trust shall maintain at all times a register of the names, distribution addresses, and amounts of Allowed General Unsecured Claims (as of the Effective Date, or as may be Allowed thereafter pursuant to the Plan and this Liquidating Trust Agreement) of the Liquidating Trust Beneficiaries (the "Trust Register"); provided, that the Liquidating Trust may rely on the initial Trust Register, which shall be delivered to the Liquidating Trust by the Debtors within thirty (30) days after the Effective Date and shall be based on the list of Holders of Claims maintained by the Notice and Claims Agent as of the Effective Date and prepared in accordance with the provisions of the Plan and the Confirmation Order (i.e., the Claims Register). All references in this Liquidating Trust Agreement to Liquidating Trust Beneficiaries shall be read to mean holders of record as set forth in the Trust Register maintained by the Liquidating Trust and shall include Holders of General Unsecured Claims who hold their position through a broker, bank, or other nominee, if applicable. The Liquidating Trust shall cause the Trust Register to be kept at its office or at such other place(s) as may be designated by the Liquidating Trust from time to time. The Liquidating Trust shall, upon the written request of a Liquidating Trust Beneficiary, provide reasonably adequate documentary evidence of such Liquidating Trust Beneficiary's Liquidating Trust Interest, as indicated in the Trust Register. For the avoidance of doubt, ownership of a Liquidating Trust Interest will not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except the book entry system.

D.       E. Limitation on Transferability

It is understood and agreed that the Liquidating Trust Interests shall be non-transferable and non-assignable during the term of this Liquidating Trust Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trust, and the Liquidating Trust may continue to pay all amounts to or for the benefit of the assigning Liquidating Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Liquidating Trust may rely upon such proof without the requirement of any further investigation.

9

40964894-2920-9814v.1

E.    F. Exemption From Registration

The Liquidating Trust Interests have not been registered pursuant to the Securities Act of 1933, as amended (the "Securities Act"), or any state securities law, and shall not be listed for public trading on any securities exchange. The parties hereto intend that the rights of the holders of Liquidating Trust Interests shall not be "securities" under applicable laws, but none of the parties hereto represents or warrants that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and by other applicable law to apply to their issuance under the Plan. The Liquidating Trust shall not be required to file reports with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), on account of any transfer. No transfer of a Liquidating Trust Interest that causes the Liquidating Trust to be required to file reports with the Securities and Exchange Commission pursuant to Sections 13 or 15(d) of the Exchange Act shall be permitted and any such transfer shall be void *ab initio*. In order to prevent the Liquidating Trust from becoming subject to such reporting requirements, the Liquidating Trust may impose certain transfer restrictions designed to maintain the Liquidating Trust as non-reporting entity, and the Liquidating Trust Agreement may be amended pursuant to Section IX.K̶J to make such changes as are deemed necessary or appropriate to ensure that the Liquidating Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act of 1939, as amended, or the Investment Company Act of 1940, as amended.

F.    G. Limitation of Liability Conflicting Claims

If any conflicting claims or demands are made or asserted with respect to the Liquidating Trust Interest of a Liquidating Trust Beneficiary under this Liquidating Trust Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Liquidating Trust shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

The Liquidating Trust may elect to make no payment or distribution with respect to the Liquidating Trust Interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands. Neither the Liquidating Trust nor the Liquidating Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Liquidating Trust or Liquidating Trustee be liable for interest on any funds which may be so withheld.

Neither the The Liquidating Trust, and the Liquidating Trustee, nor their firms, companies, affiliates, partners, officers, directors, members, employees, designees, professionals, advisors, attorneys, representatives, disbursing agents or agents, and any of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with the Plan, the Confirmation Order, or the Liquidating Trust Agreement, other than for specific actions or omissions resulting from its willful misconduct, gross negligence, or fraud found by a

10

40964894-2920-9814v.1

~~Final Order (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered~~ shall be entitled to refuse to act until either: (1) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction adjudicating the matter; or (2) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidating Trust, which agreement shall include a complete release of the Liquidating Trust and Liquidating Trustee. Until the Liquidating Trust receives written notice that one of the conditions of the preceding sentence is met, the Liquidating Trust may deem and treat as the absolute owner under this Liquidating Trust Agreement of the Liquidating Trust Interest in the Liquidating Trust the Liquidating Trust Beneficiary identified as the owner of that interest in the books and records maintained by the Liquidating Trust. The Liquidating Trust~~, acting by and through the Liquidating Trustee, shall enjoy all of the rights, powers, immunities, and privileges applicable to a chapter 7 trustee. The Liquidating Trust, acting by and through the Liquidating Trustee, may, in connection with the performance of its functions, in its sole and absolute discretion, consult with its attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are in writing. Notwithstanding such authority, neither the Liquidating Trust nor the Liquidating Trustee shall be under any obligation to consult with any such attorneys, accountants, advisors, or agents, and any determination not to do so shall not result in the imposition of liability on the Liquidating Trust or the Liquidating Trustee unless such determination of liability is based on willful misconduct, gross negligence, or fraud. Persons dealing with the Liquidating Trust or Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trust or Liquidating Trustee to such person in carrying out the terms of the Plan, the Confirmation Order, or the Liquidating Trust Agreement, and neither the Liquidating Trust nor the Liquidating Trustee shall have any personal obligation to satisfy such liability.~~ may deem and treat such Liquidating Trust Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

In acting or refraining from acting under and in accordance with this Section II.F, the Liquidating Trust and the Liquidating Trustee shall be fully protected and incur no liability to any purported claimant or any other Person.

## III.   DURATION AND TERMINATION OF THE LIQUIDATING TRUST

### A.   Dissolution of the Liquidating Trust

The Liquidating Trustee shall be discharged and the Liquidating Trust shall be dissolved at such time as: (a) the Liquidating Trust, acting by and through the Liquidating Trustee, determines that the pursuit of additional Retained Causes of Action is not likely to yield sufficient additional proceeds to justify further pursuit of such Retained Causes of Action; (b) all objections to Disputed Claims are fully resolved; and (c) all Plan Distributions required to be made by the Liquidating Trust to the Liquidating Trust Beneficiaries under the Plan and the Liquidating Trust Agreement have been made, but in no event shall the Liquidating Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the 6-month period before such fifth anniversary (and, in the event of further

11

40964894-2920-9814v.1

extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation and distribution of, the Liquidating Trust Assets. Upon dissolution of the Liquidating Trust or at such earlier time as determined by the Liquidating Trust, acting by and through the Liquidating Trustee, in its sole discretion, any Liquidating Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the Liquidating Trust to a charitable organization selected by the Liquidating Trustee in ~~his, her or~~ its sole discretion.

### B.  Continuance of the Liquidating Trust for Winding Up

After the termination of the Liquidating Trust and for the purpose of liquidation and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully performed, including such post-distribution tasks as necessary to wind up the affairs of the Liquidating Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trust and final distribution of the Liquidating Trust Assets, the Liquidating Trustee shall have no further duties or obligations hereunder and this Liquidating Trust Agreement shall terminate other than the provisions that expressly survive termination.

## IV.  ADMINISTRATION OF THE LIQUIDATING TRUST

### A.  Payment of Claims, Expenses, and Liabilities

The Liquidating Trust shall use the Liquidating Trust Assets to administer the Plan, administer the Wind-Down, and pay the Liquidating Trust Expenses. The Liquidating Trust may, but shall not be obligated to, physically segregate and maintain separate accounts or sub-accounts for Liquidating Trust Expenses. Reserves may be merely bookkeeping entries or accounting methodologies, which may be revised from time to time, to enable the Liquidating Trust to determine reserves and amounts to be paid to Liquidating Trust Beneficiaries.

The Liquidating Trust, in its discretion, may make Plan Distributions to Holders of Allowed Claims at any time following the Effective Date or use the Liquidating Trust Assets or proceeds thereof, _provided_ that such Plan Distributions or use is otherwise permitted under, and not inconsistent with, the terms of the Plan, this Liquidating Trust Agreement, and applicable law; _provided_, _however_, that the Liquidating Trust must pay or reserve for all present and future Liquidating Trust Expenses before any Plan Distribution may be made to Holders of Allowed Claims.

### B.  Procedures for Resolving Unliquidated and Disputed Claims

The Liquidating Trust may review, object to, reconcile, allow, prosecute, negotiate, estimate, settle, or otherwise compromise any Disputed Claims in its sole discretion.

40964894-2920-9814v.1

1.      *Allowance of Claims*

The Liquidating Trust shall have and retain any and all rights and defenses that the Debtors had with respect to any Claim or Interest immediately prior to the Effective Date.

2.      *Claims Administration Responsibilities*

Except as otherwise specifically provided in the Plan, the Liquidating Trust shall have the sole authority to: (i) File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) settle or compromise any Disputed Claim without further notice to or action, order, or approval by the Bankruptcy Court; and (iii) administer and adjust the Claims Register or Trust Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.

3.      *Estimation of Claims and Interests*

The Liquidating Trust may, but is not required to, at any time request that the Bankruptcy Court estimate any Disputed Claim that is contingent or unliquidated pursuant to section 502(c) of the Bankruptcy Code for any reason, regardless of whether any party previously has objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any such Claim, including during the litigation of any objection to any Claim or during the appeal relating to such objection. Notwithstanding any provision otherwise herein, a Claim that has been expunged or disallowed from the Claims Register or Trust Register, as applicable, but that either is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at zero U.S. dollars ($0.00) unless otherwise ordered by the Bankruptcy Court. In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute a maximum limitation on such Claim for all purposes under the Plan (including for purposes of distributions), and the Liquidating Trust may elect to pursue any supplemental proceedings to object to any ultimate distribution on such Claim.

No payments or Plan Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled, withdrawn, or determined by a Final Order, and the Disputed Claim has become an Allowed Claim.

4.      *Adjustment to Claims Without Objection*

Any Claim that has been paid, satisfied, or assumed by Purchaser(s) in the Sale Transaction(s), or any Claim that has been amended or superseded, may be adjusted or expunged on the Claims Register or Trust Register by the Liquidating Trust without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

40964894-2920-9814v.1

5. *Time to File Objections to Claims*

Except as otherwise provided herein, any objections to Claims shall be Filed on or before the Claims Objection Deadline (as such date may be extended by order of the Bankruptcy Court).

6. *Disallowance of Claims or Interests*

Except as otherwise expressly set forth in the Plan, all Claims and Interests of any Entity from which property is sought by the Debtors or the Liquidating Trust under sections 542, 543, 550, or 553 of the Bankruptcy Code or that the Debtors or the Liquidating Trust allege is a transferee of a transfer that is avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code shall be disallowed if: (i) the Entity, on the one hand, and the Liquidating Trust on the other hand, agree or the Bankruptcy Court has determined by Final Order that such Entity or transferee is liable to turn over any property or monies under any of the aforementioned sections of the Bankruptcy Code; and (ii) such Entity or transferee has failed to turn over such property by the date set forth in such agreement or final order.

7. *Disallowance of Late Claims*

Except as provided in the Plan or otherwise agreed to by the Liquidating Trust, as applicable, any Holder of a Claim Filed via Proof of Claim after the applicable Bar Date shall not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order.

8. *Disputed Claims Process*

All Claims held by Persons or Entities against whom or which the Debtors or Liquidating Trust, as applicable, has commenced a proceeding asserting a Cause of Action under sections 542, 543, 544, 545, 547, 548, 549, or 550 of the Bankruptcy Code or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 548, 549 or 724(a) of the Bankruptcy Code shall be deemed Disputed Claims pursuant to section 502(d) of the Bankruptcy Code. A Claim deemed Disputed pursuant to Article VII of the Plan shall continue to be Disputed for all purposes until the relevant proceeding against the Holder of such Claim has been settled or resolved by a Final Order and any sums due to the Debtors or the Liquidating Trust from such Holder have been paid.

The Liquidating Trust will withhold the Disputed Claims Reserve from the property to be distributed under the Plan to Holders of Allowed Claims and may request estimation for any Disputed Claim that is contingent or unliquidated. The Liquidating Trust will withhold the Disputed Claims Reserve based upon the amount of the Disputed Claim asserted by the respective Holder of such Disputed Claim or, if applicable, the estimated amount of each such Disputed Claim as determined by the Bankruptcy Court. If a Disputed Claim is estimated or allowed in an amount less than the amount being held in the Disputed Claims Reserve for such claim, the difference shall be released from the Disputed Claims Reserve.

Unless the Liquidating Trust agrees otherwise, no payments or Plan Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to

14

such Disputed Claim have been settled, withdrawn, or determined by a Final Order, and the Disputed Claim has become an Allowed Claim.

The Liquidating Trust need not maintain any of the Disputed Claims Reserve in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Liquidating Trust; provided, however, that the Liquidating Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

9. *No Distribution Pending Allowance*

Notwithstanding anything in the Plan to the contrary, unless otherwise agreed to by the Liquidating Trust in its sole discretion, no Plan Distribution shall be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim.

10. *Distributions After Allowance*

To the extent that a Disputed Claim ultimately becomes an Allowed Claim, Plan Distributions shall be made to the Holder of such Allowed Claim in accordance with the provisions of the Plan that govern the Class in which such Claim is classified or, if not classified, in accordance with the applicable section of Article II of the Plan. As soon as reasonably practicable after the date when the order or judgment of the Bankruptcy Court allowing all or part of such Claim becomes a Final Order, the Disbursing Agent shall provide to the Holder of such Claim the Plan Distribution to which such Holder is entitled, without any interest, dividends, or accruals to be paid on account of such Allowed Claim. No interest shall accrue or be paid on any Allowed Claim with respect to the period from the Effective Date to the date a final distribution is made on account of such Claim.

11. *Amendments to Claims*

Except as provided herein, without the prior authorization of the Bankruptcy Court or the Liquidating Trust, a Claim may not be Filed or amended and any such new or amended Claim Filed shall be deemed disallowed in full and expunged without any further notice to or action, order or approval of the Bankruptcy Court.

C. Retained Causes of Action

The Liquidating Trust may prosecute, negotiate, settle or otherwise compromise, or abandon any Retained Causes of Action in its sole discretion and without further order of the Bankruptcy Court, except as otherwise provided in the Plan, the Confirmation Order, or this Liquidating Trust Agreement. Except as otherwise expressly provided in this Plan or this Liquidating Trust Agreement, the Liquidating Trust may pursue any Retained Causes of Action by informal demand and/or by the commencement of litigation, but is not required to do so. For the avoidance of doubt, proceeds from such Retained Causes of Action are Liquidating Trust Assets.

15

D.      Abandonment

If, in the Liquidating Trust's reasonable judgment, any Liquidating Trust Assets cannot be sold in a commercially reasonable manner or the Liquidating Trust believes in good faith that such property has inconsequential value to the Liquidating Trust or the Liquidating Trust Beneficiaries, the Liquidating Trust shall have the right to abandon or otherwise dispose of such property, including by donation of such property to a charitable organization.

E.      Distributions

1.      *Distributions Generally*

The Liquidating Trust shall make distributions, at least annually, to the holders of Allowed Claims, except the Liquidating Trust may retain an amount of net income and other Liquidating Trust Assets reasonably necessary to maintain the value of the Liquidating Trust Assets or to ~~meet expenses~~satisfy Liquidating Trust Expenses, claims and contingent liabilities of the Liquidating Trust, and retention of such amount may preclude distributions to holders of Allowed Claims.

Except as may be otherwise provided in the Sale Order, all Plan Distributions shall be made by the Liquidating Trust as provided herein. The Liquidating Trust shall not be required to give any bond or surety or other security for the performance of its duties. The Debtors shall use commercially reasonable efforts to provide the Liquidating Trust with the amounts of Claims and the identities and addresses of Holders of Claims, in each case, as set forth in the Debtors' books and records. The Debtors and Liquidating Trust shall cooperate in good faith to comply with the reporting and withholding requirements outlined in the Plan.

The Liquidating Trust shall make Plan Distributions to Professionals for Allowed Professional Fee Claims from the Professional Fee Reserve Account.

2.      *Distribution Record Date*

As of the close of business on the Distribution Record Date, the various transfer registers for each of the Classes of Claims or Interests as maintained by the Debtors, or their respective agents, shall be deemed closed, and there shall be no further changes in the record Holders of any of the Claims or Interests. The Liquidating Trust shall have no obligation to recognize any ownership transfer of the Claims or Interests occurring on or after the Distribution Record Date. The Liquidating Trust shall be entitled to recognize and deal for all purposes hereunder only with those record Holders stated on the transfer ledgers as of the close of business on the Distribution Record Date, to the extent applicable.

Except as otherwise provided herein, the Liquidating Trust shall make Plan Distributions to Holders of Allowed Claims as of the Distribution Record Date (1) at the address set forth in the underlying Proof of Claim, if Filed, (2) at the address set forth on the Debtors' Schedules, if no Proof of Claim is Filed, or (3) pursuant to a written change of address Filed with the Bankruptcy Court and delivered to the Liquidating Trust.

40964894-2920-9814v.1

3.      *Compliance with Tax Requirements*

Tax matters with respect to Plan Distributions shall be governed by Article V of this Liquidating Trust Agreement.

4.      *Date of Distribution*

Plan Distributions to Holders of Allowed Claims shall be deemed to have been made on the Effective Date and no interest shall accrue or be payable with respect to such Claims or any distribution related thereto. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

5.      *Surrender of Instruments*

As a condition precedent to receiving any distribution under the Plan, each holder of a certificated instrument or note must surrender such instrument or note held by it to the Liquidating Trust or its designee. Any holder of such instrument or note that fails to: (i) surrender the instrument or note; or (ii) execute and deliver an affidavit of loss or indemnity reasonably satisfactory to the Liquidating Trust and furnish a bond in form, substance, and amount reasonably satisfactory to the Liquidating Trust within six (6) months of being entitled to such distribution shall be deemed to have forfeited all rights and claims and may not participate in any distribution hereunder.

6.      *Delivery of Distributions and Undeliverable or Unclaimed Distributions*

Subject to applicable Bankruptcy Rules, all Plan Distributions to Holders of Allowed Claims shall be made by the Liquidating Trust, who shall transmit such distributions to the applicable Holders of Allowed Claims or their designees. Any Plan Distributions returned to the Liquidating Trust as undeliverable or that are otherwise unclaimed (including, for the avoidance of doubt, checks that remain uncashed) shall remain in the possession of the Liquidating Trust until such time as a Plan Distribution becomes deliverable or claimed. The Liquidating Trust, acting by and through the Liquidating Trustee may, in its sole discretion, but shall have no obligation to, attempt to locate Holders of undeliverable or unclaimed Plan Distributions. In the case of Plan Distributions returned as undeliverable, no further Plan Distributions shall be made to such Holder unless such Holder notifies the Liquidating Trust of its then-current address. Any Entity which fails to claim any Cash within ninety (90) days from the date upon which a Plan Distribution is first made to such Entity shall forfeit all rights to any Plan Distribution, and the Liquidating Trust shall be authorized to cancel any Plan Distribution that is not timely claimed. Pursuant to section 347(b) of the Bankruptcy Code, upon cancellation, such Cash (including interest thereon, if any) shall revert to the Liquidating Trust free of any restrictions under the Plan, the Bankruptcy Code or the Bankruptcy Rules. Upon cancellation: (i) the Claim of any Holder with respect to such funds shall be irrevocably waived and forever barred against the Debtors, the Estates and the Liquidating Trust, notwithstanding any federal, or state or provincial escheat, unclaimed or abandoned property laws to the contrary; and (ii) such Plan Distribution

17

40964894-2920-9814v.1

shall revert to the Liquidating  Trust for all purposes, including, but not limited to, on account of other Allowed Claims.

7. *Manner of Payment*

Except as specifically provided herein, any Cash payment to be made under the Plan shall be made by check unless the Liquidating Trust agrees, in its sole discretion, to make payment by wire transfer or another alternative means.

8. *Foreign Currency Exchange Rate*

As of the Effective Date, any Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the exchange rate for the applicable currency as published in *The Wall Street Journal*, on the Petition Date.

9. *Setoffs and Recoupments*

The Liquidating Trust, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), and applicable bankruptcy and/or non-bankruptcy law, without the approval of the Bankruptcy Court and upon no less than seven (7) calendar days' notice to the applicable Holder of a Claim, or such lesser time period as may be agreed to by the Holder of a Claim, may, but shall not be required to, set off against or recoup against any Allowed Claim and the Plan Distributions to be made on account of such Allowed Claim, any claims of any nature whatsoever that the Debtors or their Estates may have against the Holder of such Allowed Claim; *provided*, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or the Liquidating Trust of any such claim the Debtors or their Estates may have against the Holder of such Claim.

10. *Minimum Distribution*

No payment of Cash in an amount of less than one hundred U.S. dollars ($100.00) shall be required to be made on account of any Allowed Claim, and the Liquidating Trust may cancel any such Distribution. Such undistributed amount may instead be used in accordance with the Plan. If the Cash available for the final distribution is less than the cost to distribute such funds, the Liquidating Trust may donate such funds to the unaffiliated ~~charity~~charitable organization of its choice.

11. *Allocations*

Except as otherwise provided in the Plan or as otherwise required by law, Plan Distributions with respect to an Allowed Claim shall be allocated first to the principal portion of such Allowed Claim (as determined for U.S. federal income tax purposes) and, thereafter, to the remaining portion of such Allowed Claim, if any.

12. *Distributions Free and Clear*

Except as otherwise provided in the Plan, any distribution or transfer made under the Plan, including Plan Distributions to any Holder of an Allowed Claim, shall be free and clear of

18

40964894-2920-9814v.1

any Liens, Claims, encumbrances, charges, and other interests, and no other entity shall have any interest, whether legal, beneficial, or otherwise, in property distributed or transferred pursuant to the Plan.

13.      *Claims Paid by Third Parties*

If a Holder of a Claim receives a payment or other satisfaction of its Claim other than through the Debtors or the Liquidating Trust on account of such Claim, such Claim shall be reduced by the amount of such payment or satisfaction without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court, and if the Claim was paid or satisfied in full other than through the Debtors or the Liquidating Trust, then such Claim shall be disallowed and any recovery in excess of a single recovery in full shall be paid over to the Liquidating Trust without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court. To the extent a Holder of a Claim receives a distribution on account of such Claim and receives payment or satisfaction from a party that is not the Debtors or the Liquidating Trust on account of such Claim, such Holder shall, within fourteen (14) calendar days of receipt thereof, repay or return the distribution to the Liquidating Trust, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan.

14.      *No Post-Petition Interest on Claims*

Unless otherwise specifically provided for in the Financing Orders, the Plan, or the Confirmation Order, or required by applicable bankruptcy and non-bankruptcy law, post-petition interest shall not accrue or be paid on any Claim, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on such Claim.

F.      Compliance With Laws

Any and all distributions of the Liquidating Trust Assets shall be in compliance with applicable laws, including applicable federal and state tax and securities laws.

G.      Fiscal Year

Except for the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be the calendar year. For the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be such portion of the calendar year that the Liquidating Trust is in existence.

H.      Books and Records

On the date hereof, or at such other time as is reasonably convenient to the Liquidating Trust and the Debtors, the Debtors shall provide to the Liquidating Trust timely access to all of the books and records of the Debtors in the Debtors' possession. The Debtors shall also instruct any third parties or professionals possessing such books and records (including

19

40964894-2920-9814v.1

computer-generated or computer-maintained books, records, and data) to permit access to such books and records as may be reasonably requested by the Liquidating Trust.

The Liquidating Trust shall retain and preserve the Debtors' books, records, and files that shall have been delivered to or created by the Liquidating Trust, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Liquidating Trust Agreement and applicable provisions of law, including applicable tax, securities and other federal and state laws. The Liquidating Trust may, in its sole discretion and without the need for Bankruptcy Court approval, abandon or destroy any books and records that are not necessary for the administration of the Liquidating Trust. Except as otherwise provided herein or in the Plan, nothing in this Liquidating Trust Agreement requires the Liquidating Trust to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or Distribution out of the Liquidating Trust Assets.

For the avoidance of doubt, the Liquidating Trust shall be responsible for the out-of-pocket costs and expenses of providing access and/or maintaining such books and records.

I.      No Bond Requirement

Notwithstanding any state or other applicable law to the contrary, the Liquidating Trust and the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from giving any bond or other security in any jurisdiction and the Liquidating Trustee shall serve hereunder without bond.

J.      Liquidating Trust Insurance

The Liquidating Trust, by and through the Liquidating Trustee, is hereby authorized, but not required, to obtain all reasonable insurance coverage for itself, the Liquidating Trustee, and its respective agents, including coverage with respect to the liabilities, duties, and obligations of the Liquidating Trust, which insurance coverage may, at the sole option of the Liquidating Trust, be extended for a reasonable period after the termination of the Liquidating Trust or Liquidating Trust Agreement. The costcosts of any such insurance coverage shall be an expense of theconstitute Liquidating Trust Expenses and be paid out of Liquidating Trust Assets.

V.      TAX MATTERS

A.      Liquidating Trust's Tax Power for the Debtors

For all taxable periods ended on or before the dissolution of the Debtors, the Liquidating Trust shall have the same authority and responsibility in respect of all taxes of the Debtor (including as the common parent or other agent of any consolidated, combined, or unitary tax group of which the Debtor was the agent) and, to the same extent, as if the Liquidating Trust was a Debtor.

In furtherance of the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trust shall be entitled to all tax refunds of the Debtor (and the Liquidating Trust shall bear responsibility for all tax liabilities of the Debtor for taxable periods ended on or before

20

40964894-2920-9814v.1

the dissolution of the Debtor, to the extent not discharged by the Plan or provided for payment or otherwise satisfied in the Plan).

~~The~~Neither the Liquidating Trust~~, acting by and through~~ nor the Liquidating Trustee~~,~~ shall have ~~no~~any personal liability whatsoever associated with the signing of the Debtors' tax returns or the payment of any tax, penalties or interests associated therewith.

B.      Treatment of Trust for Tax Purposes

For all United States federal income tax purposes, the parties shall treat the transfer of the Remaining Assets (other than those subject to the DOF Election (as defined below) described in Section IV.B.3 of the Plan) to the Liquidating Trust as: (1) a transfer of such Remaining Assets directly to the applicable Holders of Allowed Claims; followed by (2) the transfer by the Holders of such Allowed Claims to the Liquidating Trust of such Remaining Assets in exchange for the Liquidating Trust Interests. Accordingly, the applicable Liquidating Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

~~The Liquidating Trustee shall have no personal liability whatsoever associated with the signing of the Debtors' tax returns or the payment of any tax, penalties, or interests associated therewith.~~

C.      Tax Reporting

To the extent permitted by applicable law, all parties, including the Liquidating Trust, the Liquidating Trustee, and any Liquidating Trust Beneficiaries, shall report consistently with the foregoing for all applicable tax reporting purposes. The Debtors will provide information to the Liquidating Trust as to its valuation determinations with respect to the Liquidating Trust Assets on the Effective Date to facilitate consistent tax reporting by the Liquidating Trust.

The Liquidating Trust, acting by and through the Liquidating Trustee, shall file any and all tax returns for the Liquidating Trust and the DOF (if a DOF Election is made), as applicable, including, but not limited to, the filing of a separate federal tax return for the DOF; provided, however, that the Liquidating Trustee shall have no personal liability for the signing or accuracy of the Liquidating Trust's or the DOF's tax returns (as applicable) or for any tax liability related thereto.

Allocations of Liquidating Trust taxable income among the Liquidating Trust Beneficiaries (other than taxable income allocable to the DOF) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the DOF) to the holders of the Liquidating Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidating Trust. Similarly, taxable loss of the Liquidating Trust shall be allocated by reference to the manner in which an economic loss would be borne

21

40964894-2920-9814v.1

immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purposes of this Section V.~~B~~C. shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

The Liquidating Trust shall be responsible for payment, out of the Liquidating Trust Assets (other than those subject to the DOF Election described in Section IV.B.3 of the Plan), of any taxes imposed on the Liquidating Trust, Liquidating Trust Assets (other than those subject to the DOF Election described in Section IV.B.3 of the Plan) or the DOF to the extent such payment is consistent with the Bankruptcy Code, the Plan, and any applicable order of the Bankruptcy Court including, but not limited to, any order establishing a Bar Date; provided, however, that any taxes imposed on the DOF (if any) or its assets will be paid out of the assets subject to the DOF Election and any subsequent distributions in respect of the allowance or disallowance of such claims will be reduced accordingly. In the event, and to the extent, that any Cash subject to the DOF Election is insufficient to pay the portion of any taxes attributable to taxable income arising from assets subject to the DOF Election, such assets (including those otherwise distributable) may be sold to pay such taxes.

The Liquidating Trust shall file tax returns as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

The Liquidating Trust shall issue tax-related notices to the applicable Liquidating Trust Beneficiaries as the Liquidating Trust, acting by and through the Liquidating Trustee, determines are necessary or desirable.

D.      Tax Withholdings by the Liquidating Trust

Plan Distributions shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Plan Distributions shall be subject to any such withholding, payment, and reporting requirements. The Liquidating Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements, including requiring each Holder of a Claim to provide a completed Form W-9 (or, if applicable, Form W-8) as set forth in this Plan. Notwithstanding any other provision of this Plan: (1) each Holder of an Allowed Claim who is to receive a Plan Distribution shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by a governmental unit, including income, withholding, and other tax obligations on account of such Plan Distribution, and including, in the case of a Holder of a Disputed Claim that has become an Allowed Claim, any tax obligation that would be imposed on the Liquidating Trust Assets, the Liquidating Trust, or the Disputed Claims Reserve (as applicable), in connection with such Plan Distribution; and (2) no Plan Distribution shall be made to or on behalf of such Holder unless and until such Holder has made arrangements reasonably satisfactory to the Liquidating Trust for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed in connection with such Plan Distribution.

22

40964894-2920-9814v.1

The Liquidating Trust shall be authorized to require each Holder of a Claim to provide it with an executed Form W-9, Form W-8, or any other tax form, documentation or certification as may be requested by the Liquidating Trust as a condition precedent to being sent a Plan Distribution. If a Holder of a Claim does not provide the Trust with an executed Form W-9, Form W-8 or other requested tax form within ninety (90) days after the date of the initial request, the Liquidating Trust may, in its sole discretion: (1) make such Plan Distribution net of applicable withholding; (2) reserve such Plan Distribution, in which case (i) such Holder shall be deemed to have forfeited the right to receive any current, reserved or future Plan Distribution, (ii) any such Plan Distribution shall revert to the Liquidating Trust for all purposes, including but not limited to, for distribution to other Allowed Claims, and (iii) the Claim of the Holder originally entitled to such Plan Distribution shall be irrevocably waived and forever barred without further order of the Bankruptcy Court, all notwithstanding any federal, state or provincial escheat, unclaimed or abandoned property law to the contrary; or (3) establish any other mechanisms it believes are reasonable and appropriate. Any tax withheld shall be treated as distributed and received by the applicable beneficiary for all purposes of this Liquidating Trust Agreement and the Plan. The Liquidating Trust reserves the right to allocate and distribute all Plan Distributions in compliance with all applicable wage garnishments, alimony, child support and other spousal awards, Liens and similar encumbrances.

### E.    DOF Election

The Liquidating Trust, acting by and through the Liquidating Trustee, may, in its sole discretion, determine the best way to report for United States tax purposes with respect to the Disputed Claims Reserve, if applicable, including, but not limited to, filing a tax election to treat the Disputed Claims Reserve as a disputed ownership fund ("DOF") or other separate entity within the meaning of Treasury Regulation section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Liquidating Trust (and, to the extent permitted by applicable law, report consistently with the foregoing for United States federal, state, and local income tax purposes) (the "DOF Election"). If a DOF Election is made, the Liquidating Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF or other separate entity, including, but not limited to, the filing of a separate federal tax return for the DOF or other separate entity and the payment of federal and/or state income tax due.

## VI.    POWERS AND LIMITATIONS OF THE LIQUIDATING TRUST AND THE LIQUIDATING TRUSTEE

### A.  Term of the Liquidating Trustee

The Liquidating Trustee will serve on and after the Effective Date in accordance with this Liquidating Trust Agreement and the Plan. The Liquidating Trustee shall hold office until the earlier to occur of: (1) dissolution of the Liquidating Trust in accordance with the terms of this Liquidating Trust Agreement or the Plan; or (2) the Liquidating Trustee's death, resignation, dissolution, incapacity, or removal pursuant to this Liquidating Trust Agreement.

23

40964894-2920-9814v.1

~~The duties, responsibilities, and powers of the Liquidating Trustee shall terminate on the date the Liquidating Trust is wound up and dissolved in accordance with the Plan, this Liquidating Trust Agreement, and applicable law.~~

A.    ~~B.~~ Powers of the Liquidating Trust

The Liquidating Trust, acting by and through the Liquidating Trustee, shall be deemed to be a judicial substitute for each of the Debtors as the party-in-interest in the Bankruptcy Cases solely with respect to the purposes of the Liquidating Trust set forth herein or in any judicial proceeding or appeal to which the Debtors are a party, consistent with section 1123(b)(3)(B) of the Bankruptcy Code, and is appointed as the representative of the Estates. The Liquidating Trust, acting by and through the Liquidating Trustee, may exercise all power and authority that may be exercised by any officer, director, or Holder of an Interest in the Debtors with like effect as if authorized, exercised, and taken by unanimous consent of such officers, directors, or Holders of Interests.

B.    ~~C.~~ Responsibilities and Authority of the Liquidating Trust

The responsibilities and authority of the Liquidating Trust, acting by and through the Liquidating Trustee, shall include the following rights and responsibilities: (1) preserving and liquidating the Liquidating Trust Assets; (2) administering and paying taxes, including, among other things, (i) filing tax returns (to the extent not the obligation of any Purchaser), ~~and~~ (ii) making a DOF Election, and (iii) representing the interest and account of the Liquidating Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding, or audit; (3) retaining and paying, without the need for retention or fee applications, professionals in connection with the Liquidating Trust's and the Liquidating Trustee's performance of their duties under the Plan and this Liquidating Trust Agreement; (4) distributing information statements as required for U.S. federal income tax and other applicable tax purposes; (5) Filing an application for entry by the Bankruptcy Court of a final decree closing the Chapter 11 Cases; (6) making distributions to Professionals for Allowed Professional Fee Claims, including from the Professional Fee Reserve; (7) making distributions to the Liquidating Trust Beneficiaries in accordance with the Plan and this Liquidating Trust Agreement; (8) making Plan Distributions to Holders of Allowed Claims in accordance with the terms of the Plan; (9) prosecuting the Retained Causes of Action in accordance with the terms of the Plan; (10) consummating *De Minimis* Sale Transactions; and (11) performing such other responsibilities as may be vested in the Liquidating Trust pursuant to the Plan, this Liquidating Trust Agreement, or an order of the Bankruptcy Court (including, without limitation, the Confirmation Order), or as may be necessary and proper to carry out the provisions of the Plan.

C.    ~~D.~~ Actions Taken by the Liquidating Trust

Without limiting the authority of the preceding subsection, and in furtherance thereof, the Liquidating Trust, acting by and through the Liquidating Trustee, may take any and all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan and this Liquidating Trust Agreement, without the need for Bankruptcy Court approval (unless otherwise indicated) subject to and in

24

accordance with the terms of the Plan and this Liquidating Trust Agreement, including, but not limited to:

1.      the execution and delivery of appropriate agreements or other documents of consolidation, conversion, disposition, transfer, or dissolution containing terms that are consistent with the terms of the Plan and this Liquidating Trust Agreement and that satisfy the requirements of applicable law;

2.      the power to invest any monies held as Liquidating Trust Assets, and withdraw, make distributions, and pay taxes and other obligations owed by the Liquidating Trust from such funds in accordance with the Plan and this Liquidating Trust Agreement;

3.      the power to engage and compensate, without prior Bankruptcy Court order or approval, employees, independent contractors, professionals, and other representatives or agents to assist the Liquidating Trust with respect to its responsibilities (including those previously retained by the Debtors or the Committee), which shall be paid as Liquidating Trust Expenses out of the Liquidating Trust Assets;

4.      the execution and delivery of any appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, duty, or obligation on terms consistent with the Plan and this Liquidating Trust Agreement;

5.      the power to act on behalf of the Debtors, the Debtors' Estates, or the Liquidating Trust in commencing, prosecuting, compromising, settling, or defending any litigation or rights (whether legal or equitable) pertaining to the Liquidating Trust Assets, including the Retained Causes of Action, without notice to or approval from the Bankruptcy Court;

6.      the ability to appear and have standing in the Bankruptcy Court (or any other court having jurisdiction over the Liquidating Trust Assets) to be heard with regard to Claim Objections, Retained Causes of Action, and other matters that may affect or relate to the Liquidating Trust Assets;

7.      the Filing, prosecuting, compromising, or settlement of Claim Objections to Disputed Claims in accordance with the Plan without further approval of or application to the Bankruptcy Court (except to the extent required by this Liquidating Trust Agreement, the Plan, or the Confirmation Order);

8.      the filing of appropriate documents with the appropriate governmental authorities pursuant to applicable law;

9.      the ability to collect and liquidate all Liquidating Trust Assets, including the sale of any Liquidating Trust Assets;

10.     the ability to protect and enforce the rights to the Liquidating Trust Assets vested in the Liquidating Trust by this Liquidating Trust Agreement;

25

11. the ability to oversee compliance with the Liquidating Trust's accounting, finance, and reporting obligations;

12. the power to take any action as shall be necessary to administer the Chapter 11 Cases;

13. the power to pay any and all expenses and make all other payments in connection with administering the Liquidating Trust without further order of the Bankruptcy Court as Liquidating Trust Expenses out of the Liquidating Trust Assets; provided, however, that in no event shall the Liquidating Trustee be liable in its individual capacity for payment of any Liquidating Trust Expenses;

14. the ability to open and maintain bank accounts in the name of the Liquidating Trust, draw checks and drafts thereon on the sole signature of the Liquidating Trustee, and terminate such accounts as the Liquidating Trust deems appropriate;

15. in the event that the Liquidating Trust determines that the Liquidating Trust Beneficiaries or the Liquidating Trust may, will, or have become subject to adverse tax consequences, in the Liquidating Trust's sole discretion, the power to take such actions that will, or are intended to, alleviate such adverse tax consequences;

16. the ability to cause the Liquidating Trust to abandon or donate to a charitable organization any Liquidating Trust Assets that the Liquidating Trust determines in its discretion to be too impracticable or of inconsequential value to the Liquidating Trust and the Liquidating Trust Beneficiaries;

17. the ability to make Distributions to Holders of Allowed Claims and deliver Distributions on account of the Liquidating Trust Interests or such other Distributions as may be authorized by Final Order of the Bankruptcy Court, this Liquidating Trust Agreement, or the Plan to the Liquidating Trust Beneficiaries in accordance with this Liquidating Trust Agreement; and

18. any and all other actions that the Liquidating Trust determines is necessary or appropriate to effectuate the Plan and this Liquidating Trust Agreement, including, but not limited to, the exercise of the Debtors' rights to conduct discovery and oral examination of any Person under Bankruptcy Rule 2004.

E. DOF Election

The Liquidating Trust, acting by and through the Liquidating Trustee, may, in its sole discretion, determine the best way to report for United States tax purposes with respect to the Disputed Claims Reserve, if applicable, including, but not limited to, filing a tax election to treat the Disputed Claims Reserve as a disputed ownership fund ("DOF") or other separate entity within the meaning of Treasury Regulation section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Liquidating Trust (and, to the extent permitted by applicable law, report consistently with the foregoing for United States federal, state, and local income tax purposes) (the "DOF Election"). If a DOF Election is made, the Liquidating Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF

26

~~or other separate entity, including, but not limited to, the filing of a separate federal tax return for the DOF or other separate entity and the payment of federal and/or state income tax due.~~

D. ~~F.~~ Limitations on Liquidating Trust

The Liquidating Trust shall hold the Liquidating Trust out as a trust in the process of liquidation and not as an investment company. The authority of the Liquidating Trust shall be restricted to the liquidation of the Liquidating Trust Assets on behalf, and for the benefit, of the Liquidating Trust Beneficiaries and the distribution and application of the Liquidating Trust Assets for the purposes set forth in, and the conservation and protection of the Liquidating Trust Assets and the administration thereof in accordance with, the provisions of this Liquidating Trust Agreement, the Plan and the Confirmation Order, and shall not take any action that would jeopardize (1) treatment of the Liquidating Trust as a "liquidating trust" that is a grantor trust for U.S. federal income tax purposes and (2) if the DOF Election is made, treatment of the Disputed Claims Reserve as a "disputed ownership fund" for U.S. federal income tax purposes. The Liquidating Trust shall not at any time, on behalf of the Liquidating Trust or the Liquidating Trust Beneficiaries, (1) enter into or engage in any trade or business, or (2) take any actions that are not related, directly or indirectly, to the purposes of this Liquidating Trust Agreement and the Liquidating Trust or the administration or implementation of the terms hereof.

E. Term of the Liquidating Trustee

The Liquidating Trustee will serve on and after the Effective Date in accordance with this Liquidating Trust Agreement and the Plan. The Liquidating Trustee shall serve until the earlier to occur of: (1) dissolution of the Liquidating Trust in accordance with the terms of this Liquidating Trust Agreement and the Plan; or (2) the Liquidating Trustee's death, resignation, dissolution, incapacity, bankruptcy, liquidation, or removal pursuant to this Liquidating Trust Agreement.

The duties, responsibilities, and powers of the Liquidating Trustee shall terminate on the date the Liquidating Trust is wound up and dissolved in accordance with the Plan, this Liquidating Trust Agreement, and applicable law.

F. ~~G.~~ Liquidating Trustee Conflicts of Interest

If the Liquidating Trustee determines in its reasonable discretion that it has a material conflict of interest with respect to any matter, the Liquidating Trustee shall, at its option and in its sole discretion, designate a person to act on behalf of the Liquidating Trust solely with respect to such matter with such designee's authority to act on behalf of the Liquidating Trust to terminate upon the matter's conclusion. If the Liquidating Trustee is unable to appoint a designee to act on behalf of the Liquidating Trust with respect to any matter, the Liquidating Trustee, after notice to the U.S. Trustee, may request the Bankruptcy Court to approve a designee of the Liquidating Trustee to act on behalf of the Liquidating Trust solely with respect to such matter, with such designee's authority to act on behalf of the Liquidating Trust to terminate automatically upon such matter's conclusion.

27

40964894-2920-9814v.1

G.    H. Compensation and Expenses of the Liquidating Trustee

The Liquidating Trustee shall be entitled to receive reasonable compensation in connection with its performance of its duties plus the reimbursement of reasonable out-of-pocket expenses. All reasonable and documented costs, expenses, and obligations, including filing fees, incurred by the Liquidating Trustee or the Liquidating Trust Professionals (defined below) shall constitute Liquidating Trust Expenses and be paid from the Liquidating Trust Assets, prior to any distribution to the Liquidating Trust Beneficiaries and without further Bankruptcy Court approval or order (subject to the limitations set forth in this Liquidating Trust Agreement and the Plan).

H.    I. Liquidating Trust Professionals

The Liquidating Trust may employ, without further order of the Bankruptcy Court, professionals (including those previously retained by the Debtors or the Committee) (such professionals, the "Liquidating Trust Professionals") to assist in carrying out its duties hereunder and under the Plan and this Liquidating Trust Agreement and may compensate and reimburse the reasonable expenses of these professionals, which shall constitute Liquidating Trust Expenses, without further order of the Bankruptcy Court from the Liquidating Trust Assets in accordance with the Plan and the Liquidating Trust Agreement.

The Liquidating Trust shall make Plan Distributions to Professionals for Allowed Professional Fee Claims from the Professional Fee Reserve Account.

I.    J. Employment, Indemnification, and Other Agreements

The Liquidating Trust, acting by and through the Liquidating Trustee, may (but is not required to) enter into employment, indemnification and other agreements with individuals who may be required to assist the Liquidating Trust. Such agreements shall remain in place until such time as the Liquidating Trust shall determine to either terminate or amend such agreements.

J.    K. Investment of Liquidating Trust Monies

All monies and other assets received by the Liquidating Trust shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Liquidating Trust, and further, shall be held in trust for the benefit of the Liquidating Trust Beneficiaries, but need not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan and this Liquidating Trust Agreement. The Liquidating Trust, by and through the Liquidating Trustee shall promptly invest any such monies in the manner set forth in this Section VI.KJ, but shall otherwise be under no liability for interest or producing income on any monies received by the Liquidating Trust hereunder and held for distribution or payment to the Liquidating Trust Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Liquidating Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Liquidating TrusteeTrust to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to (1) invest such Liquidating Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (i) short-term direct obligations

28

40964894-2920-9814v.1

of, or obligations guaranteed by, the United States of America; (ii) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof or (iii) a short-term money market fund; and (2) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments") provided, however, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

## VII.   SUCCESSOR LIQUIDATING TRUSTEE

### A.   Resignation

The Liquidating Trustee may resign by giving prior written notice thereof to the U.S. Trustee and Bankruptcy Court. Such resignation shall become effective on the earlier to occur of (1) the date specified in such written notice and (2) the effective date of the appointment of a successor Liquidating Trustee in accordance with Section VII.C and such successor's acceptance of such appointment in accordance with Section VII.E of this Liquidating Trust Agreement.

### B.   Removal

Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Liquidating Trustee for cause. The Bankruptcy Court shall hear and finally determine any dispute arising out of this ~~section~~Section VII.B.

### C.   Effect of Resignation or Removal

The death, resignation, removal, ~~incompetency~~incapacity, dissolution, bankruptcy, or insolvency of the Liquidating Trustee shall not operate to terminate the Liquidating Trust or to revoke any existing agency created pursuant to the terms of this Liquidating Trust Agreement, the Plan, or the Confirmation Order or to invalidate any action theretofore taken by the Liquidating Trustee. All fees and expenses properly incurred by the Liquidating Trustee prior to the resignation~~, incompetency~~ or removal of the Liquidating Trustee shall be paid as Liquidating Trust ~~Assets~~Expenses from the Liquidating Trust Assets pursuant to the Plan, the Confirmation Order, and this Liquidating Trust Agreement. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall (1) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Liquidating Trustee or directed by the Bankruptcy Court to effect the termination of such Liquidating Trustee's capacity under this Liquidating Trust Agreement, (2) promptly deliver to the successor Liquidating Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of such Liquidating Trustee, and (3) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

40964894-2920-9814v.1

D.      Appointment of Successor Liquidating Trustee

Upon the death, resignation, removal, ~~incompetency~~incapacity, dissolution, bankruptcy, or insolvency of a Liquidating Trustee, any party in interest (including, in the case of resignation, the Liquidating Trustee) may file a motion in the Bankruptcy Court to appoint a successor Liquidating Trustee. In the event no party in interest seeks the appointment of a successor Liquidating Trustee, the Bankruptcy Court may do so on its own motion.

E.      Acceptance of Appointment by Successor Liquidating Trustee

Any successor Liquidating Trustee so appointed shall consent to and accept in writing the terms of this Liquidating Trust Agreement and agrees that the provisions of this Liquidating Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee. Upon acceptance in writing, such successor Liquidating Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges in the Liquidating Trust of its predecessor under this Liquidating Trust Agreement, the Plan, and the Confirmation Order with like effect as if originally named Liquidating Trustee.

## VIII.   RELIANCE, LIABILITY, AND INDEMNIFICATION

A.      Reliance by the Liquidating Trustee

Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order, the Liquidating Trustee may rely and shall be protected in acting upon the advice of any Liquidating Trust Professional and/or upon any resolution, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.

B.      Limitation of Liability

Neither the Liquidating Trust, Liquidating Trustee, nor their firms, companies, affiliates, partners, officers, directors, members, employees, independent contractors, designees, professionals, advisors, attorneys, representatives, disbursing agents or agents, and any of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with the Plan, the Confirmation Order, or this Liquidating Trust Agreement, other than for specific actions or omissions resulting from its willful misconduct, gross negligence or fraud found by a Final Order (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered by the Liquidating Trust. The Liquidating Trust, acting by and through the Liquidating Trustee, shall enjoy all of the rights, powers, immunities, and privileges applicable to a chapter 7 trustee. The Liquidating Trust, acting by and through the Liquidating Trustee, may, in connection with the performance of its functions, in its sole and absolute discretion, consult with its attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such persons,

30

regardless of whether such advice or opinions are in writing. Notwithstanding such authority, neither the Liquidating Trust nor the Liquidating Trustee shall be under any obligation to consult with any such attorneys, accountants, advisors, or agents, and any determination not to do so shall not result in the imposition of liability on the Liquidating Trust or the Liquidating Trustee unless such determination of liability is based on willful misconduct, gross negligence, or fraud. Persons dealing with the Liquidating Trust or Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trust or Liquidating Trustee to such person in carrying out the terms of the Plan, the Confirmation Order, or ~~the~~this Liquidating Trust Agreement, and neither the Liquidating Trust nor the Liquidating Trustee shall have any personal obligation to satisfy such liability.

C.      No Liability for Acts Approved by the Bankruptcy Court

The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust and the Claims required to be administered by the Liquidating Trust. The Liquidating Trustee shall not be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

D.      Nonliability of Liquidating Trustee for Acts of Others

Except as provided herein, nothing contained in this Liquidating Trust Agreement, the Plan, or the Confirmation Order shall be deemed to be an assumption by the Liquidating Trustee or the Liquidating Trust Professionals of any of the liabilities, obligations, or duties of the Debtors or shall be deemed to be or contain a covenant or agreement by the Liquidating Trustee to assume or accept any such liability, obligation, or duty. Any successor Liquidating Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so. The Liquidating Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement, or representation if it is later proved to be incomplete, inaccurate, or untrue. The Liquidating Trustee or any successor Liquidating Trustee shall not be liable for any act or omission of any predecessor Liquidating Trustee. No provision of this Liquidating Trust Agreement shall require the Liquidating Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of his rights or powers hereunder if the Liquidating Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided.

E.      Exculpation

The Liquidating Trust and the Liquidating Trustee shall be exculpated consistent with the terms of the Plan and the Confirmation Order.

31

40964894-2920-9814v.1

F.        Indemnity

The Liquidating Trust shall indemnify the Liquidating Trust Indemnified Parties for, and shall hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without fraud, gross negligence, or willful misconduct on the part of the Liquidating Trust Indemnified Parties (which fraud, gross negligence, or willful misconduct, if any, must be determined by a Final Order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Liquidating Trust Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan, the Confirmation Order, or ~~the~~this Liquidating Trust Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute fraud, gross negligence or willful misconduct. In addition, the Liquidating Trust shall, to the fullest extent permitted by law, indemnify and hold harmless the Liquidating Trust Indemnified Parties, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidating Trust or the implementation or administration of the Plan, if the Liquidating Trust Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Liquidating Trust. To the extent the Liquidating Trust indemnifies and holds harmless any Liquidating Trust Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidating Trust in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidating Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section shall be paid by the Liquidating Trust out of the Liquidating Trust Assets. This provision shall survive the termination of the Liquidating Trust or this Liquidating Trust Agreement, and the death, dissolution, liquidation, resignation, replacement, or removal of the Liquidating Trustee.

IX.      **MISCELLANEOUS PROVISIONS**

A.        Governing Law

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under this Liquidating Trust Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware, without giving effect to principles of conflicts of law.

~~B. Jurisdiction~~

~~Subject to the proviso below, prior to the entry of a final decree closing the Chapter 11 Cases, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust and the Liquidating Trustee, including the administration and activities of the Liquidating Trust or the Liquidating Trustee, and, pursuant to the Plan, the Bankruptcy Court has retained such jurisdiction; provided, however, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction (including the Bankruptcy Court) to prosecute any Retained Causes of Action~~

32

~~assigned to the Liquidating Trust that are not otherwise subject to release or exculpation pursuant to the Plan.~~

B.    ~~C.~~ Severability

In the event any provision of this Liquidating Trust Agreement or the application thereof to any person or circumstances shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Liquidating Trust Agreement shall be valid and enforceable to the full extent permitted by law.

C.    ~~D.~~ Notices

Any notice or other communication required or permitted to be made under this Liquidating Trust Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by email, sent by nationally recognized overnight delivery service or mailed by first-class mail:

1.    if to the Liquidating Trust:

[●]

with a copy to:

[●]

-and-

2.    if to any Liquidating Trust Beneficiary, to the name and distribution address set forth in the Claims Register (or, if no proof of claim has been filed, the Debtors' Schedules) with respect to such Liquidating Trust Beneficiary.

D.    ~~E.~~ Headings

The headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision of this Liquidating Trust Agreement.

E.    ~~F.~~ Controlling Document

In the event of any inconsistency between the Plan, the Confirmation Order and this Liquidating Trust Agreement, the Confirmation Order shall control. In the event of an inconsistency between the Plan and this Liquidating Trust Agreement, this Liquidating Trust Agreement shall control.

33

40964894-2920-9814v.1

F.   ~~G.~~ Entire Agreement

This Liquidating Trust Agreement (including the recitals and annex hereto), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties and supersede all prior and contemporaneous agreements or understandings by and among the parties with respect to the subject matter of this Liquidating Trust Agreement.

G.   ~~H.~~ Cumulative Rights and Remedies

The rights and remedies provided in this Liquidating Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

H.   ~~I.~~ Division of Trust

Under no circumstances shall the Liquidating Trustee have the right or power to divide the Liquidating Trust unless authorized to do so by the Bankruptcy Court.

I.   ~~J.~~ Cooperation

The Debtors, to the extent they continue to exist, and their professionals shall use commercially reasonable efforts to cooperate with the Liquidating Trust and Liquidating Trustee and their professionals in effecting the transition from the Debtors to the Liquidating Trust of administration of the Liquidating Trust Assets and of creditors' Claims. Such cooperation shall include, but not be limited to, reasonably attempting to identify and facilitate access to (1) any reasonably available evidence and information the Liquidating Trustee reasonably requests in connection with the Liquidating Trust's investigation, prosecution or other pursuit, or defense (as applicable) of Retained Causes of Action and objections to Disputed Claims; and (2) former employees or Professionals of the Debtors with knowledge (such knowledge being reasonably available) regarding any Retained Causes of Action. The Debtors shall promptly turn over or otherwise make available to the Liquidating Trust at no cost to the Liquidating Trust or the Liquidating Trustee, any books and records of the Debtor held by such professionals. The Debtors shall arrange for the Liquidating Trustee to receive an updated claims register from the Notice and Claims Agent within thirty (30) days after the Effective Date. Notwithstanding anything to the contrary herein, the Liquidating Trust shall bear and/or reimburse any costs associated with such cooperation.

J.   ~~K.~~ Amendment and Waiver

This Liquidating Trust Agreement may from time to time be amended, supplemented or modified by the Debtors (in written agreement ~~of~~ with the Liquidating Trustee and to the ~~Debtors~~ extent they continue to exist), the Liquidating Trustee, or by order of the Bankruptcy Court. Notwithstanding this Section IX.~~K~~J, any amendment to this Liquidating Trust Agreement shall not be inconsistent with the Plan and the Confirmation Order and shall be consistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d) and Section I.B of this Liquidating Trust Agreement.

34

40964894-2920-9814v.1

K.      L. Meanings of Other Terms

Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities. The words herein and words of similar import refer to this Liquidating Trust Agreement as a whole and not to any particular Article, Section, or subdivision of this Liquidating Trust Agreement. The term "including" shall mean "including, without limitation."

L.      M. Counterparts

This Liquidating Trust Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument. A portable document file (PDF) signature of any party shall be considered to have the same binding legal effect as an original signature.

M.      N. Intention of Parties to Establish the Liquidating Trust

This Liquidating Trust Agreement is intended to form a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994 2 C.B. 684, and thus, as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue CodeIRC, as contemplated by the Plan, and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Liquidating Trust Agreement may be amended to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

N.      O. Waiver

No failure by the Liquidating Trust or Liquidating Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

O.      P. Waiver of Jury Trial

Each of the parties hereto hereby waives the right to trial by jury with respect to any litigation directly or indirectly arising out of, under or in connection with this Liquidating Trust Agreement.

P.      Q. Retention of Jurisdiction

Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits, and issues that may arise in connection therewith, including, without limitation, the administration and activities of the Liquidating Trust or the Liquidating Trustee, this Liquidating Trust

35

40964894-2920-9814v.1

Agreement, or any entity's obligations incurred in connection herewith, including, without limitation, any action against the Liquidating Trustee or any professional retained by the Liquidating Trust or the Liquidating Trustee, in each case in its capacity as such. Each ~~Party~~party to this Liquidating Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement or of any other agreement or document delivered in connection with this Liquidating Trust Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. ~~Each Party~~Solely in the event that the Bankruptcy Court declines to exercise jurisdiction, the parties agree to bring any matters relating to this Liquidating Trust Agreement in the United States District Court for the District of New Jersey.  Subject to the proviso below, each party further irrevocably agrees that: (1) any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement will be brought only in the Bankruptcy Court; and (2) all determinations, decisions, rulings, and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to re-argument or reconsideration~~.~~; provided, however, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction (including the Bankruptcy Court) to prosecute any Retained Causes of Action assigned to the Liquidating Trust that are not otherwise subject to release or exculpation pursuant to the Plan.

[*Signature Page Follows*]

36

40964894-2920-9814v.1

**IN WITNESS WHEREOF**; the parties hereto have executed this Liquidating Trust Agreement or caused this Liquidating Trust Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

**BOWFLEX INC. and BOWFLEX NEW JERSEY, LLC**

By: _____

    Name: Robert D. Hoge
    Title: General Counsel and Chief Wind-Down Officer

**LIQUIDATING TRUSTEE**

By: _____

    Name:  [●]UMB Bank, N.A., not individually but solely in its capacity as Liquidating Trustee under this Liquidating Trust Agreement

37

40964894-2920-9814v.1

**Exhibit D**

**Schedule of Assumed Executory Contracts and Unexpired Leases**

### Schedule of Assumed Executory Contracts and Unexpired Leases[1]

Pursuant to the Plan, the Debtors have assumed the contracts listed in this schedule, solely to the extent the contracts listed below are Executory Contracts or Unexpired Leases.

| Debtor Name | Contract Counterparty | Description of Contract or Lease | Cure Amount |
|---|---|---|---|
| BowFlex Inc. | CITTA Brokerage Company | Agreement for Professional Services | $0 |
| BowFlex Inc. | Microsoft Azure | Microsoft Customer Agreement | $0 |
| BowFlex Inc. | SHI International Corp | Cloud Solutions Provider Agreement | $0 |
| BowFlex Inc. | Tradewin | Reconciliation Services | $0 |
| BowFlex Inc. | West Coast Self-Storage Vancouver | Self-Service Storage Agreement Assignment | $0 |

For the avoidance of doubt, no other agreements are being assumed under the Plan. However, prior to the Effective Date, certain Executory Contracts and Unexpired Leases were assumed and assigned by the Debtors to Johnson Health Tech Retail Inc. in their discretion and pursuant to certain orders of the Bankruptcy Court. *See* [Docket Nos. 288, 318].

The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Assumed Executory Contracts and Unexpired Leases at any time in accordance with the Plan.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 607] (as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto, the "Plan").

**<u>Exhibit D-1</u>**

**Redline to Previously Filed Schedule of Assumed Executory Contracts and Unexpired
Leases**

## **Schedule of Assumed Executory Contracts and Unexpired Leases**[1]

Pursuant to the Plan [Docket No. 475], the Debtors have assumed the contracts listed in this schedule, solely to the extent the contracts listed below are Executory Contracts or Unexpired Leases.

| Debtor Name | Contract Counterparty | Description of Contract or Lease | Cure Amount |
|---|---|---|---|
| BowFlex Inc. | CITTA Brokerage Company | Agreement for Professional Services | $0 |
| BowFlex Inc. | Microsoft Azure | Microsoft Customer Agreement | $0 |
| BowFlex Inc. | SHI International Corp | Cloud Solutions Provider Agreement | $0 |
| BowFlex Inc. | Tradewin | Reconciliation Services | $0 |
| BowFlex Inc. | West Coast Self-Storage Vancouver | Self-Service Storage Agreement Assignment | $0 |

For the avoidance of doubt, no other agreements are being assumed under the Plan. However, prior to the Effective Date, certain Executory Contracts and Unexpired Leases were assumed and assigned by the Debtors to Johnson Health Tech Retail Inc. in their discretion and pursuant to certain orders of the Bankruptcy Court. *See* [Docket Nos. 288, 318].

The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Assumed Executory Contracts and Unexpired Leases at any time in accordance with the Plan.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. and Its Debtor Affiliate* [Docket No. 475607] (as may be altered, amended, modified, or supplemented from time to time, including all exhibits and schedules thereto, the "Plan").