UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

ASK LLP
Marianna Udem, Esq.
Brigette G. McGrath, Esq.
Jason C. DiBattista, Esq.
60 East 42nd Street, 46th Floor
New York, New York 10165
Tel: (212) 267-7342
Fax: (212) 918-3427
Email:   mudem@askllp.com
         bmcgrath@askllp.com
         jdibattista@askllp.com

-and-

KELLEY DRYE & WARREN LLP
James S. Carr, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel:  (973) 503-5900
Fax:  (973) 503-5950
Email:    jcarr@kelleydrye.com
          dkane@kelleydrye.com
          cchoe@kelleydrye.com

*Co-Counsel to the BowFlex Liquidating Trust*

Order Filed on November 4, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>BOWFLEX INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-12364 (ABA) |

# ORDER GRANTING THE BOWFLEX LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION SEEKING TO RECLASSIFY (IN WHOLE OR IN PART) CERTAIN SCHEDULED EMPLOYEE CLAIMS

DATED: November 4, 2025

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtor's service address is c/o Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Steet, New York, NY 10007. On October 15, 2024, the Court entered the *Order and Final Decree Closing the Chapter 11 Case of BowFlex New Jersey LLC, Waiving Requirement of Further Post-Confirmation Reporting in Such Chapter 11 Case and Updating Case Caption* [Docket No. 698] closing the chapter 11 case of BowFlex New Jersey LLC.

1

The relief set forth on the following pages, numbered three (3) through and including five (5), is hereby ORDERED:

Upon consideration of *The BowFlex Liquidating Trust's Fourth Omnibus Objection Seeking to Reclassify (in Whole or in Part) Certain Scheduled Employee Claims* (the "**Objection**")[2] filed by the BowFlex Liquidating Trust (the "**Trust**"), pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-2, and the Claims Objection Procedures approved by this Court, seeking to reclassify the priority (in whole or in part) of each of the Misclassified Claims to general unsecured status as set forth on **Schedule 1** hereto for the reasons set forth thereon and as more fully set forth in the Objection; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Objection is in the best interests of the Trust, the estate, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is GRANTED as set forth herein.

2. Each Misclassified Claim listed on **Schedule 1** to this Order is reclassified, in whole or in part, as applicable, to general unsecured status.

3. The rights of the Trust to object in the future to any of the Misclassified Claims that are the subject of the Objection on any grounds, and to amend, modify, and/or supplement the Objection, including, without limitation, to object to amended and/or newly-filed Misclassified

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

3

Claims is hereby reserved. Without limiting the generality of the foregoing, the Trust specifically reserves the right to amend the Objection, file additional papers in support of the Objection, or take any other appropriate actions, including to (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Objection by or on behalf of any of the claimants or other interested parties; (b) object further to any Misclassified Claims for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any Misclassified Claims based on additional information that may be discovered upon further review by the Trust or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

4. For the avoidance of doubt, nothing in the Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any Misclassified Claims, (b) an implication or admission that any particular Misclassified Claims is of a type specified or defined in this Order or the Objection, and/or (c) constitute a waiver of the Trust's rights to dispute any Misclassified Claims on any grounds.

5. The Trust, its Claims and Noticing Agent (Epiq Corporate Restructuring, LLC), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

6. The objection to each Misclassified Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Misclassified Claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose Misclassified Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or

4

finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

7. The requirement set forth Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or otherwise waived.

8. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Schedule 1 - Misclassified Claims

| Row | Schedule # | Claimant | Asserted (Scheduled) Claim | | | Modified Claim | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Priority Amount | Admin Amount | General Unsecured Amount | Modified Claim Amount and Priority | Reasons for Modification |
| 1 | 36400410 | Agrawal, Sonal | $7,000.00 | | | $1,283.47 Priority $5,716.53 General Unsecured | Claimant was listed in the Schedules as having a $7,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $13,866.53 for prepetition wages, prepetition PTO and WARN payments pursuant to, among other things, the Wage Order [Docket No. 168]. Consequently, claimant has $1,283.47 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $5,716.53 remaining claim should be reclassified as a general unsecured claim. |
| 2 | 364004030 | Dimaya, Ark | $7,000.00 | | | $6,990.00 Priority $10.00 General unsecured claim. | Claimant was listed in the Schedules as having a $7,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $8,160.00 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $6,990.00 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $10.00 remaining claim should be reclassified as a general unsecured claim. |
| 3 | 364004710 | Evanado, Cyrus T. | $8,000.00 | | | $2,996.37 Priority $5,003.63 General Unsecured | Claimant was listed in the Schedules as having a $8,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $12,153.64 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $2,996.37 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $5,003.63 remaining claim should be reclassified as a general unsecured claim. |

Schedule 1 - Misclassified Claims

| Row | Schedule # | Claimant | Priority Amount | Admin Amount | General Unsecured Amount | Modified Claim Amount and Priority | Reasons for Modification |
|---|---|---|---|---|---|---|---|
| 4 | 364004840 | Fassler, Jeffrey M. | $9,000.00 | | | $266.14 Priority $8,733.86 General | Claimant was listed in the Schedules as having a $9,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $14,883.86 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $266.14 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $8,733.86 remaining claim should be reclassified as a general unsecured claim. |
| 5 | 364005430 | Franklin, Steven Michael | $7,000.00 | | | $5,692.87 Priority $1,307.13 General Unsecured | Claimant was listed in the Schedules as having a $7,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $9,457.13 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $5,692.87 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $1,307.13 remaining claim should be reclassified as a general unsecured claim. |
| 6 | 364007970 | King, Cameron W. | $7,000.00 | | | $4,799.45 Priority $2,200.55 General Unsecured | Claimant was listed in the Schedules as having a $7,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $10,350.55 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $4,799.45 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $2,200.55 remaining claim should be reclassified as a general unsecured claim. |

## Schedule 1 - Misclassified Claims

| Row | Schedule # | Claimant | Priority Amount | Admin Amount | General Unsecured Amount | Modified Claim Amount and Priority | Reasons for Modification |
|---|---|---|---|---|---|---|---|
| 7 | 364008190 | Kuntz, Jacob K. | $8,000.00 | | | | Claimant was listed in the Schedules as having a $8,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $14,922.76 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $227.24 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $7,772.76 remaining claim should be reclassified as a general unsecured claim. |
| 8 | 364008440 | Lewis, Camille | $25,000.00 | | | | Claimant was listed in the Schedules as having a $25,000.00 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $9,157.44 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $5,992.56 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $19,007.44 remaining claim should be reclassified as a general unsecured claim. |
| 9 | 364008970 | Martinez, Tracy L. | $5,000.00 | | | | Claimant was listed in the Schedules as having a $5,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $10,208.53 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168]. Consequently, claimant has $4,941.47 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $58.53 remaining claim should be reclassified as a general unsecured claim. |

## Schedule 1 - Misclassified Claims

| Row | Schedule # | Claimant | Priority Amount | Admin Amount | General Unsecured Amount | Modified Claim Amount and Priority | Reasons for Modification |
|---|---|---|---|---|---|---|---|
| 10 | 364009030 | Mazurek, Richard | $10,000.00 | | | $0.00 Priority $10,000.00 General Unsecured | Claimant was listed in the Schedules as having a $10,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $15,150.00 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168] which exhausted the $15,150.00 cap on priority treatment. The $10,000.00 remaining claim should be reclassified as a general unsecured claim. |
| 11 | 364009340 | Moreno, Julio Cesar | $5,000.00 | | | $0.00 Priority $5,000.00 General Unsecured | Claimant was listed in the Schedules as having a $5,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $15,150.00 for prepetition wages and prepetition PTO pursuant to the Wage Order [Docket No. 168] which exhausted the $15,150.00 cap on priority treatment. The $5,000.00 remaining claim should be reclassified as a general unsecured claim. |
| 12 | 364012590 | Shryock, Samuel G. | $5,000.00 | | | $3,008.00 Priority $1,992.00 General Unsecured | Claimant was listed in the Schedules as having a $5,000 priority claim on account of an unpaid retention bonus. On a postpetition basis, claimant was paid a total of $12,142.00 for prepetition wages, prepetition PTO and WARN payments pursuant to, among other things, the Wage Order [Docket No. 168]. Consequently, claimant has $3,008.00 remaining out of the $15,150.00 cap on priority treatment after taking into account the amounts paid postpetition. The $1,992.00 remaining claim should be reclassified as a general unsecured claim. |