**THIS OBJECTION SEEKS TO REDUCE, DISALLOW AND EXPUNGE, OR RECLASSIFY CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> THROUGH <u>SCHEDULE 5</u>, AS APPLICABLE, ATTACHED TO THE PROPOSED ORDER.**

**ASK LLP**
Marianna Udem, Esq.
Brigette G. McGrath, Esq.
Jason C. DiBattista, Esq.
60 East 42nd Street, 46th Floor
New York, New York 10165
Tel: (212) 267-7342
Fax: (212) 918-3427
Email:  mudem@askllp.com
         bmcgrath@askllp.com
         jdibattista@askllp.com

-and-

**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
Email:  jcarr@kelleydrye.com
         dkane@kelleydrye.com
         cchoe@kelleydrye.com

*Co-Counsel to the BowFlex Liquidating Trust*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BOWFLEX INC.*,* | Case No. 24-12364 (ABA) |
| Debtor.[1] | **Hearing Date: February 24, 2026**<br>**Hearing Time: 10:00 a.m. (ET)**<br>**Response Deadline: February 17, 2026 at 4:00 p.m. (ET)** |

---

[1] The Debtor's service address is c/o Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Steet, New York, NY 10007. On October 15, 2024, the Court entered the *Order and Final Decree Closing the Chapter 11 Case of BowFlex New Jersey LLC, Waiving Requirement of Further Post-Confirmation Reporting in Such Chapter 11 Case and Updating Case Caption* [Docket No. 698] (the "**Affiliate Final Decree**") closing the chapter 11 case of BowFlex New Jersey LLC.

1

**THE BOWFLEX LIQUIDATING TRUST'S SEVENTH OMNIBUS OBJECTION SEEKING TO REDUCE, DISALLOW AND EXPUNGE, OR RECLASSIFY CERTAIN (I) LATE-FILED CLAIMS; (II) NO LIABILITY CLAIMS; (III) OVERSTATED CLAIMS; (IV) EQUITY CLAIMS; AND (V) MISCLASSIFIED CLAIMS**

The BowFlex Liquidating Trust (the "**Trust**"), by and through its undersigned co-counsel, hereby submits this seventh omnibus objection (the "**Objection**") seeking entry of an order, substantially in the form attached hereto (the "**Proposed Order**") pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"): (i) disallowing in full and expunging the late-filed Claims[2] listed on **Schedule 1** to the Proposed Order (the "**Late-Filed Claims**"); (ii) disallowing in full and expunging the Claims listed on **Schedule 2** to the Proposed Order for which the Debtors' estates have no liability, according to the Books and Records (defined below) (the "**No Liability Claims**"); (iii) reducing the overstated Claims listed on **Schedule 3** to the Proposed Order (the "**Overstated Claims**"); (iv) disallowing and expunging the Claim listed on **Schedule 4** to the Proposed Order because the Claim is based upon ownership of shareholder/equity security interests in the Debtors (the "**Equity Claim**"); and (v) reclassifying the priority status of the Claims listed on **Schedule 5** to the Proposed Order because the Books and Records show that such Claims are not entitled to the asserted priority (the "**Misclassified Claims**," and together with the Late-Filed Claims, the No Liability Claims, the Overstated Claims, and the Equity Claim, the "**Disputed Claims**"). In support of the Objection,

---

[2] Any capitalized term used herein but not otherwise defined shall have the meaning ascribed to it in the Plan (as defined below).

the Trust relies on the Declaration of Tina Vitale (the "**Declaration**"), attached hereto. In further support of the Objection, the Trust respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and Section X.2. of the *Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex Inc. And Its Debtor Affiliate*, filed August 18, 2024 (as confirmed, the "**Plan**"). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, Local Rule 3007-2, Sections IV.B.3. and VII.B. of the Plan, and the Claims Objection Procedures (as defined herein) approved by this Court.

## BACKGROUND

### A. The Chapter 11 Cases

4. On March 4, 2024 (the "**Petition Date**"), BowFlex Inc. and BowFlex New Jersey LLC (collectively, the "**Debtors**") each commenced a voluntary case under chapter 11 of the Bankruptcy Code in the Court.

5. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the closing of the sale of substantially all of their assets on April 22, 2024.[3]

---

[3] *See Notice of Closing of Sale Transaction* [Docket No. 316]

3

6. On August 19, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of BowFlex, Inc. and Its Debtor Affiliate,* confirming the Plan.[4] The Plan became effective on August 23, 2024.[5]

7. Among other things, the Plan consolidated the Debtors' estates for distribution purposes, such that any and all claims filed against the Debtors' estates may be administered in the chapter 11 case of the lead Debtor, BowFlex Inc.[6] Accordingly, on October 15, 2024, the Court entered the Affiliate Final Decree.

8. Pursuant to the Plan, on the Effective Date, UMB Bank, N.A. was appointed as the trustee of the Trust in accordance with the terms of the Plan, Confirmation Order and that certain *Liquidating Trust Agreement of the BowFlex Liquidating Trust* dated as of August 23, 2024 (the "**Trust Agreement**").

9. The Trust is responsible for, among other things, "the review, investigation, reconciliation, allowance, pursuit of objections to, estimation, and settlement of Claims."[7] This includes the authority to "review, object to, reconcile, allow, prosecute, negotiate, estimate, settle or otherwise compromise any Claims in its sole discretion."[8] Section IV.B(3)(xxvi) of the Plan provides that the Trust shall be provided with originals or copies of, or access to, all documents and business records of the Debtors necessary for the disposition of Liquidating Trust Assets and objections to Claims.[9]

---

[4] Docket No. 614.

[5] *See Notice of (I) Entry of the Confirmation Order; (II) Occurrence of the Effective Date; and (III) Deadlines to File Certain Claims* (the "**Effective Date Notice**") [Docket No. 632].

[6] Plan § III.A.

[7] Plan § IV.B.3.v.(g); *see also* Plan § VII.B; Trust Agreement § VI.C.7.

[8] Plan § IV.B.3.ix.

[9] Plan § IV.B.3.xxvi.

4

B.   **The Schedules and Bar Dates**

10. On April 8, 2024, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "**Schedules**") pursuant to Bankruptcy Rule 1007.[10]

11. On April 12, 2024, the Court entered an order (the "**Bar Date Order**") establishing certain dates and deadlines for filing Proofs of Claim in the Debtors' chapter 11 cases.[11] Specifically, among other things, the Court established May 14, 2024 as the deadline for all persons and entities asserting a Claim against the Debtors that arose on or prior to the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code, and September 3, 2024 as the deadline for all governmental agencies, to file written proof of such Claim.

12. The Bar Date Order also established May 14, 2024 as the deadline for all persons and entities to file requests for payment of any Administrative Claim against the Debtors for Claims arising on or after the Petition Date through and including April 22, 2024.

13. The Plan further established September 23, 2024 as the deadline for: (i) all persons and entities to file requests for payments of any Administrative Claim (other than Professional Fee Claims) against the Debtors for Claims arising on or after April 23, 2024; and (ii) for all persons and entities to file any Claims based on rejection of any remaining Executory Contracts or Unexpired Leases.[12]

14. Consequently, all applicable bar dates have now passed.

---

[10] *See Schedules of Assets and Liabilities for Debtor BowFlex New Jersey LLC* and *Schedules of Assets and Liabilities for Debtor BowFlex Inc.* [Docket Nos. 225, 227].

[11] *See Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief*. [Docket No. 253].

[12] *See Effective Date Notice* [Docket No. 632].

15. On August 22, 2025, the Court entered an order further extending the period within which the Trust may object to Claims filed against the Debtors' estates from August 18, 2025 through and including February 16, 2026.[13]

### D. The Claims Resolution Process

16. The Trust previously obtained approval of certain omnibus objection procedures (the "**Claims Objection Procedures**").[14] The Claims Objection Procedures are intended to, among other purposes, promote a Claims reconciliation process that is conducted in a timely, efficient, and cost-effective manner.[15]

17. In the ordinary course of business, the Debtors maintained books and records (the "**Books and Records**") that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors.

18. As of the Effective Date, the register of Claims (the "**Claims Register**") evidenced over 700 filed and scheduled Claims totaling in excess of $112 million across all priority levels.

19. The Trust and its advisors (the "**Reviewing Parties**") continue to undertake a thorough review and analysis of the Claims filed in these chapter 11 cases, including any supporting documentation and a comparison of these documents with the Books and Records, to determine the validity of the Claims. This process includes identifying categories of Claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

20. While the Reviewing Parties' analysis and Claims reconciliation remains ongoing, the Trust has determined that the Disputed Claims are objectionable for the reasons set forth herein.

---

[13]    *See Order Extending the Period Within Which the Trust May Object to Claims* [Docket No. 821].

[14]    *See Order (I) Approving Omnibus Claims Objection Procedures; and (II) Authorizing the BowFlex Liquidating Trust to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 727].

[15]    *See id.*

**RELIEF REQUESTED**

21. By this Objection, and for the reasons described more fully below, the Trust requests entry of the Proposed Order, substantially in the form attached hereto, reducing, disallowing and expunging, or reclassifying, as applicable, each of the Late-Filed Claims, the No Liability Claims, the Overstated Claims, the Equity Claim, and the Misclassified Claims, pursuant to, *inter alia*, sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-2, the Claims Objection Procedures, and the Plan, as applicable.

**BASIS FOR RELIEF REQUESTED**

22. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[16]

23. To receive the benefit of *prima facie* validity, the proof of Claim must "set forth facts necessary to support the claim."[17]

24. Thus, while a properly filed proof of Claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a Claim's *prima facie* validity, the claimant bears the burden of proving the Claim's validity by a preponderance of evidence.[18]

---

[16]  *See* 11 U.S.C. § 502(a).

[17]  *In re Stoecker,* 143 B.R. 879, 883 (N.D. Ill. 1992).

[18]  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also In re EHT US1, Inc.*, Case No. 21-10036 (CSS), 2022 WL 775093, at *8 (Bankr. D. Del. Mar. 15, 2022) ("An objecting party may overcome the prima facie validity of a claim by 'refuting at least one of the allegations . . . essential to the claim's legal sufficiency' whereupon the burden shifts back to the claimant to prove the validity of his claim by a preponderance of the evidence").

7

The burden of persuasion with respect to the claim is always on the claimant.[19] The failure to allege facts and to provide sufficient support for a claim deprives the Claim of *prima facie* validity.[20]

25. Bankruptcy Rule 3007 requires that an objection to a proof of Claim be made in writing, and that the claimant be provided with not less than 30 days' notice of the hearing to be held in respect of such objection.[21] Once an objection to a Claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.[22]

26. Pursuant to Bankruptcy Rule 3007(e), objections of up to 100 claims may be joined in an omnibus objection if such objections are based on the grounds that the Claims should be disallowed, in whole or in part, for any of eight enumerated reasons.[23] In that regard, Bankruptcy Rule 3007(d)(2) provides, in pertinent part, "[s]ubject to (e), objections to more than one claim may be joined in a single objection if: … (2) the objections are based solely on grounds that the claims should be disallowed, in whole or in part, because they: … (D) were not timely filed; … (G) are interests, not claims." [24]

27. Additionally, pursuant to Local Rule 3007-2, "[a]n omnibus objection to claims may be filed to … modify a claim's priority status."[25]

28. Further, pursuant to the Claims Objection Procedures, omnibus objections may be filed where Claims (a) are inconsistent with the Debtors' books and records; (b) fail to specify the

---

[19] *See Allegheny Int'l, Inc.*, 954 F.2d at 174.

[20] *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

[21] *See* Fed. R. Bankr. P. 3007(a).

[22] *See* 11 U.S.C. § 502(b).

[23] *See* Fed. R. Bankr. P. 3007(d) and (e).

[24] *See* Fed. R. Bankr. P. 3007(d)(2)(G).

[25] *See* Local Rule 3007-2.

8

asserted claim amount (or only list the claim amount as "unliquidated"); (c) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim; (d) seek recovery of amounts for which the various Debtors are not liable; (e) are filed against non-Debtors; (f) are disallowed pursuant to section 502 of the Bankruptcy Code; or (g) are disallowed pursuant to the terms of the Plan.[26]

29.     Moreover, pursuant to the Plan, Class 6 (BowFlex Inc. Interests) were "canceled, released, and extinguished, and will be of no further force or effect, and Holders of such Interests shall not receive any distribution, property, or other value under this Plan on account of such Interest."[27] Similarly, pursuant to the Plan, Class 7 (BowFlex New Jersey Interests) were "[r]einstated for administrative convenience or canceled and released without any distribution on account of such interests at the option of the Liquidating Trust."[28]

### A.     Late-Filed Claims

30.     Pursuant to section 502(b)(9) of the Bankruptcy Code, a Claim shall not be allowed "to the extent that . . . proof of such claim is not timely filed[.]"[29] The Trust therefore objects to each of the Late-Filed Claims listed on **Schedule 1** to the Proposed Order.

31.     As set forth in the Declaration, the Trust has determined that the Late-Filed Claims were filed after the applicable Bar Date.

32.     Accordingly, the Trust requests that the Court disallow and expunge the Late-Filed Claims from the Claims Register.

### B.     No Liability Claims

---

[26]     See Claims Objection Procedures, ¶ 1.
[27]     See Plan § III.B.6.
[28]     See Plan § III.B.7.
[29]     See 11 U.S.C. § 502(b)(9).

9

33. Section 502(b)(1) of the Bankruptcy Code provides that a Claim asserted in a proof of Claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

34. The Trust has identified certain Claims listed on **Schedule 2** to the Proposed Order that it is unable to reconcile with the Books and Records. The Trust believes that the No Liability Claims are not valid Claims because, for the reasons more fully set forth on **Schedule 2** to the Proposed Order: (i) the Books and Records do not reflect the existence of the asserted Claim or of the claimant asserting such Claim, or otherwise indicate a scheduled liability of zero with respect to such Claim, as applicable; and/or (ii) the respective claimants have not provided information to support the existence of a Claim against either of the Debtors.

    **C.**    **Overstated Claims**

35. After reconciling each of the Claims and supporting materials against the Books and Records, the Trust has identified the Claims listed on **Schedule 3** to the Proposed Order that were filed in incorrect amounts. These claimants each assert an Overstated Claim, where the asserted amount is higher than the liability reflected on the Books and Records.

36. Accordingly, these Overstated Claims should be modified by reducing the amount to the respective dollar value listed under the column titled "Modified Claim Amount" on **Schedule 3** to the Proposed Order. Failure to modify the Overstated Claims accordingly will result in the claimants receiving an excessive recovery against the Debtors' estates to the detriment of other creditors. Accordingly, the Trust (i) objects to the allowance of the Overstated Claims as filed, and (ii) seeks entry of an order reducing the amount of the Overstated Claims to the correct

10

respective amount as listed on **Schedule 3** to the Proposed Order under the heading "Modified Claim Amount."[30]

### D. Equity Claim

37. The Trust has reviewed the Equity Claim set forth on **Schedule 4** to the Proposed Order and determined that the Equity Claim is based upon ownership of shareholder/equity security interests because the claimant lists "Shareholder (common stock)" as the basis of the Equity Claim in Box 8 of the applicable Proof of Claim form. Additionally, the claimant attaches brokerage account records in support of the Equity Claim.[31]

38. The ownership of equity security interests in any of the Debtors does not constitute a "claim" against any of the Debtors' estates within the meaning of section 101(5) of the Bankruptcy Code.[32]

39. Further, pursuant to the Plan, all Class 6 and Class 7 equity interests in the Debtors were deemed cancelled and extinguished as of the Effective Date and do not receive a recovery under the Plan.

40. Accordingly, the Trust objects to the Equity Claim and seeks entry of the Proposed Order disallowing in full and expunging the Equity Claim.

### E. Misclassified Claims

41. The Trust has identified the Misclassified Claims listed on **Schedule 5** as failing to provide support for treatment as an administrative, priority, and/or secured Claim, as applicable.

---

[30] The Trust reserves all rights to object to such Claim and seek further reductions or disallowance on all grounds under Bankruptcy Code section 502(b).

[31] *See* Declaration, ¶ 6.

[32] *Compare* 11 U.S.C. § 101(5) (providing that the term "claim" means a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment") *with* 11 U.S.C. § 101(16) (providing that the term "equity security" means, among other things, a share in a corporation whether or not denominated "stock", or a warrant or right to purchase, sell or subscribe to same).

For the reasons set forth herein and in the "Reason for Modification" column on **Schedule 5** to the Proposed Order, there is ample evidence to rebut the *prima facie* validity of each of the Misclassified Claims. Specifically, the Misclassified Claims do not evidence that they qualify, either in whole or in part, for administrative expense treatment because the alleged amounts due were incurred, either in whole or in part, prior to the Petition Date.

42. The Misclassified Claims identified on **Schedule 5** to the Proposed Order therefore must be reclassified to general unsecured status (either in whole or in part, as applicable) because a review of the Books and Records, as well as the documentation (or lack thereof) submitted in support of the Misclassified Claims, establish that the Misclassified Claims are incorrectly classified (either in whole or in part) and unenforceable against the Debtors and their estates in the priority asserted for the reasons set forth herein and in the Declaration.

43. If the Misclassified Claims are not reclassified to general unsecured status (either in whole or in part, as applicable), the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtors' other stakeholders.

44. At this time, the Trust is not seeking to allow or disallow and/or reduce the Misclassified Claims listed on **Schedule 5** to the Proposed Order. However, the Trust expressly reserves the right to seek such relief in the future.

## RESPONSES TO THE OBJECTION

45. <u>Parties Required to File a Response</u>. Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to this Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Objection with respect to such Claim without further notice to the claimants.

46. <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a. a caption stating the name of the Court, the name of the Debtor, the case number, the title of the objection to which the Response is directed (here, the Objection), and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b. a concise statement setting forth the reasons why the Court should not grant the Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Objection;

    c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Trust all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d. the following contact information for the responding party:

        i. the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any; or

        ii. the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

47. <u>Filing and Service of the Response</u>. A Response will be deemed timely **only if it is filed with the Court and *actually received* by 4:00 p.m. (Prevailing Eastern Time) on February 17, 2026** (the "**Response Deadline**") by the following parties:

| **Co-Counsel to the Trust** | **United States Trustee** |
|---|---|
| **ASK LLP**<br>60 East 42nd Street, 46th Floor<br>New York, New York 10165<br>Attn: Marianna Udem, Esq.<br>Brigette G. McGrath, Esq.<br>Jason C. DiBattista, Esq. | **Office of the United States Trustee, Regions 3 & 9**<br>One Newark Center<br>Suite 2100<br>Newark, New Jersey 07102<br>Attn: Richard Schepacarter |

| | |
|---|---|
| **Kelley Drye & Warren LLP**<br>7 Giralda Farms, Suite 340<br>Madison, New Jersey 07940<br>Attn: Dana P. Kane, Esq. | |

48.     <u>Discovery</u>. If the Trust determines that discovery is necessary in advance of a hearing on an objection, the Trust will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

49.     <u>Failure to Respond</u>. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the hearing on the Objection that will be held before the Honorable Andrew B. Altenburg Jr., United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Mitchell H. Cohen U.S. Courthouse, Courtroom 4B, 400 Cooper Street, 4th Floor, Camden, New Jersey 08101 on **February 24, 2026 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). **Absent reaching an agreement with the Trust resolving the objection to a Claim (as described in the objection notice attached as Exhibit B to the Claims Objection Procedures), failure to timely file and serve a Response as set forth herein may result in the Court granting the Objection without further notice or hearing.** Upon entry of an order sustaining the Objection, affected creditors will be served with such order.

50.     <u>Reply to a Response</u>. The Trust shall be permitted to file a reply to any Response no later than two (2) business days before the Hearing with respect to the Objection.

## SEPARATE CONTESTED MATTERS

51. To the extent a Response is filed regarding any Disputed Claim listed in this Objection and the Trust is unable to resolve the Response, the objection by the Trust to each such Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## WAIVER OF MEMORANDUM OF LAW

52. The Trust respectfully requests that this Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal bases upon which the Trust relies are incorporated herein and the Objection does not raise any novel issues of law.

## RESERVATION OF RIGHTS

53. The Trust hereby reserves the right to object in the future to any of the Disputed Claims that are the subject of this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended and/or newly-filed Claims. Notwithstanding anything contained in this Objection or the attached schedules, nothing herein shall be construed as a waiver of any rights that the Trust may have to exercise rights of setoff against the holders of such Claims.

## NOTICE

54. Notice of this Objection shall be provided to: (a) the affected claimant party set forth on the Proof of Claim or the applicable schedule of assets and liabilities and their respective attorney of record (if any); (b) the Office of the U.S. Trustee; and (c) parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002 pursuant to the Effective Date

Notice. In light of the nature of the relief requested, the Trust submits that no further notice is required.

## COMPLIANCE WITH LOCAL RULE 3007-2

55. The undersigned representatives certify that they have reviewed the requirements of Local Rule 3007-2 and that this Objection substantially complies with that Local Rule, as modified by the Claims Objection Procedures. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-2, as modified by the Claims Objection Procedures, ASK LLP and Kelley Drye & Warren LLP believe that such deviations are not material and respectfully requests that any such requirement be waived.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Trust respectfully requests that the Court: (a) grant this Objection; (b) enter an order substantially in the form of the Proposed Order filed herewith granting this Objection; and (c) grant such other and further relief as the Court deems just and proper.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

Dated: January 8, 2026

      **ASK LLP**

      */s/ Jason C. DiBattista*
Jason C. DiBattista, Esq.
Marianna Udem, Esq.
Brigette G. McGrath, Esq.
60 East 42nd Street, 46th Floor
New York, New York 10165
Tel: (212) 267-7342
Fax: (212) 918-3427
Email:  jdibattista@askllp.com
      mudem@askllp.com
      bmcgrath@askllp.com

-and-

**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: jcarr@kelleydrye.com
      dkane@kelleydrye.com
      cchoe@kelleydrye.com

*Co-Counsel to the BowFlex Liquidating Trust*